IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) ) ) | Civil Action |
| Plaintiffs, | ) ) | |
| | ) | No.: 2-20-CV-966 |
| v. | ) ) | |
| KATHY BOOCKVAR; *et al.*, | ) ) | |
| Defendants. | ) ) | Judge J. Nicholas Ranjan |

**MOTION FOR
A SPEEDY DECLARATORY JUDGMENT HEARING
AND EXPEDITED DISCOVERY**

The relief requested in this action is necessary to ensure that the November 3, 2020, General Election in Pennsylvania is conducted with integrity, that all Pennsylvanians who validly vote have their vote counted, and that the election is free, fair, and comports with the United States and Pennsylvania Constitutions. While we are not yet on the eve of an election, the 2020 General Election is fewer than one hundred thirty (130) days away. Accordingly, Plaintiffs,[1] by their undersigned counsel and pursuant to Rules 57 and 26 of the Federal Rules of Civil Procedure, respectfully request that this Honorable Court order a speedy declaratory judgment hearing and expedited discovery. In support of this Motion, Plaintiffs aver as follows:

1. As explained in Plaintiffs' Verified Complaint for Declaratory and Injunctive Relief, which is incorporated by reference, serious deviations from Pennsylvania's Election Code

---

[1] Plaintiffs are: (1) the principal committee for the reelection campaign of President Donald J. Trump, (2) four members of the United States House of Representatives, representing the 13th, 14th, 15th, and 16th Congressional Districts of Pennsylvania and seeking reelection to another term in office; (3) a national political committee that leads the Republican Party of the United States; and (4) two qualified registered electors residing in Pennsylvania who would like to poll watch in counties outside their residential counties.

occurred during the recent Primary Election that Plaintiffs believe are likely to occur in the upcoming General Election.

2. Those deviations undermine the integrity of the election results and impinge upon the constitutional rights of Plaintiffs and all other eligible registered voters in Pennsylvanian to have their vote counted and not diluted.

3. Furthermore, the unsupportable restrictions on poll watchers further diminishes the guarantees of free and fair elections by, among other things, locking poll watchers out from certain vote counting and unnecessarily and improperly restricting the locations where poll watchers can do just that – watch the polls to ensure the integrity of the election process.

4. Those serious deviations from the Pennsylvania Election Code, which highlighted the impact of the restrictions on poll watchers, were on full display in the delayed June 2, 2020, Primary Election conducted by Defendants in Pennsylvania, with other examples and repercussions coming to light after the polls closed.

5. Consequently, on June 29, 2020, Plaintiffs initiated this litigation to ensure that the upcoming 2020 General Election in Pennsylvania is free, fair, transparent, and conducted with integrity.[2]

6. The upcoming 2020 General Election is fewer than 130 days from now. Therefore, expedited consideration of this matter would provide all parties sufficient time to implement any necessary changes and avoid confusion.

7. Plaintiffs are doing what they can to expedite the consideration of this matter, including service of the summons and complaint on all sixty-eight (68) named Defendants and the

---

[2] Although Plaintiffs filed their complaint on June 29, 2020, the case was not officially docketed and the summons to each of the Defendants were not issued until June 30, 2020.

Attorney General of the Commonwealth by way of private process servers. *See* Fed. R. Civ. P. 4(b), (c)(2) & (j)(2)(A) & (B); Pa. R. Civ. P. 400(b)(1) & 422(a).

8. Plaintiffs request discovery on an expedited basis to determine information relevant to their allegations including, but not limited to:

    a. How many applications Defendants received and processed for absentee and mail-in ballots for the June 2, 2020, Primary Election in comparison to previous years;

    b. What procedures Defendants utilized to process or reject applications for absentee and mail-in ballots and deliver the ballots to all accepted applicants for the June 2, 2020, Primary Election, including any problems or other issues that Defendants experienced with such applications or ballot delivery;

    c. What procedures Defendants utilized to allow electors to return or deliver voted absentee and mail-in ballots, including whether Defendants permitted ballot harvesting, other third-party delivery methods, or postage pre-payment or franking, and any problems or other issues that Defendants experienced with such returned ballots;

    d. To what extent Defendants utilized or funded drop boxes and/or mobile voting/collection/drop-off locations for electors to submit their voted absentee and mail-in ballots, and Defendants' reasons and decisions for using or not using such collection methods;

    e. How Defendants determined where to establish the locations for any drop boxes and/or mobile voting/collection stations/devices, and the communications that Defendants had between themselves and/or with candidates, political parties, and others about such drop boxes or locations and when and how notice of them would be given to the voters;

    f. How many voted absentee and mail-in ballots Defendants received in the June 2, 2020, Primary Election in comparison to prior years, and the procedures and processed that were used to confirm that the ballots returned were cast by those who were registered to vote and had applied for absentee or mail-in ballots;

    g. What procedures Defendants followed to notify the local election boards which voters (1) had not applied for and returned an absentee or mail-in ballot and were registered to

        vote-in person on Election Day; (2) which voters had applied for and returned an absentee or mail-in ballot and were not entitled to vote-in person on Election Day; and (3) which voters were required to vote provisionally, and to ensure that voters did not vote in more than one manner or, if they did, that only one vote was counted;

   h. What procedures were used to canvass and count absentee and mail-in ballots, including without limitation those that are delivered by third parties or cast without a secrecy envelope or with a marked secrecy envelope, including any pre-canvassing;

   i. How many challenges Defendants received to absentee or mail-in ballots and what procedures Defendants followed for resolving those challenges;

   j. The history of reported voter or voting fraud in each county, and the degree to which Defendants have investigated and responded to all such reports; and

   k. What procedures Defendants have for issuing poll watchers certificates or credentials, and the full extent of the rules or regulations, if any, that are enforced by Defendants with regards to poll watching.

9. The targeted discovery sought by Plaintiffs is relevant to their requests for declaratory relief.[3]

10. Rule 57 of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court may order a speedy hearing of a declaratory judgment action." Fed. R. Civ. P. 57.

11. Under Rule 57, a district court possesses "broad discretion" in deciding whether expedited proceedings are warranted, and this discretion stems from district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient

---

[3] In their complaint, Plaintiffs have also sought preliminary and permanent injunctive relief. But, Plaintiffs recognize that the current length of time until the upcoming 2020 General Election counsels against the filing of a preliminary injunction motion if other means of case expedition will lead to the necessary relief in a timely manner. Thus, to conserve judicial resources, Plaintiffs are attempting to meet that need by way of a speedy declaratory judgment hearing and expedited discovery. As the time until the General Election draws to a close, though, should it become necessary to do so to ensure free and fair elections conducted with integrity, Plaintiffs reserve the right to file and seek appropriate injunctive relief.

resolution of cases." *Cty. of Butler v. Wolf,* No. 2:20-cv-677, 2020 U.S. Dist. LEXIS 93484, at *6 (W.D. Pa. May 28, 2020) (quoting *Walsh/Granite Jv v. Hdr Eng'g, Inc.*, 2018 U.S. Dist. LEXIS 232490, 2018 WL 10228391 (W.D. Pa. Jan. 3, 2018)).

12. Factors for a district court to consider under Rule 57 include:

   a. "[W]hether expediting determination of the requested declaratory judgment 'will streamline and narrow issues for discovery and trial, even if it will not entirely resolve the controversy[;]'"

   b. Whether the "determination [of the requested declaratory judgment is] largely one of law, and factual issues (while expedited discovery is permitted and frequently granted) are not predominant[;]" and

   c. Whether there are "imminent or ongoing violations of important rights."

*Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, at *6-*7 (citations omitted).

13. Unlike preliminary injunction proceedings, a party "need not establish immediate and irreparable injury to justify expedited review under Rule 57." *Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, at *14, n. 3. But even if irreparable injury is a factor, "federal courts have long held that the deprivation of constitutional rights – particularly rights enshrined in the First Amendment – is presumed to be irreparable," and therefore supports expedited review under Rule 57. *Id.*

14. Additionally, Rule 26 of the Federal Rules of Civil Procedure permits discovery to take place on an expedited basis, prior to a Rule 26(f) conference, when such discovery is "authorized by ... court order." Fed. R. Civ. P. 26(d).

15. "A district court has wide latitude in structuring discovery and its rulings will not be overturned absent a showing of a clear abuse of discretion." *Westchester Fire Ins. Co. v. Household Int'l, Inc.*, 167 Fed. App'x 895, 899 n.2 (3d Cir. 2006) (citing *McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 217 (3d Cir. 2003)).

16. "The latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Servs.*, 798 F.2d 679, 682 (4th Cir. 1986) (citing *Eggleston v. Chicago Journeymen Plumbers Etc.*, 657 F.2d 890, 902 (7th Cir. 1981); *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982)). *See also Cty. of Butler,* 2020 U.S. Dist. LEXIS 93484, at *16 ("The Court has the authority to streamline, limit and shorten the discovery process in a manner best suited to the case at hand.").

17. While the Third Circuit has not provided authoritative guidance on the test to use to determine whether to grant an expedited discovery request, this Court and its sister courts in this Circuit have analyzed the question under a good cause standard. *See, e.g.*, *Samuel, Son & Co. v. Beach*, No. 13-cv-128, 2013 WL 4855325, 2013 U.S. Dist. LEXIS 129486, at *6–*7 (W.D. Pa. Sept. 11, 2013) (recognizing that courts should consider whether "the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant"); *Kone Corp. v. TyssenKrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 WL 4478477, 2011 U.S. Dist. LEXIS 109518, at *10 (D. Del. Sept. 26, 2011) (same).

18. All the foregoing factors and elements are met in this case, counseling in favor of granting the relief requested, both in terms of a speedy declaratory judgment hearing and expedited discovery.

19. Few rights, if any, are more important than the right to free and fair elections, conducted with integrity and transparency, the very right at issue in this case.

20. Also, the subject matters of the requested expedited discovery are limited and targeted to recent and likely easily accessible information necessary to allow this Court to make a timely determination of the important constitutional rights Plaintiffs seek to defend.

21. Although service upon Defendants is still being effectuated,[4] there is very little, if any, prejudice or hardship to the Defendants if they are required to respond to limited, targeted discovery and ultimately required to comply with the law and ensure that the upcoming November 3, 2020, General Election is conducted freely, fairly, and with integrity and transparency.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant this Motion. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

Date:  July 1, 2020            By:   */s/ Ronald L. Hicks, Jr.*
                                     Ronald L. Hicks, Jr. (PA #49520)
                                     Jeremy  A. Mercer (PA #86480)
                                     Russell D. Giancola (PA #200058)
                                     Six PPG Place, Third Floor
                                     Pittsburgh, PA 15222
                                     (412) 235-4500 (Telephone)
                                     (412) 235-4510 (Fax)
                                     rhicks@porterwright.com
                                     jmercer@porterwright.com
                                     rgiancola@porterwright.com

                                     and

                                     Matthew E. Morgan (DC #989591)
                                     Justin Clark (DC #499621)
                                     (both to be admitted pro hac vice)
                                     Elections, LLC
                                     1000 Maine Ave., SW, 4th Floor
                                     Washington, DC 20224
                                     (202) 844-3812 (Telephone)
                                     matthew.morgan@electionlawllc.com
                                     justin.clark@electionlawllc.com

                                     *Counsel for Plaintiffs*

---

[4] Because Defendants are still being served, counsel for Plaintiffs has not been able to confer with Defendants and their counsel or obtain their consent to the relief requested in this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION** is being served along with the Summons and Complaint on each Defendant and the Attorney General of the Commonwealth of Pennsylvania.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

By: */s/ Ronald L. Hicks, Jr.*
Ronald L. Hicks, Jr. (PA #49520)
Jeremy A. Mercer (PA #86480)
Russell D. Giancola (PA #200058)
Six PPG Place, Third Floor
Pittsburgh, PA 15222
(412) 235-4500 (Telephone)
(412) 235-4510 (Fax)
rhicks@porterwright.com
jmercer@porterwright.com
rgiancola@porterwright.com

and

Matthew E. Morgan (DC #989591)
Justin Clark (DC #499621)
(both to be admitted pro hac vice)
Elections, LLC
1000 Maine Ave., SW, 4th Floor
Washington, DC 20224
(202) 844-3812 (Telephone)
matthew.morgan@electionlawllc.com
justin.clark@electionlawllc.com

*Counsel for Plaintiffs*

13442462v1