**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC.; *et al.*, | ) Civil Action )  ) |
| Plaintiffs, | ) No.: 2-20-CV-966-NR )  |
| v. | ) ) ) Judge J. Nicholas Ranjan |
| KATHY BOOCKVAR; *et al.*, | ) ) |
| Defendants. | ) |

**{PROPOSED} ORDER GRANTING
PLAINTIFFS' MOTION FOR A SPEEDY DECLARATORY
JUDGMENT HEARING AND EXPEDITED DISCOVERY**

AND NOW THIS _____ day of July, 2020, upon consideration of Plaintiffs' Motion for a Speedy Declaratory Judgment Hearing and Expedited Discovery, and all filings related thereto, the Court hereby finds that Plaintiffs have established that expedited proceedings are warranted to examine the declaratory relief sought in Counts I through VII of their Complaint and that good cause exists to permit expedited discovery. Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the Motion is GRANTED.

It is further ORDERED, ADJUDGED, and DECREED that:

1. Plaintiffs may immediately serve written discovery upon Defendants and others related to the following topics:

   a. How many applications Defendants received and processed for absentee and mail-in ballots for the June 2, 2020, Primary Election in comparison to previous years;

   b. What procedures Defendants utilized to process or reject applications for absentee and mail-in ballots and deliver the ballots to all accepted applicants for the June 2, 2020, Primary Election, including any problems or other issues that Defendants experienced with such applications or ballot delivery;

c. What procedures Defendants utilized to allow electors to return or deliver voted absentee and mail-in ballots, including whether Defendants permitted ballot harvesting, other third-party delivery methods, or postage pre-payment or franking, and any problems or other issues that Defendants experienced with such returned ballots;

d. To what extent Defendants utilized or funded drop boxes and/or mobile voting/collection/drop-off locations for electors to submit their voted absentee and mail-in ballots, and Defendants' reasons and decisions for using or not using such collection methods;

e. How Defendants determined where to establish the locations for any drop boxes and/or mobile voting/collection stations/devices, and the communications that Defendants had between themselves and/or with candidates, political parties, and others about such drop boxes or locations and when and how notice of them would be given to the voters;

f. How many voted absentee and mail-in ballots Defendants received in the June 2, 2020, Primary Election in comparison to prior years, and the procedures and processed that were used to confirm that the ballots returned were cast by those who were registered to vote and had applied for absentee or mail-in ballots;

g. What procedures Defendants followed to notify the local election boards which voters (1) had not applied for and returned an absentee or mail-in ballot and were registered to vote-in person on Election Day; (2) which voters had applied for and returned an absentee or mail-in ballot and were not entitled to vote-in person on Election Day; and (3) which voters were required to vote provisionally, and to ensure that voters did not vote in more than one manner or, if they did, that only one vote was counted;

h. What procedures were used to canvass and count absentee and mail-in ballots, including without limitation those that are delivered by third parties or cast without a secrecy envelope or with a marked secrecy envelope, including any pre-canvassing;

i. How many challenges Defendants received to absentee or mail-in ballots and what procedures Defendants followed for resolving those challenges;

j. The history of reported voter or voting fraud in each county, and the degree to which Defendants have investigated and responded to all such reports; and

k. What procedures Defendants have for issuing poll watchers certificates or credentials, and the full extent of the rules or regulations, if any, that are enforced by Defendants with regards to poll watching.

2. Written responses, including objections, to any written discovery served by Plaintiffs, and the production of all non-privileged documents or things in response thereto, must be served within fourteen (14) days of the date of service of Plaintiffs' written discovery. Within seven (7) days of Plaintiffs' receipt of such written responses and responsive documents, the parties shall meet and confer about any objections, and if the matter cannot be resolved after the parties confer in good faith, the parties should contact chambers to schedule a telephonic conference to discuss the dispute. No discovery-related motions should be filed until after the telephonic conference with the Court.

3. Defendants shall answer, move, or otherwise respond to the Complaint within fourteen (14) days of service of Plaintiffs' Complaint. Any third-party desiring to intervene in this matter shall file their motion to intervene, together with a pleading or motion responsive to the Complaint, within fourteen (14) days of the last date of service upon Defendants. Any Rule 12 motion must comply with this Court's Practices and Procedures (rev. 1/6/20). Plaintiffs shall file any response to any filed Rule 12 motion within fourteen (14) days of service. A Rule 12 motion will not stay discovery.

4. On _____, 20____, at ____:____ ___.m., the Court will have a pretrial hearing and argument on any pending motions, and will also discuss the progress of pretrial discovery and set further deadlines. The parties shall discuss proposed fact and expert depositions prior to this pretrial hearing and attempt to reach an agreement on when

those depositions and any other pretrial discovery can be completed to the extent they are not taken prior to this pretrial hearing.

     5.     The Court tentatively sets _____, 20\_\_\_\_, at \_\_\_\_:\_\_\_\_ \_\_\_.m., for a hearing on Plaintiffs' declaratory judgment claims.

IT IS SO ORDERED.

_____
United States District Judge