IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| Plaintiff | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Motion for Bifurcation |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | Plaintiff |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M |
| | : | PA I.D. 34980 |
| | : | LEVENTRY, HASCHAK |
| | : | & RODKEY, LLC |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., : | |
| Plaintiff : | CIVIL DIVISION |
| : | NO. CA 2 - 548 |
| v. : | |
| : | TYPE OF PLEADING: |
| : | |
| : | Motion for Bifurcation |
| R.P.C. EMPLOYER SERVICES, INC., : | |
| and DAN J. D'ALIO, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S MOTION FOR BIFURCATION**

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. (hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the foregoing Motion for Bifurcation pursuant to Fed. R. Civ. Pro. 42(b):

1. The subject matter of the instant litigation initiated by the Plaintiffs against the Defendants involves unpaid workers' compensation claims and a RICO claim.

2. On March 20, 2002, the NIFL filed suit against RPC Employer Services, Inc. ("RPC") alleging Breach of Contract, and Fraud and filed suit against D'Alio alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et.seq., because nearly three-quarters of a million dollars of workers' compensation claims went uncovered due to RPC's and its President, Dan J. D'Alio's ("D'Alio") failure to procure workers' compensation insurance for NIFL teams through the state of Ohio despite its promise to do so contained in the RPC's and the NIFL's written contract.

3. On May 9, 2003, this Court denied the Defendants' Motion to Dismiss Count I of the Amended Complaint and Motion to Dismiss the Amended Complaint entirely pursuant to Fed. R. Civ. P. 12(b).

4. On June 1, 2005, the Court entered an order granting the Defendants' Motion for Summary Judgment with respect to 18 U.S.C. § 1962(a) and denying the Motion for Summary Judgment with respect to the RICO Counts brought under 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c), the Fraud Count and Breach of Contract Count.

5. Pursuant to a January 6, 2006 Order, jury selection and trial are set for March 27, 2006.

6. The NIFL files this Motion for Bifurcation of the liability and damages portion of trial because bifurcation is justified on grounds related primarily to practicality and judicial economy:

    A. Bifurcation would simplify issues at the trial between the NIFL and RPC by avoiding the presentation of lengthy evidence and enhancing juror comprehension of issues;

    B. Bifurcation enhances the prospects for settlement and/or use of alternative dispute resolution measures following trial of liability; and

    C. Bifurcation would not prejudice the Defendants.

7. The liability portion of this case involves simple and easily defined issues that would be obscured by the damages issue. Under the NIFL's breach of contract claim, proving liability is confined generally to establishing RPC's promise under the contract, the NIFL's performance under the contract, and RPC's breach. Proving liability under this count involves testimony from NIFL representatives and RPC representatives. The fraud and RICO claims involve testimony from representatives from the Ohio Bureau of Workers' Compensation. The NIFL has taken deposition

testimony and obtained emails from Ohio Bureau of Workers' representatives demonstrating that both RPC and D'Alio met with Bureau representatives on March 15, 2001 and knew before entering into the NIFL/RPC Contract on March 27, 2001 that RPC would not be able to provide workers' compensation coverage for any NIFL team, as they had represented in a Proposal to the NIFL. The testimony required to prove all three counts will take approximately four (4) to five (5) days.

On the other hand, the issue of damages potentially involves lengthy testimony from players, medical providers and records custodians. The Plaintiffs' damages are comprised of unpaid workers' compensation claims for approximately 200 players from various states in the amount of $692,985.60, which is exclusive of interest since 2001. To prove damages, over 150 players may have to testify concerning their injuries, treatment and the unpaid medical provider bills. Additionally, to substantiate billing records, testimony from each medical provider may be required at trial. Proving damages is time consuming and involves extensive amounts of information for a jury to digest. The Defendants' cross-examination of the damage witnesses also will take considerable time. Unlike the liability phase of the trial, the damages portion of the trial requires at least ten to twelve (10-12) days of testimony, which is over double the time required for the liability portion. Damage testimony also is not linked together with the same unifying theme, namely, the nature of the parties agreement and the Defendants' actions, which link the liability portion of the case. Each player suffered unique injuries and each provider rendered services specific to each player. Under these circumstances, the jury is likely to be confused by the presentation of liability and damage evidence together.

8.  Bifurcation may enhance the prospects for settlement and/or use of alternative dispute resolution measures following the direct liability action. The present posture of the case presents

an environment not conducive to the possibility of settlement. The Plaintiffs are asserting significant damages against the Defendants, but the Defendants continue to disclaim liability under all counts. Resolution of the liability portion of the case increases the prospects of settlement because it defines the extent of liability from which settlement discussions between the Plaintiffs and Original Defendants might proceed.

9. Bifurcation would not prejudice any substantive rights held by the Defendants. A separate trial on the Plaintiffs' liability claims would not prejudice the Defendants' rights in any way. Indeed, bifurcation would actually benefit the Defendants by limiting their potential exposure for the attorneys' fees sought by the Plaintiffs under Paragraph 15(b) of the NIFL/RPC Contract and under RICO.

10. For all of the foregoing reasons, the Plaintiffs respectfully request that this Court grant the Motion for Bifurcation and bifurcate the liability and damages portions of this matter.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court enter an Order bifurcating the liability and damages phases of the above-captioned lawsuit.

                                        Respectfully submitted,

                                        LEVENTRY, HASCHAK,
                                        & RODKEY, LLC


                                        By      /S/Timothy C. Leventry
                                                Timothy C. Leventry, LL.M
                                                PA ID 34980
                                                Leventry, Haschak & Rodkey, LLC
                                                1397 Eisenhower Blvd.
                                                Richland Square III, Suite 202
                                                Johnstown, PA 15904

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** : | **CIVIL DIVISION** |
| **Plaintiff** : | **NO. CA 2 - 548** |
| : | |
| v. : | **TYPE OF PLEADING:** |
| : | |
| : | Motion for Bifurcation |
| **R.P.C. EMPLOYER SERVICES, INC.,** : | |
| **and DAN J. D'ALIO,** : | |
| : | |
| **Defendants.** : | |

## ORDER

AND NOW, this _____ day of _____, 2006, IT IS HEREBY ORDERED:

The liability and damages portions of the above-captioned case are bifurcated pursuant to Fed. R. Civ. P. 42(b). Liability and damages shall be tried separately, but pretrial matters with respect to both issues shall be conducted under the Pre-Trial Order dated January 6, 2006. In accordance with the Pre-Trial Order dated January 6, 2006, the liability portion of the Plaintiffs' case is scheduled to begin on March 27, 2006. The judgment rendered as to liability shall not be final and appealable until the damages issue is adjudicated separately. The damages portion of the above-captioned matter shall be scheduled at a subsequent time and date convenient to the Court before the same fact-finder.

_____
J.

L:\N\National Indoor Football League 01-214\Motion to Bifurcate.wpd

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| **Plaintiff** | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| | : | Motion for Bifurcation |
| **R.P.C. EMPLOYER SERVICES, INC.,** and **DAN J. D'ALIO,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

    I, Timothy C. Leventry, Esq., do hereby certify that a true and correct copy of the foregoing Motion for Bifurcation was served on the parties listed below by **Regular Mail and/or Facsimile:**

Michael J. Seymour, Esq.
Feczko and Seymour
520 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bernard C. Caputo, Esq.
Fort Pitt Commons Building, Suite 260
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15219

**LEVENTRY, HASCHAK & RODKEY, LLC**

Dated: 2-14-06      By: /S/Timothy C. Leventry
        Timothy C. Leventry, Esquire

L:\N\National Indoor Football League 01-214\Motion to Bifurcate.wpd

L:\N\National Indoor Football League 01-214\Motion to Bifurcate.wpd