IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL )
LEAGUE, L.L.C., )
 )
    Plaintiff, ) CIVIL ACTION NO.: 02-0548
 )
 ) ELECTRONICALLY FILED
vs. )
 )
R.P.C. EMPLOYER SERVICES, )
INC., and DANIEL D'ALIO, )
 )
    Defendants. )

### DEFENDANTS ANSWER TO PLAINTIFF'S MOTION FOR BIFURCATION,

**AND NOW,** comes the Defendants RPC Employer Services, Inc. and Daniel J. D'Alio, by and through their Attorneys and file the within Answer to Plaintiff's Motion For Bifurcation as follows:

1. Admitted.

2. Admitted in part and denied in part. It is denied that the workers' compensation claims went unpaid because RPC and its President Daniel J. D'Alio failed to procure workers' compensation insurance for the NIFL teams through the State of Ohio pursuant to the written contract. It is admitted that the NIFL filed claims alleging Breach of Contract, Fraud, and Civil RICO.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied. Bifurcation is not proper in this case and would not result in the economy that Plaintiff proposes it would.

1

    A.    The NIFL's suggestion that the bifurcation would act to simplify the issues is inaccurate. The separation of the testimony does not have any effect on the simplicity of issues. In fact some of the liability and damage issues are so intertwined as to render it impossible to separate. The witness testimony would overlap both liability and damages including but not limited to who was the employer, whether the documentation for each player was executed and submitted, and the understanding of those involved.

    B.    The parties have already engaged in negotiations without success.

    C.    Bifurcation would prejudice the Defendants because there would be incomplete testimony from certain witnesses and may require such witnesses to testify a second time.

7.    Denied. The testimony relative to the NIFL, Ohio Bureau of Workers Compensation, and the Defendants will involve testimony as to both liability and damage issues. Witnesses would be required to travel from Ohio twice to give testimony. This is not economical for the parties. Testimony from the witnesses for the Defendants and Ohio Bureau of Workers Compensation would include testimony on damages including but not limited to claims handling, audits, payouts, deductibles, and other coverage issues which cannot be separated. Player testimony may include their understanding as to employment and the knowledge of Ohio documents.

Further, this Court has since July 2005 requested that the NIFL produce a full accounting of its damages with supporting documentation to Defendants, which it has not. It is five weeks until the trial is scheduled to commence and Plaintiff has not

noticed a single deposition of a medical provider. Plaintiff wants the Court to believe that a jury could not digest the information to be provided. Defendants think otherwise. It is important to listen to all evidence as to liability and damages together to properly assess this case and understand the claims.

8. Denied. Plaintiff wants to divorce the liability issues from the damage issues to enhance settlement negotiations. However, even if liability is proven, there are a number of issues on damages including the periods covered and what damages can be recovered. Defendants believe that the Plaintiff is not prepared to present a damage case at this time.

9. Denied. For reasons stated above, Defendants rights would be prejudiced.

10. Denied. The Motion For Bifurcation should be dismissed.

.WHEREFORE, Plaintiffs Motion For Bifurcation should be dismissed.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
PA I.D. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard, Suite 260
Pittsburgh, PA 15219
(412) 391-1070
bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net

## CERTIFICATE OF SERVICE

We, the undersigned, do hereby certify that true and correct copies of the foregoing DEFENDANTS' REPONSE TO PLAINTIFF'S MOTION FOR BIFURCATION has been electronically served through the CM/ECF electronic filing system this 20th day of February, 2006.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
Attorney for Plaintiffs
PA I.D. No. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard
Suite 260
Pittsburgh, PA 15219
(412) 391-1070
bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net