**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 02cv0548 |
| | ) | |
| R.P.C EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER OF COURT**

Presently pending before the Court for disposition is the MOTION FOR

BIFURCATION filed by Plaintiff (*Document No. 58*), and the response in opposition filed by

Defendants (*Document No. 59*).  For the reasons that follow, the Motion will be granted.

Plaintiff asks this Court to bifurcate the liability and damages phases of the trial,

which is scheduled to commence with jury selection on March 27, 2006.   Plaintiff argues that

bifurcation will expedite the presentation of evidence, promote efficiency, and avoid undue

prejudice.

Federal Rule of Civil Procedure 42(b) governs a party's request to bifurcate.  It states,

"[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be

conducive to expedition and economy, may order a separate trial of any claim, . . . or of any

separate issue. . . ." Fed. R. Civ. P. 42.  The decision whether to bifurcate is within the sound

discretion of the district court. *Barr Laboratories, Inc. v. Abbott Laboratories*, 978 F.2d 98, 115

(3d Cir. 1992). "Bifurcation should be granted only where the court concludes that separate

liability and damage trials further convenience or avoid prejudice." *Lowe v. Philadelphia Newspapers, Inc.,* 594 F. Supp. 123, 125 (E.D. Pa.1984) (citations omitted).

The Court finds and rules that bifurcation is appropriate in this case because it will promote judicial economy by limiting the presentation of lengthy evidence which may be irrelevant if the jury does not find Defendants liable. For example, if Defendants are not found liable, there is no need for evidence on damages, which evidence is anticipated to require ten (10) to twelve (12) days of additional testimony. Bifurcating the trial promotes judicial expedition and economy by limiting evidence to that which is essential to the disposition of the liability portion case. Further, the liability and damages issues are readily separable.

In the event that the trier of fact returns a verdict against Defendants on liability, the trial will proceed <u>immediately</u> to consideration by the same jury of testimony and evidence regarding damages.

So **ORDERED** this 22nd day of February, 2006.


BY THE COURT:


<u>s/Terrence F. McVerry</u>
United States District Court Judge

2

cc:        Forrest B. Fordham, III, Esquire
            Leventry Law Office
            1405 Eisenhower Boulevard
            Richland Square I, Suite 200
            Johnstown, PA 15904

            Timothy C. Leventry, Esquire
            Leventry & Haschak
            Email: tleventry@lhrklaw.com

            Bernard C. Caputo, Esquire
            Law Offices of Bernard C. Caputo
            Email: Bcaputolaw@aol.com

            Michael J. Seymour, Esquire
            Feczko & Seymour
            Email: mjseymour@covad.net