## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
NATIONAL INDOOR FOOTBALL      )
LEAGUE, L.L.C.                )
                              )
        Plaintiff,            )
    v.                        )   CIVIL ACTION NO.: 02-0548
                              )
R.P.C. EMPLOYER SERVICES,     )   JUDGE DONETTA W. AMBROSE
INC., and DANIEL J.           )
D'ALIO,                       )
        Defendants.           )
```

### DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES

AND NOW, comes Defendants R.P.C. Employer Services, Inc. and Daniel J. D'Alio, by their undersigned counsel and hereby file the within Motion in Limine to Exclude Evidence of Damages stating as follows:

1. Plaintiff, National Indoor Football League, LLC filed a civil action Complaint seeking damages for breach of contract, fraud and violations of the Racketeering Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §1964 et seq.

2. Defendants are RPC Employer Services, Inc. an Ohio corporation which provides human resource administrative services to employers which services include worker's compensation administrative services. Daniel J. D'Alio is the president of RPC.

3. The contract between the parties is a service agreement which was effective March 20, 2001 and provides for payroll and worker's compensation services for the individual teams and their

players.

4.  The service agreement provides the effective starting date as each team's first game of the 2001 season, which was the inaugural year for the league.  The league consisted of eighteen (18) teams and the earliest regular season game was played on March 26, 2001.

5.  When neither the league nor the individual teams complied with the conditions of the service agreement, Defendants terminated the agreement effective April 13, 2001.

6.  On March 17, 2001 the NIFL executed an application for Ohio Worker's Compensation coverage with the Bureau of Worker's Compensation.  On June 4, 2001 the Bureau of Worker's Compensation notified the NIFL that the Bureau would not pay any alleged claims filed on behalf of the players.

7.  Of the eighteen (18) teams in the NIFL, only ten (10) teams submitted the payroll and other information necessary for the Defendants to render services pursuant to the service agreement.

8.  The players were employed by each of the teams and there existed no employer/employee relationship between the Plaintiff and the players.  As such, the Plaintiff has had no legal obligation to provide worker's compensation coverage to the players.  Therefore, any unpaid claims presented by the players is not a damage for which the Plaintiff can recover.

9.   Alternatively, according to documents presented by the Plaintiff during discovery, the Plaintiff alleges it has paid medical claims in the amount of $31,800.50.  Therefore, Plaintiff has no basis to seek recovery for any amounts beyond these which it has not expended.

10.   Alternatively, the Plaintiff has presented documents indicating its claiming damages for medical expenses incurred by players during pre-season games.  As the contract specifically provides that it would be effective with the first regular season game, any claims for medical expenses or wage loss incurred prior to the commencement of the season, should be excluded.

11.   In addition, since Defendants terminated the service agreement effective April 17, 2001, Plaintiff cannot assert any damages for unpaid medical expenses or wage losses incurred after April 17, 2001.

12.   Finally, Plaintiff had an obligation to mitigate any damages following the termination of the service agreement with the Defendants and was obligated to secure substitute worker's compensation coverage.  Accordingly, Plaintiffs should be excluded from providing any evidence of unpaid medical expenses or wage losses thirty (30) days past the date of termination of the service agreement with the Defendants.

**WHEREFORE,** Defendants respectfully request that this Honorable Court grant its Motion in Limine to Exclude Evidence of

Damages relating to unpaid medical expenses and wage loss or in the alternative, limit the same as requested.

/s/
Michael J. Seymour, Esquire
PA I.D. No. 00260
Feczko and Seymour
Firm I.D. #003
310 Grant Street
Suite 520 Grant Building
Pittsburgh, PA 15219
(412) 261-4970

/s/
Bernard C. Caputo, Esquire
PA I.D. No. 58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard, Suite 260
Pittsburgh, PA 15219
(412) 391-1070

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendants' Motion in Limine to Exclude Evidence of Damages upon the following by first class, postage prepaid mail on the 23rd day of February, 2006 at the following addresses:

> Timothy C. Leventry, Esquire
> **LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
> 1397 Eisenhower Boulevard
> Richland Square III, Suite 202
> Johnstown, PA 15904
> (Attorney for Plaintiff)

/s/
Michael J. Seymour, Esquire
Counsel for Defendants


/s/
Bernard C. Caputo, Esquire
Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
NATIONAL INDOOR FOOTBALL      )
LEAGUE, L.L.C.                )
                              )
       Plaintiff,             )
   v.                         )    CIVIL ACTION NO.: 02-0548
                              )
R.P.C. EMPLOYER SERVICES,     )
INC., and DANIEL J.           )
D'ALIO,                       )
       Defendants.            )
```

**PROPOSED ORDER OF COURT**

    **AND NOW,** to-wit, this _____ day of _____ _, 2006 upon consideration of the attached Defendants' Motion in Limine to Exclude Evidence of Damages, **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion is granted.  Plaintiff and its counsel are prohibited from attempting to introduce evidence of damages for unpaid medical expenses or wage loss as follows: _____

_____

_____

_____

BY THE COURT,

_____
                                                                   J.