# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | **PLAINTIFF'S MOTIONS IN LIMINE** |
| DEFENDANTS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | **FILED ON BEHALF OF:** |
| | : | **PLAINTIFF** |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | **TIMOTHY C. LEVENTRY, LL.M.** |
| | : | **LEVENTRY, HASCHAK & RODKEY, LLC** |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | : | PLAINTIFF'S MOTIONS IN LIMINE |
| DEFENDANTS. | : | |

## PLAINTIFF'S MOTIONS IN LIMINE

### PLAINTIFF'S FIRST MOTION IN LIMINE

AND NOW, comes the Plaintiff, National Indoor Football League ( Hereinafter "NIFL"), by and through its attorneys Timothy C. Leventry of Leventry, Haschak & Rodkey, LLC and moves this Court to preclude the defense from any mention or introducing any evidence to limit Plaintiff's damages based upon limitations set forth in the Contract or by the Pennsylvania and/or Ohio Worker's Compensation Act either during jury selection or at trial.  In support of this Motion, Plaintiff avers as follows:

1.	The damages incurred by the NIFL consist of all damages and expenses incurred by the individual players during their participation in the National Indoor Football Season.

2.	The medical claims submitted by the NIFL individual players are the actual damages of the NIFL.  The Defendant should be precluded from arguing that the amount of damages sustained

by the NIFL players should be limited to any percentage that either the Pennsylvania Department of Worker's Compensation or the Ohio Bureau of Workers Compensation would have to pay.

3.  Under the Pennsylvania and the Ohio Worker's Compensation Acts, an employee may sue an employer for full damages outside of the Workers Compensation Act for failing to provide insurance coverage.  Because of the NIFL's exposure to individual suits outside the scope of the Worker's Compensation Act, the medical bills charged to the individual players are the true amount of damages to the NIFL since the full amount of the claims remain outstanding and have not been paid.

4.  As stated earlier, the Ohio Workers Compensation Act and the Pennsylvania Worker's Compensation Act permits an employee to proceed by action at law outside of each act for damages against an employer where the employer fails to provide worker's compensation coverage. <u>Vandemark v. Southland Corporation</u>, 525 N.E.2d 1374 (OH 1988)( holding an employee whose employer failed to process a workers' compensation claim can file suit in tort for the full amount of damages allowed at common-law without limiting the medical bill-based damages to the amounts reimbursed under Ohio Workmen's Compensation Act); 77 PS §501; <u>see</u> also <u>Harleysville Insurance Company vs. Wozniak</u>, 500 A.2d 872 (PA. Super. 1985) (holding the Pennsylvania Workers' Compensation Act permits an employee either to proceed under the Act or to proceed by Action at Law outside of the Act for damages against an employer where the employer fails to provide Workers Compensation coverage).

5.  Moreover, the Ohio Supreme Court's reasoning and decision in <u>Vandemark</u> is controlling in this case.

6. The Ohio Supreme Court relied heavily on the fact the essential nature of the <u>Vandemark</u> plaintiff's claim "<u>falls outside the scope of workers' compensation statutes</u>" (emphasis added). <u>Id.</u> at 1376-1377. In holding that a common-law cause of action exists by the employee against the employer for failure to process a claim for worker's compensation, the Court reasoned:

> "[t]he injury alleged in this regard is not a physical injury sustained in the course of employment; rather, it is in the nature of a financial injury that resulted from the employer's alleged failure to process a workers' compensation claim back in 1980. The injury alleged in plaintiff's complaint occurred when plaintiff discovered that the defendant had not processed the prior claim. . . . As mentioned before, the instant cause is not a workers' compensation action; it is a common-law action for damages outside the scope of workers' compensation." <u>Id.</u> at 1377-78.

7. Like the <u>Vandemark</u> plaintiff, the NIFL's damages are full monetary, common-law damages in the form of unpaid medical bills which are outside the scope of the Ohio Workers' Compensation Act. Count II (Breach of Contract) and Count III (Fraud) of the NIFL's Amended Complaint are common-law actions for which common-law damages are recoverable. The actual damages available under Count I (RICO) also are based upon common-law damages.

8. Because the NIFL's claims are for common-law damages, the damages available to the NIFL are the full amount of damages, which are largely unpaid medical bills, rather than damages based upon reimbursement rates under the Ohio Workers' Compensation Act. The <u>Vandemark</u> Plaintiff was entitled to pursue the full amount of damages available at common-law and the NIFL also is permitted to do so.

WHEREFORE, Plaintiff requests this Court to preclude Defendant from arguing that its damages are limited by any percentage under the Ohio or Pennsylvania Worker's Compensation Acts.

### PLAINTIFF'S SECOND MOTION IN LIMINE
### USE OF MEDICAL RECORDS AT TRIAL

Plaintiff moves this Court to permit the use of the individual players' medical records as evidence to prove damages in its claim against RPC and Dan D'Alio.

1. Rule 803 of the Federal Rules of Evidence provides an exception to the hearsay rule for the use of medical records for use at trial. Federal Rule 803 states in part:

HEARSAY EXCEPTIONS; AVAILABILITY OF DECLARANT IMMATERIAL

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) Records of regularly conducted activity. A memorandum report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The federal business records exception is based on the Uniform Business Records as Evidence Act, but it is more expansive and allows the admission of opinions or diagnoses in business records.

2. Federal Rule 803 (6) used in conjunction with Federal Rule of Evidence 902, (Self Authentication), permits the use of medical records and billing invoices to be used at trial of the case. Specifically, Rule 902(11) states as follows:

>Certified domestic records of regularly conducted activity.  The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803 (6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any act of congress or rule supplies by the Supreme Court pursuant to statutory authority, certifying that the record –
>
>>(A)   was made at or near the time of the occurrence set forth by, or from information transmitted by, a person with knowledge of those matters;
>>
>>(B)   was kept in the course of the regularly conducted activity; and
>>
>>(C)   was made by the regularly conducted activity as a regular practice.
>
>A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

3.     Plaintiffs have provided Notice to the Defendants of its intention to use medical records, invoices and Federal Health Care Financing Administration ("HCFA") claim forms to prove the damages in the instant case and, in fact, have supplied the majority of the actual HCFA forms and medical records to the Defendants in November 2005.  To date, the Defendants have taken no additional discovery by way of interrogatories or deposition testimony of any of the medical providers or players identified in the records submitted to the Defendants in November 2005.  We are obtaining a certified declaration from each records custodian that the medical records, invoices and HCFA claim forms were made at or near the time of the occurrence by a person with knowledge of those matters, that the records were kept at the course of regularly conducted activity, and that the medical records, invoices and HCFA claim forms are regularly conducted activity and it is a regular practice to keep those records.

4.   Plaintiff reserves the right to file additional Motions in Limine in compliance with the Order of Court dated January 6, 2006.

WHEREFORE, Plaintiff requests this Court to permit the use of the individual players' medical records as evidence to prove damages in its claim against RPC and Dan D'Alio.

Respectfully submitted,

     s/ Timothy C. Leventry

TIMOTHY C. LEVENTRY, LL.M.
LEVENTRY, HASCHAK & RODKEY, LLC.
PA I.D. 34980
1397 EISENHOWER BOULEVARD
RICHLAND SQUARE I, SUITE 202
JOHNSTOWN, PA  15904
(814) 266-1799

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| **PLAINTIFF,** | : | **NO.: CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S MOTIONS** |
| **and DAN J. D'ALIO,** | : | **IN LIMINE** |
| **DEFENDANTS.** | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff National Indoor Football League, LLC's First Motion in Limine it is hereby ORDERED:

That Defendant is precluded from arguing that Plaintiff's damages are limited by any percentage under the Ohio or Pennsylvania Workers Compensation Acts or by limitations referenced in the contract between the parties.

 

_____
Honorable Terrence F. McVerry,
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | : | PLAINTIFF'S MOTIONS IN LIMINE |
| DEFENDANTS. | : | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon consideration of Plaintiff National Indoor Football League, LLC's Second Motion in Limine it is hereby ORDERED:

That Plaintiff is permitted the use of the individual players' medical records and billing invoices as evidence to prove damages in its claim against RPC and Dan D'Alio if the records are certified per Federal Rule of Evidence 902(11).

_____
Honorable Terrence F. McVerry,
United States District Court Judge

L:\N\National Indoor Football League 01-214\Plaintiff's Motion In Limine

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
|        **PLAINTIFF,** | : | **NO.: CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S MOTIONS** |
| **and DAN J. D'ALIO,** | : | **IN LIMINE** |
|        **DEFENDANTS.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2006, a true and correct copy of the **PLAINTIFF'S MOTIONS IN LIMINE** was served by First Class United States Mail, postage prepaid, upon the following:

           **Michael J. Seymour, Esq.**
           **Feczko and Seymour**
           **520 Grant Building**
           **310 Grant Street**
           **Pittsburgh, PA 15219**

           **Bernard C. Caputo, Esq.**
           **Fort Pitt Commons Building, Suite 260**
           **445 Fort Pitt Boulevard**
           **Pittsburgh, Pennsylvania 15219**

                                **LEVENTRY, HASCHAK**
                                **& RODKEY, LLC**

                                **s/ Timothy C. Leventry**
                                **Timothy C. Leventry, LL.M.**