IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: 02-0548 |
| vs. | ) ) ) | ELECTRONICALLY FILED |
| R.P.C. EMPLOYER SERVICES, INC., and DANIEL D'ALIO, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE**

**AND NOW,** come the Defendants RPC Employer Services, Inc. and Daniel J. D'Alio, by and through their Attorneys and respond to the Motions in Limine as follows:

**A. Plaintiff's First Motion in Limine**

Plaintiff's First Motion in Limine appears to request this Court to limit Defendants' ability to argue the extent of damages by letting Plaintiff submit medical bills and records of each player. Plaintiff argues that it is entitled to submit the total amount of medical bills of the players as damages without offset as to the amount that the Ohio Bureau of Workers' Compensation would have paid or other reductions exclusions, or setoffs. The cases cited permit an employee to pursue claims against an employer for the full amount of medical bills when the employer fails to provide workers' compensation for the employee. Presumably, the employees' damages are the full amount of their unpaid bills.

Defendants may agree that an employee may submit the entire bill as a damage against the employer, wherein the employer is the person obligated to pay the bill of the

medical provider either through workers' compensation coverage or by its failure to provide such coverage. Thus, the item of damage belongs to the employee who would be the player and not the employer team or league.

The NIFL is claiming to be the employer. They can only step into the shoes of the employee to the extent of the payments made to or on behalf of employee-players. To the best knowledge of the Defendants, there have been payments of $31,800.51 on behalf of players. This would be the Plaintiff's extent of damages. Further, there is no indication that more than two players have sued the NIFL for benefits. In most states, if not all, the Statute of Limitations has run on player lawsuits for benefits without complaints filed against the NIFL. Defendants should not be obligated to pay damages not incurred by the NIFL or for damages that the NIFL does not owe or will not be obligated to pay. Moreover, In most cases, the individual team is the employer and the NIFL has no standing to claim those monies paid as damages.

The Plaintiff desires further to restrict the Defendants' arguments on damages which would reduce the amount of damages based on other agreements by the NIFL. The NIFL agreed that each and every injury claim would have a $1,000.00 deductible which obligates the Plaintiff or team to cover. Therefore, by agreement, the Plaintiff's damages are reduced by $1,000.00 per claim. Defendants should not be precluded from making this argument. Defendants should not be precluded from arguing any other agreements, to the extent they exist, wherein the NIFL paid a reduced amount on any bills.

Further, Defendants should not be precluded from arguing the reasonableness and necessity or relatedness (causation) of any charges, which is the basis for the

payment of any medical bill. Plaintiff is attempting to put into evidence documents showing damages without complying with the Rules of Evidence. Every Court in this jurisdiction requires medical testimony on reasonableness and necessity or causation to admit the injury and charges. Defendants have the right to cross examine the medical provider on the above.

Whether or not the Court permits the full amount of a bill, the Defendants should not be precluded from offering testimony of reductions, exclusions or setoffs of the bills. The jury should be free to determine all evidence including set-offs of Plaintiff's damages and, therefore, the Plaintiff's First Motion in Limine should be denied.

### B. Plaintiff's Second Motion in Limine (Use of Medical Records)

In Plaintiff's Second Motion in Limine, Plaintiff asks for a ruling that it be permitted to present certain documents that will be used to show its damages without testimony from the medical provider as to reasonableness, necessity and causation. Plaintiff cites the Federal Rules of Evidence to overcome hearsay objections. However, those Rules do not permit the admissibility of all information contained on the billing statement or record.

Whether or not the documents of portion thereof are admissible under the Federal Rules of Evidence, the Plaintiff needs to present evidence of reasonableness, necessity and causation which would be necessary to prove damages. Defendants should have every opportunity to question the admissibility of the billing statements and records through cross examination. In workers' compensation hearings, the bills and records are not accepted into evidence without medical testimony that they are

reasonable, necessary and causally related. In civil trials in general, there is medical testimony by a doctor as to causation and reasonableness of the bills. Plaintiff is trying to sidestep this requirement with their Motion and argument. If the billing statements are permitted to prove damages, then any civil trial involving medical bills as damages would have to permit the bills without supporting opinion testimony. In other words, Plaintiff still needs to lay a proper foundation for the submission and admission of documents into evidence, which it has not done and can not do with a simple certification from a medical provider. The Ohio Bureau of Workers' Compensation, had the claims been accepted, would have had the opportunity to challenge any medical bills and so should the Defendants.

The Motion in Limine as presented by the Plaintiff requests that the Court allow all documents into evidence generally without a specific review. Plaintiff has not attached which documents it intends to submit if said Motion is granted. There may be objectionable statements within each and any document, which Defendants do not have the opportunity to presently object.

Plaintiff's Second Motion in Limine should be denied.

**WHEREFORE,** Plaintiff's Motions in Limine should be denied.

>       s/ Bernard C. Caputo
>       Bernard C. Caputo, Esquire
>       PA I.D. #58819
>       Fort Pitt Commons Building
>       445 Fort Pitt Boulevard, Suite 260
>       Pittsburgh, PA  15219
>       (412) 391-1070
>       bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net

## CERTIFICATE OF SERVICE

We, the undersigned, do hereby certify that true and correct copies of the foregoing DEFENDANTS' REPONSE TO PLAINTIFF'S MOTIONS IN LIMINE has been electronically served through the CM/ECF electronic filing system this 6th day of March, 2006.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
Attorney for Plaintiffs
PA I.D. No. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard
Suite 260
Pittsburgh, PA 15219
(412) 391-1070
bcaputolaw@aol.com