IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM ORDER OF COURT**

Presently pending before the Court for disposition are the following:

• PLAINTIFF'S MOTION IN LIMINE, with brief in support (*Document Nos. 62 and 65, respectively*), and the response in opposition filed by Defendants (*Document No. 63*); and

• DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES (*Document No. 61*), and the reply in opposition filed by Plaintiff (*Document No. 64*).

On March 13, 2006, the Court heard oral argument on these motions at which all parties were represented by counsel who presented and argued the issues skillfully and effectively.

After a review of the case law, the Federal Rules of Evidence, and the arguments of counsel, the Court finds and rules as follows:

**PLAINTIFF'S FIRST MOTION IN LIMINE *(DOCUMENT NO. 62-1)***

Plaintiff argues that because its claims are for common-law damages, the damages available to it are the full amount of damages, which are largely unpaid medical bills, rather than damages based upon reimbursement rates under the Ohio Workers' Compensation Act. *See Vandemark v. Southland Corp.*, 525 N.E.2d 1374 (Ohio 1988); *Harleysville Ins. Co. v. Wozniak*, 500 A.2d 872 (Pa. Super. 1985). Defendants respond that "the item of damage belongs to the employee who would be the player and not the employer team or league." Response at 2.

During the oral argument, counsel for Plaintiff represented that a single contract was entered into between the Plaintiff, the National Indoor Football League ("NIFL"), the teams (as members of the NIFL), and the players. As part of that contract, the NIFL contractually agreed to provide workers' compensation and medical coverage to the players. Therefore, Plaintiff argues that it has standing to pursue these claims because under the contract it is obligated to provide workers' compensation and medical coverage to the players.

The Court agrees. At first blush, the *Vandermark* and *Harleysville* decisions, upon which Plaintiff relies, appear to be distinguishable from the instant factual scenario. However, upon closer examination, the Court finds that the instant factual scenario closely resembles that presented in those two cases. In *Vandemark* and *Harleysville*, the employers either failed to process a claim for workers' compensation or failed to carry workers' compensation insurance. In both instances, the courts found that the essential nature of the claims fell "outside the scope of workers' compensation statutes" and, therefore, did not limit damages to the level of

reimbursement available under the applicable workers' compensation acts.  *Vandemark*, 525 N.E.2d at 1376-77.

In the case *sub judice,* all teams are members of the NIFL, and the NIFL, on behalf of the players and teams, entered into a Service Agreement with Defendant R.P.C. Employer Services, Inc., to provide workers compensation and medical coverage for its players among other services.  Undeniably, such coverage was not provided, although the parties dispute the reasons for the termination of the Service Agreement.  Accordingly, like the courts in *Vandermark* and *Harleysville,* this Court finds and rules that the claims surrounding this litigation "fall outside the scope of workers' compensation statutes," and, therefore, Plaintiff may be entitled to recover the full amount of damages and medical bills if properly proven and Plaintiff will <u>not</u> be limited by the level of reimbursement available under the Ohio Workers' Compensation Act.

Accordingly, Plaintiff's First Motion in Limine is **GRANTED**.

**PLAINTIFF'S SECOND MOTION IN LIMINE** *(Document No. 62-2)*

Pursuant to Federal Rules of Evidence 803(6) and 902(11), Plaintiff requests that the Court permit the use of the individual players' medical records, invoices, and Federal Health Care Financing Administration ("HCFA") claim forms as evidence to prove its damages and costs.  Defendant objects to this request arguing that "Plaintiff needs to present evidence of reasonableness, necessity and causation which would be necessary to prove damages."  Resp. at 3.

Plaintiff counters that at trial it will establish that the alleged injuries of each player were sustained during the 2001 season and that Carolyn Shriver, President of the NIFL, will testify, if necessary, as to each player, his team and relationship to the NIFL, and the injuries that the players sustained. Further, Plaintiff argues that nothing precludes Defendant from challenging the reasonableness, necessity, and/or causation of the injuries and treatment reflected in the medical records and bills at issue. If Defendant desires to introduce counter evidence, it may; however, the Rules of Evidence permit said records to be admitted into evidence at trial.

Federal Rule of Evidence 803(6) sets forth an exception to the hearsay rule as follows:

> (6) Records of regularly conducted activity. A memorandum report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
>
> The federal business records exception is based on the Uniform Business Records as Evidence Act, but is more expansive and allows the admission of opinions or diagnoses in business records.

Fed.R. Evid. 803(6).

Federal Rule of Evidence 902(11) (Self Authentication) provides as follows:

> Certified domestic records of regularly conducted activity.  The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record -
>
> (A)  was made at or near the time of the occurrence set forth by, or from information transmitted by, a person with knowledge of those matters;
> (B)  was kept in the course of the regularly conducted activity; and
>
> (C)  was made by the regularly conducted activity as a regular practice.
>
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Plaintiff has represented to the Court that it has provided to Defendants the written notice required by Federal Rule of Evidence 902(11) and has supplied the "majority of the actual HCFA forms and medical records to the Defendants." Mot. at ¶ 3.  Defendants respond that the records they received are not complete, *to wit:*  some are simply bills without any medical record support.

The Court is cognizant of the fact that this case presents major obstacles and issues to both parties due to the volume of players and medical records and bills involved in the litigation.   However, requiring Plaintiff to bring into Court all of the various medical providers, who are located all across the United States, would be unduly burdensome to the Plaintiff, and this situation appears to typify the reason why Federal Rules of Evidence 803(6) and 902(11) were adopted and promulgated.

Accordingly, the Court rules that Plaintiff will be permitted to introduce into evidence certain documents that may be used to establish its damages without actual testimony from the medical provider(s). However, Plaintiff is forewarned that the requirements of Federal Rule of Evidence 803(6) and 902(11), as well as all other Federal Rules of Evidence, will be strictly enforced and each document will be assessed for admissibility, including trustworthiness, upon presentation.

With these limitations, Plaintiff's Second Motion in Limine is **GRANTED.**

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES** *(Document No. 61)*

Defendants request that the Court exclude evidence of damages relating to unpaid medical expenses and wage loss or, in the alternative, limit the same as follows:

(i) Plaintiff cannot seek to recovery for any amounts beyond the $31,800.50 it has alleged to have paid in medical claims;

(ii) Plaintiff cannot assert any damages for medical expenses incurred by players during pre-season games;

(iii) Plaintiff cannot assert any damages for unpaid medical expenses or losses incurred after April 17, 2001, the effective termination date of the service agreement; and

(iv) Plaintiff should be excluded from providing any evidence of unpaid medical expenses or wage losses thirty (30) days past the date of the termination of the service agreement.

The Court has previously addressed the issue of the evidence of damages and thus, Defendants' request is **DENIED.** *See* discussion on Plaintiff's First Motion in Limine *supra*. Therefore, the Court will address seriatim Defendants' alternative grounds for relief.

As discussed *supra,* Plaintiff alleges that it was contractually obligated to provide workers' compensation and medical coverage to the players. According to Plaintiff's counsel, the NIFL has made promises to medical providers and players that it will cover the medical expenses incurred by the players. Therefore, Plaintiff is not limited to seeking recovery of only the $31,800.50 it has already paid, but rather Plaintiff may seek recovery for all medical damages it has incurred and reasonably expects to incur as a result of the alleged unlawful termination of the Service Agreement.

Next, Defendants argue that Plaintiff cannot assert any damages for medical expenses incurred by players during pre-season games. The Service Agreement specifically states that the effective starting date is "based on each team's first game of the 2001 season according to the official published schedule, which shall be made a part of this agreement." The parties are in agreement that the first game of the 2001 season occurred on March 30, 2001. Accordingly, the Court finds and rules that Plaintiff cannot assert any damages for medical expenses incurred by players prior to March 30, 2001.

Defendants' last requested limitations revolve around a determination of when the Service Agreement ended. Plaintiff argues that Defendants unilaterally and unlawfully terminated the contract because they knew that they would not be able to provide coverage. Defendants argue that the Service Agreement was terminated because the Plaintiff was in material breach.

The questions of material breach and effective termination date of the Service Agreement are clearly issues of fact for the jury to determine. Therefore, the Court **DENIES** Defendants' requests to limit Plaintiff to any damages for unpaid medical expenses or losses incurred after April 17, 2001, and/or preclude Plaintiff from introducing into evidence unpaid medical expenses and wage losses "thirty (30) days past the date of the termination of the service agreement."

So **ORDERED** this 16th day of March, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Forrest B. Fordham, III, Esquire
        Email: ffordhamlaw@aol.com

        Timothy C. Leventry, Esquire
        Leventry & Haschak
        Email: tleventry@lhrklaw.com

        Bernard C. Caputo, Esquire
        Email: Bcaputolaw@aol.com

        Michael J. Seymour, Esquire
        Email: mjseymour@covad.net