IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL )
LEAGUE, L.L.C., )
 )
   Plaintiff, )  CIVIL ACTION NO.: 02-0548
 )
 )  ELECTRONICALLY FILED
  vs. )
 )
R.P.C. EMPLOYER SERVICES, )
INC., and DANIEL D'ALIO, )
 )
   Defendants. )

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

NOW COME, Defendants, R.P.C. Employer Services, Inc. and Daniel J. D'Alio (referred to herein collectively as Defendants), by their respective counsel and hereby file the within Proposed Jury Instructions:

**Proposed Jury Instruction No. 1.** (Damages - Generally)

Where one party to a contract breaches that contract, the other party may recover for those losses that have been proved to you with reasonable certainty. Any compensation awarded for injury is termed "damages." Generally, the measure of damages is the sum that will compensate the Plaintiff for the loss sustained. If you find the Defendants breached the contract, you must then decide, based on the evidence the Plaintiff has presented, what amount of money will compensate the Plaintiff for those losses that were a foreseeable result of the breach, and that the parties could have reasonably foreseen with certainty at the time they made the contract.

Source: Pennsylvania Suggested Standard Civil Jury Instructions, § 15.26 (2nd Ed. 2003).

1

**Proposed Jury Instruction No. 2.** (Damages - Speculative)

Damages are not recoverable if they are too speculative, vague or contingent. Damages are not recoverable for any loss beyond the amount that the Plaintiff has established with reasonable certainty by the evidence.

Source: *Spang & Co. v. U.S. Steel Corp.,* 519 Pa. 14, 545 A.2d 861 (1988).

**Proposed Jury Instruction No. 3.** (Damages - Expectation Interest - Lost Benefit of the Bargain)

If you find that the Defendants breached the contract, you must decide, based on the evidence the Plaintiff has presented, the amount of money damages that will compensate the Plaintiff for its losses as a result of the breach. Your aim in calculating this amount should be to put the Plaintiff, as nearly as possible, in the same position it would have occupied had the breach not occurred.

Source: Adapted from Pennsylvania Suggested Standard Civil Jury Instructions, §15.27 (2nd Ed. 2003); *see also ATACS Corp. v. Trans World Communications, Inc.,* 155 F.3d 659 (3d Cir. 1998).

**Proposed Jury Instruction No. 4.** (Damages)

The burden of proving damages rests with the Plaintiff.

Source: *Miller Oral Surgery, Inc. v. Dinello,* 611 A.2d 232, 236 (Pa. Super. 1992).

**Proposed Jury Instruction No. 5.** (Damages - Mitigation)

The Defendants may reduce any damages recovered by the Plaintiff by showing facts which tend to decrease the Plaintiff's losses. You have heard evidence that Plaintiff had an opportunity to secure substitute Workers' Compensation coverage and decided not

2

to do so. Therefore, the losses claimed should be reduced by the amount of the losses claimed after the date such coverage would have been secured.

Source: P.L.E. 2d Damages §35.

## Proposed Jury Instruction No. 6. (Effect of Instruction as to Damages)

The fact that we have instructed you as to the proper measure of damages should not be considered as indicating any view of ours as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Source: O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions,* §106.02 (5th Ed. 2000).

## Proposed Jury Instruction No. 7. (Fraud)

"Fraud" consists of those things intended to deceive, whether by one single act or a combination of factors, or by failure to inform, or suggestion of what is false, whether directly or indirectly, by speech or silence, word of mouth, or by body language.

Source: *Pittsburgh Live, Inc. v. Servov,* 419 Pa. Super. 423, 615 A.2d 438 (1992).

## Proposed Jury Instruction No. 8. (The burden of persuasion is by clear and convincing evidence)

A case of fraud must be proven by "clear and convincing evidence". This means that witnesses must be believable, which in turn means that the witnesses must both specifically remember facts to which they testify and carefully relate details.

Source: *Pittsburgh Live, Inc. v. Servov,* 419 Pa. Super. 423, 615 A.2d 438 (1992).

3

**Proposed Jury Instruction No. 9** (Elements)

In Pennsylvania, the courts have traditionally held that a plaintiff must establish five elements in order to demonstrate the existence of fraud: 1) a misrepresentation; 2) a fraudulent and false utterance thereof; 3) an intention by the maker that the recipient will thereby be induced to act; 4) justifiable reliance by the recipient upon the misrepresentation; and 5) damage to the recipient as the proximate results.

Source: *Mele Construction Company, Inc. v. Crown American Corp.,* 421 Pa. Super. 569, 618 A.2d 956 (1992).

**Proposed Jury Instruction No. 10.** (Intent necessary to prove fraud)

The intent necessary to prove fraud has been characterized as knowing or reckless, and applies when the maker of the statement knows or believes that the matter is not as he or she represents it to be, does not have the confidence in the accuracy of the representation that is stated or implied, or knows that there is no basis for the representation that is stated or implied.

Source: *Mele Construction Company, Inc. v. Crown American Corp.,* 421 Pa. Super. 569, 618 A.2d 956 (1992).

**Proposed Jury Instruction No. 11.** (Breach of Contract - Mutual and Dependent Agreement)

If you find that the parties had a mutual agreement where each party's performance was dependent on the other's, and one party failed to perform its part, the other may treat the contract as breached.

Source: Pennsylvania Suggested Standard Civil Jury Instructions, § 15.26 (2nd Ed.

4

2003).

## Proposed Jury Instruction No. 12. (Performance Prevented)

If you find that one party to the contract prevented the other party from performing its part, a breach of the contract has occurred. You have heard evidence that the National Indoor Football League, LLC was to do certain things in the State of Ohio in order for the Ohio Workers' Compensation to attach and if you find they failed to do so and this prevented Defendants from performing the Service Agreement, then Plaintiff breached the contract.

Source: Pennsylvania Suggested Standard Civil Jury Instructions, § 15.26 (2nd Ed. 2003).

## Proposed Jury Instruction No. 13. (Effect of Breach - Material breach)

If you find that the contract in this case has been breached, the injured party may sue on the contract and recover damages or in some instances specific performance. However, if you find that each of the parties committed a material breach, neither party may recover.

Source: Pennsylvania Suggested Standard Civil Jury Instructions, § 15.26 (2nd Ed. 2003).

## Proposed Jury Instruction No. 14.

A violation of the Racketeer Influenced and Corrupt Organizations Act requires (1) conduct (2) of an enterprise (3) through a pattern (4) of Racketeering Activity. Plaintiff must prove each of these elements to succeed. Therefore, you must find that Daniel D'Alio and RPC Employer Services, Inc. were an enterprise that engaged in a pattern of conduct

of racketeering activity.  18 U.S.C.S. §1962(c); <u>Sedima, S.P.R.L. v. Imrex Co., Inc.</u>, 473

U.S. 479, 105 S. Ct. 3275 (1985).

## Proposed Jury Instruction No. 15.

Breach of Contract is not fraud, and a series of broken promises therefore is not a

pattern of fraud.  It is correspondingly difficult to recast a dispute about broken promises

into a claim of racketeering under RICO.  <u>Perlman v. Zell</u>, 185 F.3d 850, 853 (7th Cir.

1999); <u>Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.</u>, 63 F.3d 516 (7th Cir. 1995).

## Proposed Jury Instruction No. 16.

To establish a claim under section 1962(c), the plaintiff must prove that (1) a

defendant person (2) was employed by or associated with an enterprise (3) that

engaged in or affected interstate commerce and that (4) the defendant person operated

or managed the enterprise (5) through a pattern (6) of racketeering activity, and (7) the

plaintiff was injured in its business or property by reason of the pattern of racketeering

activity.  18 U.S.C.S. §1962(c).

## Proposed Jury Instruction No. 17

RICO contains a proximate cause requirement...This requirement forces the plaintiff to demonstrate a direct relationship between the injury suffered and the alleged injurious conduct.  Thus, the concept of direct injury refers to the relationship between the injury and the defendants' action, not the plaintiff's pocketbook.  Firestone v. Galbreath, 976 F.2d 279, 285 (6th Cir. 1992).

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
PA I.D. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard, Suite 260
Pittsburgh, PA  15219
(412) 391-1070
bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net

## CERTIFICATE OF SERVICE

We, the undersigned, do hereby certify that true and correct copies of the foregoing DEFENDANT'S PROPOSED JURY INSTRUCTIONS has been electronically served through the CM/ECF electronic filing system this 20th day of March, 2006.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
Attorney for Plaintiffs
PA I.D. No. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard
Suite 260
Pittsburgh, PA 15219
(412) 391-1070
bcaputolaw@aol.com