## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | |
| LEAGUE L.L.C., | : | CIVIL DIVISION |
| **Plaintiff** | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | **Proposed Jury Instructions** |
| R.P.C. EMPLOYER SERVICES, INC., | : | |
| and DAN J. D'ALIO, | : | |
| | : | JURY TRIAL DEMANDED |
| **Defendants.** | : | |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | Plaintiff |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M |
| | : | LEVENTRY, HASCHAK & |
| | : | RODKEY, LLC |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

L:\N\National Indoor Football League 01-214\Proposed Jury Instructions.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | |
| LEAGUE L.L.C., | : | CIVIL DIVISION |
| Plaintiff | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Proposed Jury Instructions |
| R.P.C. EMPLOYER SERVICES, INC., | : | |
| and DAN J. D'ALIO, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C.

(hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the

foregoing Proposed Jury Instructions:

1.    Proposed Jury Instruction Number 1 - Preponderance of the Evidence

Establish by a preponderance of the evidence means to prove something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact is issue has been proved to a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Adapted from 3B Fed. Jury Prac. & Instr. § 104.01 (5th ed.)

2.      <u>Proposed Jury Instructions Number 2 - Breach of Contract Claim</u>

A breach of contract claim is established by showing four elements by a preponderance of the evidence: existence of a contract to which the plaintiff and defendant are parties; essential terms of that contract; breach of duty imposed by the contract; and, damages to the plaintiff as a result of the breach.

Failure of a party to contract to perform in accordance with its terms gives the other party a cause of action for breach.  A breach of contract occurs when a party to the contract fails to perform any contractual duty of immediate performance, or violates an obligation or duty.   Not every nonperformance, however, is to be considered a breach of the contract.  If you find that the nonperformance was trivial, and thus that the contract was substantially performed, you must also find that a breach of the contract has not occurred.

See, <u>Cottman Trans. v. Melody</u>, 851 F. Supp. 660 (E.D. Pa. 1994); <u>Johnson v. Finestra, Inc.</u>, 305 F.2d 179 (3d Cir. 1962).

3.      <u>Proposed Jury Instruction Number 3 - Damages in Breach of Contract Claim</u>

Where one party to a contract breaches that contract, the other party may recover for those losses that have been proved to you with reasonable certainty.  Any compensation awarded for injury is termed "damages."   Generally, the measure of damages is the sum that will compensate the Plaintiff for the loss sustained.  If you find the Defendants breached the contract, you must then decide, based on the evidence the Plaintiff has presented. what amount of money will compensate the Plaintiff for those losses that were a foreseeable result of the breach, and that the parties could have reasonably foreseen with certainty at the time they made the contract.

Pennsylvania Suggested Standard Civil Jury Instructions, § 15.26 (2nd Ed. 2003).

4.      <u>Proposed Jury Instruction Number 4 - Damages Expectation Interest</u>

If you find that the Defendants breached the contract, you must decide, based on the evidence the Plaintiff has presented. the amount of money damages that will compensate the Plaintiff for its losses as a result of the breach. Your aim in calculating this amount should be to put the Plaintiff, as nearly as possible, in the same position it would have occupied had the breach not occurred.

Adapted from Pennsylvania Suggested Standard Civil Jury Instructions, §15.27 (2nd  Ed 2003); see also <u>ATA Corp. v. Trans World Communications, Inc.</u>, 155 P.3d 659 (3d Cir. 1998).

5.      <u>Proposed Jury Instruction Number 5 - Damages</u>

The burden of proving damages rests with the Plaintiff.

Miller Oral Surgery, Inc. v. Dinello, 611 A.2d 232, 236 (Pa. Super. 1992)

6.      Proposed Jury Instruction Number 6 - Effect of Instruction as to Damages

The fact that we have instructed you as to the proper measure of damages should not be considered as indicating any view of ours as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Taken from 3B Fed. Jury Prac. & Instr. § 106.02 (5th ed.)

7.      Proposed Jury Instruction Number 7 - Fraud

"Fraud" consists of those things intended to deceive, whether by one single act or a combination of factors, or by failure to inform, or suggestion of what is false, whether directly or indirectly, by speech or silence, word of mouth, or by body language.

Pittsburgh Live, Inc. v. Servov, 419 Pa. Super. 423, 615 A.2d 438 (1992).

8.      Proposed Jury Instruction Number 8 - Elements of Fraud

In Pennsylvania, the courts have traditionally held that a plaintiff must establish five elements in order to demonstrate the existence of fraud: 1) a misrepresentation; 2) a fraudulent and false utterance thereof; 3) an intention by the maker that the recipient will thereby be induced to act; 4) justifiable reliance by the recipient upon the misrepresentation; and 5) damage to the recipient as the proximate results.

Mele Construction Company, Inc. v. Crown American Corp., 421 Pa. Super. 569, 618 A.2d 956 (1992).

9.      Proposed Jury Instruction Number 9 - Intent to Prove Fraud

The intent necessary to prove fraud has been characterized as knowing or reckless, and applies when the maker of the statement knows or believes that the matter is not as he or she represents it to be, does not have the confidence in the accuracy of the representation that is stated or implied, or knows that there is no basis for the representation that is stated or implied.

Mele Construction Company, Inc. v. Crown American Corp., 421 Pa. Super. 569, 618 A.2d 956 (1992).

10.     <u>Proposed Jury Instruction Number 10 - Punitive Damages - Fraud</u>

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in the case that the Plaintiff National Indoor Football League is entitled to a verdict for actual or compensatory damages, and you further find that the act or omission of Defendants RPC Employer Services, Inc. and Daniel D'Alio which proximately caused actual injury or damage to National Indoor Football League, was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall agree to be proper as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you find, from a preponderance of the evidence in the case, that Defendant's act or omission, which proximately caused actual damage to National Indoor Football League, was maliciously or wantonly or oppressively done. You should always bear in mind that such extraordinary damages may be allowed only if you should first award National Indoor Football League a verdict for actual or compensatory damages.

You should also bear in mind, not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount because of any sympathy, or bias, or prejudice with respect to any party to the case.

Adapted from 3B Fed. Jury Prac. & Instr. § 123.40 (5th ed.).

11.     Proposed Jury Instruction Number 11 - RICO Case

        Plaintiff National Indoor Football League claims that Defendant Daniel D'Alio has violated
the Racketeering Influenced and Corrupt Organization Act commonly known as "RICO".

        Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations,"
Congress did not mean that Plaintiff National Indoor Football League must prove that Defendant
National Indoor Football League is a "racketeer" or a member of what is commonly referred to as
"organized crime" in order to recover damages.

        Adapted from 3B Fed. Jury Prac. & Instr. § 161.01 (5th ed.).

12.     Proposed Jury Instruction Number 12 - RICO Case - Section 1962(b)--Acquisition Or
        Maintenance

        Plaintiff National Indoor Football League alleges that Defendant Daniel D'Alio violated
Section 1962(b) of RICO.  A violation of Section 1962(b) of RICO requires that Plaintiff National
Indoor Football League prove the following elements by a preponderance of the evidence:

        First:          Daniel D'Alio is a person who by engaging in a pattern of racketeering
                        activity  maintained his interest in the enterprise, RPC Employer Services
                        Inc.;

        Second:         Defendant's interest in the enterprise was connected to the pattern of
                        racketeering activity;

        Third:          The enterprise was engaged in, or the activities of the enterprise affected,
                        interstate or foreign commerce; and

        Fourth:             National Indoor Football League's business or property was injured
                            by reason of Defendant's maintenance of the interest in, or control
                            over, the enterprise.

        Adapted from 3B Fed. Jury Prac. & Instr. § 161.21 (5th ed.)

13.     Proposed Jury Instruction Number 13 - RICO Case - Section 1962(c)--Participation

        Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of
racketeering activity.  To show that Defendant Daniel D'Alio violated section 1962(c), the National
Indoor Football League must prove each of the following elements by a preponderance of the
evidence:

        First:          The existence of an enterprise affecting interstate or foreign commerce;

Second:        Daniel D'Alio was employed by or associated with the enterprise;

Third:        Daniel D'Alio conducted or participated in the conduct of the enterprise's affairs;

Fourth:        Defendant's participation in the enterprise was through a pattern of racketeering activity; and

Fifth:        Plaintiff National Indoor Football League's business or property was injured by reason of defendant's conducting or participating in the conduct of the enterprise's affairs.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.22 (5th ed.).

14.    Proposed Jury Instruction Number 14 - RICO Case- Predicate Act--Mail Fraud

In order to establish that mail fraud has been committed for purposes of this case, Plaintiff National Indoor Football League must show by a preponderance of the evidence that:

First:        Defendant Daniel D'Alio willfully and knowingly participated in a scheme to defraud plaintiff National Indoor Football League;

Second:        Defendant Daniel D'Alio did so with an intent to defraud; and

Third:        Defendant Daniel D'Alio used the U.S. mails for the purpose of executing the scheme to defraud.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.24 (5th ed.).

15.    Proposed Jury Instruction Number 15 - RICO Case - Predicate Act--Mail Fraud--Racketeering Activity

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate racketeering activity. Mail fraud as a racketeering activity may be established without proof that one or more of the defendants personally did every act constituting mail fraud. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by that person through direction of another person as an agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.25 (5th ed.).

16.   Proposed Jury Instruction Number 16- RICO Case - Predicate Act--Wire Fraud

Plaintiff National Indoor Football League must prove Defendant Daniel D'Alio committed the following in order to establish a violation of the federal wire fraud statute:

<div style="margin-left:2em">

First:        Defendant Daniel D'Alio willfully and knowingly participated in a scheme to defraud plaintiff National Indoor Football League;

Second:   Defendant Daniel D'Alio did so with an intent to defraud; and

Third:      Defendant Daniel D'Alio made interstate telephone calls or used radio communications for the purpose of executing the scheme or plan to defraud.

</div>

Interstate telephone calls or radio communications are an essential element of the predicate act of wire fraud. Each separate use of such facilities in furtherance of a scheme or plan to defraud is a separate predicate act of wire fraud.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.26 (5th ed.).


17.   Proposed Jury Instruction Number 17 - RICO Case - Definition of Person

A "person" includes any individual or entity capable of holding a legal or beneficial interest in property.  [A corporation is a legal entity that, like an individual, is capable of holding a legal or beneficial interest in property.]

Taken from 3B Fed. Jury Prac. & Instr. § 161.40 (5th ed.);  See 18 U.S.C.A. § 1961(3).

18.   Proposed Jury Instruction Number 18 - RICO Case - Definition of Enterprise

An "enterprise" includes any individual, partnership, corporation, association or other legal entity. An enterprise may also be any group of individuals associated in fact although not a legal entity. Proof that an entity has a legal existence, such as a corporation or a partnership, satisfies the definition of an enterprise.

Taken from 3B Fed. Jury Prac. & Instr. § 161.41 (5th ed.).

19.     Proposed Jury Instruction Number 19 - RICO Case - Definition of Interstate Commerce

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting commerce between the states or between the states and foreign countries.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.42 (5th ed.).


20.     Proposed Jury Instruction Number 20 - RICO Case - Definition of Racketeering Activity

"Racketeering activity" is the term used in RICO to designate crimes that may constitute violations under RICO. The law defines racketeering activity to include mail fraud, Section 1341 of Title 18, United States Code and wire fraud, Section 1343 of Title 18, United States Code.

Defendant D'Alio derived income through a pattern of racketeering evidence if defendant Daniel D'Alio has earned some income through the commission of at least two racketeering acts sufficiently related to constitute a pattern. Plaintiff National Indoor Football League has alleged that defendant Daniel D'Alio has committed the following racketeering acts:

The Defendant Daniel D'Alio, for the purpose of executing the scheme and artifice to defraud the NIFL of it's property, used and caused to be used, the mails of the United States.  Such use of the United States mails for purposes of effectuating the scheme to deprive Plaintiff of it's property included, without limitation, the following: (a) the mailing of the Service and Fee Structure Agreement to the NIFL concerning services RPC was to provide to the NIFL and it's players; (b) the mailing of numerous Ohio Bureau of Worker's Compensation forms (C-110) to and from Plaintiff's individual players for coverage under the Ohio Worker's Compensation Act; (c) the mailing of a contract termination letter to the NIFL dated April 13, 2001, for the NIFL's alleged breach of contract for non-compliance with contractual terms and non-payment of fees; (d) the request for and receipt of funds paid by the NIFL to RPC for payroll and worker's compensation insurance services.

The Defendant Daniel D'Alio, for the purposes of executing the scheme to defraud the NIFL, transmitted and caused to be transmitted communications by means of wire in interstate commerce. Such interstate communications by wire included, without limitation, the following: (a) telephone calls between the Defendants and the NIFL instructing the NIFL to open a bank account in Ohio for payroll purposes and it's notification to the NIFL that it would open a Post Office Box in Ohio to handle Plaintiff's mail, and claims ; (b) telephone calls from the Defendants to the NIFL instructing the NIFL to apply for unemployment compensation coverage under Ohio law and to apply for it's own worker's compensation policy through the Ohio Bureau of Worker's Compensation; (c) telephone calls from the Defendants to the NIFL advising that the NIFL would not have to pay into the Ohio Worker's Compensation Plan or report income under it's own policy, but instead, RPC would make payments under RPC's Worker's Compensation Policy; (d) telephone calls from the Defendants to the NIFL advising the NIFL that it did not have to open an office in Ohio because

RPC maintained an office in the State of Ohio, and RPC would lease employees to the NIFL from RPC's Ohio office to secure worker's compensation coverage for NIFL players.

  Adapted from 3B Fed. Jury Prac. & Instr. § 161.46 (5th ed.)

21. <u>Proposed Instruction Number 21 - RICO Case- Definition of Pattern Of Racketeering Activity</u>

  In this case, Plaintiff National Indoor Football League contends that the activities of defendant Daniel D'Alio involving:   (a) the mailing of the Service and Fee Structure Agreement to the NIFL concerning services RPC was to provide to the NIFL and it's players; (b) the mailing of numerous Ohio Bureau of Worker's Compensation forms (C-110) to and from Plaintiff's individual players for coverage under the Ohio Worker's Compensation Act; (c) the mailing of a contract termination letter to the NIFL dated April 13, 2001, for the NIFL's alleged breach of contract for non-compliance with contractual terms and non-payment of fees; (d) the request for and receipt of funds paid by the NIFL to RPC for payroll and worker's compensation insurance services; (e) telephone calls between the Defendants and the NIFL instructing the NIFL to open a bank account in Ohio for payroll purposes and it's notification to the NIFL that it would open a Post Office Box in Ohio to handle Plaintiff's mail, and claims ; (f) telephone calls from the Defendants to the NIFL instructing the NIFL to apply for unemployment compensation coverage under Ohio law and to apply for it's own worker's compensation policy through the Ohio Bureau of Worker's Compensation; (g) telephone calls from the Defendants to the NIFL advising that the NIFL would not have to pay into the Ohio Worker's Compensation Plan or report income under it's own policy, but instead, RPC would make payments under RPC's Worker's Compensation Policy; (h) telephone calls from the Defendants to the NIFL advising the NIFL that it did not have to open an office in Ohio because RPC maintained an office in the State of Ohio, and RPC would lease employees to the NIFL from RPC's Ohio office to secure worker's compensation coverage for NIFL players.

  "A pattern of racketeering activity" means at least two acts of racketeering activity occurring within ten years of this date and at least one of the acts was committed after October 15, 1970.  Acts of racketeering activity may include, as plaintiff alleges in this case, violations of the federal mail fraud and wire fraud statutes.  While the two acts of racketeering activity need not be of the same kind, you must find by a preponderance of the evidence that the two acts of racketeering activity occurred within the time specified.

  The term "pattern of racketeering activity" requires that you find the predicate acts were related to each other. Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

  Finally, in order to find that defendant Daniel D'Alio violated RICO, you must find that, through this pattern of racketeering activity defendant Daniel D'Alio conducted or participated in

the conduct of the enterprise. The word "through" requires a connection among defendant Daniel D'Alio, the pattern of racketeering, and the enterprise.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.47 (5th ed.)

22.    Proposed Jury Instruction Number 22 - RICO Case - Definition of False or Fraudulent Misrepresentation

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.55 (5th ed.)

23.    Proposed Jury Instruction Number 23 - RICO Case - Definition of State of Mind

You have heard throughout these instructions references to intentionally, willfully, knowingly or recklessly  in relation to various elements of the offenses or predicate acts charged. These terms refer to the state of mind of Defendant Daniel D'Alio. You must decide whether various acts were committed by Daniel D'Alio with a certain state of mind.

You may infer defendant's state of mind from both defendant's words and defendant's actions. The commission of an act may more clearly show defendant's state of mind than defendant's words or explanation uttered long after the act's occurrence.

You may determine Daniel D'Alio's state of mind based upon the facts and circumstances surrounding the act and any reasonable inferences drawn from those facts and circumstances.

An act is done intentionally if  Daniel D'Alio has a conscious objective or desire either to engage in the conduct or to cause the result.

An act is done willfully if it is committed voluntarily by Daniel D'Alio with a specific intent or purpose to do something that the law forbids; that is, with a bad purpose to disobey or disregard the law.

An act is done knowingly if it is performed voluntarily by Daniel D'Alio and not because of mistake or accident.

As to each of the elements to which the state of mind "knowingly" applies, Daniel D'Alio may be held responsible if Daniel D'Alio consciously avoided knowledge or deliberately refused to act or investigate where Daniel D'Alio had an affirmative duty to do so. To be found responsible under this theory, Daniel D'Alio must have been aware that there was a substantial risk that a certain circumstance existed or that a certain result would occur but Daniel D'Alio nevertheless disregarded the risk. A substantial risk means a risk that is of such a nature and degree that to disregard it constitutes a gross deviation from the standard of care that a reasonable person would exercise in such a situation.

Under certain circumstances, Daniel D'Alio's conscious avoidance of knowledge or deliberate refusal to investigate may supply the necessary mental element. To be held responsible for conscious avoidance or failure to investigate, Daniel D'Alio must either be under a duty to investigate or have consciously avoided knowledge knowing the consequences of such avoidance. Daniel D'Alio may not be held responsible for conscious avoidance or failure to investigate unless Daniel D'Alio had some interest in the successful accomplishment of the crime being committed.

An act is done recklessly if Daniel D'Alio is aware of a substantial risk that a surrounding circumstance exists or that a result will occur, but disregards the risk. A substantial risk means a risk that is of such a nature and degree that to disregard it constitutes a gross deviation from the standard of care that a reasonable person would exercise in such a situation.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.58 (5th ed.).

24.    Proposed Jury Instruction Number 24 - RICO Case- Definition of Defraud

Within the meaning of the mail fraud statute and  wire fraud statute] "to defraud" means to use dishonest methods or schemes and usually signifies the deprivation of something of value by trick, deceit, chicane, or overreaching.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.59 (5th ed.).

25.    Proposed Jury Instruction Number 25 - RICO Case - Definition of Income

The term "income" includes money or its equivalent received directly or indirectly by defendant Daniel D'Alio as a result of defendant Daniel D'Alio's engaging in a pattern of racketeering activity.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.60 (5th ed.).

26.     Proposed Jury Instruction Number 26 - RICO Case - Definition of Proximate Cause

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

Taken from 3B Fed. Jury Prac. & Instr. § 161.61 (5th ed.).

27.     Proposed Jury Instructions Number 27 - RICO Case - Causation

In order for Plaintiff National Indoor Football League to prevail under RICO, the National Indoor Football League must prove by a preponderance of the evidence that Defendant Daniel D'Alio's RICO violations were the proximate cause of injury to National Indoor Football League's business or property.

Accordingly, you must find that the National Indoor Football League suffered an injury to its business or property and that the injury was proximately caused by defendants' violation of RICO. An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A person is injured in the person's business when the person suffers loss of money or profits or a reduction in the value or worth of the person's business.

A finding that the National Indoor Football League was injured in its business or property because of the defendant's violation of RICO requires only that you find the National Indoor Football League was harmed by the predicate acts of Daniel D'Alio.

However, to find that injury to the National Indoor Football League's business or property was caused by reason of the defendant Daniel D'Alio's violation of RICO, you must find that the injury to the National Indoor Football League was caused by, and was a direct result of the defendant National Indoor Football League's violation of either Section 1962(b) or (c).

Adapted from 3B Fed. Jury Prac. & Instr. § 161.70 (5th ed.).

28.     Proposed Jury Instructions Number 28 - RICO Case - RICO Damages

In considering the issue of the National Indoor Football League's damages to its players, teams and to itself, with respect to the RICO claim, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the National Indoor Football League in its business or property. Damages may not be

based on speculation because it is only actual damages--what the law calls compensatory damages--that you are to determine.

Under Section 1964(c), the National Indoor Football League may recover only for injury to its business or property including unpaid workers compensation claims paid on behalf its players or its teams and claims incurred by its players which have not yet been paid.

You should consider the amount of damages, as to Daniel D'Alio with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims.  For example, if you determine that damages should be awarded to the National Indoor Football League under plaintiff's RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, you might award under any other claim brought by the National Indoor Football League including its Breach of Contract and Fraud Claims.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.90 (5th ed.).

29.    Proposed Jury Instruction Number 29 - RICO Case - Punitive Damages

Plaintiff National Indoor Football League claims that Defendant Daniel D'Alio's acts were done willfully, intentionally or with callous and reckless indifference to plaintiff National Indoor Football League's rights so as to entitle the National Indoor Football League to an award of punitive damages in addition to compensatory damages.

If you find for the National Indoor Football League, and if you further find that  Daniel D'Alio acted with willfulness or callous and reckless indifference to the rights of the National Indoor Football League and its players and teams, the law allows you, in your discretion, to assess punitive damages against Daniel D'Alio as punishment and as a deterrent to others in an amount not to exceed triple the compensatory damages.

Adapted from 3B Fed. Jury Prac. & Instr. § 161.91 (5th ed.).

Respectfully submitted,

s/ Timothy C. Leventry
Timothy C. Leventry, LL.M
Attorney at Law

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | |
| **LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| **Plaintiff** | : | **NO. CA 2 - 548** |
| | : | |
| **v.** | : | **TYPE OF PLEADING:** |
| | : | |
| | : | **Proposed Jury Instructions** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | |
| **and DAN J. D'ALIO,** | : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I, Timothy C. Leventry, do hereby certify that a true and correct copy of the foregoing Proposed Jury Instructions  was served on the parties listed below by **regular mail, email and/or fax**:

Michael J. Seymour, Esq.
Feczko and Seymour
520 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bernard C. Caputo, Esq.
Fort Pitt Commons Building, Suite 260
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15219

**LEVENTRY,  HASCHAK,**
**& RODKEY, LLC**

Dated: _____3-20-06_____          By: s/ Timothy C. Leventry _____
                                              Timothy C. Leventry, Esquire