# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | CIVIL DIVISION |
| Plaintiff | NO. CA 2 - 548 |
| v. | TYPE OF PLEADING: |
| **R.P.C. EMPLOYER SERVICES, INC.,** and **DAN J. D'ALIO,** | Reply to Defendants' Motion to Strike Witnesses and Medical Documents |
| | JURY TRIAL DEMANDED |
| Defendants. | |
| | FILED ON BEHALF OF: |
| | Plaintiff |
| | COUNSEL FOR PLAINTIFF: |
| | TIMOTHY C. LEVENTRY, LL.M |
| | LEVENTRY, HASCHAK |
| | & RODKEY, LLC |
| | 1397 EISENHOWER BOULEVARD |
| | RICHLAND SQUARE III, SUITE 202 |
| | JOHNSTOWN, PA 15904 |
| | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| | : | CIVIL DIVISION |
| Plaintiff | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Reply to Defendants' Motion to |
| R.P.C. EMPLOYER SERVICES, INC., | : | Strike Witnesses and Medical Documents |
| and DAN J. D'ALIO, | : | |
| | : | |
| Defendants. | | |

**REPLY TO DEFENDANTS' MOTION TO STRIKE
WITNESSES AND MEDICAL DOCUMENTS**

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., by and through its attorneys, Leventry, Haschak, & Rodkey, LLC, and files the foregoing Reply to the Defendants' Motion to Strike Witnesses and Medical Documents:

1.  The Plaintiffs file this Reply to the Defendants' Motions to Strike Witnesses and Medical Documents.

2.  Admitted.

3.  Admitted. The July 18, 2005 Order of Court speaks for itself.

4.  Admitted.

5.  Admitted. By way of further explanation, the National Indoor Football League ("NIFL") assembled medical records and documentation on approximately one hundred ninety (190) players involving over three hundred (300) medical providers per the Court's July 18, 2005 Order. The NIFL's assembly of the numerous medical records and documentation was slowed by the two

(2) hurricanes that struck Lafayette, Louisiana, which is the headquarters of the NIFL. Hurricane Katrina struck Lafayette on August 29, 2005. The NIFL's Lafayette headquarters also was evacuated on Friday, September 23, 2005 before hurricane Rita made landfall in Louisiana on Saturday, September 24, 2005. On September 27, 2005, the NIFL's counsel informed Attorney Seymour by letter of the hurricanes and of the NIFL's assembly of the records. A copy of the September 27, 2005 letter is attached hereto, made a part hereof and labeled **Exhibit A**. After the hurricanes, the NIFL finished assembling the documentation and forwarded it to the NIFL's counsel, who catalogued two (2) large boxes of records and sent the documentation to Attorney Seymour on November 18, 2005. A copy of the November 18, 2005 letter is attached hereto, made a part hereof and labeled **Exhibit B**.

      6.      Admitted.

      7.      Admitted. By way of further answer, please see Paragraph 5 as it relates to the second hurricane.

      8.      Admitted.

      9.      Admitted.

      10.      Admitted in part. Denied in part. It is admitted the parties attended a settlement conference on December 20, 2005. However, it is denied the NIFL did not indicate it would provide further documentation on medical evidence. In fact, the Plaintiffs specifically told the Defendants that it would supplement the HCFA-1500 forms and medical records sent on November 18, 2005 with additional medical records that support the HCFA-1500 form summaries for each player along with Certifications of the Records Custodians. On a December 5, 2005, the NIFL's counsel sent a letter to Attorney Seymour discussing the records sent to Attorney Seymour on November 18, 2005.

The letter specifically stated, "Notwithstanding the NIFL's compliance with the July 18, 2005 Order, the NIFL is in the process of obtaining copies of underlying medical records for use at trial. We will forward these to you as soon as possible." A copy of the December 5, 2005 letter is attached hereto, made a part hereof and labeled **Exhibit C**. The December 5, 2005 letter contains attachments including examples of HCFA forms described below.

It is further denied the records sent to Attorney Seymour on November 18, 2005 did not contain medical information required for the Defendants to conduct discovery. To the contrary, the records sent to Attorney Seymour contained medical provider-completed Health Insurance Claim Forms (HCFA-1500's) for all players along with underlying medical records for many players. The HCFA-1500 forms give the Defendants a concise summary of each claim sufficient to conduct discovery. The forms are required to reimburse injured federal employees covered under the Department of Labor's Office of Workers' Compensation Programs and are universally used by medical providers for Medicaid billing and record keeping.

Accordingly, on November 18, 2005, Attorney Seymour had in his possession all injured player's completed HCFA-1500 containing each player's name, medical provider's name/s, a description of the services performed for the player's injury (referenced by an insurance code on the form corresponding to a detailed description of the medical services) and the amount of the provider's charge. The HCFA-1500's operate as summaries of the medical provider's notes, charts and invoices, many of which were also obtained and provided to the Defendants on November 18, 2005. Despite having all of this information on November 18, 2005, the Defendants chose not to pursue any discovery, either through interrogatories or by deposition, of any of the medical providers. Subsequently, on March 10, 2006, the NIFL sent the Defendants underlying medical

records, medical provider notes and charts that <u>augmented the information already in possession of the Defendants on November 18, 2005.</u>

The March 10, 2005 transmission of records also contained a Certification of Records form completed by medical providers that complies with Federal Rules of Evidence 803 (6) and 902(11). This form was needed by the Plaintiff to properly certify the medical records but did not provide the Defendants with any additional information that it did not have already. As stated above, on November 18, 2005, the Defendants had the player's name, injury, treatment, the medical provider's name/s and the amount of the injury, but chose to do nothing with the information. In granting the Plaintiff's Motions in Limine on March 16, 2006, the Court has already decided the Plaintiff is permitted to introduce each player's medical records with a Certification of Records Custodian form.

Under these circumstances, it is disingenuous for the Defendants to claim it did not have time to prepare for rebuttal or for discovery. The Defendants cannot prove any prejudice related this issue, nor does it allege any prejudice. In fact, any prejudice suffered by the Defendants are a result of its own failures. For four (4) months, the Defendants have had all of medical information necessary to conduct discovery, but they did nothing. At this eve of trial, the Court should reject the Defendants' contention to exclude the Plaintiffs' introduction of medical records.

11. Admitted.

12. Admitted. By way of further explanation, although the Plaintiff provided its Witness List on March 14, 2006, the Defendants were not prejudiced in any way by the Witness List delivery on March 14, 2006. The Defendant does not allege one example of the prejudice they have suffered. In fact, the Defendants have suffered no prejudice because the Witness List filed on March 14, 2006

contains the same witnesses set forth on the NIFL's March 4, 2004 Pretrial Narrative except that the March 14, 2006 Witness List also identifies all physicians and medical providers as witnesses. When the NIFL filed its Witness List, it had to identify all physicians and medical providers as an additional witness because the Court still was considering the NIFL's Motions in Limine, which dealt specifically with the need to produce a foundation witness at trial for medical records. Now that the Court decided in favor of the NIFL's Motion in Limine with respect to Federal Rules of Procedure 803(6) and 902(11), the NIFL's inclusion of physicians and medical providers on its Witness List is of no consequence since they are not expected to testify in court.

The NIFL filed its Pretrial Narrative on March 4, 2004 and provided it to the Defendants at that time. In July and September of 2004, the Defendants participated in the depositions of Carolyn Shiver, Martin Herf and Rex Blateri. Despite having nearly two (2) years to do so, the Defendants did not request the depositions of any other witnesses listed in the Pretrial Narrative. Because the Defendants received notice of the NIFL's witnesses in the NIFL's March 4, 2004 Pretrial Narrative and because they did not request the depositions of any other witnesses identified in the Pretrial Narrative, the Defendants have suffered no prejudice by the Plaintiff filing its Witness List on March 14, 2006.

13. Admitted. By way of further answer, please see the response to Paragraphs 10, 12 and 14, which are incorporated herein by reference.

14. Admitted in part. Denied in part. It is admitted the Plaintiff did not meet the time requirements of the July 18, 2005 Order for the reasons discussed in Paragraph 5. Due to the sheer number and logistics of obtaining the many Certifications of Records Custodians, it is also admitted the Plaintiffs inadvertently missed the Witness List and Exhibit List filing date set forth in the

January 6, 2006 Order. However, it is denied the Defendants were prejudiced in any fashion. As stated in greater detail in Paragraph 10, which is incorporated herein by reference, the Defendants had all medical records necessary to conduct discovery since November 18, 2005, but they have done no discovery for four (4) months. Because the Defendants had all of the medical records necessary to conduct discovery on all medical providers and NIFL players on November 18, 2005, the Defendants are not prejudiced by the Plaintiffs filing its Exhibit List on March 14, 2006 or by receiving on March 13, 2006 the Certifications of Records Custodian forms and supplemental medical information that augmented the previously provided medical records and HCFA forms.

15. Denied. Please see the responses to Paragraphs 10, 12, 13 and 14, which are incorporated herein by reference.

16. Denied. According to the Defendants Exhibit "D" dated December 13, 2002, the Defendants' counsel requested "a <u>list</u> of players, teams, injuries, dates of injuries and total amount of outstanding medical bills" (Emphasis Added). The Defendants did not request the medical records at that time. The Plaintiff forwarded a detailed list of players, teams, injuries, dates and amounts to Attorney Caputo on February 6, 2003 as requested. (Attorney Seymour was not yet involved in the case at this time). A copy of the February 6, 2003 letter of transmittal along with the player's list of injuries is attached hereto, made a part hereof and labeled **Exhibit D**. In January of 2004, the Plaintiffs sent the very same list marked as Plaintiff's Exhibit 30 and attached it to its Request For Admissions. Furthermore, on November 18, 2005, the Plaintiff gave the Defendants medical provider-completed HCFA forms for all players which contained the detailed medical information described in Paragraph 10.

**WHEREFORE,** the Plaintiff respectfully requests this Honorable Court deny the Defendants Motion to Strike Witnesses and Medical Documents in the above-captioned lawsuit.

        Respectfully submitted,

        LEVENTRY, HASCHAK,
        & RODKEY, LLC

        By   /S/Timothy C. Leventry
              Timothy C. Leventry, LL.M
              PA ID 34980
              Leventry, Haschak & Rodkey, LLC
              1397 Eisenhower Blvd.
              Richland Square III, Suite 202
              Johnstown, PA 15904

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| | : | **CIVIL DIVISION** |
| Plaintiff | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Reply to Defendants' Motion to |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | Strike Witnesses and Medical Documents |
| and **DAN J. D'ALIO,** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Timothy C. Leventry, Esq., do hereby certify that a true and correct copy of the foregoing Reply to the Defendants' Motion to Strike Witness was served on the parties listed below by **Regular Mail, email and/or Facsimile:**

Michael J. Seymour, Esq.
Feczko and Seymour
520 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bernard C. Caputo, Esq.
Fort Pitt Commons Building, Suite 260
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15219

**LEVENTRY, HASCHAK & RODKEY, LLC**

Dated: 3-21-06          By: /S/Timothy C. Leventry
                              Timothy C. Leventry, Esquire