IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> R.P.C. EMPLOYER SERVICES, INC., and DANIEL D'ALIO, <br><br> Defendants. | CIVIL ACTION NO.: 02-0548 <br><br> ELECTRONICALLY FILED |

## MOTION FOR RECONSIDERATION

**AND NOW,** come the Defendants RPC Employer Services, Inc. and Daniel J. D'Alio, by and through their Attorneys and request reconsideration of the Court's Ruling on Plaintiff's First Motion in Limine and Defendants' Motion in Limine as follows:

1. Plaintiff filed a Motion in Limine to permit it to submit the entire medical bill on behalf of the employee/player as Plaintiff's damages.

2. Plaintiff alleged that it was the employer or had a contractual arrangement to provide workers' compensation coverage.

3. Defendants argued that there was no such relationship and, in fact, the Plaintiff took an alternative position in the Nebraska Workers' Compensation Court.

4. Defendants filed a Motion in Limine to limit the extent of Plaintiff's damage.

5. The Court issued an Opinion and Order on March 16, 2006 permitting Plaintiff to claim the entire medical bill and denying Defendants' Motion on the limitation of damages.

1

6. Defendants attach as Exhibit "A" a copy of records from the Nebraska Workers' Compensation Court in the matter of <u>Alphonsus Olieh v. Tri-City Diesel, et al.</u> at No. 0967.

7. The Answer filed by the NIFL in that case states that it is not the employer of the player. The Order approving final lump sum settlement agrees that NIFL is not the employer.

8. In this case, Plaintiff's Exhibit No. 31 is the player contract. (Attached hereto as Exhibit "B"). The contract is between the individual team and the player, although the NIFL is a countersigner.

9. Paragraph 7 of the contract states:

> **WORKMAN'S COMPENSATION INSURANCE & MEDICAL INSURANCE COVERAGE.** If the state in which Player's Club operates requires state Workman's Compensation Insurance, said Club will provide the coverage for Player. Club will provide Worker's Compensation through Employee Share, Beavers Fall P.A.

10. Nowhere in the Agreement does the NIFL obligate itself to the coverage for Workers' Compensation.

11. Plaintiff's Exhibit 39 (attached hereto as Exhibit "D") is the Team Participation Agreement which states:

> 23. **INSURANCE**
>
> Team shall carry and keep at its expense. The minimum insurance required by the state and arena where the team is playing. Team must name the NIFL "successors and/or assigns" as an additional insured on all of the above described coverage's. The League recognizes that these minimum insurance figures shall be subject to adjustment by the NIFL from time to time in the discretion of the NIFL.

12. Nowhere in the Agreement does the NIFL obligate itself to the coverage for Workers' Compensation.

13. Paragraph 25(k) of the Team Participation Agreement says the League will use a PEO for the benefit of the members but the paragraph pertains to payroll services.

14. Plaintiff argues that the teams are the members of the League. However, each is a separate and distinct entity required to follow the statutes of the State in which it is organized.

15. Under general Agency Law, employment relationships with an entity are not created when a member of that entity or subsidiary of the parent hires a new employee. Therefore, the team hiring a player does not create an employment relationship or an obligation undertaken by the entity of which it is a member.

16. Nor does the mere fact the teams are associated in a league create this relationship or obligation.

17. Furthermore, the NIFL takes a contrary position in another Court of Law.

18. The player contract also indicates that the teams are free to secure alternative workers' compensation coverage in their state. This clearly shows that the players belonged to the team and not the league.

19. The Service Agreement (attached hereto as Exhibit "C") creates a situation for the NIFL employees to obtain coverage under Ohio Law provided that an employee relationship is entered into with the NIFL.

20. The Service Agreement does not obligate anyone to provide workers' compensation coverage, but only makes it available.

**WHEREFORE,** Defendant requests the Court reconsider its Order permitting Plaintiff to submit the medical bills on behalf of the employees (players) or teams.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
PA I.D. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard, Suite 260
Pittsburgh, PA  15219
(412) 391-1070
bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net

## CERTIFICATE OF SERVICE

We, the undersigned, do hereby certify that true and correct copies of the foregoing MOTION FOR RECONSIDERATION has been electronically served through the CM/ECF electronic filing system this 22nd day of March, 2006.

                        s/ Bernard C. Caputo
                        Bernard C. Caputo, Esquire
                        Attorney for Plaintiffs
                        PA I.D. No. #58819
                        Fort Pitt Commons Building
                        445 Fort Pitt Boulevard
                        Suite 260
                        Pittsburgh, PA 15219
                        (412) 391-1070
                        bcaputolaw@aol.com