IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER OF COURT**

Presently pending before the Court for disposition is the MOTION FOR RECONSIDERATION filed by Defendants *(Document No. 81),* and the response in opposition filed by the Plaintiff (*Document No. 83*). For the reasons that follow, the Motion will be **DENIED**.

The Court will consider the instant Motion for Reconsideration as one brought pursuant to Federal Rule of Civil Procedure 60(b). Generally a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Hirsch Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).

Defendants argue that the Court should reconsider its Opinion and Order of March 16, 2006, in which it denied the Motion in Limine filed by Defendants which requested the Court to exclude evidence of damages relating to unpaid medical expenses and wage loss or, in the alternative, to limit the extent of Plaintiff's damage. The crux of Defendants' argument is

that Plaintiff does not have standing to pursue these claims because of the lack of an employer/employee relationship between Plaintiff and the players.

The Court finds Defendants' argument to be without merit.  First, the Plaintiff has never alleged that it was the players' employer.  Rather, Plaintiff has consistently argued that it contractually agreed to provide workers' compensation and medical coverage to the players and, therefore, clearly has standing to pursue these claims.

The United States Supreme Court consistently has recognized "that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief presented requires the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 343 (1977).  The Court finds and rules that Plaintiff clearly meets each of these requirements:

1. Each team is an intended third-party beneficiary of the Service Agreement entered into between Plaintiff and Defendant R.P.C. Employer Services, Inc. Accordingly, each team would have standing to sue Defendants on its own, if each team elected to do so;

2. Plaintiff has a strong business interest in maintaining and managing a viable indoor football league.  The pursuit of the instant claims protects its business interests and those of its teams by  avoiding lawsuits and satisfying existing claims from medical providers and players; and

3. Neither the claim asserted nor the relief presented requires the participation of the individual members in this lawsuit. Carolyn Shiver, President of the NIFL, and representatives from the Ohio Bureau of Workers' Compensation will testify as to liability. The players' unpaid workers compensation claims may be introduced without either the player's or medical provider's testimony if admissible under Federal Rules of Evidence 803(6) and 902(11), as well as other Rules of Evidence.

It is also well established that an organization has standing to maintain RICO and fraud actions on behalf of its members. *Standardbred Owners Ass'n v. Roosevelt Raceway Associates, L.P.*, 985 F.2d 102, 104-05 (2nd Cir. 1993).

For these reasons, Defendants' Motion for Reconsideration is **DENIED.**

So **ORDERED** this 24th day of March, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:        Forrest B. Fordham, III, Esquire
Leventry Law Office
1405 Eisenhower Boulevard
Richland Square I, Suite 200
Johnstown, PA 15904

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
Law Offices of Bernard C. Caputo
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net