**NATIONAL INDOOR FOOTBALL LEAGUE,**
**L.L.C.**

**Timothy C. Leventry, Esquire**
**Forrest B. Fordham, III, Esquire**
**Ryan Sedlak, Esquire**

**2:02-cv-548**

**v.**

**R.P.C. EMPLOYER SERVICES, INC.**
**and DAN J. D'ALIO**

**Michael J. Seymour, Esquire**
**Bernard C. Caputo, Esquire**

## JURY SELECTION PROCEDURE

GOOD MORNING LADIES AND GENTLEMEN, I WANT TO WELCOME YOU TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.  I'M JUDGE TERRENCE F. McVERRY AND I'LL BE PRESIDING OVER JURY SELECTION FOR A CIVIL TRIAL IN WHICH YOU HAVE BEEN SUMMONED TO PARTICIPATE.

LADIES AND GENTLEMEN, BUT FOR SERVICE IN OUR U.S. MILITARY,  SERVING AS A JUROR IN OUR CIVIL AND CRIMINAL JUSTICE SYSTEM IS THE HIGHEST FORM OF CIVIC DUTY AND RESPONSIBILITY WHICH ONE IS CALLED UPON TO PERFORM AS A CITIZEN IN OUR DEMOCRACY.  CITIZENS SITTING IN JUDGMENT OF THE ACTIONS OF FELLOW CITIZENS.  A BASIC TENANT OF OUR

1

CIVIL AND CRIMINAL JUSTICE SYSTEM WHICH WE BELIEVE TO BE

THE FAIREST SYSTEM IN THE WORLD AND WHICH COULD NOT

FUNCTION WITHOUT YOU.  WE KNOW THAT IT IS A PERSONAL AND

PROFESSIONAL SACRIFICE FOR YOU TO BE HERE, BUT IT IS TRULY

VERY IMPORTANT AND I WILL DO EVERYTHING IN MY POWER TO

MAKE THIS A MEANINGFUL EXPERIENCE FOR YOU WITH AS LITTLE

INCONVENIENCE AS POSSIBLE.  BELIEVE ME THIS TRIAL IS VERY

IMPORTANT TO THE PARTIES INVOLVED, THE ATTORNEYS AND

THIS COURT AND WE ARE MOST APPRECIATIVE OF YOUR

PARTICIPATION AS CITIZEN JURORS.

IT IS THE JURY'S FUNCTION TO DECIDE THE FACTS OF THE

MATTER WITHOUT BIAS OR PREJUDICE TO ANY PARTY IN THE

CASE.  THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY

SYMPATHY, PREJUDICE, BIAS OR PUBLIC OPINION.  YOU ARE TO BE

FAIR MINDED.

THEREFORE, I MUST EXCLUDE FROM THE JURY ANYONE WHO

HAS SUCH STRONG FEELINGS ABOUT THE PEOPLE OR ISSUES

INVOLVED IN THE CASE THAT HE OR SHE IS UNABLE TO EVALUATE

THE EVIDENCE IMPARTIALLY.  THE LAW ALSO PROVIDES FOR THE

ATTORNEYS FOR THE PARTIES TO PARTICIPATE IN THE JURY

SELECTION PROCESS THROUGH THE EXERCISE OF PEREMPTORY

CHALLENGES (EXCUSALS), WHICH MEANS THAT THEY WILL BE

PERMITTED TO EXCLUDE A TOTAL OF SIX (6) OF YOU

PROSPECTIVE JURORS FROM THE CASE FOR ANY REASON

WHATSOEVER.  IN FACT THE LAWYERS MUST EXCLUDE A CERTAIN

NUMBER OF YOU TO GET TO THE REQUISITE NUMBER OF JURORS

FOR A TRIAL.

THE JURY IN THIS CASE WILL CONSIST OF EIGHT MEMBERS.

TO ASSIST BOTH THE COURT AND THE LAWYERS IN THE JURY

SELECTION PROCESS, I WILL CONDUCT VOIR DIRE.  THAT MEANS I

WILL ASK YOU CERTAIN QUESTIONS ABOUT YOUR FEELINGS AND

EXPERIENCES WHICH MIGHT INFLUENCE YOUR THINKING ABOUT

THIS CASE.  THESE QUESTIONS ARE DESIGNED TO SUPPLY

INFORMATION TO BOTH SIDES WHICH WILL ENABLE THE LAWYERS

TO EXERCISE THEIR PEREMPTORY CHALLENGES MORE

INTELLIGENTLY AND EFFECTIVELY.  CERTAIN QUESTIONS WILL BE

ASKED OF YOU HERE IN OPEN COURT AND OTHER QUESTIONS

WILL BE ASKED INDIVIDUALLY IN PRIVATE OUT OF THE HEARING

OF ONE ANOTHER.

THE EXERCISE OF PEREMPTORY CHALLENGES DOES NOT

CONSTITUTE ANY REFLECTION WHATSOEVER ON THE

PROSPECTIVE JURORS WHO ARE EXCUSED FROM DELIBERATING

ON THIS CASE.  IT SHOULD NOT BE INTERPRETED AS A DECISION

THAT THOSE PERSONS WHO ARE EXCUSED ARE BIASED OR

PREJUDICED.  IT SIMPLY MEANS THAT THE LAWYERS, BASED ON

HIS OR HER TRIAL EXPERIENCE, KNOWLEDGE OF THE CASE, AND

THE INFORMATION LEARNED THROUGH VOIR DIRE, HAVE DECIDED

THAT SOMEONE ELSE SHOULD SIT AS A JUROR TO HEAR AND

DECIDE THIS PARTICULAR CASE.

NOW THAT I HAVE EXPLAINED THE PURPOSE OF VOIR DIRE

TO YOU, I'M ABOUT TO TELL YOU ABOUT THE CIVIL CASE ON

WHICH WE'RE ABOUT TO HAVE A TRIAL.

THIS CASE IS TITLED "NATIONAL INDOOR FOOTBALL LEAGUE,

L.L.C v. R.P.C. EMPLOYER SERVICES, INC., AND DAN J. D'ALIO."

PLAINTIFF HAS THREE SEPARATE CLAIMS AGAINST

DEFENDANTS.  FIRST, PLAINTIFF ALLEGES THAT DEFENDANT

4

R.P.C. EMPLOYER SERVICES, INC., BREACHED THE SERVICE
AGREEMENT THAT THE PARTIES HAD ENTERED INTO IN MARCH OF
2001.

NEXT, PLAINTIFF CONTENDS THAT BOTH DEFENDANTS
FRAUDULENTLY MADE MISREPRESENTATIONS OR OMISSIONS TO
IT WITH REGARD TO PROVIDING WORKERS' COMPENSATION
INSURANCE COVERAGE FOR FOOTBALL TEAM PLAYERS THROUGH
THE STATE OF OHIO, AND UPON WHICH THE PLAINTIFF RELIED.

LASTLY,  PLAINTIFF ALLEGES THAT DEFENDANT DANIEL
D'ALIO  VIOLATED THE FEDERAL RACKETEER INFLUENCED AND
CORRUPT ORGANIZATIONS ACT, COMMONLY KNOWN AS "RICO."
YOU SHOULD BE ADVISED THAT ALTHOUGH THE RICO STATUTE
USES THE TERMS "RACKETEER," RACKETEERING,"  AND "CORRUPT
ORGANIZATIONS," THIS DOES NOT MEAN THAT PLAINTIFF MUST
PROVE THAT DEFENDANTS ARE "RACKETEERS" OR THAT THEY
ARE MEMBERS OF WHAT IS COMMONLY REFERRED TO AS
"ORGANIZED CRIME."

RATHER, PLAINTIFF CLAIMS THAT DANIEL D'ALIO WILLFULLY
AND KNOWINGLY PARTICIPATED IN A SCHEME TO DEFRAUD

PLAINTIFF, DID SO WITH AN INTENT TO DEFRAUD, AND USED THE

U.S. MAIL OR MADE INTERSTATE TELEPHONE CALLS OR USED

RADIO COMMUNICATIONS FOR THE PURPOSE OF EXECUTING THE

SCHEME OR PLAN TO DEFRAUD.

DEFENDANTS DENY PLAINTIFF'S CLAIMS AND CONTEND THAT

PLAINTIFF FAILED TO DO CERTAIN THINGS WITHIN THE STATE OF

OHIO IN ORDER FOR IT OR THE TEAM PLAYERS TO BE ELIGIBLE OR

QUALIFIED FOR OHIO WORKERS' COMPENSATION  INSURANCE

COVERAGE, AND THAT THESE FAILURES PREVENTED THE

DEFENDANTS FROM PERFORMING THE SERVICE AGREEMENT.

THEREFORE,  ACCORDING TO DEFENDANTS, THEY TERMINATED

THE  SERVICE AGREEMENT BECAUSE THE PLAINTIFF  COMMITTED

A MATERIAL BREACH OF THE SERVICE AGREEMENT.

A REPRESENTATIVE OF THE NATIONAL INDOOR FOOTBALL

LEAGUE IS HERE IN THE COURTROOM THIS MORNING SEATED AT

THE TABLE CLOSEST TO THE JURY BOX WITH ITS ATTORNEYS,

TIMOTHY C. LEVENTRY, RYAN SEDLACK, AND FORREST B.

FORDHAM, III.   THE ATTORNEYS FOR DEFENDANTS, R.P.C.

EMPLOYER SERVICES, INC. AND DAN J. D'ALIO  ARE BERNARD C.

6

CAPUTO AND MICHAEL J. SEYMOUR, WHO ARE SEATED AT THE

TABLE TO MY RIGHT.  WITH THEM AT COUNSEL TABLE ARE

_____.

OUR COURT REPORTER IS PATRICIA SHERMAN, WHO WILL

TAKE DOWN EVERYTHING THAT IS SAID.

MY COURTROOM DEPUTY CLERK IS MS. KELLY LaMANTIA.

SHE IS AN OFFICER OF THE COURT AND WILL ASSIST IN

SELECTION THE JURY.

[MS. LaMANTIA, PLEASE ADMINISTER THE OATH TO THE PANEL OF

JURORS.]

WE WILL START THE SELECTION PROCESS BY ASKING EACH

OF YOU TO STAND AND ANSWER THE QUESTIONS ON THE FORM

DATA SHEET  PROVIDED TO YOU THIS MORNING.  PLEASE TAKE

YOUR TIME AND SPEAK ALOUD SO THAT ALL OF YOUR ANSWERS

WILL BE HEARD AND UNDERSTOOD.  IF YOU DO NOT UNDERSTAND

ANY OF THESE QUESTIONS, PLEASE FEEL FREE TO ASK ME FOR

AN EXPLANATION.  WE'LL START WITH THE PERSON IN SEAT

NUMBER ONE.

<u>CIVIL JURY PERSONAL DATA INFO</u>

A.    I AM JUROR NUMBER _____.

B.    I AM (AGE) _____ YEARS OLD.

C.    I LIVE IN (CITY OF RESIDENCE) _____.

D.    I HAVE LIVED THERE APPROXIMATELY _____ YEARS.

E.    I OWN/RENT MY HOME.

F.    MY EDUCATIONAL BACKGROUND IS _____.
      (E.G. HIGH SCHOOL?   COLLEGE?   OTHER?)
      IF COLLEGE, MY MAJOR AREA OF STUDY WAS _____.

G.    MY EMPLOYER IS _____.
      MY JOB TITLE IS _____.
      (IF RETIRED, WHO WAS YOUR EMPLOYER AND WHAT WAS YOUR
      JOB TITLE)_____

H.    I AM/AM NOT MARRIED.   IF MARRIED,
      (a)    MY SPOUSE'S EMPLOYER IS _____.
      (b)    MY SPOUSE'S JOB TITLE IS _____.
             (IF RETIRED, WHO WAS HIS/HER EMPLOYER AND WHAT WAS
             HIS/HER JOB TITLE?)

I.    DO YOU HAVE CHILDREN?  IF YES, PLEASE TELL US THEIR AGES AND
      EMPLOYMENT, IF ANY.

J.    DO YOU HAVE A FAMILY DOCTOR?  IF SO, PLEASE TELL US THE NAME
      OF YOUR FAMILY DOCTOR.

K.    I DO/DO NOT HAVE AN ATTORNEY.  IF SO, MY ATTORNEY'S NAME IS
      _____ AND I HAVE RETAINED HIM/HER BECAUSE
      _____.

8

QUESTIONS DIRECTED TO THE PANEL EN BANC

TO THE ENTIRE PANEL:

NOW I WILL POSE A NUMBER OF QUESTIONS TO YOU AS A GROUP.  LISTEN CLOSELY.  IF YOUR ANSWER TO THE QUESTION IS NO, REMAIN SEATED AND SAY NOTHING.  IF YOUR ANSWER TO ANY OF THE FOLLOWING QUESTIONS IS "YES," PLEASE STAND AND STATE YOUR JUROR NUMBER ONLY.  AT THIS TIME, DO NOT PROVIDE ANY FURTHER INFORMATION ABOUT YOUR "YES" ANSWER.

1.    NOW, RECALLING THE SUMMARY OF THE FACTS OF THIS CASE WHICH I READ TO YOU, DO ANY OF YOU KNOW ANYTHING ABOUT THIS CASE OR HAVE YOU READ, SEEN OR HEARD ANYTHING ABOUT IT?
IF SO, PLEASE STAND AND STATE YOUR JUROR NUMBER.

FOLLOW UP IN CHAMBERS

2.    AS I'VE TOLD YOU, THE PLAINTIFF IN THIS CASE IS  THE

NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C.  ARE YOU

OR ANY MEMBERS OF YOUR IMMEDIATE FAMILY,

CURRENT OR FORMER EMPLOYEES OF THE  NATIONAL

INDOOR FOOTBALL LEAGUE, L.L.C?

DO YOU OR MEMBERS OF YOUR IMMEDIATE FAMILY

OWN STOCK IN THE NATIONAL INDOOR FOOTBALL

LEAGUE, L.L.C.?

HAVE YOU EVER HAD A BUSINESS RELATIONSHIP WITH

THE  NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C?

FOLLOW-UP IN CHAMBERS

3.    THE PLAINTIFF IS REPRESENTED BY ATTORNEYS

TIMOTHY C. LEVENTRY AND RYAN SEDLAK OF THE LAW

FIRM OF LEVENTRY, HASCHAK AND RODKEY, L.L.C. AND

FORREST B. FORDHAM, III, A SOLE PRACTITIONER, IN
JOHNSTOWN, PA.

DO ANY OF YOU KNOW ATTORNEYS LEVENTRY, SEDLAK,
OR FORDHAM?

HAS MR. FORDHAM, OR MR. LEVENTRY OR  MR. SEDLAK
OR ANY MEMBER OF THEIR  FIRM EVER REPRESENTED
YOU OR A MEMBER OF YOUR IMMEDIATE FAMILY, IF YOU
KNOW?

IMMEDIATE FAMILY IS DEFINED AS A HUSBAND, WIFE,
MOTHER, FATHER, GRANDPARENT, BROTHER, SISTER,
CHILDREN AND ANYONE LIVING IN YOUR HOME.

FOLLOW-UP IN CHAMBERS

4.    THE DEFENDANTS ARE R.P.C. EMPLOYER SERVICES,
INC. AND DAN J. D'ALIO.  DO ANY OF YOU KNOW OR

KNOW OF MR. D'ALIO?  ARE YOU, OR ARE ANY MEMBERS

OF YOUR IMMEDIATE FAMILY, CURRENT OR FORMER

EMPLOYEES OF R.P.C. EMPLOYER SERVICES, INC.?


DO YOU OR ANY MEMBERS OF YOUR IMMEDIATE FAMILY

OWN STOCK IN R.P.C. EMPLOYER SERVICES, INC.?


HAVE YOU EVER HAD A BUSINESS RELATIONSHIP WITH

R.P.C. EMPLOYER SERVICES, INC.?


FOLLOW-UP IN CHAMBERS



5.    R.P.C. EMPLOYER SERVICES, INC. AND DAN J. D'ALIO

ARE REPRESENTED BY ATTORNEYS BERNARD C.

CAPUTO, A SOLE PRACTITIONER, AND MICHAEL J.

SEYMOUR, OF THE LAW FIRM FECZO AND SEYMOUR, IN

PITTSBURGH, PA.

DO ANY OF YOU KNOW ATTORNEYS CAPUTO OR

SEYMOUR?


HAS MR. CAPUTO OR MR. SEYMOUR OR ANY MEMBER

OF HIS FIRM EVER REPRESENTED YOU OR A MEMBER

OF YOUR IMMEDIATE FAMILY, IF YOU KNOW?


FOLLOW-UP IN CHAMBERS



6.    YOU SHOULD KNOW THAT THIS CASE IS ESTIMATED TO

LAST APPROXIMATELY FOUR (4) TO SIX  (6) TRIAL DAYS;

TUESDAY THROUGH FRIDAY OF THIS  WEEK, AND INTO

THE FOLLOWING WEEK AS NECESSARY.


ALSO OUR JURY DELIBERATION ROOM IS UP ONE FLIGHT

OF STAIRS FROM THIS COURTROOM WHICH MUST BE

TRAVERSED SEVERAL TIMES EACH DAY.


13

NOW KNOWING THE FACTS OF THE CASE, THE

POTENTIAL DURATION OF THE TRIAL AND THE

INVOLVEMENT OF STAIRS IS THERE ANY REASON,

PERSONAL, MEDICAL, OR OTHERWISE, WHY YOU COULD

NOT SERVE AS A JUROR FOR THE DURATION OF THIS

TRIAL?


FOLLOW-UP IN CHAMBERS



7.    THE FOLLOWING WITNESSES WILL LIKELY BE CALLED TO

TESTIFY IN THIS TRIAL.  IF YOU KNOW ANY OF THESE

PERSONS, AS I STATE THEIR NAMES PLEASE INTERRUPT

ME, STAND UP AND GIVE YOUR JUROR NUMBER.

Carolyn Shiver                          Richard P. Caputo

Martin Herf                             Brian K. Brittain, Esquire

Rex Blateri                             Jacob Barsotini

Daniel J. D'Alio                        Maureen Ciarolla

Jerelyn Pasternack                      Mark Marchino

Tom Sico, Esquire


<u>A possible representative from the</u>
<u>following teams:</u>

Billings Outlaws                        Mobile Seagalls

Johnstown J Dogs                        Rapid City Reddogs

Bayou Beast                             Sioux City Bandits

Alexandria Rangers                      Sioux Falls Storm

Lake Charles Land Sharks                Southern Oregon Heat

Mississippi Firedogs

Diesel Football Business Office

Casper Professional Football, L.L.C.



FOLLOW-UP IN CHAMBERS


8.     HAVE YOU EVER SERVED AS A JUROR IN A CRIMINAL OR

       CIVIL CASE OR AS A MEMBER OF A GRAND JURY IN

       EITHER THE FEDERAL OR STATE COURTS?

15

FOLLOW-UP IN CHAMBERS


9.      HAVE YOU OR ANY MEMBER OF YOUR IMMEDIATE

        FAMILY EVER BEEN INVOLVED IN A LAWSUIT AS A

        PARTY, A WITNESS OR IN ANY OTHER CAPACITY?


        FOLLOW-UP IN CHAMBERS


10.     DO YOU HAVE ANY STRONG PERSONAL FEELINGS,

        EITHER POSITIVE OR NEGATIVE, REGARDING ANY

        PERSON WHO FILES A LAWSUIT WHICH MIGHT AFFECT

        YOUR ABILITY TO BE A FAIR AND IMPARTIAL JUROR IN

        THIS CASE.


        FOLLOW-UP IN CHAMBERS

11.   NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. AND R.P.C.
      EMPLOYER SERVICES, INC., ARE CORPORATIONS AND
      MR. D'ALIO, OF COURSE, IS AN INDIVIDUAL.  DO YOU
      HAVE ANY STRONG PERSONAL FEELINGS FOR OR
      AGAINST COMPANIES/ EMPLOYERS THAT WOULD
      AFFECT YOUR ABILITY TO BE A FAIR AND IMPARTIAL
      JUROR IN THIS CASE AND TREAT THE DEFENDANT
      CORPORATIONS AND MR. D'ALIO FAIRLY AND AS
      EQUALS?

      FOLLOW-UP IN CHAMBERS


12.   HAVE YOU OR ANY MEMBER OF YOUR IMMEDIATE
      FAMILY EVER BEEN INVOLVED IN A DISPUTE OVER A
      CONTRACT?

      FOLLOW-UP IN CHAMBERS

13.   HAVE YOU OR ANY MEMBER OF YOUR IMMEDIATE

FAMILY HAD ANY EDUCATION, TRAINING, OR WORK

EXPERIENCE IN THE FIELD OF WORKERS'

COMPENSATION INSURANCE CLAIMS?


FOLLOW-UP IN CHAMBERS



14.   NOW HAVING HEARD ALL THE PRELIMINARY

INFORMATION REGARDING THIS CASE, IS THERE ANY

REASON OF WHICH YOU'RE AWARE THAT YOU COULD

NOT OR WOULD NOT FOLLOW THE LAW AS I INSTRUCT

YOU REGARDING LIABILITY AND DAMAGES AND  SERVE

AS A FAIR AND IMPARTIAL JUROR IN THIS CASE, BASING

YOUR VERDICT ON THE FACTS AS YOU DETERMINE AND

THE LAW AS I INSTRUCT YOU?


FOLLOW-UP IN CHAMBERS

At the conclusion of the individual voir dire, the Courtroom Deputy will announce a short break to allow counsel to consider the jurors' responses. A total of six peremptory challenges/strikes will be permitted with the plaintiff having three strikes and the defendant having three strikes.  The parties will each make alternating strikes with the plaintiff proceeding first and continuing until all challenges are exhausted.  Each challenge is to be labeled (i.e. "P-1" - plaintiff's first challenge; "D-2" - defendants' second challenge).  Those jurors stricken from the panel will be removed from the jury box.  These jurors remaining will comprise the jury selected for this trial.

When seating a jury panel, the first eight (8) names from the panel of 16 seated is the PRIMARY panel.  This means that if any of the first eight (8) jurors are selected for this jury they are to remain in their seats, with the remaining jurors to fill in the rest of the panel.  If, for example, jurors 1, 3, & 5 are selected, as are jurors 10, 12, 14, & 15, the panel will be seated in the following manner:

Juror #1 remains Juror #1

Juror #10 becomes Juror #2

Juror #3 remains Juror #3

Juror #12 becomes Juror #4

Juror #5 remains Juror #5

Juror #14 becomes Juror #6

Juror #15 becomes Juror #7

Once the jury is seated in the jury box and the Judge is on the bench, but prior to the beginning of testimony, the Courtroom Deputy will administer the following oath to the jury :

> "You and each of you do solemnly swear or affirm
> that you will well and truly try the matters in issue
> now on trial, and render a true verdict, according to
> the law and the evidence, so help you God."

After the entire case has been presented to the jury and they prepare to deliberate on the issues presented, the Courtroom Deputy will be sworn in as the Bailiff in accordance with the following oath:

"You do solemnly swear to keep this jury together in

some private and convenient place, and not to permit any

person to speak to, or communicate with them, nor to do

so yourself unless by order of the court or to ask whether

they have agreed on a verdict, and to return them into

court when they have so agreed, or when ordered by the

Court, so help you God."


BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge


cc:   Forrest B. Fordham, III, Esquire
      Email: ffordhamlaw@aol.com

      Timothy C. Leventry, Esquire
      Leventry & Haschak
      Email: tleventry@lhrklaw.com

      Bernard C. Caputo, Esquire
      Email: Bcaputolaw@aol.com

      Michael J. Seymour, Esquire
      Feczko & Seymour
      Email: mjseymour@covad.net