IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL )
LEAGUE, L.L.C., )
)
)   CIVIL ACTION NO.: 02-0548
    Plaintiff, )
)
)   ELECTRONICALLY FILED
vs. )
)
R.P.C. EMPLOYER SERVICES, )
INC., and DANIEL D'ALIO, )
)
    Defendants. )

### RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS

Plaintiff argues that Defendant would need to show it could provide workers' compensation coverage before it could collect damages. This is an inaccurate statement to Defendants' counterclaim. Defendants are entitled to cover any damages it can prove it sustained under the contract and breach by Plaintiff and Plaintiff's members. Defendant RPC's ability to recover damages is not predicated on the ability of the Defendant to prove Ohio would have provided compensation to injured players.

The Service Agreement between Plaintiff and Defendants states that Defendants will do payroll services for all of the teams in the NIFL upon completion of employment documents. The employment relationship would then allow the employer (NIFL) access to Ohio workers' compensation. RPC was not selling insurance or providing the coverage. The contractual relationship allowed the NIFL access to Ohio. The modifying rate or compensation would be placed under RPC's policy with Ohio which would have saved the NIFL substantial amounts in premium because the RPC rate was credit rated or lower than the normal rate, which the new employer would have been

charged. This was a co-employment situation but no workers' compensation was to be provided. The service fee was for handling payroll and tax information. The only connection to workers' compensation, other than that stated above, was the coordination of claims with the State.

RPC's damages come from the NIFL breach and RPC's loss of revenue from the management fee on each employee per paycheck. This fee is charged based on payroll service, which included withholding of taxes and unemployment compensation. None of the damages of RPC relate to workers' compensation. Ohio has not opined that RPC could not contract with NIFL for payroll services. Therefore, the proposed charge is not a correct statement of the case or the law.

s/ Bernard C. Caputo
Bernard C. Caputo, Esquire
PA I.D. #58819
Fort Pitt Commons Building
445 Fort Pitt Boulevard, Suite 260
Pittsburgh, PA 15219
(412) 391-1070
bcaputolaw@aol.com

s/ Michael J. Seymour
Michael J. Seymour, Esquire
PA I.D. # 00260
Feczko and Seymour
Firm I.D. # 003
520 Grant Building, 310 Grant Street
Pittsburgh, PA 15219
(412) 261-4970
mjseymour@covad.net

## CERTIFICATE OF SERVICE

We, the undersigned, do hereby certify that true and correct copies of the foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL JURY INSTRUCTIONS has been electronically served through the CM/ECF electronic filing system this 27th day of March, 2006.

                                          s/ Bernard C. Caputo
                                          Bernard C. Caputo, Esquire
                                          Attorney for Plaintiffs
                                          PA I.D. No. #58819
                                          Fort Pitt Commons Building
                                          445 Fort Pitt Boulevard
                                          Suite 260
                                          Pittsburgh, PA 15219
                                          (412) 391-1070
                                          bcaputolaw@aol.com