# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | CIVIL DIVISION |
|     **Plaintiff** | NO. CA 2 - 548 |
| v. | TYPE OF PLEADING: |
| | Motion to Reopen Case and Schedule Trial on the Issue of Damages |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | |
|     **Defendants.** | JURY TRIAL DEMANDED |
| | FILED ON BEHALF OF: |
| | Plaintiff |
| | COUNSEL FOR PLAINTIFF: |
| | **TIMOTHY C. LEVENTRY, LL.M** <br> **LEVENTRY, HASCHAK & RODKEY, LLC** <br> **1397 EISENHOWER BOULEVARD** <br> **RICHLAND SQUARE III, SUITE 202** <br> **JOHNSTOWN, PA 15904** <br> **(814) 266-1799** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| | : | CIVIL DIVISION |
| Plaintiff | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Motion to Reopen Case and Schedule Trial on the Issue of Damages |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO REOPEN CASE AND
SCHEDULE TRIAL ON THE ISSUE OF DAMAGES**

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. (hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the following Motion to Reopen Case and Schedule Trial on Issue of Damages:

1. On March 20, 2002, the NIFL filed suit against RPC Employer Services, Inc. ("RPC") alleging Breach of Contract, and Fraud and filed suit against Dan D'Alio alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et. seq., because nearly three-quarters of a million dollars of workers' compensation claims went uncovered due to RPC's and its President, Dan J. D'Alio's, failure to procure workers' compensation insurance for NIFL teams through the state of Ohio despite its promise to do so as contained in the RPC's and the NIFL's written contract.

In response to the NIFL's suit, RPC filed a breach of contract counterclaim against the NIFL.

2. Trial on all issues was scheduled to begin on March 28, 2006 before Judge McVerry.

3.      Prior to trial on March 28, 2006, the Plaintiffs and Defendants resolved the liability portion only of above-captioned case at which time RPC agreed to pay $75,000.00 to the NIFL to settle the RICO claim against Dan D'Alio and the fraud claim against RPC, and RPC consented to liability on the breach of contract claim. RPC also agreed to withdraw its counterclaim against the NIFL.

4.      At the time the parties resolved the liability issue, the parties agreed upon a contractual liability settlement which consisted of the parties' submission, to a mediator chosen by agreement of the parties, of the issue of damages consisting of unpaid workers' compensation claims, attorney's fees, costs[1] and RPC's payment, assumption of and/or indemnification for pending lawsuits/judgments consequentially related to RPC's breach of contract. Counsel for the NIFL recited the terms of the liability settlement into the Court record. A copy of the Court record is attached hereto, made a part hereof and labeled **Exhibit A**.

5.      The Court then Ordered Statistical Closing of the case pending the outcome of the parties' mediation.

6.      Pursuant to the parties' liability settlement, the parties mutually chose Thomas Cooper, Esquire, to act as mediator for the damage issues.

7.      The parties submitted various documents and Briefs to Mr. Cooper concerning the parties' respective position on contractual damages over the course of the previous five (5) months

---

[1] The NIFL is entitled to attorneys' fees and costs pursuant to the prevailing party provision of the NIFL's and RPC's contract. Paragraph 15(b) states: "In the event that any action is brought by either party hereto as a result of a breach or a default in any provision of this Agreement, the prevailing party in such action shall be awarded reasonable attorneys' fees and costs in addition to any other relief to which the party may be entitled." As a result of the admission of liability, attorneys' fees are due. The only issue is the reasonableness of the attorneys' fees.

during which the parties had four (4) mediation conferences with Mr. Cooper on June 14, 2006, June 29, 2006, August 3, 2006 and September 26, 2006.

8. The issues before the mediator consisted of the NIFL teams eligible to submit damage claims, the applicability of a deductible to the unpaid workers' compensation claims, the time period of the 2001 NIFL season during which damages are assessed, the required records necessary to prove damages and the admissibility of documents provided by the NIFL to RPC after March 16, 2006.

9. Despite the parties' good faith effort to resolve damages and despite the mediator largely supporting the NIFL's position, the NIFL and RPC could not reach a mutually acceptable settlement.

10. As a result of the parties' inability to resolve damages through mediation, the NIFL now resubmits the unresolved damage issue to Judge McVerry for determination as provided in the parties' liability settlement that was made part of the Court record on March 28, 2006.

11. The NIFL anticipates the jury trial related to the unpaid workers' compensation claims and pending lawsuits/judgments should require no more than three (3) days of testimony and evidence presentation by both parties. On the other hand, the hearing (non-jury) required to resolve the issue of attorneys' fees and costs should require no more than one (1) full day of testimony, argument and presentation by both parties.

WHEREFORE, Plaintiff, National Indoor Football League, respectfully requests this Court issue an Order:

A. Directing the issue of damages, consisting of the issues of unpaid workers' compensation claims, pending lawsuits/judgments against the NIFL and post-judgment and pre-judgment interest, be scheduled for trial by jury during the first available date of next trial term; and

B. Directing the issue of attorneys' fees and costs for non-jury determination before Judge McVerry following the jury trial on damages.

.

                                            Respectfully submitted,

                                            s/ Timothy C. Leventry
                                            Timothy C. Leventry, LL.M
                                            Attorney at Law

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| **Plaintiff** | : | **CIVIL DIVISION** |
| | : | **NO. CA 2 - 548** |
| v. | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| | : | **Motion to Reopen Case and Schedule** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **Trial on the Issue of Damages** |
| **and DAN J. D'ALIO,** | : | |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Timothy C. Leventry, do hereby certify that a true and correct copy of the foregoing Motion was served on the parties listed below by **regular mail, email and/or fax**:

Michael J. Seymour, Esq.
Feczko and Seymour
520 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bernard C. Caputo, Esq.
Fort Pitt Commons Building, Suite 260
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15219

**LEVENTRY, HASCHAK,
& RODKEY, LLC**

Dated: _____10-10-06_____   By: _s/ Timothy C. Leventry_
                                        Timothy C. Leventry, Esquire