**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: 02-548 |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S MOTION**
**TO REOPEN CASE AND SCHEDULE TRIAL**
**ON THE ISSUE OF DAMAGES**

**AND NOW**, comes Defendants R.P.C. Employer Services, Inc. and Dan J. D'Alio, by their attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and file the following Answer to Plaintiff's Motion to Reopen Case and Schedule Trial on the Issue of Damages:

1. The averments contained in Paragraph 1 of Plaintiff's Motion are denied for the reason that the Plaintiff has failed to establish the amount of uncovered Workers' Compensation claims and for the further reason that Workers' Compensation Insurance was secured through the State of Ohio by the Defendants as evidenced by a Certificate of Insurance issued by the State.

2. Admitted.

3. Admitted.

4. The averments contained in Paragraph 4 of Plaintiff's Motion are denied as stated. On the contrary and pursuant to Exhibit "A" under Item Number 5, "The issue before the Mediator

or the Court will be limited to damages, attorney's fees and costs and Mediation fees, but not liability which is agreed to in favor of the Plaintiffs."

    5.    Admitted.

    6.    Admitted.

    7.    Admitted.

    8.    The averments contained in Paragraph 8 of Plaintiff's Motion are denied as stated. The issues considered by the Mediator were the number of teams eligible to make claims, the application of the deductible in the amount of $1,000.00 per claim, the appropriate cutoff date for the claims eligible for consideration, the required evidence for proof of damages and the status of the claims involving existing lawsuits.

    9.    The averments contained in Paragraph 9 of Plaintiff's Motion are denied as stated. On the contrary, it is averred the Mediator did not largely support the NIFL's position, but rather attempted to resolve the issues by the mediation process without favoring either side's position.

    10.    It is admitted that the parties were not able to resolve the issues through the mediation process, but it is averred that the Mediator suggested binding arbitration to resolve these issues which the Plaintiff refused.

    11.    The averments contained in Paragraph 11 of Plaintiff's Motion are neither admitted nor denied. It is averred, however,

that the damage issues can be resolved by rulings on the evidence Plaintiff will be entitled to submit at the time of trial.

    **WHEREFORE,** Defendants respectfully request this Honorable Court to schedule a conference and then a hearing to determine the admissibility of evidence by the Plaintiff on the issue of damages.

                            Respectfully submitted,

                            **FECZKO AND SEYMOUR**

                            s/Michael J. Seymour
                            Michael J. Seymour, Esquire
                            PA I.D. No. 00260
                            Feczko and Seymour
                            Firm I.D. #003
                            310 Grant Street
                            Suite 520 Grant Building
                            Pittsburgh, PA 15219
                            (412) 261-4970

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendants' Anser to Plaintiff's Motion to Reopen Case and Schedule Trial on the Issue Damages upon the following **electronically** on the 13th day of October, 2006:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904


Bernard C. Caputo, Esquire
**JOHN A. CAPUTO & ASSOCIATES**
Three Gateway Center
Fifth Floor East
Pittsburgh, PA 15222


s/Michael J. Seymour
Michael J. Seymour, Esquire
Counsel for Defendants