# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| **Plaintiff** | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| | : | Reply to Motion to Limit Trial Issues, |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | Settle as to Less than All Defendants |
| **and DAN J. D'ALIO,** | : | and Amend Caption |
| | : | |
| **Defendants.** | : | JURY TRIAL DEMANDED |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | Plaintiff |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M |
| | : | LEVENTRY, HASCHAK & |
| | : | RODKEY, LLC |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| | : | CIVIL DIVISION |
| **Plaintiff** | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | **Reply to Motion to Limit Trial Issues,** |
| R.P.C. EMPLOYER SERVICES, INC., | : | **Settle as to Less than All Defendants** |
| and DAN J. D'ALIO, | : | **and Amend Caption** |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S REPLY TO MOTION TO LIMIT TRIAL ISSUES, SETTLE AS TO LESS THAN ALL DEFENDANTS AND AMEND CAPTION

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. (hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the following Reply to RPC Employers Services, Inc.'s and Daniel J. D'Alio's Motion to Limit Trial Issues, Settle as to Less than All Defendants and Amend Caption:

1. Admitted. By way of clarification, the Plaintiff, the National Indoor Football League ("NIFL"), filed a three (3) count Amended Complaint on April 30, 2002. The Plaintiffs' Amended Complaint contained a Civil RICO count against RPC Employer Services, Inc. ("RPC") and Dan J. D'Alio ("D'Alio"), a Breach of Contract count against RPC and a common law Fraud count against RPC and D'Alio.

2. Admitted.

3. Admitted. By way of further answer, the Plaintiffs agreed to withdraw the Civil RICO and Fraud counts filed against both RPC and D'Alio upon payment by RPC to Plaintiffs of $75,000.00. The parties placed their agreement on record with the Court on March 28, 2006. A

copy of the Court Transcript containing the parties' agreement is attached hereto, made a part hereof and labeled **Exhibit A**.  Following the parties' agreement, RPC paid $75,000.00 to the Plaintiff on behalf of both D'Alio and RPC in settlement of the Fraud and Civil RICO claims.  At the same time, RPC dismissed its Counterclaim against the NIFL by Stipulation of the parties, which was accepted by the Court on April 7, 2006.

  4. Admitted in part.  Denied in part.  It is admitted the parties agreed to mediation of the contractual damages due by RPC, however, insofar as this paragraph implies that mediation involved RPC's contractual liability, it is denied.  As indicated in page 3 of the Court Transcript containing the terms of the parties' agreement, RPC agreed to contractual liability.   With the issue of RPC's contractual liability to the NIFL resolved, the parties then agreed to submit the remaining issue of contractual damages to a mediator.  Contractual damages include not only an amount for the unpaid medical bills and pending lawsuits and outstanding judgments against the NIFL, but also attorneys' fees and costs pursuant the prevailing party provision contained in RPC's and the NIFL's contract.  Between June and September of 2006, the parties participated in several mediation conferences to resolve damages, but the parties could not agree upon the amount of damages due the NIFL.

  5. Admitted.  By way of additional explanation, the case was closed with the understanding that the parties could petition the Court to Reopen the Case and determine the issue of contractual damages if the parties' could not resolve damages through mediation.

  6. Admitted.

  7. Admitted.

  8. Admitted in part.  Denied in part.  The NIFL does not oppose that the caption be amended to reflect the March 28, 2006 agreement whereby D'Alio and RPC settled the Civil RICO

        claim and the common law Fraud claim by payment of $75,000.00 to the NIFL. Accordingly, NIFL does not oppose D'Alio being stricken from the caption, as the Court deems proper, to reflect the parties' agreement.

Notwithstanding the removal of D'Alio from the caption, RPC must remain part of the caption because the issue of RPC's contractual damages must be resolved. In this regard, the NIFL disputes the allegations of Paragraph 8 to the extent those allegations imply the NIFL and RPC are to resolve at trial both RPC's liability and damages under the NIFL's Breach of Contract claim. On the contrary, as explained in Paragraph 4 above, RPC already agreed to contractual liability on March 28, 2006. The only issue remaining for trial is the contractual damages due by RPC to the NIFL.

9. Admitted in part. Denied in part. As stated above, the NIFL does not oppose D'Alio's removal from the caption because of the parties' agreement which settled both the Civil RICO and Fraud claims against D'Alio, which were the only two claims filed by the NIFL against D'Alio individually. However, insofar as D'Alio and RPC allege that both RPC's liability and RPC's damages under the Breach of Contract claim remain to be resolved a trial, this allegation is denied because only RPC's contractual damages must be resolved since RPC agreed to contractual liability on March 28, 2006 as indicated in the March 28, 2006 Court Transcript.

WHEREFORE, the NIFL respectfully requests this Court issue an Order specifying the trial between the NIFL and RPC involve only RPC's contractual damages under Breach of Contract claim because of RPC's agreement to contractual liability pursuant to the parties' agreement of March 28, 2006; and D'Alio be stricken from the caption, as the Court deems proper, because of the parties' agreement of March 28, 2006 settling the NIFL's Civil RICO and Fraud counts against D'Alio.

Respectfully submitted,


        <u>s/ Timothy C. Leventry</u>
        Timothy C. Leventry, LL.M
        Attorney for the National Indoor Football League

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| | : | CIVIL DIVISION |
| **Plaintiff** | : | NO. CA 2 - 548 |
| | : | |
| v. | : | TYPE OF PLEADING: |
| | : | |
| | : | Reply to Motion to Limit Trial Issues, |
| R.P.C. EMPLOYER SERVICES, INC., | : | Settle as to Less than All Defendants |
| and DAN J. D'ALIO, | : | and Amend Caption |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Timothy C. Leventry, do hereby certify that a true and correct copy of the foregoing Reply to above-captioned Motion was served on the parties listed below by **regular mail, email and/or fax**:

Michael J. Seymour, Esq.
Feczko and Seymour
520 Grant Building
310 Grant Street
Pittsburgh, PA 15219

Bernard C. Caputo, Esq.
Fort Pitt Commons Building, Suite 260
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15219

**LEVENTRY, HASCHAK,**
**& RODKEY, LLC**

Dated: _____10-24-06_____        By: _s/ Timothy C. Leventry_
                                      Timothy C. Leventry, Esquire