# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | CIVIL DIVISION |
| LEAGUE L.L.C., | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | PLAINTIFF'S MOTIONS |
| and DAN J. D'ALIO, | : | IN LIMINE WITH RESPECT TO THE |
| DEFENDANTS. | : | DAMAGES PORTION OF TRIAL |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | PLAINTIFF |
| | : | |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, |
| | : | LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA  15904 |
| | : | (814) 266-1799 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | CIVIL DIVISION |
| LEAGUE L.L.C., | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | PLAINTIFF'S MOTIONS |
| and DAN J. D'ALIO, | : | IN LIMINE WITH RESPECT TO THE |
| DEFENDANTS. | : | DAMAGES PORTION OF TRIAL |

## PLAINTIFF'S MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"),  by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files Motions in the Limine With Respect to the Damages Portion of Trial and in support thereof avers as follows:

### PLAINTIFF'S FIRST MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

**MOTION ISSUE:**          **Whether the NIFL's damage claims are affected by any sort of deductible or set off?**

**SUGGESTED HOLDING:**  **No, the NIFL's damage claims are not reduced by any sort of deductible or set off.**

1.          RPC argues that the NIFL's damages are limited by a $1,000.00 per claim deductible under the Service Agreement, but this argument is without merit.[1]

---

[1]RPC did not plead the deductible as a defense in its Answer and Affirmative Defenses, nor did it raise the issue in its Motions in Limine filed with the Court prior to the March 28, 2006 trial and, therefore, RPC should be precluded from raising these issues at this time.

L:\N\National Indoor Football League 01-214\Motions in Limine with Repest to Damages Portion of Trial.wpd

2.      First, as already determined by this Court pursuant to its March 16, 2006 Order, a
deductible or set off does apply because RPC may be sued for <u>full common law damages</u> for failing
to provide workers insurance coverage.   <u>Vandemark v. Southland Corporation</u>, 525 N.E.2d 1374
(OH 1988)(holding that damages in an action for the failure to submit claims to the Ohio Workers'
Compensation Bureau are the full amount of damages allowed at common law).[2]   RPC has already
admitted its failure to provide any Ohio state-based workers compensation insurance when it agreed
to liability on March 28, 2006 when the parties settled the liability portion of the case.   Therefore,
full common law damages apply.   Full common law damages are not reduced in any way by a
deducible or set off.

3.      Second, contrary to RPC's assertion, the Service Agreement's language does not
permit RPC to impose a deductible.   The Service Agreement contains a "Fee Structure Statement"
that states "DEDUCTIBLE: $1,000.00 PER CLAIM AS ASSESSED TO EACH TEAM BY THE
LEAGUE MANAGEMENT."   The Service Agreement is attached hereto, made a part hereof and
labeled **Exhibit A**.

4.      The Service Agreement does not state the deductible applies to   workers'
compensation insurance coverage under the Ohio system (or any other state or private insurance);
there simply is no mention anywhere in the Service Agreement that a deductible is intended to apply
to any workers' compensation coverage.   Also, the above- quoted provision clearly states the league

---

[2]This Court issued a March 16, 2006 Order holding that the "Plaintiff may be entitled to recover the
full amount of damages and medical bills if properly proven" pursuant to the Federal Rules of Evidence.   The
March 16, 2006 Order is attached hereto, made a part hereof and labeled **Exhibit B**.   The March 16, 2006
Order applies the holding of <u>Vandemark</u> and permits the NIFL to seek the full amount of damages including
all medical bills, lost wages and out-of-pocket costs available at common law.

management may assess a deductible to each team, but the league management is not RPC.[3]  The

league management, however, never assessed and never intended to assess a deductible.  Therefore,

as an implication of this language, the NIFL controls any deductible assessment, and RPC could not

avail itself of arguing for the deductible even assuming the deductible applied to workers'

compensation.

5.    The NIFL's interpretation of the Service Agreement (i.e., that it does not impose a

deductible capable of being levied by RPC) is also correct because RPC's Proposal to the NIFL for

its services does not make any mention of a workers' compensation deductible.

6.    In fact, the Proposal operates to eliminate any possibility for a deductible.  The

Proposal states "Ohio is a state-run workers' compensation insurance program and we have received

approval from our pool of managers to add your group."[4] The Proposal is attached hereto, made a

part hereof and labeled **Exhibit C**.  The significance of this representation is that the Proposal

markets workers' compensation coverage through the state of Ohio, which is a state sponsored

program.  Ohio's state sponsored workers' compensation program, like other state-sponsored

programs, does not include a deductible in its reimbursement schemes.  If RPC would have provided

workers' compensation coverage through Ohio for the NIFL's players as it promised, Ohio would

not have assessed any sort of deductible and none would have been due.[5]

_____

[3]RPC does not claim to perform any league managerial duties in the Service Contract.  None of
RPC's pleadings state that RPC has any authority over the NIFL as "league management."  Furthermore,
RPC's President never testified at deposition that RPC existed as or functioned as league management.

[4]By stipulating to liability, RPC has admitted that this sentence was a misrepresentation because RPC
never obtained workers' compensation insurance through Ohio.

[5]After the NIFL players became injured and began submitting claims to the state of Ohio in 2001,
all of which were denied, RPC never raised the issue of a deductible with the NIFL or the Ohio Bureau of
Workers' Compensation.

WHEREFORE, Plaintiff requests this Court to preclude Defendants from arguing that its

damages are limited by any deductible capable of being assessed by the Defendants for claims

submitted by injured NIFL players.

## PLAINTIFF'S SECOND MOTION IN LIMINE

## WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

**MOTION ISSUE:**          **May Health Care Financing Administration 1500 forms[6] and/or medical charts/notes/reports be introduced for purposes of proving the injured NIFL players workers' compensation claims?**

**SUGGESTED HOLDING:** **HCFA forms individually, medical charts/notes/reports individually, or a combination of both may be introduced to substantiate the NIFL's damages as long as each and any such record is accompanied by a certification that complies with Federal Rules of Evidence 803(6) and 902(11)**.

7.      In deciding the proper method of proving damages, the Court issued a March 16, 2006

Order (**Exhibit B**) in which it held the following:

"Plaintiff will be permitted to introduce into evidence certain documents that may
be used to establish its damages without actual testimony from medical provider(s).

---

[6]Health Insurance Claim Forms (HCFA-1500's) are mandated by the federal government's Healthcare Financing Administration and Department of Labor to reimburse health care providers for services rendered under the Medicare/Medicaid programs and to reimburse injured federal employees covered under the Department of Labor's Office of Workers' Compensation Programs. These forms are universally used for claim submission purposes by medical providers nationwide. Most importantly, Form HCFA-1500 contains the same information as the Ohio Bureau of Workers' Compensation Claim Forms (Form FROI-1), but it is superior in that it has a physician verification and identifies the specific treatment or services provided unlike Ohio Form FROI-1. An NIFL player HCFA, a blank HCFA and a blank Ohio FROI-I is attached as part of **Exhibit B**.

    The HCFA-1500 requires the same information contained on the FROI-1 including the player's name, player's birth date and social security number, player's mailing address, the date of injury, the name of the employer or insurance provider and the identifying information for the medical provider or physician. Form HCFA-1500 also is just as detailed as form FROI-1 because it contains the amount of the provider's charges along with the CPT or HCPCS five digit code identifying the specific service or treatment rendered. The description of the procedure or service rendered is located Box 24(D). The American Medical Association compiles the CPT codes in yearly publications, and the federal government also compiles the HCPCS codes in yearly publications. The Ohio FRIO-1 requires similar codes to report diagnoses.

However, Plaintiff is forewarned that the requirements of Federal Rule of Evidence 803(6) and 902(11), as well as other Federal Rules of Evidence, will be strictly enforced and each document will be assessed for admissibility, including trustworthiness, upon presentation."

8.      In rendering this ruling, the Court permitted the NIFL to introduce medical records by following Rules 803(6) and 902(11). [7]

9.      The NIFL avers this Court permitted the introduction of documents under Rules 803(6) and 902(11) to prove damages, and the Court did not limit the type of documents it required to prove those damages.

10.      This Court's March 16, 2006 Order correctly did not require a specific document to prove damages because Rule of Evidence 803(6) permits any relevant document to be introduced as long as the document is a record of regularly conducted activity within the meaning of 803(6) and contains a corresponding Certification meeting the requirements of 902(11).[8]

_____

[7]Rule 803(6) allows business records to be introduced, while 802(11) permits self-authentication of those records using a written certification.  In <u>Rambus</u>, the Eastern District of Virginia laid out the four (4) requirements of a written certification needed to satisfy the Federal Rule of Evidence 902(11).   <u>Rambus, Inc. v. Infineon Technologies AG</u>, 348 F.Supp.2d 698 (E.D. Va. 2004). If a written certification meets all four (4) requirements, the records are admissible without using a foundation witness: (1)   A custodian or other qualified person declares that he or she keeps or knows about the company's record keeping requirements and how they are created; (2)  The record must be "made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;" (3) The record must be "kept in the course of the regularly conducted activity," *i.e.*, kept as a part of the usual course of business; (4) The record must have been a regular practice of a "regularly conducted activity" to make and keep the record at issue*, i.e.*, keeping the record must be a regular practice of the business.  <u>Id.</u> at 702-05.  The NIFL's Certifications meet all of these requirements.

[8]Ohio accepted, without objection, HCFA forms and medical provider notes/charts/reports during the numerous administrative appeals of the players' claims.  As stated in footnote 8, the HCFA Forms contain the same reporting information as the Ohio FROI-1 forms, but also are superior in that the HCFA's contain a physician certification.  The NIFL should not be required to submit more evidence than it would have to submit to Ohio to prove the unpaid workers' compensation claims.

L:\N\National Indoor Football League 01-214\Motions in Limine with Repest to Damages Portion of Trial.wpd

11.     Therefore, the NIFL may introduce a HCFA form alone, a medical provider's notes/chart/report alone (or similar medical record) alone, or a combination of the two to prove damages as long as the records are generated by the medical provider in the ordinary course of business and certified with a Rule 902(11) compliant Certification.

WHEREFORE, Plaintiff requests this Court permit the NIFL to introduce a HCFA form alone, a medical provider's notes/chart/report alone (or similar medical record), or a combination of the two to prove damages as long as the records are generated by the medical provider in the ordinary course of business and certified with a Rule 902(11) compliant Certification.

## PLAINTIFF'S THIRD MOTION IN LIMINE

## WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

**MOTION ISSUE:**          **Can supplemental medical documentation/records for injured NIFL players and Rule 902(11) Certifications provided to RPC after March 13, 2006 be admitted into evidence to prove the NIFL's damages.**

**SUGGESTED HOLDING:**   **Pursuant to the Court's March 23, 2006 Order, any medical records or similar documents which correspond to HCFA forms and similar records previously sent to RPC in November of 2005 are admissible as supporting documentation to prove the NIFL's damages. The Court's March 23, 2006 Order does not prevent the NIFL from introducing any Rule 902(11) Certifications sent after March 13, 2006 because these Certifications are documents needed to admit evidentiary records and are not themselves evidence that had to be provided to the RPC in November of 2005.**

12.     The Court issued a March 23, 2006 Order permitting the NIFL to provide to RPC supporting documentation for those records sent to RPC in November of 2005.  A copy of the March 23, 2006 Order is attached hereto, made a part hereof and labeled **Exhibit D**.

13.     The NIFL sent to RPC in November of 2005 HCFA forms and medical provider notes/charts/reports illustrating services provided to injured NIFL players.

14.     On March 13, 2006, the NIFL sent additional medical provider notes/charts/reports that corresponded with and supplemented the HCFA forms and medical provider notes/charts/reports sent in November of 2005.  Upon RPC's objection to the March 13, 2006 mailing, the Court ruled:

> "Plaintiff will be allowed to introduce into evidence any medical(s) records or documents that were produced to Defendants on March 13, 2006, if such records constitute the underlying supporting documentation to establish or confirm the accuracy of the information set forth in the medical provider-completed Health Insurance Claim Forms (HCFA-1500's) that were previously produced to Defendants in November of 2005, to the extent that the records in question are admissible under Federal Rules of Evidence 803(6) and 902(11), or otherwise with an appropriate foundation witness."

> "To the extent that the documents produced on March 13, 2006 are beyond the scope of those records provided to Defendants in November 2005, same will be excluded."

15.     The NIFL avers the Court's March 23, 2006 Order's primary concern was linking any supporting documentation sent post-November of 2005 to the medical provider's records and/or HCFA forms sent for a particular player in November of 2005.  The March 23, 2006 Order allowed the NIFL to introduce the medical records it produced on March 13, 2006 (provided they comply with the other terms of the March 23, 2006 Order), but the Order did not say the NIFL could not submit additional compliant records after March 13, 2006.

16.     Accordingly, the Order also did not render inadmissible all provider records sent to RPC after March 13, 2006.  Quite to the contrary, the Order permits the NIFL to introduce medical records as long as those records have been given to RPC and as long as those records support corresponding documents that were sent to RPC by the NIFL in November of 2005. As a result, all medical provider notes/charts/reports or HCFA forms (which are properly classified as a business

L:\N\National Indoor Football League 01-214\Motions in Limine with Respect to Damages Portion of Trial.wpd

record under the Federal Rules of Evidence) that were sent in March, April, or May of 2006 may be submitted to RPC and considered for the NIFL's damages as long as those forms correspond with and support medical provider notes/charts/reports or HCFA forms sent in November of 2005.

17.     The Court's March 23, 2006 Order made no mention of limiting the Rule 902(11) Certifications to those Certifications sent to the RPC on or before March 13, 2006. The Certificates are not an issue in this regard because they are not evidence that had to be provided to RPC in November of 2005. To the contrary, the Certifications are documents used obtain the introduction of HCFA forms and medical provider notes/charts/reports. RPC's attempt is prejudicial to have the Court exclude <u>supplemental</u> medical records, medical forms and Certifications by an artificial deadline, which information was previously disclosed/provided five (5) months before the previous trial by the submission of HCFA Forms or medical charts/notes/reports in November of 2005. This is especially true since RPC undertook <u>no discovery</u> relative to the information provided in November of 2005.

WHEREFORE, Plaintiff requests this Court permit the NIFL to introduce all HCFA forms, medical records, or similar documents provided to RPC at any time as long as those records and forms correspond to HCFA forms and similar records previously sent to RPC in November of 2005 in order to prove the NIFL's damages. The Plaintiff requests further that the Court permit the NIFL to introduce any Rule 902(11) Certifications notwithstanding when those Certifications were sent to RPC.

<u>**PLAINTIFF'S FOURTH MOTION IN LIMINE**</u>

<u>**WITH RESPECT TO THE DAMAGES PORTION OF TRIAL**</u>

**MOTION ISSUE:**    **Can the Court take judicial notice of judgments entered against the NIFL and/or its member teams in other jurisdictions, as establishing the NIFL's damages relative to those judgments.**

**SUGGESTED HOLDING: Yes, the Court may take judicial notice of all judgments entered against the NIFL and/or member teams in other jurisdictions as establishing the NIFL's damages relative to those judgments.**

18.    Rule 201(b) of the Federal Rules of Evidence permits a district court to take judicial notice of facts that are "not subject to reasonable dispute in that [they are] either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Rule 201(b).

19.    Under Rule 201(d) of the Federal Rules of Evidence, a district court must take judicial notice "if requested by a party and supplied with the necessary information." Rule 201(d).

20.    Pursuant to Rule 201(b)(2), the Court can take judicial notice of the contents of court records from another jurisdiction. <u>Southmark Prime Plus, L.P. v. Falzone</u>, 776 F.Supp. 888, 892 (D. Del. 1991) <u>citing</u> <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir.1989); <u>Green v. Warden, U.S. Penitentiary</u>, 699 F.2d 364, 369 (7th Cir.), <u>cert. denied</u>, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983) ("Furthermore, federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.") (citations omitted). The contents of the court records that may be judicially noticed include the briefs and petitions of the parties. <u>Southmark Prime Plus, L.P. v. Falzone</u>, 776 F.Supp. 888, 892 (D. Del. 1991) <u>citing</u> <u>United States ex rel. Geisler v. Walters</u>, 510 F.2d 887, 890 n. 4 (3d Cir.1975) (taking judicial notice of briefs and petitions filed in other courts).

21.     Several judgments were entered against the NIFL or its member teams in favor of injured NIFL players whose injuries were not covered workers compensation insurance due to RPC's breach of contract.   Accordingly, these judgments are at issue in this case for purposes of determining the NIFL's damages.

22.     The judgments include those by Nicky Seymour filed at MWCC No. 02 10760-H-5080-C in the Mississippi Workers' Compensation Commission; by Emmanuel Bentley filed at MWCC No. 02 10761-H5081-C and MWCC No. 02 10762-H5082-C in the Mississippi Workers' Compensation Commission; and by Kareem Vance filed at 02-4361 in the Office of Workers' Compensation District 1E of Louisiana. Copies of the three (3) judgments are attached hereto, made a part hereof and labeled **Exhibit E.**

23.     The NIFL requests the Court take judicial notice of the aforementioned judgments and other judgments introduced at trial as part of the damages due the NIFL and fix the judgment amount as the amount of damages due to the NIFL for the respective player's case.

WHEREFORE, Plaintiff requests this Court take judicial notice of Nicky Seymour's judgment, Emmanuel Bentley's judgment and Kareem Vance's judgment and other similar judgments introduced at trial.

Respectfully submitted,

_____s/ Timothy C. Leventry_____
TIMOTHY C. LEVENTRY, LL.M.
LEVENTRY, HASCHAK & RODKEY, LLC.
PA I.D. 34980
1397 EISENHOWER BOULEVARD
RICHLAND SQUARE I, SUITE 202
JOHNSTOWN, PA  15904
(814) 266-1799

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| **PLAINTIFF,** | : | **NO.:  CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S MOTIONS** |
| **and DAN J. D'ALIO,** | : | **IN LIMINE WITH RESPECT TO THE** |
| **DEFENDANTS.** | : | **DAMAGES PORTION OF TRIAL** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the _____29th_____ day of _____October_____, 2006,

a true and correct copy of the **PLAINTIFF'S MOTIONS IN LIMINE WITH RESPECT TO**

**THE DAMAGES PORTION OF TRIAL** was served by First Class United States Mail, email

and/or facsimile by postage prepaid, upon the following:

**Michael J. Seymour, Esq.**
**Feczko and Seymour**
**520 Grant Building**
**310 Grant Street**
**Pittsburgh, PA 15219**

**Bernard C. Caputo, Esq.**
**Fort Pitt Commons Building, Suite 260**
**445 Fort Pitt Boulevard**
**Pittsburgh, Pennsylvania 15219**

**LEVENTRY,  HASCHAK**
**& RODKEY, LLC**

**s/ Timothy C. Leventry**
**Timothy C. Leventry, LL.M.**

L:\N\National Indoor Football League 01-214\Motions in Limine with Repest to Damages Portion of Trial.wpd