# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
|         PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | **TYPE OF PLEADING:** |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | **PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL, SPECIFICALLY IN REGARD TO THE TIMELINESS OF THE DEFENDANT RPC'S RAISING THE APPLICABILITY OF A DEDUCTIBLE** |
|         DEFENDANTS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | **FILED ON BEHALF OF:** |
| | : | **PLAINTIFF** |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
|     PLAINTIFF, | : | NO.:  CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO, | : | PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL, SPECIFICALLY IN REGARD TO THE TIMELINESS OF THE DEFENDANT RPC'S RAISING THE APPLICABILITY OF A DEDUCTIBLE |
|     DEFENDANTS. | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL, SPECIFICALLY IN REGARD TO THE TIMELINESS OF THE DEFENDANT RPC'S RAISING THE APPLICABILITY OF A DEDUCTIBLE

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Brief in Support of Motions in the Limine With Respect to the Damages Portion of Trial, Specifically in Regard to the Timeliness of the Defendant RPC's Raising the Applicability of a Deductible and in support thereof avers as follows:

### INTRODUCTION

Currently, the damages portion of this case is before the Court because the parties could not resolve the issue of damages due the NIFL during mediation.  During mediation, RPC Employer

Services, Inc. ("RPC" or "Defendant") raised several issues that it believes limits its damages.[1] The issues before the Mediator consisted of the NIFL teams eligible to submit damage claims, the applicability of a deductible to the unpaid workers' compensation claims, the time period of the 2001 NIFL season during which damages are assessed, the required records necessary to prove damages and the admissibility of documents provided by the NIFL to RPC after March 16, 2006. Most of issues raised by the Defendant are legal issues. Accordingly, after petitioning this Court to Reopen the Damages Portion of the Case upon the failure of mediation, the NIFL filed Motions in Limine with Respect to the Damages Portion of Trial. As stated in the NIFL's Motions in Limine with Respect to the Damages Portion of Trial, the Defendant raised the issue of the applicability of a deductible for the first time in this case before the Mediator. The Defendants did not assert any sort of deductible in any of its prior pleadings. Therefore, the NIFL asserts in its Motion in Limine that the Defendant should be precluding from raising the issue of the deductible now because the NIFL is prejudiced due to the deductible issue not being raised at any time before the present, thereby not allowing the NIFL any opportunity to conduct discovery relative to the deductible and otherwise investigate the legal and factual basis for the Defendant's assertion. Indeed, as Procedural History of this case illustrates, the issue of any sort of deductible was not raised by the Defendant prior to trial.

**PROCEDURAL HISTORY**

On April 3, 2002, the NIFL filed its Amended Complaint against RPC Employer Services, Inc. ("RPC") alleging Breach of Contract, and Fraud and filed suit against Dan D'Alio alleging

---

[1] In this Brief, the NIFL sometimes refers to Defendants in the plural form. This refers to both RPC Employer Services and Dan J. D'Alio. Mr. D'Alio currently is not a defendant in this case because of the parties agreement on March 28, 2006.

violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et. seq., because nearly three-quarters of a million dollars of workers' compensation claims went uncovered due to RPC's and its President, Dan J. D'Alio's, failure to procure workers' compensation insurance for NIFL teams through the state of Ohio despite its promise to do so as contained in the RPC's and the NIFL's written contract.

On June 26, 2002, the Defendants filed two (2) Motions to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). The first Motion involved Defendant D'Alio's personal liability under RICO sections 1962(a) and (c). The second Motion involved the Plaintiff's allegations of mail fraud. The Court denied both Motions on May 9, 2003.

On October 1, 2002, the Plaintiff conducted the deposition of Daniel J. D'Alio.

On June 10, 2003, the Defendants filed their Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.[2] The Defendants did not raise the issue of any deductible in its Answer and Affirmative Defenses. In addition, the Defendants did not assert any provision of the Service Agreement as a defense limiting the damages claimed by the NIFL.

On March 12, 2004, the Defendants filed a Motion for Summary Judgment against the Plaintiff raising the viability of the Plaintiff's 18 U.S.C. § 1964 claim, whether an enforceable contract existed between the NIFL and RPC and whether the Plaintiff established a valid fraud claim against the Defendants.

---

[2] The Defendant asserted the following Affirmative Defenses: "13. The Complaint fails to state a cause of action upon which relief can be granted. 14. Plaintiff breached the contract upon which it relies. 15. Plaintiff failed to comply with the requirements for coverage. 16. Plaintiff's consideration failed. 17. Plaintiff committed fraud in order to obtain coverage. 18. Any monies paid by Plaintiff to Defendant were for services provided and earned and/or forwarded to proper taxing authorities and/or Bureau of Workmen's Compensation for the State of Ohio. 19. The Service Agreement did not take place until each team played its first game, which could not have been any earlier than March 30, 2001. 20. The contract, if valid, was terminated on April 13, 2001. 21. Plaintiff failed to provide necessary Federal and State employment documentation."

On March 25, 2004, the Defendants filed their Pre-Trial Statement containing a Brief Narrative of the facts of the case. The Defendants' Pre-Trial Narrative did not argue any of the Plaintiff's damage claims were reduced by any sort of deductible, therefore, no discovery was undertaken relative to this matter.

On June 1, 2005, the Court issued an order granting summary judgment in part and denying in part. The Order granted summary judgment in favor of the Defendants insofar as the Plaintiff's Amended Complaint stated a claim for violation 18 U.S.C. § 1964(a) only, but the Order denied summary judgment in all other respects.

On February 23, 2006, the Defendants' filed their Motions in Limine to Exclude Evidence of Damages before trial. The Defendants' Motion in Limine raised the following issues relative to limiting damages: (1) that the effective date of the Service Agreement precluded the NIFL from claiming pre-season injuries; (2) that RPC should not be liable for claims after April 17, 2001 (the alleged date of the Service Agreement termination) or no later than 30 days after April 17, 2001; (3) that the NIFL's damages are not recoverable beyond $31,800.50 in out-of-pocket expenses; (4) that the NIFL is precluded from introducing certain documentary evidence to prove damages. The Defendants' Motions in Limine did not include any Motion with respect to the applicability of any deductible.

On March 16, 2006, the Court granted the Defendants' Motion in Limine with respect to the pre-season injuries, denied the Defendants' Motion with respect to the termination date of the Service Agreement, denied the Defendants' Motion with respect to limiting damages to no more than $31,800.50, and denied Defendant's Motion with respect to the exclusion of documentary evidence.

On March 17, 2006, the Defendants filed a Motion to Strike witnesses on the NIFL's Exhibit List and all medical documentation provided to the Defendants after November of 2005. This Motion did not involve any allegations with respect to a deductible.

On March 22, 2006, the Defendants filed a Motion for Reconsideration of the Court's March 16, 2006 Order challenging the NIFL's standing. This Motion also did not mention any sort of deductible.

On March 23, 2006, the Court denied the Defendants' Motion to Strike with respect to the NIFL's witness and granted in part the Defendant's Motion with respect to the medical documentation.

On March 24, 2006, the Court denied the Defendants' Motion for Reconsideration holding that the NIFL possessed the requisite standing to assert claims against the NIFL.

Prior to trial on March 28, 2006, the Plaintiffs and Defendants resolved the liability portion only of above-captioned case at which time the Defendants agreed to pay $75,000.00 to the NIFL to settle the RICO claim against Dan D'Alio and the fraud claim against RPC, and RPC consented to liability on the breach of contract claim. RPC also agreed to withdraw its counterclaim against the NIFL. The parties agreed upon a contractual liability settlement which consisted of the parties' submission, to a mediator chosen by agreement of the parties, of the issue of damages consisting of unpaid workers' compensation claims, attorney's fees, costs and RPC's payment, assumption of and/or indemnification for pending lawsuits/judgments consequentially related to RPC's breach of contract.

The parties submitted various documents and Briefs to Mediator Thomas Cooper concerning the parties' respective position on contractual damages over the course of the five (5) months during

which the parties had four (4) mediation conferences with Mr. Cooper on June 14, 2006, June 29, 2006, August 3, 2006 and September 26, 2006.  In the course of these meetings, the Defendant introduced the issue of a $1,000.00 deductible for first time arguing that the deductible limited the amount of damages for which it is liable.

## ARGUMENT

**ISSUE:** **Is the Defendant precluded from asserting or arguing any sort of deductible now as limiting the damages for which it is liable because it failed to assert this issue in any prior pleadings or at any time before mediation?**

**SUGGESTED ANSWER:** **Yes.  The NIFL is prejudiced by the Defendant's failure to raise the issue of a deductible prior to the close of discovery and prior to mediation.  The NIFL did not have any opportunity to conduct discovery relative to the deductible and otherwise investigate the legal and factual basis for the Defendant's assertion.**

Damage limitations, such as the application of a deductible as raised by the Defendant in this case, must be pled as part of the Defendants' Affirmative Defenses.  Blue Sky MLS, Inc. v. RSG Systems, LLC, 2002 WL 1065873 (D. N.J. 2002) (the court considered the validity and applicability of a contractual provision limiting damages to less than $50,000.00, which was pled as part of the Affirmative Defenses).  A defendant's failure to raise an affirmative defense in a responsive pleading or appropriate motion generally results in the waiver of that defense. Charpentier v. Godsil, 937 F.2d 859, 863 (3d Cir.1991). Although a responsive pleading may be amended at any time by leave of court to include an affirmative defense pursuant to Fed.R.Civ.P. 15(a), the Third Circuit has held that when the opposing party is prejudiced, leave to amend is not allowed and the defense is waived. Id. at 864.  A party is often prejudiced where affirmative defenses are not raised before the close of discovery.  Jones v. Gardels, 2006 WL 37039 (D. Del. 2006) (holding that the plaintiff is prejudiced

where the defendant did not to raise the defense of failure to exhaust administrative remedies before the close of discovery).

In the instant matter, the Defendant did not assert the applicability of any deductible that limited damages in any of pleadings filed with Court or at any time prior to the March 2006 trial and prior to the meeting with the Mediator in the summer of 2006. The Defendants initially were obligated to plead in its Answer and Affirmative Defenses any contractual provision that it believed limited the damages available to the NIFL, however, the Defendants did not assert any deductible or any other similar contractual provision related to the amount of damages available to the NIFL. Not only did the Defendants fail to plead the deductible issue in its Answer and Affirmative Defenses, they did not raise the deductible issue or any other type of set off in any subsequent pleadings including the March 12, 2004 Motion for Summary Judgment, the March 25, 2004 Pre-Trial Narrative, the February 23, 2006 Motions in Limine *(which were specifically filed for purposes of attacking the Plaintiff's damages claim)*, the March 17, 2006 Motion to Strike and the March 22, 2006 Motion for Reconsideration of the Court's decision on the parties' Motions in Limine. Also, during the pleading stage of this case, the Defendants never requested leave of court or made any other such motion to amend its Affirmative Defenses to include the deductible issue or to assert any other contractual provision they believe limited their damage exposure. Following the parties' settlement of the liability issue at the jury trial on March 28, 2006, the Defendant raised the deductible issue for the first time during mediation nearly *three years* from the date on which it provided its Answer and Affirmative Defenses.

As a result of the Defendant's failure to raise the issue of the deductible in any pleadings at any time between June of 2003 and summer of 2006 and failure to petition the Court during this

period for any such amendment to the Affirmative Defenses, the NIFL is prejudiced by the Defendant raising the deductible at this time as the Court considers the damages portion of trial. During the three years of pleadings in this case between the time the Defendants' Answer was filed and the time of trial, the NIFL was not given the opportunity to conduct any discovery related to the deductible issue. Had the NIFL been put on notice before trial that the Defendants intended to raise this issue as is required by Federal Rules of Civil Procedure, the NIFL would have had the opportunity to conduct a second deposition of Dan D'Alio and/or engage in written discovery. Because liability already is resolved in favor of the NIFL and the damages portion of trial is pending before the Court, now it is impossible for the NIFL to conduct any discovery related to the deductible issue. This results in severe prejudice to the NIFL. Accordingly, as the Gardels court decided, this Court should preclude the Defendant from raising the deductible issue now for the first time in the proceedings because NIFL suffers severe prejudice as a result thereof.

## CONCLUSION

For the foregoing reasons, the National Indoor Football League, respectfully requests this Court preclude Defendant RPC Employer Services, Inc. from raising the issue of a deductible or any other similar damage limitation contained in the parties Service Agreement at this stage in the proceedings.

Respectfully submitted,

  s/ Timothy C. Leventry
Timothy C. Leventry, LL.M
Attorney for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | **NO.: CA 2 - 548** |
| v. | : | **TYPE OF PLEADING:** |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | **PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL, SPECIFICALLY IN REGARD TO THE TIMELINESS OF THE DEFENDANT RPC'S RAISING THE APPLICABILITY OF A DEDUCTIBLE** |
| DEFENDANTS. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2006, a true and correct copy of the above-captioned **PLAINTIFF'S BRIEF IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** was served by First Class United States Mail, email and/or facsimile by postage prepaid, upon the following:

**Michael J. Seymour, Esq.**
**Feczko and Seymour**
**520 Grant Building**
**310 Grant Street**
**Pittsburgh, PA 15219**

**Bernard C. Caputo, Esq.**
**Fort Pitt Commons Building, Suite 260**
**445 Fort Pitt Boulevard**
**Pittsburgh, Pennsylvania 15219**

        **LEVENTRY, HASCHAK**
        **& RODKEY, LLC**

        **s/ Timothy C. Leventry**
        **Timothy C. Leventry, LL.M.**