IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. ) ) ) Plaintiff, ) v. ) ) R.P.C. EMPLOYER SERVICES, INC., ) ) Defendant. ) | CIVIL ACTION NO.: 2:02-cv-548 |

**DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFF'S BRIEF
IN SUPPORT OF MOTIONS IN LIMINE WITH RESPECT TO
THE DAMAGES PORTION OF TRIAL**

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files the following Brief in Response to Plaintiff's Brief in Support of Motions in Limine with Respect to the Damages Portion of Trial, specifically in regard to the timeliness of Defendant, RPC's raising the applicability of a deductible.

### I.   BACKGROUND

Plaintiff's Amended Complaint set forth three (3) claims for relief and included a RICO violation, breach of contract and fraud.  The RICO violation and the fraud count have been settled and withdrawn.  As to the remaining breach of contract claim, liability has been admitted, but damages remain to be determined by the Court.

Plaintiff's ad damnum clause for the breach of contract

count is contained in Paragraph 47 of the Amended Complaint and reads, "As a result of the defendant's breach of contract, the NIFL has incurred damages in the form of unpaid wage loss and medical claims on behalf of its players which should have been covered by Worker's Compensation Insurance.  As of the date of filing this Complaint, the Plaintiff has incurred $637,142.04 in known medical claims.  This amount does not include interest that individual medical providers may charge on outstanding bills and this figure does not include amounts for wage loss claims."  This paragraph is followed by the Wherefore Clause, "Wherefore, Plaintiff NIFL demands judgment against the Defendant, RPC for compensatory damages, attorneys fees, costs, interest and such other relief which may be deemed proper by the court."

    The contract referenced and alleged to have been breached is identified in the Amended Complaint as the Service and Fee Structure Agreement annexed as Exhibit "B" to the Amended Complaint.  The Fee Structure document contains a clause which provides that each player's claim is subject to a $1,000.00 deductible. (This clause is discussed in Defendant's Response to Plaintiff's Motion in Limine with Respect to the Damages Portion of the Trial)  The Service Agreement contains a warranty clause which limits the Defendant's liability to the total amount of service fees paid by the Plaintiff to the Defendant to be determined as of the date of any final judgment in such action.

(This clause is discussed in Defendant's Third Motion in Limine and Brief in Support thereof.)

Plaintiff's Brief limits its argument as to the applicability of the deductible provision to whether Defendant has waived this provision as a defense since it was not pleaded as an affirmative defense.  It is expected that Plaintiff will raise the same argument in regard to the limitation of damages in the warranty clause.  Therefore, Defendant addresses its argument in support of the enforcement of both clauses.

## II.  ARGUMENT

"THE TERMS OF THE CONTRACT UPON WHICH PLAINTIFF'S CLAIM FOR BREACH IS BASED NEED NOT BE PLEADED AS AFFIRMATIVE DEFENSES TO THE COMPLAINT."

Rule 8(c) of the Federal Rules of Civil Procedure sets forth the named affirmative defenses.  The list does not include the enforcement of all of the provisions of the very contract alleged to have been breached.

The last sentence of Federal Rule of Civil Procedure 10(c) states, "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Furthermore, "If the allegations of the complaint contradicted the terms of the exhibit, the exhibit controls over the complaint."  *Northern Indiana Gun & Outdoor v. City of South Bend,* 163 F.3d 449(7th Cir. 1998).  Here, the Service and Fee Structure are exhibits to

the Amended Complaint and all of their provisions are before the court for its enforcement.

In addition, Rule 8(d) of the Federal Rules of Civil Procedure provides that "Averments in a pleading to which a responsive pleading is required other than those as to the amount of damages, are admitted when not denied in the responsive pleading.  Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."  Accordingly, since the question of the amount of damages to which Plaintiff is entitled to claim based upon the terms of the contract are deemed denied, it is, as always, required that Plaintiff prove the amount of damages it is entitled to recover pursuant to the terms of the contract that has been breached.

In that Defendant is seeking enforcement of contract provisions which are contained within the contract upon which Plaintiff's claim is based, Plaintiff cannot claim surprise nor can it state that it has been prejudiced.  The deductible amount of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS per player, per claim and the damage limiter in the warranty clause are clear and unambiguous and represent the intention of the parties.  As such, Defendant is entitled to their enforcement.

### III.  CONCLUSION

Plaintiff's damages are limited by the contract provisions

which provide for a ONE THOUSAND AND NO/100 ($1,000.00) DOLLAR deductible per claim, per player and to a total recovery which does not exceed the amount of the service fees paid to the Defendant.

                              Respectfully submitted,
                              **FECZKO AND SEYMOUR**


                              *s/Michael J. Seymour*
                              Michael J. Seymour, Esquire
                              PA I.D. No. 00260
                              Feczko and Seymour
                              Firm I.D. #003
                              310 Grant Street
                              Suite 520 Grant Building
                              Pittsburgh, PA 15219
                              (412) 261-4970

**CERTIFICATE OF SERVICE**

_____I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Brief in Response to Plaintiff's Brief in Support of Motions in Limine with Respect to the Damages Portion of Trial upon the following **electronically** on the 20th day of November, 2006:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904


*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendant