# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | **PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** |
| DEFENDANTS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | **FILED ON BEHALF OF:** |
| | : | **PLAINTIFF** |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : : | **CIVIL DIVISION** |
| PLAINTIFF, | : : | NO.:  CA 2 - 548 |
| v. | : : : | TYPE OF PLEADING: |
| **R.P.C. EMPLOYER SERVICES, INC.,** and **DAN J. D'ALIO,** | : : : | **PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** |
| DEFENDANTS. | : : | |

## PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Sixth Motion in the LimineWith Respect to the Damages Portion of Trial and in support thereof avers as follows:

### PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

**MOTION ISSUE:** Is the NIFL entitled to pre-judgment interest on its damages related to unpaid medical providers, attorney's fees and costs, and unsatisfied judgments related the RPC's failure to provide workers' compensation insurance, beginning from the date when the claim was incurred or the judgment issued?

**SUGGESTED HOLDING:** Yes. Pursuant to Ohio Revised Code 1343.03(A), the Plaintiff is entitled to prejudgment simple interest on all its properly proven damages, consisting of unpaid and paid medical provider claims and player judgments, and on its attorney's fees and costs awarded under Paragraph 15(b) of the parties' Service Agreement, at the rate determined under Ohio Revised Code 1343.03(A).  Prejudgment interest hereunder shall begin to

**accrue on the date on which each medical provider claim, player judgment and attorney's fee and suit cost became due and payable.**

1. Paragraph 15(d) of the Service Agreement between the NIFL and RPC states:

"This Agreement shall be governed by, construed and enforced under the substantive, and not the conflicts, laws of the State of Ohio."

2. The Court has already applied Ohio law when rendering its March 16, 2006 Order on the Plaintiff's Motions in Limine filed before the initial trial.

3. Ohio Revised Code Section 1343 provides that a party is entitled interest upon a judgment issued for damages arising out of a breach of contract. Ohio Revised Code 1343.03(A).

4. Accordingly, to the extent the Court issues judgment for damages due the NIFL, the NIFL is entitled interest thereon. The Ohio Revised Code 1343.03(A) is not discretionary and requires a court to award prejudgment interest. First Bank of Marietta v. L.C. Limited, et. al.,1999 WL 1262058 (Ohio App. 10 Dist. 1999) (stating "the trial court had no discretion but to award prejudgment interest under R.C. 1343.03(A)").

5. Interest is simple interest and is pegged to the federal short term rate of interest plus three percent. Romanoff Elec. Corp., et.al. v. Ohio Dept. of Admin. Serv., et.al., 1994 WL 312923 (Ohio App. 10 Dist. 1994) (determining that interest under Ohio R.C. 1343.03 is simple interest); Ohio R.C. 5703.47 (causing the federal short term rate of July of the previous year plus three percent to be applicable rate under R.C. 1343.03 for the following year).

6. Under Rev. Rul 2006-35, the July 2006 short term federal rate was set at 5.05%, so the 2007 pre-judgment interest rate under R.C. 1343.03 is 8.00%.

7. The NIFL's damages include the unpaid medical bills which were not covered under workers' compensation insurance as RPC had promised in the Service Agreement, which RPC has

admitted breaching. In its Order of March 16, 2006, the Court already decided the NIFL "may be entitled to recover the full amount of damages and medical bills if properly proven" because the NIFL's breach of contract claim falls "outside the scope of workers' compensation statutes."

8. Since the Court already decided the NIFL is proceeding under a valid breach of contract claim, the issue before the Court is prejudgment interest available under a breach of contract claim.

9. The Defendant argues the NIFL is not permitted to seek prejudgment interest for medical bills which are unpaid by the NIFL. However, the Defendant's assertion is without merit.

10. In rejecting the argument that only liquidated damages are subject to prejudgment interest, the Supreme Court of Ohio articulated the key question a court must answer in deciding to award prejudgment interest under Ohio Revised Code 1343.03(A): "Has the aggrieved party been fully compensated." Royal Electric Construction Corporation, 73 Ohio St.3d 110, 116 (OH Sup. Ct. 1995). The Ohio Supreme Court stated, "to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and the judgment." Id. at 117.

11. In rendering the Royal decision, the Ohio Supreme Court upheld prejudgment for a Contractor who was liable to materialmen for excess costs of $51,591.00 due to the State's wrongful rejection of certain fixtures.

12. To make the NIFL whole, this Court must award the NIFL prejudgment interest on all unpaid and paid, properly proven medical bills judgments, and attorney's fees.

13. In its March 24, 2006 Order, this Court determined the NIFL is in the same position as the Contractor in the Royal Electric case because the Court ruled, "Plaintiff is not limited to seeking recovery of only $31,800.50 it has already paid, but rather Plaintiff may seek recovery for

all medical damages it has incurred and reasonably expects to incur . . .", given the NIFL's "promises to medical providers and players that it will cover the medical expenses."

14. Like the Contractor in <u>Royal Electric</u> who was liable to materialmen because of the State's wrongful rejection of fixtures, the NIFL and its member teams are subject to liability for the unpaid medical bills which were not paid due to RPC's failure to provide workers' compensation. Several NIFL players have judgments against the NIFL and its teams for unpaid medical expenses and workers' compensation wages. The NIFL is also subject to suits by medical providers who have relied upon the NIFL's promises to obtain payment.

15. Under these circumstances, the NIFL is entitled prejudgment interest on all unpaid, properly proven medical bills and judgments, to properly discharge the unpaid claims of the medical providers and to satisfy the judgment holders.

16. Because the NIFL's cause of action against RPC is in the nature of a breach of contract, the accrual date for prejudgment interest in a breach of contract actions is the date on which the claim becomes due and payable. <u>First Bank of Marietta v. L.C. Limited, et. al.</u>, 1999 WL 1262058 (Ohio App. 10 Dist. 1999) <u>citing</u> <u>Royal Electric Construction Corp. v. Ohio State Univ.</u>, 73 Ohio St.3d 110, 115.

17. In this case, each properly proven unpaid medical provider invoice accrues interest from the date treatment was rendered, which is the date on which the claim is due and payable by RPC. Between April of 2001 and August of 2001, most of the medical provider services were rendered and claims went unpaid. A few players continued to receive treatment after August of 2001, so there are small number of unpaid claims which began to accrue interest after August of 2001. All of aforementioned dates of treatment are specified on the HCFA's and/or medical

provider charts/notes/reports.  Meanwhile, interest on each judgment begins to accrue when the judgment is issued.

18. In addition to receiving prejudgment interest on the unpaid medical provider bills and player judgments, the NIFL is also entitled to interest on its attorneys' fees and costs of suit, which are due the NIFL under the prevailing party provisions of paragraph 15(b) of the parties' Service Agreement. City of Willoughby Hills v. Cincinnati Ins. Co., 26 Ohio App.3d 146, 148 (Ohio App. 11 Dist. 1986) (holding the claimant was entitled to prejudgment interest for attorneys' fees).

WHEREFORE, Plaintiff requests this Court issuing an order holding:

A. Pursuant to Ohio Revised Code 1343.03(A), the Plaintiff is entitled to prejudgment simple interest on all its properly proven damages, consisting of unpaid and paid medical provider claims and player judgments, and on its attorney's fees and costs awarded under Paragraph 15(b) of the parties' Service Agreement, at the rate determined under Ohio Revised Code 1343.03(A). Prejudgment interest hereunder shall begin to accrue on the date on which each unpaid medical provider claim, player judgment and attorney's fee and suit cost became due and payable.

Respectfully submitted,

    s/ Timothy C. Leventry
TIMOTHY C. LEVENTRY, LL.M.
LEVENTRY, HASCHAK & RODKEY, LLC.
PA I.D. 34980
1397 EISENHOWER BOULEVARD
RICHLAND SQUARE I, SUITE 202
JOHNSTOWN, PA  15904
(814) 266-1799

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
|          **PLAINTIFF,** | : | **NO.:  CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S SIXTH MOTION** |
| **and DAN J. D'ALIO,** | : | **IN LIMINE WITH RESPECT TO** |
| | : | **THE DAMAGES PORTION OF TRIAL** |
|          **DEFENDANTS.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the ____12th____ day of _____March_____, 2007, a true and correct copy of the **PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** was served by First Class United States Mail, email and/or facsimile by postage prepaid, upon the following:

**Michael J. Seymour, Esq.**
**Feczko and Seymour**
**520 Grant Building**
**310 Grant Street**
**Pittsburgh, PA 15219**

**Bernard C. Caputo, Esq.**
**Fort Pitt Commons Building, Suite 260**
**445 Fort Pitt Boulevard**
**Pittsburgh, Pennsylvania 15219**

                                    **LEVENTRY,  HASCHAK**
                                    **& RODKEY, LLC**

                                    **s/ Timothy C. Leventry**
                                    **Timothy C. Leventry, LL.M.**