# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| v. | : | |
| | : | **TYPE OF PLEADING:** |
| **R.P.C. EMPLOYER SERVICES, INC., and DAN J. D'ALIO,** | : | **PLAINTIFF'S BRIEF IN SUPPORT OF ITS SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** |
| DEFENDANTS. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | **FILED ON BEHALF OF:** |
| | : | **PLAINTIFF** |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA  15904 |
| | : | (814) 266-1799 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S BRIEF IN SUPPORT OF** |
| **and DAN J. D'ALIO,** | : | **ITS SIXTH MOTION IN** |
| | : | **LIMINE WITH RESPECT TO THE** |
| DEFENDANTS. | : | **DAMAGES PORTION OF TRIAL** |
| | : | |

## PLAINTIFF'S BRIEF IN SUPPORT OF SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Brief in Support of its Sixth Motion in the Limine With Respect to the Damages Portion of Trial and in support thereof avers as follows:

### INTRODUCTION

The NIFL is filing its Sixth Motion in Limine following its meeting with the Court on March 1, 2007 and meeting with Defendant's counsel thereafter. At the meeting with the Court, the NIFL presented a detailed calculation of its damages, which were prepared in accordance with the Court's February 1, 2007 Order.  The NIFL prepared the following documents guided by the Court's February 1, 2007 Order: (1) a spreadsheet showing the FRE 902(11) certified medical records sent to the Defendant on or before March 13, 2006; (2) a spreadsheet showing the uncertified medical records that were sent to the Defendant on or before March 13, 2006, which records shall be

introduced at trial using a foundation witness; (3) a spreadsheet along with supporting invoices showing the NIFL's attorney's fees and costs of suit; (4) a spreadsheet showing the player judgments against the NIFL; and (4) a spreadsheet calculating the prejudgment interest due the NIFL.

During the March 1, 2007 meeting with the Court, counsel for the Defendant raised the issue of the Plaintiffs entitlement to prejudgment interest under Ohio law. The Defendant's argument is not valid. The NIFL is entitled to prejudgment interest under Ohio law on all properly proven damages including all medical provider claims, player judgments and attorney's fees and costs.

Because of the Court's February 1, 2007 Order, trial on the issue damages involves primarily reviewing the admitted records and maintaining a running total of damages. The Court's decision on the instant Motion will narrow issues further and expedite trial.

## PROCEDURAL HISTORY

On April 3, 2002, the NIFL filed its Amended Complaint against RPC Employer Services, Inc. ("RPC") alleging Breach of Contract, and Fraud and filed suit against Dan D'Alio alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et. seq., because nearly three-quarters of a million dollars of workers' compensation claims went uncovered due to RPC's and its President, Dan J. D'Alio's, failure to procure workers' compensation insurance for NIFL teams through the state of Ohio despite its promise to do so as contained in the RPC's and the NIFL's written contract. On June 10, 2003, the Defendants filed their Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.

On March 12, 2004, the Defendants filed a Motion for Summary Judgment against the Plaintiff raising the viability of the Plaintiff's 18 U.S.C. § 1964 claim, whether an enforceable contract existed between the NIFL and RPC and whether the Plaintiff established a valid fraud claim

against the Defendants. On March 25, 2004, the Defendants filed their Pre-Trial Statement containing a Brief Narrative of the facts of the case. On June 1, 2005, the Court issued an order granting summary judgment in part and denying in part. The Order granted summary judgment in favor of the Defendants insofar as the Plaintiff's Amended Complaint stated a claim for violation 18 U.S.C. § 1964(a) only, but the Order denied summary judgment in all other respects.

On February 23, 2006, the Defendants' filed their Motions in Limine to Exclude Evidence of Damages before trial. The Defendants' Motion in Limine raised the following issues relative to limiting damages: (1) that the effective date of the Service Agreement precluded the NIFL from claiming pre-season injuries; (2) that RPC should not be liable for claims after April 17, 2001 (the alleged date of the Service Agreement termination) or no later than 30 days after April 17, 2001; (3) that the NIFL's damages are not recoverable beyond $31,800.50 in out-of-pocket expenses; (4) that the NIFL is precluded from introducing certain documentary evidence to prove damages. On March 16, 2006, the Court granted the Defendants' Motion in Limine with respect to the pre-season injuries, denied the Defendants' Motion with respect to the termination date of the Service Agreement, denied the Defendants' Motion with respect to limiting damages to no more than $31,800.50, and denied Defendant's Motion with respect to the exclusion of documentary evidence.

On March 17, 2006, the Defendants filed a Motion to Strike witnesses on the NIFL's Exhibit List and all medical documentation provided to the Defendants after November of 2005. This Motion did not involve any allegations with respect to a deductible. On March 22, 2006, the Defendants filed a Motion for Reconsideration of the Court's March 16, 2006 Order challenging the NIFL's standing. On March 23, 2006, the Court denied the Defendants' Motion to Strike with respect to the NIFL's witness and granted in part the Defendant's Motion with respect to the medical

documentation. On March 24, 2006, the Court denied the Defendants' Motion for Reconsideration holding that the NIFL possessed the requisite standing to assert claims against the NIFL.

Prior to trial on March 28, 2006, the Plaintiffs and Defendants resolved the liability portion only of above-captioned case at which time the Defendants agreed to pay $75,000.00 to the NIFL to settle the RICO claim against Dan D'Alio and the fraud claim against RPC, and RPC consented to liability on the breach of contract claim. RPC also agreed to withdraw its counterclaim against the NIFL. The parties agreed upon a contractual liability settlement which consisted of the parties' submission, to a mediator chosen by agreement of the parties, of the issue of damages consisting of unpaid workers' compensation claims, attorney's fees, costs and RPC's payment, assumption of and/or indemnification for pending lawsuits/judgments consequentially related to RPC's breach of contract. The parties could not resolve matters through mediation, so the NIFL petitioned the Court to reopen the case on October 11, 2006.

On February 1, 2007, the Court issued an Order with respect to the Plaintiff's first four (4) Motions in Limine with Respect to the Damages Portion of Trial and with respect to the Defendant's first three (3) Motions in Limine with Respect to the Damages Portion of Trial. The Court found: (1) the NIFL's damage claims are not to be reduced by any deductible for set off; (2) "The NIFL may introduce an HCFA 1500 form alone provided said form/record(s) is in compliance with FRE 803(6) and 902(11) or otherwise through a foundation witness" and "the NIFL may introduce a medical provider's notes/chart/report (or other similar medical record) alone provided said record (s) is in compliance with FRE 803(6) and 902(11) or otherwise through an appropriate foundation witness;" (3) the NIFL may not introduce any kind of FRE 902(11) certification or medical record produced after March 13, 2006; (4) the Court will take judicial notice of Orders and Judgments

against the NIFL from tribunals in other jurisdictions provided that sufficient information is reflected in the Order/Judgment to establish work-related injury within the subject coverage time period with related medical treatment and specific costs therefor; (5) the decision as to the number of teams eligible for damages will be deferred to trial at which time the Court will consider evidence presented by both parties; (6) the NIFL's damage claims may encompass the entire 2001 NIFL season; and (7) the NIFL's damages are not limited by Paragraph 14 of the Service Agreement.

The Plaintiff and Defendant met with the Court on March 1, 2007 to discuss the NIFL's calculation of damages pursuant to the Court's February 1, 2007 Order. The NIFL now files its Sixth Motion in Limine to resolve the prejudgment interest issue raised on March 1, 2007.

**SIXTH MOTION ISSUE:** **Is the NIFL entitled to pre-judgment interest on its damages related to unpaid medical providers, attorney's fees and costs, and unsatisfied judgments related the RPC's failure to provide workers' compensation insurance, beginning from the date when the claim was incurred or the judgment issued?**

**SUGGESTED HOLDING:** **Yes. Pursuant to Ohio Revised Code 1343.03(A), the Plaintiff is entitled to prejudgment simple interest on all its properly proven damages, consisting of unpaid medical provider claims and player judgments, and on its attorney's fees and costs awarded under Paragraph 15(b) of the parties' Service Agreement, at the rate determined under Ohio Revised Code 1343.03(A). Prejudgment interest hereunder shall begin to accrue on the date on which each medical provider claim, player judgment and attorney's fee and suit cost became due and payable.**

The NIFL is entitled to prejudgment interest on all damages under Ohio law. Paragraph 15(d) of the Service Agreement between the NIFL and RPC states, "This Agreement shall be governed by, construed and enforced under the substantive, and not the conflicts, laws of the State of Ohio." The Service Agreement is attached as **Exhibit A**. The Court has already applied Ohio law when rendering its March 16, 2006 Order on the Plaintiff's Motions in Limine filed before the initial

trial. Ohio Revised Code Section 1343 provides that a party is entitled interest upon a judgment issued for damages arising out of a breach of contract. Ohio Revised Code 1343.03(A).

To the extent the Court issues judgment for damages due the NIFL, the NIFL is entitled interest thereon. The Ohio Revised Code 1343.03(A) is not discretionary in requiring a court to award prejudgment interest. <u>First Bank of Marietta v. L.C. Limited, et. al.,</u> 1999 WL 1262058 (Ohio App. 10 Dist. 1999) (stating "the trial court had no discretion but to award prejudgment interest under R.C. 1343.03(A)"). Interest is simple interest and is pegged to the federal short term rate of interest plus three percent. <u>Romanoff Elec. Corp., et.al. v. Ohio Dept. of Admin. Serv., et.al.,</u> 1994 WL 312923 (Ohio App. 10 Dist. 1994) (determining that interest under Ohio R.C. 1343.03 is simple interest); Ohio R.C. 5703.47 (causing the federal short term rate of July of the previous year plus three percent to be applicable rate under R.C. 1343.03 for the following year). Under Rev. Rul 2006-35, the July 2006 short term federal rate was set at 5.05%, so the 2007 pre-judgment interest rate applicable to the NIFL under R.C. 1343.03 is 8.00%.

The NIFL's damages include the unpaid medical bills and player judgments which were not covered under workers' compensation insurance as RPC had promised. In its Order of March 16, 2006, the Court already decided the NIFL "may be entitled to recover the full amount of damages and medical bills if properly proven" because the NIFL's breach of contract claim falls "outside the scope of workers' compensation statutes." The Court's March 16, 2006 Order is attached as **Exhibit B**. Since the Court already decided the NIFL is proceeding under a valid breach of contract claim, the issue before the Court is prejudgment interest available under a breach of contract claim. The Defendant argues the NIFL is not permitted to seek prejudgment interest for medical bills which are unpaid by the NIFL. However, the Defendant's assertion is without merit.

In rejecting the argument that only liquidated damages are subject to prejudgment interest, the Supreme Court of Ohio articulated the key question a court must answer in deciding to award prejudgment interest under Ohio Revised Code 1343.03(A): "Has the aggrieved party been fully compensated." Royal Electric Construction Corporation, 73 Ohio St.3d 110, 116 (OH Sup. Ct. 1995). The Ohio Supreme Court stated, "to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and the judgment." Id. at 117. In rendering the Royal decision, the Ohio Supreme Court upheld prejudgment for a Contractor who was liable to materialmen for excess costs of $51,591.00 due to the State's wrongful rejection of certain fixtures.

To make the NIFL whole, this Court must award the NIFL prejudgment interest on all unpaid, properly proven medical bills. In its March 24, 2006 Order, this Court determined the NIFL is in the same position as the Contractor in the Royal Electric case because the Court ruled, "Plaintiff is not limited to seeking recovery of only $31,800.50 it has already paid, but rather Plaintiff may seek recovery for all medical damages it has incurred and reasonably expects to incur . . .", given the NIFL's "promises to medical providers and players that it will cover the medical expenses." Like the Contractor in Royal Electric who was liable to materialmen because of the State's wrongful rejection of fixtures, the NIFL and its member teams are subject to liability for the unpaid medical bills which were not paid due to RPC's failure to provide workers' compensation. Several NIFL players have judgments against the NIFL and its teams for unpaid medical expenses and workers' compensation wages. The NIFL is also subject to suits by medical providers who have relied upon the NIFL's promises to obtain payment. Under these circumstances, the NIFL is entitled

prejudgment interest on all unpaid, properly proven medical bills and judgments to properly discharge the unpaid claims of the medical providers and to satisfy the judgment holders.

Because the NIFL's cause of action against RPC is in the nature of a breach of contract, the accrual date for prejudgment interest in a breach of contract actions is the date on which the claim becomes due and payable. First Bank of Marietta v. L.C. Limited, et. al.,1999 WL 1262058 (Ohio App. 10 Dist. 1999) citing Royal Electric Construction Corp. v. Ohio State Univ., 73 Ohio St.3d 110, 115.  In this case, each properly proven unpaid medical provider invoice accrues interest from the date treatment was rendered, which is the date on which the claim is due and payable by RPC. Between April of 2001 and August of 2001, most of the medical provider services were rendered and claims went unpaid.  A few players continued to receive treatment after August of 2001, so there are a small number of unpaid claims which began to accrue interest after August of 2001.  All of aforementioned dates of treatment are specified on the HCFA's and/or medical provider charts/notes/reports.  As for the accrual of interest on the judgments, interest on each judgment begins to accrue when the judgment is issued.

In addition to receiving prejudgment interest on the unpaid medical provider bills and player judgments, the NIFL is also entitled to interest on its attorneys' fees and costs of suit, which are due the NIFL under the prevailing party provisions of paragraph 15(b) of the parties' Service Agreement. City of Willoughby Hills v. Cincinnati Ins. Co., 26 Ohio App.3d 146, 148 (Ohio App. 11 Dist. 1986) (holding the claimant was entitled to prejudgment interest for attorneys' fees).  As of March 12, 2007, the NIFL incurred nearly $178,000.00 in attorney's fees and costs for which interest is to be assessed under Ohio law.

## **CONCLUSION**

For the foregoing reasons, the National Indoor Football League, respectfully requests this Court grant the Plaintiff's Sixth Motion in Limine in Support of the Damages Portion of Trial and issue an Order consistent with the suggested Order filed herewith.

                                               Respectfully submitted,

                                                 s/ Timothy C. Leventry
                                               Timothy C. Leventry, LL.M
                                               Attorney for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| **R.P.C. EMPLOYER SERVICES, INC.,** and **DAN J. D'ALIO,** | : | **PLAINTIFF'S BRIEF IN SUPPORT OF ITS SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** |
| DEFENDANTS. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the ___12th___ day of ___March___, 2007, a true and correct copy of the above-captioned **PLAINTIFF'S BRIEF IN SUPPORT OF ITS SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL** was served by First Class United States Mail, email and/or facsimile by postage prepaid, upon the following:

**Michael J. Seymour, Esq.**
**Feczko and Seymour**
**520 Grant Building**
**310 Grant Street**
**Pittsburgh, PA 15219**

**Bernard C. Caputo, Esq.**
**Fort Pitt Commons Building, Suite 260**
**445 Fort Pitt Boulevard**
**Pittsburgh, Pennsylvania 15219**

**LEVENTRY, HASCHAK**
**& RODKEY, LLC**

**s/ Timothy C. Leventry**
**Timothy C. Leventry, LL.M.**