```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

NATIONAL INDOOR FOOTBALL    )
LEAGUE, L.L.C.              )
                            )
        Plaintiff,          )
    v.                      )   CIVIL ACTION NO.: 2:02-cv-548
                            )
R.P.C. EMPLOYER SERVICES,   )
INC., and Dan J. D'Alio,    )
                            )
        Defendants.         )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SIXTH MOTION IN
LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL**

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC") by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files the following Response to Plaintiff's Sixth Motion in Limine with Respect to the Damages Portion of the Trial:

   1.   The averment contained in Paragraph 1 is denied for the reason that Paragraph 15(d) of the Service Agreement speaks for itself.

   2.   The averments contained in Paragraph 2 are denied for the reason that the Order referenced speaks for itself.

   3.   The averments contained in Paragraph 3 represent a conclusion of law to which no response is required.

   4.   The averments contained in Paragraph 4 represent a conclusion of law to which no response is required.

   5.   The averments contained in Paragraph 5 represent a conclusion of law to which no response is required.

6.   The averments contained in Paragraph 6 represent a conclusion of law to which no response is required.

7.   The averments contained in Paragraph 7 represent a conclusion of law to which no response is required.

8.   The averments contained in Paragraph 8 are denied.  On the contrary, it is averred the Court has not made a decision as averred and the balance of said averment represents a conclusion of law to which no response is required.

9.   The averments contained in Paragraph 9 are admitted in part and denied in part.  It is admitted that the Defendant argues the NIFL is not permitted to seek prejudgment interest for medical bills which are unpaid by the NIFL.  It is denied that the Defendant's assertion is without merit and on the contrary, it is averred Defendant's assertion is correct.

10.  The averments contained in Paragraph 10 represent a conclusion of law to which no response is required.

11.  The averments contained in Paragraph 11 represent a conclusion of law to which no response is required.

12.  The averments contained in Paragraph 12 are denied.  On the contrary, it is averred to make the NIFL whole the Court need not award prejudgment interest on all unpaid and paid properly proven medical bills, judgments and attorney's fees.

13.  The averments contained in Paragraph 13 are denied for the reason that the Court's Order dated March 24, 2006 speaks

for itself.

    14.    The averments contained in Paragraph 14 are denied for the reason that the NIFL is not like the contractor in *Royal Electric*. The balance of said averments are denied for the reason that strict proof thereof of all damages claimed is demanded.

    15.    The averments contained in Paragraph 15 are denied. On the contrary, it is averred the NIFL is not entitled to prejudgment interest on all unpaid properly proven medical bills and judgments to properly discharge the unpaid claims of the medical providers and to satisfy the judgment holders.

    16.    The averments contained in Paragraph 16 are denied for the reason that they represent a conclusion of law to which no response is required.

    17.    The averments contained in Paragraph 17 are denied. On the contrary, it is averred each properly proven unpaid medical provider's invoice does not accrue interest from the date treatment was rendered, which is the date on which the claim is due and payable by RPC. The balance of said averments are denied for the reason that strict proof thereof of all damages claimed is demanded.

    18.    The averments contained in Paragraph 18 are denied for the reason that they represent a conclusion of law to which no response is required. Furthermore, the provision of the

3

contract referenced speaks for itself.

**WHEREFORE,** Plaintiff's Sixth Motion in Limine with Respect to the Damages Portion of Trial should be denied.

                                  Respectfully submitted,

                                  **FECZKO AND SEYMOUR**

                                  *s/Michael J. Seymour*
                                  Michael J. Seymour, Esquire
                                  PA I.D. No. 00260
                                  Feczko and Seymour
                                  Firm I.D. #003
                                  310 Grant Street
                                  Suite 520 Grant Building
                                  Pittsburgh, PA 15219
                                  (412) 261-4970

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendants' Response to Plaintiff's Sixth Motion in Limine with Respect to the Damages Portion of the Trial upon the following **electronically** on the 27th day of March, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendants