IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. ) ) ) Plaintiff, ) v. ) ) R.P.C. EMPLOYER SERVICES, ) INC., and Dan J. D'Alio, ) ) Defendants. ) | CIVIL ACTION NO.: 2:02-cv-548 |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
SIXTH MOTION IN LIMINE WITH RESPECT TO
<u>THE DAMAGES PORTION OF TRIAL</u>**

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC") by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files the following Brief in Opposition to Plaintiff's Sixth Motion in Limine with Respect to the Damages Portion of the Trial:

Plaintiff's Sixth Motion in Limine raises the issue of its entitlement to prejudgment interest on damages under Ohio Law. Plaintiff's claim for damages is based upon alleged unpaid medical bills of NIFL players, attorney's fees and costs, as well as possible unsatisfied judgments. In its Motion and Brief, Plaintiff relies on Ohio Revised Code 1343.03(A) and cited cases for support of its entitlement to prejudgment interest.

The Ohio Revised Code 1343.03 read in its entirety as well as the cases cited in support in Plaintiff's Brief indicate the Court must determine the accrual date for the application of

interest.  Section (A) of Section 1343.03 establishes the rate of interest to be applied to the amount due and owing.  Sub-section (B) of Section 1343.03 provides the interest shall be due and payable from the date of the judgment to the date of payment and does not speak to the issue of prejudgment interest.  Subsection (C)(1) of Section 1343.03 indicates the Court shall determine at a hearing subsequent to the verdict or decision the length of time that interest should be due and payable upon the judgment that is rendered.  Section 1343.03 does not direct that prejudgment interest should automatically be applied.

The cases cited also support this conclusion.  *First Bank of Marietta v. L.C. Limited, et al.*, 1999 WL 1262058 (Ohio App. 10 Dist. 1999) indicates that the Court is to determine the accrual date.  In other words, when money was due and payable and thereby fix the date interest would begin to accrue.

The *Romanoff Elec. Corp., et al. v. Ohio Dept. Of Admin. Serv., et al.*, 1994 WL 312923 (Ohio App. 10 Dist. 1994) was a case in which the damages were liquidated and no dispute was ever raised as to the cost of the materials and, therefore, the Court did apply interest from the date that the claim accrued.

In the case of *City of Willoughby Hills v. Cincinnati Ins. Co.*, 26 Ohio App. 3d 146, 148 (Ohio App. 11 Dist. 1986) the Court determined that the appellee was entitled to prejudgment interest from the date those sums were incurred as determined by the trial

court.

In the instant case, the Plaintiff's claims for damages have been the central subject of the dispute.  The proof of the damages remain contested and the Court has yet to determine the amount of damages to which the Plaintiff is entitled.  Under these circumstances, the Plaintiff is not entitled to prejudgment interest under Ohio Law.

                        Respectfully submitted,

                        **FECZKO AND SEYMOUR**


                        *s/Michael J. Seymour*
                        Michael J. Seymour, Esquire
                        PA I.D. No. 00260
                        Feczko and Seymour
                        Firm I.D. #003
                        310 Grant Street
                        Suite 520 Grant Building
                        Pittsburgh, PA 15219
                        (412) 261-4970

**CERTIFICATE OF SERVICE**

_____I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendants' Brief in Opposition to Plaintiff's Sixth Motion in Limine with Respect to the Damages Portion of the Trial upon the following **electronically** on the 27th day of March, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

_s/Michael J. Seymour_
Michael J. Seymour, Esquire
Counsel for Defendants