IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
NATIONAL INDOOR FOOTBALL      )
LEAGUE, L.L.C.                )
                              )
        Plaintiff,            )
    v.                        )    CIVIL ACTION NO.: 2:02-cv-548
                              )
R.P.C. EMPLOYER SERVICES,     )
INC.,                         )
        Defendant.            )
```

**DEFENDANT'S MOTION IN LIMINE AS TO HCFA
RECORDS ALONE ESTABLISHING PLAINTIFF'S CLAIM
<u>FOR MEDICAL PROOF OF DAMAGES</u>**

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and states as follows:

1. At a meeting with Plaintiff's counsel on March 1, 2007, Defendant's counsel became aware for the first time that Plaintiff intended to rely upon HCFA billing statements alone to establish proof of the medical bills incurred by the NIFL players who sustained injuries during the relevant period of time.

2. The HCFA billing statements in question were supplied to Defendant's counsel on November 18, 2005. When Defendant's counsel objected to them in his letter of December 1, 2005 as not satisfying the requirements of Judge Ambrose's Order dated July 18, 2005, Plaintiff's counsel responded on December 5, 2005 stating in the next to last paragraph:

> "In short, the NIFL complied with each Paragraph of the July 18, 2005 Order.  The records forwarded to the Defendants contain all necessary information required

>    to evaluate the NIFL's claim for damages during
>    settlement negotiations.  Notwithstanding the
>    NIFL's compliance with the July 18, 2005 Order, the
>    NIFL is in the process of obtaining copies of the
>    underlying medical records for anticipated use at
>    trial.  We will forward these to you as soon as
>    possible."

(The correspondence and Order of Court herein referenced are noted in the Court's Order of March 23, 2005 hereinafter cited.)

    3.   In spite of Plaintiff's counsel's statements to the contrary and numerous subsequent productions of voluminous medical records and billing statements, Plaintiff's counsel now takes the position that the proof necessary to establish damages was produced with the HCFA billing statements alone on November 18, 2005.

    4.   On March 16, 2006, this Court entered an Order which in part discusses the issue now being raised.  Titled <u>Plaintiff's Second Motion in Limine</u>, the Court refers to Federal Rule of Evidence 803(6) and 902(11) (Self Authentication) and concludes by stating the "Federal Rules of Evidence, will be strictly enforced and each document will be assessed for admissibility, including trustworthiness, upon presentation."

    5.   On March 23, 2006, the Court entered a further Order on the issue of the medical record evidence which contained the following three (3) paragraphs:

>    "1.   Plaintiff will be allowed to introduce into evidence any and all medical records supplied to Defendants in November, 2005 to the extent that the records in question are

admissible under Federal Rules of Evidence 803(6) and 902(11), or otherwise with an appropriate foundation witness;

"2.   Plaintiff will be allowed to introduce into evidence any medical(s) records or documents that were produced to Defendants on March 13, 2006, if such records constitute the underlying supporting documentation to establish or confirm the accuracy of the information set forth in the medical provider-completed Health Insurance Claim Forms (HCFA-1500's) that were previously produced to Defendants in November 2005, to the extent that the records in question are admissible under Federal Rules of Evidence 803(6) and 902(11) or otherwise with an appropriate foundation witness.  See November 18, 2005, correspondence from Timothy Leventry, Esquire to Michael J. Seymour, Esquire; and December 5, 2005, correspondence from Timothy Leventry, Esquire to Michael J. Seymour, Esquire;

"3.   To the extent that the documents produced on March 13, 2006 are beyond the scope of those records provided to Defendants in November 2005, same will be excluded."

6.   On February 1, 2007, this Court clarified its Order of March 23, 2006 by stating on page (4):

> "The NIFL may introduce an HCFA 1500 form alone provided said form/record(s) is in compliance with FRE 803(b) and 902(11) or otherwise through an appropriate foundation witness.  Likewise, the NIFL may introduce a medical provider's notes/chart/report (or other similar medical record) alone provided said record(s) is in compliance with FRE 803(6) and 902(11) or otherwise through an appropriate foundation witness.

Also, each component of any combination of HCFA 1500 form(s) and medical provider notes/chart/report which NIFL seeks to introduce must be in compliance with FRE 803(6) and 902(11) or otherwise through an appropriate foundation witness."

7. The final paragraph of the above quoted Order reads:

"Although this ruling outlines the requirements and parameters regarding the admissibility of certain records, the actual determination of admissibility must be made at trial on a record-by-record submission basis. Also, at trial the fact finder may need guidance from the Court as to the fact(s) or import which a particular record may be considered to prove."

Footnote 2 uses the prototype records of Greg Albright and John Nicky Seymour to explain the court's rulings. In each case, the court points to both a HCFA form and a physician record/chart.

8. The Court Orders referenced above along with FRE 803(6) and 902(11) make it clear that a HCFA 1500 form alone does not satisfy the requirements to establish proper proof of damages. Moreover, Plaintiff's counsel's letter of December 5, 2005 and subsequent productions of records and statements confirmed it was his understanding as well.

**WHEREFORE**, Defendants request this Court issue an Order declaring a HCFA 1500 form alone is not sufficient to establish proper proof of damages.

4

        Respectfully submitted,

        **FECZKO AND SEYMOUR**

        *s/Michael J. Seymour*
        Michael J. Seymour, Esquire
        PA I.D. No. 00260
        Feczko and Seymour
        Firm I.D. #003
        310 Grant Street, Suite 520 Grant Bldg.
        Pittsburgh, PA 15219
        (412) 261-4970

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Motion in Limine as to HCFA Records Alone Establishing Plaintiff's Claim for Medical Proof of Damages upon the following **electronically** on the 27th day of March, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904


*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendants