**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| **PLAINTIFF,** | : | **NO.:  CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **REPLY TO DEFENDANT'S MOTION** |
| **and DAN J. D'ALIO,** | : | **IN LIMINE AS TO HCFA RECORDS** |
| | : | **ALONE ESTABLISHING PLAINTIFF'S** |
| **DEFENDANTS.** | : | **CLAIM FOR MEDICAL PROOF OF** |
| | : | **DAMAGES** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | **PLAINTIFF** |
| | : | |
| | : | |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | |
| | : | **TIMOTHY C. LEVENTRY, LL.M.** |
| | : | **LEVENTRY, HASCHAK & RODKEY,** |
| | : | **LLC** |
| | : | **PA I.D. 34980** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA  15904** |
| | : | **(814) 266-1799** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | CIVIL DIVISION |
| LEAGUE L.L.C., | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | REPLY TO DEFENDANT'S MOTION |
| and DAN J. D'ALIO, | : | IN LIMINE AS TO HCFA RECORDS |
| | : | ALONE ESTABLISHING PLAINTIFF'S |
| DEFENDANTS. | : | CLAIM FOR MEDICAL PROOF OF |
| | : | DAMAGES |

## REPLY TO DEFENDANT'S MOTION IN LIMINE AS TO HCFA RECORDS ALONE ESTABLISHING PLAINTIFF'S CLAIM FOR MEDICAL PROOF OF DAMAGES

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"),  by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Reply to Defendant's Motion in Limine as to HCFA Records Alone Establishing Plaintiff's Claim for Medical Proof of Damages and in support thereof avers as follows:

1.      Denied.  The NIFL is without sufficient information to form a belief as to the truth of the Defendant's assertion that it became aware for the first time that the Plaintiff intended to rely upon HCFA billing statements alone to prove damages with regard to certain players, therefore, it is denied and strict proof to the contrary is demanded.  By way of further answer, the NIFL put the Court and the Defendant on notice that it intended to use HCFA forms alone, introduced using with a FRE 902(11) certification or  by a foundation witness, to prove damages for some players.

After the parties failed to settle the remaining issue of damages via mediation, the NIFL filed Motions in Limine on October 28, 2006, one of which specifically asked the Court to permit the NIFL to introduce HCFA forms alone (or medical provider notes/charts/reports alone) at trial. A copy of the NIFL's October 28, 2006 Motions in Limine is attached hereto, made a part hereof and labeled **Exhibit A**  The Plaintiff served this Motion upon the Defendant, and the Defendant responded on November 9, 2007. A copy of the Defendant's Response (Excluding Exhibits) is attached hereto, made a part hereof and labeled **Exhibit B**. On February 1, 2007, the Court granted the NIFL's Motion in Limine allowing the NIFL to introduce HCFA forms alone (and medical provider notes/charts/reports alone) as long as they are properly certified pursuant to FRE 803(6) and 902(11) or otherwise introduced by a foundation witness. A copy of the Court's February 1, 2007 Order is attached hereto, made a part hereof and labeled **Exhibit C**.

Quite simply, the issue of permitting the Plaintiff to introduce HCFA forms alone <u>was resolved five (5) months ago in favor of the Plaintiff</u> upon the Court's considering of the Plaintiff's October 28, 2006 Motions and the Defendant's Responses thereto. Under these circumstances, it is disingenuous for the Defendant now to claim that March 1, 2007 is the first time the Defendant became aware of the Plaintiff's intent to introduce some HCFA forms alone to prove damages.

2.      Admitted in part. Denied in part. It is admitted the NIFL provided the HCFA forms (and some medical provider notes/charts/reports) to RPC on November 18, 2005, and the NIFL sent a letter to RPC's counsel on December 5, 2005 related thereto.   The other averments of Paragraph 2 are denied.

When the December 5, 2005 correspondence is considered in context, it is obvious the December 5, 2005 correspondence deals with the HCFA's satisfying Judge Ambrose's July 18, 2005

Order.  A copy of the December 5, 2005 Correspondence is attached hereto, made a part hereof and labeled **Exhibit D**.  Contrary to the Defendant's allegations, the Plaintiff's December 5, 2005 correspondence does not relate in any way to the Plaintiff's introduction of documents at trial.

The December 5, 2005 correspondence does discuss the HCFA form's sufficiency in establishing the Plaintiff's damages.  The passage from the December 5, 2005 correspondence explaining the HCFA form's sufficiency to prove damages, which is quoted by the Defendant in the instant Motion, states as follows:

> "The records forwarded to the Defendants contain all necessary information required to evaluate the NIFL's claim for damages during settlement negotiations."

As a consequence of the above-quoted language, the Defendant new, as early as December of 2005, that the HCFA forms contained the information necessary to prove damages.   After the parties did not resolve damages during mediation, the Plaintiff then filed a Motion in Limine on October 28, 2006 to permit it to introduce HCFA forms alone to prove damages, which the Court granted on February 1, 2007.  Indeed, the Plaintiffs have known for sixteen (16) months that the HCFA forms contain the necessary damage information and have known for five (5) months that the Plaintiffs intended to introduce some HCFA forms alone at trial to prove damages.   As a side note, the Defendants have done no discovery with respect to damages.

3.      Denied. As explained in greater detail in Paragraphs 1 and 2, the NIFL is not taking a position now that is contrary to the position it took in its December 5, 2005 correspondence or in its Motions in Limine filed on October 28, 2006.   The Defendant cannot argue that it is surprised the Plaintiff intends to introduce some HCFA forms alone to prove damages because this issue was

presented to the Court on October 28, 2006, subsequently briefed by both parties and decided in the NIFL's favor on February 1, 2007.

At this juncture, it is a waste of the Plaintiff's time and the Court's time to present this issue again because the Court already resolved the matter in the Plaintiff's favor on February 1, 2007. The instant Motion should be denied because it is an improper request for a second bite of the apple. Furthermore, the Defendant's instant Motion is but one example of the many delay tactics which have caused the Plaintiff to incur unnecessary legal costs. Any future argument by the Defendant that the Plaintiff's legal fees are unreasonable should be evaluated with skepticism in light of the Defendant's actions, especially with respect to this Motion since the issue raised in this Motion has already been decided. The filing of this Motion also is another example of the Defendant's refusal to acknowledge the magnitude of their failure to provide workers' compensation insurance as contracted.

5.      Admitted in part. Denied in part. It is admitted the Court issued a March 23, 2006 Order which contains substantially the same language as quoted by the Defendant. To the extent the Defendant asserts the March 23, 2006 Order supports its position taken in this Motion, the averments of Paragraph 5 are denied.

6.      Admitted in part. Denied in part. It is admitted the Court issued a February 1, 2007 Order which contains substantially the same language on page 4 of the Order as quoted by the Defendant. To the extent the Defendant asserts the February 1, 2007 Order supports its position taken in this Motion, the averments of Paragraph 6 are denied.

7.      Admitted in part. Denied in part. It is admitted the Court issued a February 1, 2007 Order which contains substantially the same language in the final paragraph of the Order as quoted

by the Defendant.  To the extent the Defendant asserts the February 1, 2007 Order supports its position taken in this Motion, the averments of Paragraph 6 are denied.

By way of further answer in support of the Plaintiff's denial of the allegations of this Motion, the Court previously held that a HCFA (and/or a medical provider's note/chart/report) may be introduced individually as long as it contains a proper certification or it is introduced through an appropriate foundation witness.   As admitted by the Defendant in Paragraph 6 of its Motion, the Court stated on page 4 of its February 1, 2007 Order:

> "The NIFL may introduce a HCFA 1500 form alone provided said form/record(s) is in compliance with FRE803(6) and 902(11) or otherwise through an appropriate foundation witness." (Emphasis Added).

According to the clear language of the Court's February 1, 2007 Order quoted above, the Court has not ruled that only those HCFA forms, which have corresponding medical provider's notes/charts/reports, can be introduced for purposes of admission at trial.  The only stipulation imposed is that the HCFA be introduced as a business record under FRE 803(6) by using a proper certification under FRE 902(11) or by using a foundation witness.

To emphasize its holding in the February 1, 2007 Order, the Court reviewed and commented on the records of Greg Albright.  In reviewing the records of Mr. Albright, the Court identified four (4) key factors to be found in the HCFA and/or medical provider note/chart/report that are necessary to prove damages: (1)  that the player's injury is work related, (2)  that the player was injured during the 2001 NIFL season, (3)  that the player received medical treatment related to the injury and (4) that the provider is due an amount for the treatment rendered; and for those documents admitted. On page 5 (footnote 2) of the Court's February 1, 2007 Order, the Court concluded Mr. Albright's April 11, 2001 HCFA "appear[s] to be admissible" on its own for  proving a work-related injury, the

date of the injury, the medical treatment rendered and the amount of the injury.  A copy of Mr. Albright's April 11, 2001 HCFA is attached hereto, made a part hereof and labeled **Exhibit E**.  The Court made this observation even though the Plaintiff provided related medical provider notes/charts/reports, which the Court also reviewed and did not reference in deciding the April 11, 2001 HCFA stood on its own for proving damages.

As observed by the Court, Box 10(a) of Mr. Albright's April 11, 2001 HCFA specifies that the injury is work related.  Box 14 establishes the date of injury.  Box 24(d) reflects the specific medical treatment rendered, which contains a specific code used universally for billing that is cross-referenced in industry-wide code manuals.  Box 28 lists the total charge of $1,890.00.  Indeed, as pointed out by the Plaintiff in prior Motions, the HCFA 1500 (as well as the HCFA 1450) is more detailed than the claim forms required by the Ohio Bureau of Worker's Compensation and contains all information necessary for the Plaintiff to meet its burden of proving damages.[1]

In rendering the February 1, 2007 Order, the Court also analyzed Mr. Albright's April 16, 2001 HCFA.  A copy of Mr. Albright's April 16, 2001 HCFA is attached hereto, made a part hereof and labeled **Exhibit F**  The Court remarks that Mr. Albright's April 16, 2001 HCFA  appears "to be

---

[1]Health Insurance Claim Forms (HCFA-1500's) are underlined mandated by the federal government's Healthcare Financing Administration and Department of Labor to reimburse health care providers for services rendered under the Medicare/Medicaid programs and to reimburse injured federal employees covered under the Department of Labor's Office of Workers' Compensation Programs.  These forms are universally used for claim submission purposes by medical providers nationwide.  Most importantly, Form HCFA-1500 contains the same information as the Ohio Bureau of Workers' Compensation Claim Forms (Form FROI-1), but it is superior in that it has a physician verification and identifies the specific treatment or services provided unlike Ohio Form FROI-1.

The HCFA-1500 requires the same information contained on the FROI-1 including the player's name, player's birth date and social security number, player's mailing address, the date of injury, the name of the employer or insurance provider and the identifying information for the medical provider or physician.  Form HCFA-1500 also is just as detailed as form FROI-1 because it contains the amount of the provider's charges along with the CPT or HCPCS five digit code identifying the specific service or treatment rendered.  The description of the procedure or service rendered is located Box 24(D).  The American Medical Association compiles the CPT codes in yearly publications, and the federal government also compiles the HCPCS codes in yearly publications. The Ohio FRIO-1 requires similar codes to report diagnoses.

admissible" but does not "suffice to prove the medical treatment cost of $189.00 because the checkmark in box 10(A) reflects the patient's condition is not related to his employment." Like its comment upon Mr. Albright's April 11, 2001 HCFA, the Court commented on Mr. Albright's April 16, 2001 HCFA without referencing any medical provider notes/charts/reports. Moreover, in making the observation about Mr. Albright's April 16, 2001 HCFA, the Court did not state the April 16, 2001 HCFA was not admissible on its own, rather the Court questioned only the document's content as insufficient to prove one (1) of the four (4) key factors needed to show damages. Most clearly, the content of each record is a separate and distinct issue from admissibility because the content affects only the sufficiency of the information contained in the document to prove damages.

Since the introduction of HCFA forms are subject of the instant Motion, the Plaintiff wishes to comment on its intention to introduce HCFA forms and/or medical provider notes/charts/reports at the damage trial which may not plainly establish the four (4) factors identified in the Court's February 1, 2007 Order. In making this commentary, the Plaintiff directs the Court again to Mr. Albright's April 16, 2001 HCFA as an example, which document the Court characterized in its February 1, 2007 Order as possibly not satisfying the four (4) factors.

At trial, the Plaintiff intends to introduce Mr. Albright's April 16, 2001 HCFA along with all other medical records listed on the spreadsheets which were given to the Court and the Defendant at the March 1, 2007 Pretrial Conference. Upon introducing all proper records, and establishing admission either via a foundation witness or a FRE 902(11) certification, the Plaintiff has the right to ask the Court to allow the factfinder to infer conclusions from all of the information contained in a particular record, to the extent a particular record may not establish the four (4) key factors by a plain reading of the document. Mr. Albright's April 16, 2001 HCFA is one such example where the

Plaintiff will ask the Court for all possible inferences.  The Plaintiff is permitted to ask for this because once the document is admitted and the content of each record is at issue during trial, the Court is required to permit the factfinder to infer conclusions from facts presented when the conclusion has a probability following from the basic facts.  <u>Edward J. Sweeney & Sons, Inc. v. Texaco, Inc.</u>, 637 F.2d 105, 115-116 (3rd Cir. 1980).

If the Court allows the factfinder to make inferences for those documents like Mr. Albright's April 16, 2001 HCFA, which the Plaintiff is confident the Court will permit in light of all testimony and evidence to be presented at trial, Plaintiff will argue Mr. Albright's April 16, 2001 HCFA contains content necessary to prove the four (4) key factors related to damages.  With all due respect to the Court's analysis of Mr. Albright's April 16, 2001 HCFA, the Plaintiff avers Mr. Albright's April 16, 2001 HCFA contains the necessary content because Box 1 identifies that a group health plan does not apply and Box 11 refers to the "NIFL" as the insurance plan and "Tri City Diesel" as the employer.  The information contained in the aforementioned Boxes, combined with the NIFL's intended testimony about it offering a worker's compensation insurance only, are permitted to be presented to the factfinder for a reasonable inference to be drawn that Mr. Albright's injury is work related.  The NIFL would not be listed as the insurance plan and the Tri City Diesel would not be listed as the employer if the injury was not work related.

The NIFL intends to present a similar argument with respect to other records which may not clearly establish the four (4) key factors.[2]  Another such example is Mr. Gackle's $35.00 HCFA. A

---

[2] The NIFL avers that most HCFA's (and/or medical provider notes/charts/reports) it seeks to introduce clearly and plainly establish the four (4) key factors.  Only certain records, like Mr. Albright's April 16, 2001 HCFA, must be analyzed closely and maybe combined with other evidence/testimony to establish the four (4) key factors. Any such records are no less supportive of NIFL's position because these records must be read as a whole and inferences may be easily drawn as to whether there exists proof of the four (4) key factors.

copy of Mr. Gackle's $35.00 HCFA is attached hereto, made a part hereof and labeled **Exhibit G**.

With regard to Mr. Gackle's $35.00 HCFA 1450, Box 32 contains the number 4.   According to the

cross-reference of code 4 in the standard billing codes for HCFA 1450's, code 4 refers to workers'

compensation according to the Medicare Intermediary Manual.   A copy of pages 30 and 31 of the

Medicare Intermediary Manual is attached hereto, made a part hereof and labeled **Exhibit H**.   The

Plaintiff will ask the Court to take judicial notice of the Medicare Intermediary Manual containing

the billing codes for use in HCFA 1450's, which is proper for the Court to allow because the Manual

is widely available and used for billing purposes by medical providers per the United States

Department of Health and Human Services.[3]   See, Medicare Intermediary Manual, Pages 30-31 ;

Federal Evidence Rule 803(17); Vandegrift v. Atlantic Envelope, Co., 2003 WL 22871661 (E.D. Pa.

2003) (public information compiled by the Bureau of Labor Statistics is the proper subject of judicial

notice);  SK&F Co. v. Premo Pharmaceutical Laboratories, 481 F.Supp. 1184, 1189 (Dist. Ct. N.J.

1979) (taking judicial notice the Physician's Desk Reference because it is widely used by physicians

and pharmacists).

   8.     Denied.  A HCFA form alone is admissible as a certified business record under FRE

803(6) and 902(11) or via a foundation witness.  The Defendant's Motion should be dismissed

because the Court already ruled on February 1, 2007:  "The NIFL may introduce a HCFA 1500 form

alone provided said form/record(s) is in compliance with FRE803(6) and 902(11) or otherwise

through an appropriate foundation witness." (Emphasis Added).

---

[3]The full text of the Manual is available at the Health and Human Services Website:
http://www.cms.hhs.gov/Manuals/IOM/itemdetail.asp?filterType=none&filterByDID=-99&sortB
yDID=1&sortOrder=ascending&itemID=CMS018912

WHEREFORE, Plaintiff, National Indoor Football League, respectfully requests this Honorable Court deny with the Defendant's Motion in Limine as to HCFA Records Alone Establishing Plaintiff's Claim for Medical Proof of Damages.

Respectfully submitted,

_____s/ Timothy C. Leventry_____
TIMOTHY C. LEVENTRY, LL.M.
LEVENTRY, HASCHAK & RODKEY, LLC.
PA I.D. 34980
1397 EISENHOWER BOULEVARD
RICHLAND SQUARE I, SUITE 202
JOHNSTOWN, PA  15904
(814) 266-1799

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | CIVIL DIVISION |
| LEAGUE L.L.C., | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | REPLY TO DEFENDANT'S MOTION |
| and DAN J. D'ALIO, | : | IN LIMINE AS TO HCFA RECORDS |
| | : | ALONE ESTABLISHING PLAINTIFF'S |
| DEFENDANTS. | : | CLAIM FOR MEDICAL PROOF OF |
| | : | DAMAGES |

### CERTIFICATE OF SERVICE

I hereby certify that on the _____6th_____ day of _____March_____, 2007, a true and correct copy of the Reply to Defendant's Motion in Limine as to HCFA Records Alone Establishing Plaintiff's Claim for Medical Proof of Damages. was served by First Class United States Mail, email and/or facsimile by postage prepaid, upon the following:

**Michael J. Seymour, Esq.**
**Feczko and Seymour**
**520 Grant Building**
**310 Grant Street**
**Pittsburgh, PA 15219**

**Bernard C. Caputo, Esq.**
**Fort Pitt Commons Building, Suite 260**
**445 Fort Pitt Boulevard**
**Pittsburgh, Pennsylvania 15219**

**LEVENTRY,  HASCHAK**
**& RODKEY, LLC**

**s/ Timothy C. Leventry_____**
**Timothy C. Leventry, LL.M.**

L:\N\National Indoor Football League 01-214\Reply to Def's Motion in Limine - Regarding  HCFA  Use Alone.wpd