IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C. EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

May 4, 2007

Presently before the Court are the following:

(1) SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF THE TRIAL, filed by Plaintiff, the National Indoor Football League, L.L.C. ("NIFL") (*Document No. 111*), and the response and brief in opposition filed by Defendant, R.P.C. Employer Services, Inc. ("RPC") (*Document Nos. 113 and 114, respectively*); and

(2) MOTION IN LIMINE AS TO HCFA RECORDS ALONE ESTABLISHING PLAINTIFF'S CLAIM FOR MEDICAL PROOF OF DAMAGES WITH RESPECT TO PLAINTIFF'S DAMAGES, filed by RPC (*Document No. 115*) and the reply in opposition filed by the NIFL (*Document No. 116).*

The Motions will be addressed seriatim.

**PLAINTIFF'S SIXTH MOTION IN LIMINE WITH RESPECT TO THE DAMAGES PORTION OF TRIAL (DOCUMENT NO. 111)**

Plaintiff contends that pursuant to Ohio Revised Code 1343.03(A), it is entitled to pre-judgment simple interest on all of its properly proven damages, which consist of paid and unpaid medical provider claims, player judgments, and on its right to attorney's fees and costs pursuant to Paragraph 15(b) of the parties' Service Agreement.

As Defendant correctly notes, Plaintiff's claims for damages have been the central subject of the instant dispute. The proof of damages remain contested and the Court has yet to determine the amount of damages to which Plaintiff is entitled.

As to Plaintiff's first request, with respect to pre-judgment interest which may be awarded on Plaintiff's damage claims for unpaid medical providers, a determination by the factfinder (in this case, the Court) must first be made as to the dates on which each of those claims for medical expenses were incurred and thus became due and payable. Provided said claims are properly proven, pre-judgment interest will likely be awarded as of the referenced date when payment became due as determined by the Court.

As to Plaintiff's second request regarding pre-judgment interest on unsatisfied judgments, an award of pre-judgment interest from the date of the judgment will be issued provided that the unsatisfied judgment fulfills all the requirements necessary to establish an appropriate injury with medical treatment within the applicable time period.

As to Plaintiff's final request, a determination regarding the award of attorney's fees and costs has not and cannot be made until trial. Any award of attorney's fees and costs and potential interest thereon will be made if and when attorney's fees are awarded at the

conclusion of the trial, there will be no pre-judgment interest awarded on attorney fees and costs.

### DEFENDANT'S MOTION IN LIMINE AS TO HCFA RECORDS ALONE ESTABLISHING PLAINTIFF'S CLAIM FOR MEDICAL PROOF OF DAMAGES (DOCUMENT NO. 115)

RPC requests the Court "to issue an order declaring that an HCFA 1500 form alone is not sufficient to establish proper proof of damages." Mot. at 4. This is not the first time the Court has addressed the HCFA 1500 forms or the medical records at issue in this case. In fact, on three separate occasions, the Court has addressed the admissibility of the HCFA 1500 forms.

First, on March 16, 2006, the Court entered an Order in which is stated that the "Federal Rule of Evidence will be strictly enforced and each document will be assessed for admissibility, including trustworthiness, upon presentation." (See Document No. 71).

Then approximately a week later, on March 23, 2006, the Court entered a further Order on the issue of the medical record evidence which again stated that (i) Plaintiff would be allowed to introduce into evidence any and all medical records supplied to Defendants in November 2005 to the extent that the records in question are admissible under Federal Rules of Evidence 803(6) and 902(11), or otherwise with an appropriate foundation witness; (ii) that Plaintiff would be allowed to introduce into evidence any medical records or documents that were produced to Defendants on March 13, 2006, if such records constitute the underlying supporting documentation to establish or confirm the accuracy of the information set forth in the HCFA 1500s that were previously produced to Defendants in November 2005; and (iii) to the extent that the documents produced on March 13, 2006 are beyond the scope of those

records provided to Defendants in November 2005, same will be excluded. (See Document No. 82).

On February 1, 2007, the Court clarified its Order of March 23, 2006 and provided parameters for the admissibility of the HCFA 1500 forms, as well as certain other records. However, the Court stated that the "actual determination of admissibility must be made at trial on a record-by-record submission basis." (See Document No. 109.)

Defendant now requests the Court to issue an Order unequivocally declaring that a HCFA 1500 form alone is not sufficient to establish proper proof of damages. This request is denied. As the Court has stated on numerous occasions, an HCFA 1500 form may be admissible on its own; however, the issue of whether an HCFA 1500 form alone properly establishes or proves damages is an entirely different question that can only be resolved after the Court has examined each record and made a determination as to whether the HCFA 1500 form contains all the requisite factors set forth in the Court's February 1, 2007 Order.

So **ORDERED** this 4th day of May, 2007.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Forrest B. Fordham, III, Esquire
Email: ffordhamlaw@aol.com

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net