# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| **Plaintiff** | : | **CIVIL DIVISION** |
| | : | **NO. CA 2 - 548** |
| v. | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| | : | **Pretrial Narrative Statement with Respect to the Damages Portion of Trial** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | |
| **Defendant.** | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | **Plaintiff** |
| | : | |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | |
| | : | **TIMOTHY C. LEVENTRY, LL.M** |
| | : | **LEVENTRY, HASCHAK &** |
| | : | **RODKEY, LLC** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA 15904** |
| | : | **(814) 266-1799** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | |
| **LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| **Plaintiff** | : | **NO. CA 2 - 548** |
| | : | |
| v. | : | **TYPE OF PLEADING:** |
| | : | |
| | : | **Pretrial Narrative Statement with Respect** |
| | : | **to the Damages Portion of Trial** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

## PRETRIAL NARRATIVE STATEMENT

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Pretrial Narrative Statement With Respect to the Damages Portion of Trial and in support thereof avers as follows:

## INTRODUCTION

The damages portion of this case is now before the Court. The parties stipulated to the Defendants' liability after the March, 2006 trial, and the issue of damages could not be resolved during mediation thereafter. The NIFL's damages consist of unpaid medical provider claims, player judgments, attorney's fees, suit costs including witness expenses and prejudgment interest.

The Court issued Orders dated March 16, 2006, March 23, 2006, March 24, 2006, February 1, 2007 and May 4, 2007 with respect to several Motions in Limine raised by the parties. As a result of the Orders, the Court has narrowed significantly the various issues related to the Plaintiff's damages. The issues upon which the Court ruled include the following: (1) the Court denied the applicability of a deductible; (2) the Court held that damages may encompass the entire 2001 NIFL season; (3) the

Court permitted the use at trial of Federal Rule of Evidence 902(11) compliant Certifications dated on or before March 13, 2006 (4) the Court denied that a HCFA form could not be introduced alone without underlying medical provider charts/reports/records; (5) the Court held the NIFL's damages are not limited to the reimbursement rates under Ohio Worker's Compensation Statutes; (6) the Court determined the NIFL's damages are not limited to the amount it paid RPC for its services under the Service Agreement; and (7) the Court permitted the Plaintiffs to introduce the records using FRE 902(11) Certifications.  Accordingly, the primary issue before the Court is the examination of each medical provider claim, consisting of HCFA forms and/or medical provider notes/charts/reports or a combination of both.

## PROCEDURAL NARRATIVE

On April 3, 2002, the NIFL filed its Amended Complaint against RPC Employer Services, Inc. ("RPC") alleging Breach of Contract, and Fraud and filed suit against Dan D'Alio alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et. seq., because nearly three-quarters of a million dollars of workers' compensation claims went uncovered due to RPC's and its President, Dan J. D'Alio's, failure to procure workers' compensation insurance for NIFL teams through the state of Ohio despite its promise to do so as contained in the RPC's and the NIFL's written contract.  On June 10, 2003, the Defendants filed their Answer and Affirmative Defenses to the Plaintiff's Amended Complaint.

On March 12, 2004, the Defendants filed a Motion for Summary Judgment against the Plaintiff raising the viability of the Plaintiff's 18 U.S.C. § 1964 claim, whether an enforceable contract existed between the NIFL and RPC and whether the Plaintiff established a valid fraud claim against the Defendants.  On March 25, 2004, the Defendants filed their Pre-Trial Statement

containing a Brief Narrative of the facts of the case. On June 1, 2005, the Court issued an order granting summary judgment in part and denying in part. The Order granted summary judgment in favor of the Defendants insofar as the Plaintiff's Amended Complaint stated a claim for violation 18 U.S.C. § 1964(a) only, but the Order denied summary judgment in all other respects.

On February 23, 2006, the Defendants' filed their Motions in Limine to Exclude Evidence of Damages before trial. The Defendants' Motion in Limine raised the following issues relative to limiting damages: (1) that the effective date of the Service Agreement precluded the NIFL from claiming pre-season injuries; (2) that RPC should not be liable for claims after April 17, 2001 (the alleged date of the Service Agreement termination) or no later than 30 days after April 17, 2001; (3) that the NIFL's damages are not recoverable beyond $31,800.50 in out-of-pocket expenses; (4) that the NIFL is precluded from introducing certain documentary evidence to prove damages. On March 16, 2006, the Court granted the Defendants' Motion in Limine with respect to the pre-season injuries, denied the Defendants' Motion with respect to the termination date of the Service Agreement, denied the Defendants' Motion with respect to limiting damages to no more than $31,800.50, and denied Defendant's Motion with respect to the exclusion of documentary evidence.

On March 17, 2006, the Defendants filed a Motion to Strike witnesses on the NIFL's Exhibit List and all medical documentation provided to the Defendants after November of 2005. This Motion did not involve any allegations with respect to a deductible. On March 22, 2006, the Defendants filed a Motion for Reconsideration of the Court's March 16, 2006 Order challenging the NIFL's standing. On March 23, 2006, the Court denied the Defendants' Motion to Strike with respect to the NIFL's witness and granted in part the Defendant's Motion with respect to the medical

documentation. On March 24, 2006, the Court denied the Defendants' Motion for Reconsideration holding that the NIFL possessed the requisite standing to assert claims against the NIFL.

Prior to trial on March 28, 2006, the Plaintiffs and Defendants resolved the liability portion only of above-captioned case at which time the Defendants agreed to pay $75,000.00 to the NIFL to settle the RICO claim against Dan D'Alio and the fraud claim against RPC, and RPC consented to liability on the breach of contract claim. RPC also agreed to withdraw its counterclaim against the NIFL. The parties agreed upon a contractual liability settlement which consisted of the parties' submission, to a mediator chosen by agreement of the parties, of the issue of damages consisting of unpaid workers' compensation claims, attorney's fees, costs and RPC's payment, assumption of and/or indemnification for pending lawsuits/judgments consequentially related to RPC's breach of contract. The parties could not resolve matters through mediation, so the NIFL petitioned the Court to reopen the case on October 11, 2006.

On February 1, 2007, the Court issued an Order with respect to the Plaintiff's first four (4) Motions in Limine with Respect to the Damages Portion of Trial and with respect to the Defendant's first three (3) Motions in Limine with Respect to the Damages Portion of Trial. The Court found: (1) the NIFL's damage claims are not to be reduced by any deductible for set off; (2) "The NIFL may introduce an HCFA 1500 form alone provided said form/record(s) is in compliance with FRE 803(6) and 902(11) or otherwise through a foundation witness" and "the NIFL may introduce a medical provider's notes/chart/report (or other similar medical record) alone provided said record (s) is in compliance with FRE 803(6) and 902(11) or otherwise through an appropriate foundation witness;" (3) the NIFL may not introduce any kind of FRE 902(11) certification or medical record produced after March 13, 2006; (4) the Court will take judicial notice of Orders and Judgments

against the NIFL from tribunals in other jurisdictions provided that sufficient information is reflected in the Order/Judgment to establish work-related injury within the subject coverage time period with related medical treatment and specific costs therefor; (5) the decision as to the number of teams eligible for damages will be deferred to trial at which time the Court will consider evidence presented by both parties; (6) the NIFL's damage claims may encompass the entire 2001 NIFL season; and (7) the NIFL's damages are not limited by Paragraph 14 of the Service Agreement.

On May 4, 2007, the Court issued an Order with respect to the Plaintiff's Sixth Motion in Limine and with respect to the Defendant's Motion in Limine concerning the use of HCFA forms alone establishing damages. The Court held that "pre-judgment interest will likely be awarded as of the referenced date when payment became due as determined by the Court," "prejudgment interest from the date of judgment will be issues provided that the unsatisfied judgment fulfills all the requirements necessary to establish an appropriate injury with medical treatment within the applicable time period," and "[a]ny award of attorney's fees and costs and potential interest thereon will be made if and when attorney's fees are awarded at the conclusion of trial, there will be no prejudgment interest awarded on attorney's fees and costs . . ." In the same Order, the Court clarified that a "HCFA 1500 form may be admissible on its own; however, the issue of whether an HCFA 1500 form alone properly establishes or proves damages is an entirely different question that can only be resolved after the Court has examined each record and made a determination as to whether the HCFA 1500 form contains all the requisite factors set forth in the Court's February 1, 2007 Order."

## NARRATIVE OF THE FACTS

This case is a civil action against the Defendant, R.P.C. Employer Services, Inc. (hereinafter "RPC") and former-Defendant Daniel J. D'Alio (hereinafter D'Alio), containing counts including the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Section 1964 et.seq., Breach of Contract, and Fraud. The parties settled the RICO Count and Fraud Count against D'Alio and RPC for $75,000.00 on March 28, 2006. At the same time, the parties stipulated to RPC's liability for breach of contract for failing to provide workers' compensation coverage to the National Indoor Football League's (hereinafter "NIFL) and its Indoor Football Teams' players pursuant to the parties' Service Agreement. Due to RPC's admitted breach, numerous players' worker's compensation claims went unpaid.

The relevant facts of the case are as follows. In late October of 2000, RPC, through it's President, Dan J. D'Alio, issued a proposal to the NIFL. The Proposal stated that RPC would provide payroll and workers' compensation insurance coverage to all NIFL players and staff through the Ohio Bureau of Workers' Compensation by leasing the NIFL player's and staff to the NIFL through RPC, which would qualify league players and staff for coverage under RPC's Ohio Workers' Compensation Policy. The Proposal also specifically stated the NIFL could have workers' compensation coverage for all NIFL employees through the state of Ohio "based on the national headquarters for your League locating to Ohio." At the time of the Proposal and during the 2001 NIFL season, the NIFL did not have any teams sponsored in the State of Ohio, it did not plan to have any teams in Ohio nor did it have an office or any employees in the State of Ohio. Carolyn Shiver, President of the NIFL, instructed RPC and D'Alio that the NIFL did not have any teams in the State of Ohio, and also indicated that the NIFL did not have an office or employees working in the State

of Ohio. The NIFL opened an office in Ohio under D'Alio's instructions, but Ohio Workers' Compensation Law is clear that only those employees physically working in the state of Ohio would be covered under Ohio Workers' Compensation

On March 15, 2001, RPC President Dan J. D'Alio met with representatives from the Ohio Bureau of Workers' Compensation to discuss the application of Ohio workers' compensation insurance coverage to NIFL players and staff, all of whom where located and worked in different states outside of Ohio. At this meeting, representatives from the Ohio BWC informed D'Alio that RPC could not provide worker's compensation insurance coverage to the NIFL because the Plaintiff's players and staff were not located in the State of Ohio.

Despite RPC received a clear explanation of Ohio Bureau of Workers' Compensation's policies by employees of the Bureau , RPC entered into a contract on March 21, 2001 with the NIFL to coordinate workers' compensation coverage through the State of Ohio. Neither before nor after entering into the RPC/NIFL contract did RPC inform the NIFL that the Ohio Bureau of Compensation representatives stated that workers' compensation coverage for all NIFL employees is not permitted under Ohio Workers' Compensation Law. At all times during the time in which the RPC/NIFL contract was in effect, the NIFL believed RPC had secured workers' compensation coverage through the State of Ohio. In reliance upon RPC 's promises, the NIFL and its players completed the necessary paperwork for Ohio coverage and paid to RPC $9,217.07 for Worker's Compensation Premiums and $8,136.00 in management fees between March 28, 2001 and April 16, 2001, which management fees and premiums RPC accepted.

On April 13, 2001, RPC sent additional instructions to the NIFL with regard to additional documentation that was required to retain workers' compensation coverage. Then, abruptly and

L:\N\National Indoor Football League 01-214\NIFL's Pretrial Narrative Statement - Damages Portion of Case.wpd

without notice, RPC terminated the contract with the NIFL on April 16, 2001.  The NIFL avers RPC terminated its agreement with the NIFL in bad faith because, through their own errors and fraud, RPC caused the NIFL to rely on its expertise and then finally determined it could not provide workers' compensation coverage through the state of Ohio for all NIFL employees.

Because of RPC's breach of contract and perpetration of fraud, $505,498.44 in workers' compensation claims were not paid.  The NIFL incurred legal fees and expenses in the amount of $192,823.78 to prosecute this case from August of 2001 through March 10, 2007.  The NIFL incurred judgments totaling $45,440.96 for John Nicky Seymour, Emmanuel Bentley and Kareem Vance.  The John McCorvey Case filed against the Mobile Seagulls and the NIFL at case number CV-01-2380.51 in the Circuit Court of Mobile City, Alabama is pending and must be assumed by RPC.  Likewise, the case filed by Jeff Kerns against the NIFL and Sioux City Indoor Football, LLC at case number LACV 126889 in the Iowa District Court in and for Woodbury County must be assumed by RPC.  Consistent with the Court's May 4, 2007 Order, the NIFL is also requesting attorneys' fees, costs of suit including witness expenses and prejudgment interest.

## WITNESSES

At trial, the Plaintiff may call any or all of the following witnesses to testify relative to the issues of liability and/or damages:

1. Carolyn Shiver, President
   National Indoor Football League
   600 Loire Avenue
   Lafayette, LA 70507

2.	Business Manager from Each Team (or their successors, assigns or related entities):

Billings Outlaws
303 North Broadway, Suite 616
Billings, MT 59101

Johnstown J Dogs
326 Napoleon Street
Johnstown, PA 15901

Bayou Beast
600 Loire Avenue
Lafayette, LA 70507

Alexandria Rangers
5600 Coliseum Road
Alexandria, LA 71303

Lake Charles Land Sharks
P.O. Box 1943
Lake Charles, LA 70601

Mississippi Firedogs
P.O. Box 8015
Biloxi, MS 39535

Mobile Seagulls
3250 Airport Boulevard
Mobile, AL 36606

Rapid City Reddogs
201 Main, Suite G
Rapid City, SD 57701

Sioux City Bandits
401 Gordon Drive
P.O. Box 3183
Sioux City, IA 51104

Sioux Falls Storm
1910 South Minnesota
Sioux Falls, SD 57105

       Southern Oregon Heat
       33 North Central Ave., Suite 332
       Medford, OR 97501

       Diesel Football Business Office
       609 Platte Road
       Kearney, NE 68845

       Casper Professional Football, LLC
       Wyoming Cavalry
       800 Werner Ct, Suite 125
       Casper, WY 82601

3.    Any or All current or former NIFL Players of the 2001 Season
     Please see the above addresses for each team for these players.
     Each Player's name is listed on Plaintiff's Exhibit 30, which is already in Defendants possession. This exhibit was part of the Exhibit packet provided to the Defendants for the March 28, 2006 trial, which shall also be Exhibit 30 for the damages trial.

4.    Any or All Providers (or their successors, assigns or related entities) listed on Spreadsheet's B and/or C contained in the NIFL's Calculation of Damages prepared in Accord with the Court's February 1, 2007 Order, which is marked Exhibit 36 for the damages trial.

5.    Timothy C. Leventry, Esq.
     Ryan J. Sedlak, Esq.
     Paul Mattis, Paralegal
     1397 Eisenhower Blvd.
     Richland Square III, Suite 202
     Johnstown, PA 15904

## **EXHIBITS**

The Plaintiffs may present any or all of the following Exhibits:

P-1    EmployShare Proposal ("Proposal") issued October 28, 2000 to National Indoor Football League, Inc. ("League")

P-2    The National Indoor Football League's November 3, 2000 Meeting Agenda.

P-3    December 29, 2000 correspondence from Carolyn Shriver and the League to Daniel D'Alio and RPC.

P-4  March 16, 2001 email correspondence from Daniel D'Alio to Tina also cc: to Maureen Ciarolla.

P-5  Undated correspondence from Maureen Ciarolla to Carolyn Shiver and the NIFL.

P-6  Application for Coverage form of the OBWC dated March 17, 2001.

P-7  Official Check from the NIFL to OBWC dated March 22, 2001.

P-8  Certificate of Premium Payment from the OBWC dated March 30, 2001 thru May 14, 2001 entitling the NIFL to rights in The Ohio Bureau of Workers' Compensation Fund.

P-9  Certificate of Premium Payment from the OBWC dated March 30, 2001 thru August 31, 2001.

P-10  Certified Mail/Facsimile from Daniel D'Alio to the NIFL and Carolyn Shiver terminating the April 13, 2001 agreement.

P-11  April 18, 2001 fax from Maureen Ciarolla to Carolyn Shiver requesting address of NIFL.

P-12  April 17, 2001 correspondence from Carolyn Shiver to Daniel D'Alio.

P-13  June 4, 2001 correspondence from Tom Sico of the OBWC to Carolyn Shiver.

P-14  Blank copy of form C-110 of the OBWC.

P-15  April 9, 2001 email correspondence from Jean Krum to Kay Goodman and subsequent emails attached.

P-16  September 20, 2001 correspondence from Sharon Price of the OBWC to the NIFL

P-17  September 5, 1996 Interstate Jurisdiction General Rule for the OBWC signed by Michael Travis, Director of Legal Operations of the Ohio Bureau of Workers' Compensation.

P-18  Service Agreement between RPC and the League dated March 20, 2001.

P-19  April 13, 2001 correspondence from Maureen A. Ciarolla of RPC to Carolyn Shiver and the NIFL.

P-20  April 18, 2001 correspondence from Bernard C. Caputo, representing RPC to Carolyn Shiver and the NIFL.

P-21   April 17, 2001 correspondence from Carolyn Shiver and the NIFL to Daniel D'Alio and RPC.

P-22   Undated letter from Daniel D'Alio of RPC to Carolyn Shiver and the NIFL terminating agreement.

P-23   List of workers' compensation fees, management and other fees paid by League teams to RPC.

P-24   New Employee Packet prepared by RPC.

P-25   List of injuries sustained by member teams as of June 2001 that includes the names of individual players, their respective injuries and the associated costs of treatment for said injuries.

P-26   Documentation of workers' compensation claims on behalf of the participating League teams.

P-27   Request for Proposal for PEO Services provided by StaffMarket.

P-28   Pre-June 7, 2001 lists of injuries and respective costs for participating League teams.

P-29   Post-June 7, 2001 lists of injuries and respective costs for participating League teams.

P-30   Documentation of workers' compensation claim reports for participating League teams.

P-31   All NIFL Players' Contracts (An example is attached hereto)

P-32   All NIFL Players' Completed C-110's Forms (An example is attached hereto).

P-33   Information on the P.O. Box and Bank Accounts established in Ohio by the NIFL.

P-34   NIFL Ohio Agent Registration Form

P-35   2001 NIFL Season Schedule

P-36   March 15, 2001 Memo to the League asking for the completion of form C-110's

P-37   Ohio BWC Invoices Directed to the League

P-38   NIFL February 2001 Meeting Minutes

P-39   Team Participation Agreements (An example is attached hereto).

P-40   NIFL's Calculation of Damages Prepared in Accord with the Court's February 1, 2007 Order

P-41   Revised Spreadsheet (see P-40 Spreadsheet B) of Certified Records (with Certifications dated on or before March 13, 2006) to include medical provider Sunbelt Rehabilitation, who provided a Certification dated on or before March 13, 2006, and removing St. Vincent Healthcare, who did not provide a written certification. And Revised Spreadsheet of (see P-40 Spreadsheet C) of Records (with or without Certifications dated after March 13, 2006) removing Sunbelt Rehabilitation and adding St. Vincent Heathcare.

P-42   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Billings Outlaws - Player: Derek Gackle

P-43   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Johnstown J-Dogs - Players: John Schmitt, Justin Bivins, Jody Cantu, Jermaine Carswell, Lamonte Coleman, Michael Elwood, Brian Giachetti, Michael Marshall, Faraji, Mason, Todd McGough, Dennis Morris, Quenteen Robinson, Cadell Seagraves, Jackie Womack, Charles Wyatt, Todd Zaborac, and Michael Elwood.

P-44   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Bayou Beast - Players: Montra Edwards, William Locklear, Timothy Lyons, James Newton and Kareem Vance.

P-45   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Louisiana Rangers - Players: Jacobe Austin, Damion Brown, Randy Chappell Clarence Fields, Jr., James Goodman, Gerald Griffith, Andre King, Chris Lazard, and Ranson Jabari.

P-46   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Mississippi Firedogs - Players: Emmanuel Bentley, Terrance Blackwell, Terrance Dickerson, Bobby Doyle, Kevin Heard, and John Nicky Seymour.

P-47   HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Mobile Seagulls - Players: Dominicke Haston.

P-48    HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Rapid City Red Dogs - Players: Cedrick Cummings, Christopher Evans, Alfred Everett, III, Adam Hicks, Daniel Maciejczak, Brian Mills, Mario Patton, Kyle Sires, Ryan Speed, and Casey Veenhof.

P-49    HCFA Forms and/or medical provider notes/charts/reports with Certifications which Certifications are dated on or before March 13, 2006) attached thereto for the Sioux City Bandits - Players: Paul Dacres, Eric Davidson, Jon Elder, Jason Graham, Gary Green, Dontae Jones, Jeffrey Kerns, Kip Kieso, Carl Reinhardt, Anthony Simmons, Fota Taua, Jesse Wavrunek, Ervin Whitehead, Jr., Odyssei Wilridge and Phillip Wilson.

P-50    HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Sioux Falls Storm - Player: Bobby Perkins.

P-51    HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Southern Oregon Heat - Players: John Avalos, Antwan Harris, Andy Hixson, Ryan Morgan and Kenny Smith.

P-52    HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Tri-City Diesel - Players: Greg Albright, Casey Hughes, Bradley Kjar, Alphonsus Olieh, Anthony Parker, John Pettis, and Eric Ryan.

P-53    HCFA Forms and/or medical provider notes/charts/reports with Certifications (which Certifications are dated on or before March 13, 2006) attached thereto for the Wyoming Cavalry - Players - Kevin Stanley and Jeffrey Wray.

P-54    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Billings Outlaws - Providers: Orthopedic Associates and St. Vincent Healthcare (or their successors, assigns or related entities).

P-55    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Johnstown J-Dogs - Providers : UPMC Lee Regional, Pennsylvania Hand Center and the Medical Center (or their successors, assigns or related entities).

P-56    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Lake Charles

        Landsharks - Providers: Center for Orthopedics and Lake Charles Memorial Hospital (or their successors, assigns or related entities).

P-57    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Louisiana Bayou Beast - Providers: North Monroe Hospital (or their successors, assigns or related entities).

P-58    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Louisiana Rangers - Providers: Open MRI of CenLa and Christus St. Francis Cabrini Hospital (or their successors, assigns or related entities).

P-59    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Mississippi Firedogs - Providers: Bienville Orthopedic Specialists, Biloxi Regional Medical Center, Biloxi Outpatient Surgery, and Bienville Orthopedic Rehabilitation (or their successors, assigns or related entities).

P-60    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Mobile Seagulls - Providers: Alabama Orthopedics, Springhill Memorial Hospital, and USA Medical Center (or their successors, assigns or related entities).

P-61    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Rapid City Red Dogs - Providers: Black Hills Surgery Center and Anesthesia Solutions (or their successors, assigns or related entities).

P-62    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Sioux City Bandits - Providers: St. Luke's Regional Medical Center and Mercy Medical Center (or their successors, assigns or related entities).

P-63    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Tri-City Diesel - Providers: Good Samaritan Hospital, Kearney Imaging Center, Good Samaritan Outreach Services, Health System Enterprises, Good Samaritan Outreach Services, Alabama Sports Medicine and Orthopedics and Healthsouth Holdings (or their successors, assigns or related entities).

P-64    HCFA Forms and/or medical provider notes/charts/reports, some with Certifications attached thereto, if applicable, all dated after March 13, 2006, for the Wyoming Cavalry - Providers - Gem City Bone and Joint, Memorial Hospital of Converse

        County and Wyoming Performance Center (or their successors, assigns or related entities).

P-65    Judgment obtained by Alphonsus Olieh, Kareem Vance, John Nicky Seymour and Emmanuel Bentley (or their successors, assigns or related entities).

P-66    Information related to pending lawsuits for Jeff Kerns and John McCorvey (or their successors, assigns or related entities).

P-67    Invoices related to attorney's fees and costs incurred from March 1, 2007 to May 11, 2007. ** This is to be supplemented with additional amounts at the time of trial to include costs associated with trial.

P-68    C-110's the Louisiana Bayou Beasts, the Mobile Seagulls, and the Southern Oregon Heat.

P-69    Letters to providers requesting executed certifications

P-70    Medicare Code Book and CPT Codes

## JOINT EXHIBIT

J-1    Service Agreement

## AUTHORIZATION / RESERVATION OF RIGHTS

The Plaintiff authorizes the Defendants to examine relevant records, of which they have not already been provided copies, at the offices of the Plaintiff's counsel or at the Plaintiff's offices.

The Plaintiffs reserve the right to introduce at trial any documents and exhibits identified in any pleading, answer to interrogatory, response to a request for production of documents or request for admission. The Plaintiffs also reserve the right to introduce at trial any document and exhibit identified in any Pretrial Narrative filed by any party.

Irrespective of whether or not any document and/or exhibit is identified in a Pretrial Narrative, the Plaintiffs reserve the right to introduce any document and/or exhibit for purposes of impeachment or rebuttal.

Respectfully submitted,

Date:     5-14-07                                        s/ Timothy C. Leventry
　　　　　　　　　　　　　　　　　　　　　　　Timothy C. Leventry, LL.M.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　PA I.D. No. 34980
　　　　　　　　　　　　　　　　　　　　　　　1397 Eisenhower Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Richland Square III, Suite 202
　　　　　　　　　　　　　　　　　　　　　　　Johnstown, Pennsylvania 15904
　　　　　　　　　　　　　　　　　　　　　　　(814) 266-1799