# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| Plaintiff | : | **CIVIL DIVISION** |
| | : | **NO. CA 2 - 548** |
| v. | : | |
| | : | **TYPE OF PLEADING:** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | Proposed Findings of Fact and Conclusions of Law |
| Defendant. | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | Plaintiff |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | **TIMOTHY C. LEVENTRY, LL.M** |
| | : | **LEVENTRY, HASCHAK,** |
| | : | **& RODKEY, LLC** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA 15904** |
| | : | **(814) 266-1799** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| Plaintiff | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| | : | Proposed Findings of Fact and Conclusions of Law |
| R.P.C. EMPLOYER SERVICES, INC., | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

AND NOW, comes the Plaintiff, NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. (hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the foregoing Proposed Findings of Fact and Conclusions of Law and respectfully requests the Court make the following Findings of Fact and Conclusions of Law:

1. The Defendants stipulated to liability on all counts on March 28, 2006, therefore, the issue before the Court is the damages due the Plaintiff.

2. The HCFA forms and/or medical provider notes/charts/reports introduced by the Plaintiff containing a Certification attached thereto dated on or before March 13, 2006, constitute admissible records under Federal Rules of Evidence 803(6) and 902(11) and comply with the Court's February 1, 2007 Order. The Defendant agreed by Stipulation that Certifications for certain players' medical records may be introduced at trial without a foundation witness from the medical provider.

3. The NIFL's damages covers thirteen (13) teams including the Louisiana Bayou Beast, the Mobile Seagulls, and the Southern Oregon Heat.

4. The information contained in the any and all admissible HCFA forms and/or medical provider notes/charts/reports (or a combination of both) establish all of the requisite factors set forth in the Court's February 1, 2007 Order and establish the unpaid workers' compensation claims suffered by the NIFL, its members teams or current or former players, which are related to the 2001 NIFL season.

5. The NIFL is entitled to contractual damages consisting of unpaid workers' compensation claims as determined by the Court upon considering the information contained in the HCFA forms and/or medical provider notes/charts/reports.

6. Due the Defendant's breach of contract, the NIFL's incurred consequential damages in the form of judgments obtained by former or current NIFL players including John Nicky Seymour, Emmanuel Bentley, Alphonsus Olieh and Kareem Vance, which Defendant RPC is directed to satisfy. The aforementioned consequential damages included pending lawsuits filed by John McCorvey and Jeff Kerns, which Defendant RPC is directed to assume the defense thereof and any judgment/recovery related thereto.

7. As a result of the Defendants' stipulation to liability, the NIFL is entitled to attorney's fees and suit costs as proven by the NIFL pursuant to the prevailing party provisions of the parties' contract.

8. The NIFL is entitled to prejudgment interest under terms consistent with the Court's May 4, 2007 Order.

        Respectfully submitted,

        s/ Timothy C. Leventry
        Timothy C. Leventry, LL.M
        Attorney at Law