# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | |
| **Plaintiff** | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **Plaintiff's Exhibit 41 Revised Pursuant to the Court's Rulings on Evidentiary Issues and Objections** |
| **Defendant.** | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | **Plaintiff** |
| | : | |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | |
| | : | **TIMOTHY C. LEVENTRY, LL.M** |
| | : | **LEVENTRY, HASCHAK & RODKEY, LLC** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA 15904** |
| | : | **(814) 266-1799** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | |
| Plaintiff | : | CIVIL DIVISION |
| | : | NO. CA 2 - 548 |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| | : | Plaintiff's Exhibit 41 Revised Pursuant to |
| R.P.C. EMPLOYER SERVICES, INC., | : | the Court's Rulings on Evidentiary Issues |
| | : | and Objections |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S REVISED EXHIBIT 41**

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files Exhibit 41 which has been revised pursuant to the Court's rulings on evidentiary issues and objections:

1. Between May 21, 2007 and May 24, 2007, the trial for the above-captioned matter occurred whereat the parties presented various evidentiary issues and objections to the Court for resolution.

2. The evidentiary issues and objections concerned largely the HCFA forms, medical provider notes/charts/reports and judgments offered by the Plaintiff for purposes of proving damages.

3. On May 24, 2007, the parties presented to the Court the HCFA forms and medical provider notes/charts/reports, as listed on Plaintiff's Exhibit 41. The parties agreed or the Court ruled upon which HCFA forms, medical provider notes/charts/reports and judgments were due by the Defendant.

4. Consistent with the Court's rulings, the Plaintiff assembled a revised Exhibit 41 containing two (2) spreadsheets. One spreadsheet contains the records with pre-March 13, 2006 certifications. The other spreadsheet contains the records with post-March 13, 2006 certifications including those records which are subject to parties' Stipulation providing that those records may be offered without a foundation witness. Revised Exhibit 41 is attached hereto as **Exhibit A**.

5. The far right hand column of Exhibit 41 lists the records which comply with the Court's rulings or agreed upon by the parties. Any records, which do not comply with the Court's rulings or upon which the parties do not agree, are stricken and are denoted by a large "X" in the far right hand column.

6. As a result of the Court's rulings and the agreement between the parties, the NIFL is entitled to damages of $302,554.11 as contained on Exhibit 41 (which reflects an amount of $151,044.19 from the pre-March 13, 2006 spreadsheet and $151,509.92 from the post-March 13, 2006 certification spreadsheet). The NIFL is also entitled to damages of $44,640.96 for the judgments of Emmanuel Bentley ($17,053.92), John Seymour ($15,096.78) and Kareem Vance ($12,490.26 - this is net of the amount of $800.00 for Specialty Imaging). The parties agreed the NIFL is due a refund of $9,217.07, representing the premium paid to RPC for workers' compensation coverage that was not obtained. If the Defendant can show the premium was repaid to the NIFL, then this amount is not due. In their admissions, the Defendants admitted they did not return the premium to the NIFL. The NIFL also claims prejudgment interest on the unpaid medical provider claims, on the judgments against the NIFL and on the unpaid premium payment. The NIFL has calculated it is due prejudgment interest of $154,215.74 on unpaid claims from August 1, 2001 (which is approximately the average due date of the unpaid claims), interest on judgments from the

date of entry and interest on premium payment from April 7, 2001.  Finally, the NIFL demands its attorney's fees and costs with respect to which the NIFL will present its Petition by June 13, 2007 pursuant to the Court's Order.  Not including the attorney's fees and costs, the NIFL is entitled to and demands damages in the amount of $510,627.88.  A spreadsheet showing the damages to which the NIFL is entitled is also attached hereto **Exhibit B**.

                                                Respectfully submitted,

Date:     6-1-07                                          s/ Timothy C. Leventry
                                                Timothy C. Leventry, LL.M.
                                                Attorney for Plaintiff
                                                PA I.D. No. 34980
                                                1397 Eisenhower Boulevard
                                                Richland Square III, Suite 202
                                                Johnstown, Pennsylvania 15904
                                                (814) 266-1799