**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO.: 2:02-cv-548 |
| | ) | |
| R.P.C. EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF ON THE ISSUE OF THE DATE
FROM WHICH PREJUDGMENT INTEREST SHOULD ACCRUE**

**AND NOW**, comes the Defendant, R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its Attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files the following Brief on the Issue of the Date from which Prejudgment Interest Should Accrue.

Plaintiff, NIFL, seeks to recover prejudgment interest under Ohio Law for a breach of contract claim under Ohio Revised Code 1343.03(A).  The contract breached was a Service Agreement pursuant to which Defendant was to provide among other things, Workers' Compensation insurance through the State of Ohio and the contract expressly states that it shall be governed by Ohio Law. The Court must now determine the date from which the prejudgment interest should accrue.  Ohio Revised Code 1343.03(A) provides for prejudgment interest, but does not direct that it shall automatically apply.

Plaintiff's claim is based upon unpaid medical bills incurred by injured football players during the inaugural league

season which ran from March 30, 2001 through July, 2001.  The amount of those medical bills has been the central subject of this dispute as evidenced by the multiple Motions in Limine dealing with the manner and type of evidence which would be deemed admissible by the Court.  As recently as June 1, 2007, Plaintiff's counsel filed a revised Exhibit 41 reflecting the amount of the bills based upon the Court's ruling regarding the admissible evidence.  Defendant may file objections to the revised Exhibit 41 on or before June 8, 2007.  As such, from the date suit was filed through the present, the claim has remained unliquidated.

According to Ohio case law, prejudgment interest is compensatory in nature and is not intended as a punitive measure taken against the defendant.  *Galayda v. Lake Hosp. Sys., Inc.*, (1994) 644 N.E.2d 298, 303.  Further under Ohio case law, prejudgment interest is available under 1343.03(A) when the claimed amount due is "capable of ascertainment by computation or reference to well established market values at the time the cause of action arose."  *Worrell v. Multipress, Inc.*, (1989), 543 N.E. 2d 1277, 1285; See *Mahon-Evans Realty, Inc. v. Spike,* (1986), 575 N.E. 2d 953.  Until this Court enters a verdict in a sum certain, it is not possible to calculate prejudgment interest as the base amount is not ascertainable.  Furthermore, the Plaintiff is not out of pocket for the amount being claimed, but rather is

2

expected to act as a conduit of the money awarded by this Court in paying the bills to the medical providers.  There is no evidence nor any claim being made that the medical providers are requesting anything more than the face value of their bills, and may even be willing to accept less, in full satisfaction of their services.  Accordingly, with respect to the unpaid medical bills which have been received into evidence and excluding the cases involving judgments, the correct date for prejudgment interest to accrue is from the date of this Court's verdict.

Respectfully submitted,

**FECZKO AND SEYMOUR**

*s/Michael J. Seymour*
Michael J. Seymour, Esquire
PA I.D. No. 00260
Feczko and Seymour
Firm I.D. #003
310 Grant Street, Suite 520 Grant Bldg.
Pittsburgh, PA 15219
(412) 261-4970

3

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Brief on the Issue of the Date from which Prejudgment Interest Should accrue upon the following **electronically** on the 6th day of June, 2007:


Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904



*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendant