**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| **PLAINTIFF,** | : | **NO.:  CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S BRIEF WITH RESPECT** |
| | : | **TO THE BEGINNING ACCRUAL** |
| **DEFENDANT.** | : | **DATE FOR PREJUDGMENT INTEREST** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | **PLAINTIFF** |
| | : | |
| | : | |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | |
| | : | **TIMOTHY C. LEVENTRY, LL.M.** |
| | : | **LEVENTRY, HASCHAK & RODKEY,** |
| | : | **LLC** |
| | : | **PA I.D. 34980** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA  15904** |
| | : | **(814) 266-1799** |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL** | : | **CIVIL DIVISION** |
| **LEAGUE L.L.C.,** | : | |
| **PLAINTIFF,** | : | **NO.:  CA 2 - 548** |
| | : | |
| **v.** | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S BRIEF WITH RESPECT** |
| | : | **TO THE BEGINNING ACCRUAL** |
| **DEFENDANT.** | : | **DATE FOR PREJUDGMENT INTEREST** |
| | : | |

## PLAINTIFF'S BRIEF WITH RESPECT TO THE BEGINNING ACCRUAL DATE FOR PREJUDGMENT INTEREST

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"),  by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Brief With Respect to the Beginning Accrual Date for Prejudgment Interest:

### INTRODUCTION

Pursuant to the Court's May 4, 2007 Order concerning the Plaintiff's Sixth Motion in Limine, the Court determined the Plaintiffs are entitled to prejudgment interest under Ohio law on the unpaid medical provider claims contained on Plaintiff's Exhibit 41 (which was submitted in Revised form to the Court on Friday, June 1, 2007) and judgments held by Emmanuel Bentley, John Nicky Seymour and Kareem Vance.  Indeed, the Court's order comports with Ohio law which provides that "once plaintiff received a judgment [as is forthcoming in the NIFL's case], the trial court had no discretion but to award prejudgment interest under R.C. 1343.03(A)."  First Bank of Marietta v. L.C. Limited, et. al.,1999 WL 1262058 (Ohio App. 10 Dist. 1999) (stating "the trial court had no

discretion but to award prejudgment interest under R.C. 1343.03(A)").  As the Court noted in its

May 4, 2007 Order, prejudgment interest is calculated under Ohio Revised Code 1343.03(A), which

is simple interest at eight (8%) percent per annum.  The issue now before the Court is the beginning

accrual date for prejudgment interest.

**<u>ARGUMENT</u>**

**ISSUE 1:**                         **What is the date from which prejudgment interest should accrue on the judgments?**

**SUGGESTED HOLDING:** **Prejudgment interest hereunder shall begin to accrue on the player judgments on the date on which each player judgment was entered.**
**The Court has already determined this in its May 4, 2007 Order.**


In the May 4, 2007 Order, the Court determined that the NIFL's prejudgment interest on the

player judgments begins to accrue on the date of entry of the NIFL's judgment, stating the NIFL is

entitled to "an award of pre-judgment interest from the date of the judgment."  The NIFL's

prejudgment interest begins to accrue beginning on the date of entry of the player's judgment but

interest also is already built into the judgments awarded to the aforementioned players.  For example,

John Nicky Seymour's judgment recites an award of interest from April 7, 2001 to November 30,

2005 as part of the total judgment.  For purposes of determining the NIFL's prejudgment  interest,

the NIFL's prejudgment interest on  each player judgment begins on the date each player's judgment

is entered..

The NIFL has calculated its prejudgment interest on the aforementioned player judgments

to be a total of  $8,909.57 from the date of entry of each judgment.    The date of entry of each

judgment is listed on each player judgment, and the NIFL calculated the prejudgment interest on

those judgments from said date.  <u>See</u>, Plaintiff's Exhibit 65 containing the aforementioned

judgments; see also, the Spreadsheet showing the NIFL's Calculation of Interest, in accordance with

the Court's May 4, 2007 Order, that is attached hereto, made a part hereof and labeled **Exhibit A**.


**ISSUE 2:**             **What is the date from which prejudgment interest should accrue on the unpaid medical claims?**

**SUGGESTED HOLDING:** **Prejudgment interest hereunder shall begin to accrue on the unpaid medical claims on the date on which each medical provider claim was incurred. The Court has already determined this in its May 4, 2007 Order.**

Under the May 4, 2007 Order, the Court additionally determined that prejudgment interest

on the unpaid medical provider claims on Plaintiff's Exhibit 41 begins to accrue on the dates upon

which the medical claims were incurred and thus became due and payable.  The Court held, "a

determination by the factfinder (in this case, the Court) must first be made as to the dates on which

each of those claims for medical expenses were incurred and thus became due and payable"

(Emphasis Added). The Court's holding is consistent with the Ohio Supreme Court's interpretation

of the accrual date of interest as articulated in Royal Electric Construction Corporation, 73 Ohio

St.3d 110, 116 (OH Sup. Ct. 1995).

The Ohio Supreme Court stated, "to make the aggrieved party whole, the party should be

compensated for the lapse of time between accrual of the claim and the judgment." Id. at 117.  In

Royal Electric, the Ohio Supreme Court held in a case involving breach of contract liability, like in

this case, "[t]he award of prejudgment interest is compensation to the plaintiff for the period of time

between the accrual date of the claim and judgment, regardless whether the judgment is based on a

claim which was liquidated or unliquidated."

In this case, the unpaid medical provider claims became due and payable when each medical provider's services were rendered.  The NIFL's analysis of the medical provider claims indicates that many services were provided in April, May, June and July of 2001 and a few follow-up procedures and services were provided in August, September and October of 2001.  Under these circumstances, the approximate average beginning accrual date is  August 1, 2001, which date the NIFL applied in calculating the interest on the unpaid medical provider claims.  According to the NIFL's calculations, as contained on **Exhibit A**, the NIFL is entitled to interest on unpaid medical provider claims of $140,782.99 beginning from August 1, 2001 through May 25, 2007.

**ISSUE 3:**                **What is the date from which prejudgment interest should accrue on the un-reimbursed premium payment due to the NIFL?**

**SUGGESTED HOLDING:**  **Prejudgment interest hereunder shall begin to accrue on the date the premium payment was paid.**

The NIFL paid $9,217.17 to RPC for workers' compensation premiums during the first week of the NIFL season.  It has already been established that RPC breached its contract by not securing workers' compensation insurance for all NIFL players and employees during the 2001 NIFL season.  Because RPC breached the contract by not providing workers' compensation insurance as promised and did not refund the premium, the Court's holding with respect to the accrual date of interest on the unpaid medical provider claims and the reasoning and holding of the Ohio Supreme Court  in Royal Electric Construction Corporation also applies to the accrual date of interest on the un-reimbursed premium payment.  The beginning date of accrual of prejudgment interest on the premium payment begins when it was paid during the first week of the NIFL season.  The NIFL used April 7, 2001 as the beginning date of accrual and calculated interest to be  $ 4,523.18 through May 25, 2007.  See, **Exhibit A**.

## **CONCLUSION**

When the prejudgment interest on unpaid medical provider claims of $140,782.99 is added to the prejudgment interest of $8,909.57 on the judgments and the prejudgment interest of $ 4,523.18 on the un-reimbursed premium payment, the NIFL is entitled to total prejudgment interest in excess of  $154,215.74.   The NIFL respectfully asks the Court to increase this amount to account for the date upon which the Court decides final judgment.

Respectfully submitted,


    s/ Timothy C. Leventry
Timothy C. Leventry, LL.M
Attorney for the Plaintiff

L:\N\National Indoor Football League 01-214\Brief in Support of BEGINNING ACCRUAL DATE OF INTEREST.wpd