**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO.: 2:02-cv-548 |
| | ) | |
| R.P.C. EMPLOYER SERVICES, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF ON THE SOLE ISSUE**
**OF THE DATE FROM WHICH PREJUDGMENT INTEREST SHOULD ACCRUE**

AND NOW, comes the Defendant, R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its Attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files the following Reply Brief on the issue of the date from which prejudgment interest should accrue.

Defendant's Reply Brief is directed to the issue of when prejudgment interest should accrue on the unpaid medical claims which is found under the caption of Issue 2 of the Plaintiff's Brief. In discussing this issue, Plaintiff relies solely upon the case of *Royal Electric Construction Corporation,* 73 Ohio St.3d 110, 116 (OH Sup. Ct. 1995), 652 N.E. 2d 687, 691. A review of the *Royal Electric* case indicates that the holding by the Court specifically was "... that in a case involving breach of contract

where liability is determined and damages are awarded against the state, the agreed party is entitled to prejudgment interest on the amount of damages found due by the Court of claims."  Unlike the *Royal Electric* case, this case involves unpaid medical bills incurred by injured football players who played on teams in the Plaintiff's League, the total amount of which has remained uncertain from the date suit was filed.  As such, the instant case is more analogous  to the type of claim involved in the case of *Eagle Am. Ins. Co. v. Frencho,* 675 N.E. 2d 1312, 1317 (1996). There the Court of Appeals by decision dated May 23, 1996 in reviewing the trial court's decision which involved a jury verdict in an uninsured motorist claim between an insured and insurance carrier discusses prejudgment interest pursuant to R.C. 1343.03 (A).  In doing so, the Court of Appeals upheld the trial court's decision that prejudgment interest did not become "due and payable" until the jury verdict was rendered.   In its discussion of the *Royal Electric* decision, the Court of Appeals stated "the question should be whether the agreed party has been fully compensated." (See page 1318).

Here, as in the *Eagle American* case "the parties were unable to agree as to the amount of the damages" and, therefore, had a right to and engaged in a trial to determine the proper amount, which this Court will determine.   Therefore, the prejudgment interest should not become "due and payable" until the verdict is rendered.

Respectfully submitted,
**FECZKO AND SEYMOUR**

_s/Michael J. Seymour_
Michael J. Seymour, Esquire
PA I.D. No. 00260
Feczko and Seymour, Firm I.D. #003
310 Grant Street, Suite 520 Grant Bldg.
Pittsburgh, PA 15219
(412) 261-4970

## CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Reply Brief on the Sole Issue of the Date from which Prejudgment Interest Should Accrue upon the following **electronically** on the 13th day of June, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendant