# RPC Employer Services, Inc.

## Service Agreement

This Agreement is made and entered effective this 20th day of March, 2001, by and between RPC Employer Services, Inc. ("RPC"), an Ohio Corporation located at 7771 Raglan Dr. NE, PO Box 8605, Warren, Ohio 44484, and;

Company Name: National Indoor Football League, L.L.C.
Address: PO Box 8628
City: Warren
State: Ohio
Zip: 44484
EIN or SSN: 94-3387642 (Ohio Corporation)

## 1.  STAFFING

RPC hereby agrees to furnish to Client, and Client hereby agrees to engage from RPC, staffing for all Job Function Positions.

## 2.  TERM OF AGREEMENT

This Agreement shall commence on the EFFECTIVE STARTING DATE set forth below and shall continue in effect of the initial term ("Initial Term") of one (1) year following the commencement of this Agreement. This Agreement may thereafter be extended by mutual consent of both RPC and Client from month to month "Extended Term". During the Initial Term, RPC or Client may terminate this Agreement by giving written notice of termination to the other party thirty (30) days prior to the effective date of said termination. During the Extended Term, either party may terminate this Agreement upon giving written notice thirty (30) days prior to the effective date of said termination. Notwithstanding anything to the contrary contained in this Agreement, RPC may terminate this Agreement immediately upon twenty-four (24) hours notice to Client in the event of a material breach by Client of any of the provisions to this Agreement.

**2a. PAYROLL REPORTING:** Commencing with the EFFECTIVE STARTING DATE, and according to the payroll processing frequency itemized on the FEE STRUCTURE STATEMENT page, the Client must report employee wages in a timely manner so as to allow RPC to process and distribute payroll and related benefits in accordance with Federal and State guidelines. Should client fail to report wages each and every pay period, RPC shall reserve the right to immediately terminate this agreement pending payment in full of all obligations. Client shall be solely responsible for all wages and applicable taxes pertaining to unreported wages. If Client requests to activate service with RPC in the future, then Client would be required to meet normal underwriting guidelines in order to initiate new service.

## 3.  FEES

a.    Client shall pay RPC a fee (the "Fee") as specified in the Fee Structure Statement attached hereto and made a part hereof. The Fee shall be paid in full, by wire transfer, direct bank debit, certified check or money order and delivered to RPC not less than twenty-four hours prior to the distribution of any payroll checks for such period. Any failure by Client to make payment as set forth shall render Client in default of this Agreement and constitute a material breach hereof, and any Employee(s) assigned to Client shall be transferred to Client effective the last day of the preceding pay period for such Employee(s).

b.    The Fee shall consist of the following items: all payroll (inclusive of bonuses, holiday pay, sick leave pay, vacation pay and/or other special payments), all applicable federal, state and local taxes, including all applicable Federal Insurance Contributions Act, Federal Unemployment Tax Act and Medicare Coverage payments, all premiums and contributions in connection with any employee retirement or other benefits including, but not limited to, all health, accident disability or other insurance premiums, all workers' compensation premiums including any required deposits not charged as part of the set-up fee, all unemployment compensation charges, and a service fee (the "Service Fee") for the administrative services of RPC.

EXHIBIT

A

# RPC Employer Services, Inc.
## Service Agreement

c.   During the Initial Term of this Agreement, RPC may not adjust the Fee except for statutory increases in employment taxes or insurance or any change in the Job Function Positions required by Client. During the Extended Term of this Agreement, RPC may adjust the Fee for statutory increases in employment taxes or insurance or any change in the Job Function Positions required by Client, or upon thirty (30) days prior written notice.

d.   Any increase in the Fee for statutory increases in employment taxes or insurance or any change in the Job Function Positions shall be effective on the date of such increases or change.

e.   Client agrees to verify all time sheets or other evidence of time submissions by Employees (as defined in Paragraph 13.)

## 4.   CLIENT DEPOSIT

a.   RPC reserves the right at any time during the term of this Agreement to require Client to deposit such funds or provide such other guaranty as RPC in its sole discretion, may determine from time to time to guarantee the performance of Client hereunder. The deposit shall be in an amount equal to one (1) payroll cycle as calculated for each Client. The waiver by RPC of this requirement at any time shall not stop or act as a waiver of RPC's right to require a deposit at any subsequent time during the term of this Agreement.

b.   In the event Client fails to maintain the required deposit from time to time as determined at the sole discretion of RPC the same shall be termed to be a material breach of this Agreement.

c.   On termination of this Agreement, any balance remaining in the account of Client shall be remitted to Client on or before [sixty (60)] days after the termination of this Agreement, provided that Client has performed all of its obligations under the terms of this Agreement

d. Any moneys of Client in possession of RPC hereunder may be applied to RPC to any default in any payments by Client under the terms of this Agreement.

## 5.   INSURANCE

a.   Workers' Compensation Insurance

RPC shall furnish and keep in full force and effect at all times during the term of this Agreement workers' compensation insurance covering all Employees filling Job Function Positions under the terms of this Agreement, and where applicable, such policies shall designate Client and RPC respectively, as the first and second named insured. In addition, RPC shall cause that appropriate evidence of insurance be filed with the Worker's Compensation Bureau of any state as deemed necessary by the Client.

b.   Automobile Liability Insurance

If any Employee filling a Job Function Position is to drive a vehicle of any kind for Client, Client shall furnish automobile liability insurance covering said vehicle and said Employees. The policy of automobile insurance shall insure against public liability for bodily injury and property damage, with a minimum combined single limit of One Million Dollars ($1,000,000.00) and uninsured motorist or personal injury protection, or equivalent coverage, of at least the minimum limits required by the state where such "no fault" laws apply. Client shall cause its insurance carrier to name the Employees and RPC as additional named insured and loss payees, and to issue a Certificate of Insurance to RPC whereby RPC is provided not less than (30) days advance notice of cancellation or material change in any such automobile liability insurance coverage. RPC shall be the Certificate Holder for purposes of making claims thereunder.

c.   General Liability Coverage

Client agrees to cause its insurance carrier to name RPC and Client's employees as additional insured on Client's general liability insurance policy, and shall issue a Certificate of Insurance evidencing same to RPC whereby RPC is provided not less than thirty (30) days notice of cancellation or material change in said general liability insurance policy. The minimum requirements of said general liability insurance policy shall be One Million Dollars ($1,000,000.00) combined single limit including, but not limited to, where applicable, premises, operations, products, completed operations, contractors, personal injury, host liquor liability, independent contractors and full liquor liability. In the event, Client renders professional services, a professional services rider on said general liability and extended coverage policy shall be required as

# RPC Employer Services, Inc.
## Service Agreement

applicable. Said professional services liability coverage shall, depending on the business activities of Client, and upon the written request of RPC provide for minimum limits of coverage of One Million Dollars ($1,000,000.00).

    d.   <u>Group Medical Insurance</u>

After the completion of a specified probationary period, each Employee filling a Job Function Position may elect within the enrollment period at his or her cost, to be covered by a group medical insurance policy offered by RPC. Each Employee may elect additional coverage by reimbursing RPC the actual cost of the extra coverage. In the event an Employee is terminated or is otherwise unavailable to reimburse RPC for coverage elected, Client shall reimburse RPC for any premium dollars advanced by RPC on behalf of the Employee.

    e.   <u>Retirement Plan</u> Each employee filling a Job Function Position may voluntarily participate in a 401k Plan provided by RPC to the extent such plan is in existence.

    f.   <u>Excluded Coverage</u>

RPC shall not be responsible and shall not furnish insurance for claims involving discrimination or harassment, including but not limited to claims involving age, sex, race, religion, equal pay, national origin, disability, marital status, veteran status or sexual preference. Client agrees to indemnify and hold RPC harmless for any and all liability for such claims resulting from acts or omissions of Client or any director, officer, employee, or other agent of Client, as further described in Paragraph 9. Any damages, attorneys' fees or expenses awarded to an Employee or his/her representative as a result of any such claims will be paid by Client.

    g.   <u>Subrogation</u>

Client hereby waives any claim in its favor against RPC by way of subrogation or indemnification which may arise during the Initial Term or any Extended Term of this Agreement or any and all loss of, or damage to, any of the Client's property or for bodily injury which loss, damage or bodily injury is covered by insurance to the extent that such loss is recovered under such policies of insurance as are required in this Agreement.

    h.   <u>Specific Continuing Covenant</u>

Client and RPC each agree to keep in full force and effect, at all times during the Initial Term and any Extended Term of this Agreement, all insurance policies required under this Agreement.

## 6.  COMPLIANCE WITH LAWS

    a.   <u>General</u>

Client agrees, at its expense, to provide reasonable accommodations for all Employees having a disability as defined in Title 1 of the Americans with Disabilities Act.

    b.   <u>Americans With Disabilities Act</u>

Client agrees, at its expense to provide reasonable accommodations for all Employees having a disability as defined in Title 1 of the Americans with Disabilities Act. Client also agrees to indemnify and hold RPC harmless from any and all claims arising from Client's failure to provide reasonable accommodations, and for any expenses incurred by RPC for having to make reasonable accommodations as a result of Client's refusal to do so, as further described in Paragraph 9.

## 7.  ADMINISTRATION

RPC acknowledges that it is responsible for such administrative employment matters as the payment of all federal, state and local employment taxes, the providing of workers' compensation coverage, and the providing of non-obligatory fringe benefit programs for the Employees.

## 8.  WORK ENVIRONMENT

Client agrees that it will comply with all laws, regulations, ordinances, directives and rules imposed by controlling federal, state and local government authorities including, but not limited to, The Americans With Disabilities Act, Title VII of the Civil Rights Act, the Occupational Safety and Health Act, the Fair Labor Standards Act and the Family Medical Leave Act. If applicable, and that it will within twenty-four (24) hours,

# RPC Employer Services, Inc.
## Service Agreement

report all accidents and injuries to RPC. Client agrees to comply, at its expense, with any specific directives from the workers' compensation insurance carrier, if any, or any governmental agency having jurisdiction over the work place or the Employees' health and safety. Client shall provide and ensure use of all personal protective equipment as required by federal, state or local law, regulations, ordinances, directives or rules, or as deemed necessary by RPC or by its workers' compensation carrier, if any. RPC workers' compensation carrier, if any, has the right at any scheduled mutually convenient time, to inspect Client's premises and operations, but is not obligated to undertake such inspections. RPC or its carrier, if any, may give reports to the Client of the results of any inspections. Neither any carrier nor RPC warrants the results of any such inspections or the absence thereof, or that the operations and/or premises are in compliance with any laws regulations, codes or standards.

## 9.  HOLD HARMLESS

Client hereby agrees to indemnify, defend and hold RPC harmless from and against any and all claims, damages, losses, judgments, fees, expenses and costs (including court costs and attorneys' fees) and liabilities and obligations of any nature whatsoever, contingent or otherwise, known or unknown, as though expressly set forth and described herein, which Client may incur, suffer, become liable for, or which may be asserted or claimed against Client arising out of or related to the acts, errors or omissions of Client or any director, officer, employee or other agent of Client, including, without limitation, any and all claims in any way related to the matters contained in Paragraph 5(f) and 6 or any violation of this Agreement by Client or RPC's efforts to enforce this indemnity. Client shall take all reasonable measures to inform creditors and other third parties that all Employees assigned to Client to fill the Job Function Positions are employees of RPC, and that RPC is not responsible for Client's debts, acts, errors or omissions except as specifically set forth in this Agreement.

Notwithstanding anything to the contrary contained herein, RPC shall not be liable in any in any event for Client's loss of profits, business, goodwill, or other consequential, special, or incidental damages.

## 10.  LATE CHARGE

Should payment of any amounts due RPC not be made when due, Client shall pay a monthly late charge at a rate of one and one-half percent (1 ½%) per month on all past due invoices, or the maximum rate permitted by law, whichever is less.

## 11.  DEFAULT

Client shall be in default of this Agreement, and said default shall constitute a material breach hereof, if:

a.  Client shall fail to pay the Fee;

b.  Client shall fail to report timely employee wage information each and every pay period

c.  Client shall commit any act that interferes with the rights of RPC as the employer of the Employees provided under this Agreement;

d.  Client shall fail to provide any insurance required under this Agreement;

e.  Client shall fail to comply with any law, regulations, ordinance, directive, or rule regarding the health and safety of Employees from RPC's workers compensation carrier, if any or any governmental agency;

f.  Client shall commit any act that disrupts any of the rights of RPC as the employer of the Employees provided for under this Agreement;

g.  Client or any guarantor of Client's obligations hereunder shall generally not pay its debts as they become due;

h.  Client or any guarantor of Client's obligations hereunder shall admit its inability to pay its debts or shall make a general assignment for the benefit of creditors;

i.  Client or any guarantor of Client's obligations hereunder shall commence any case, proceeding or other action seeking to have an order for relief entered on its behalf as debtor or to adjudicate it a bankrupt or insolvent, or seeking reorganization, arrangement, adjustment, liquidation, dissolution or composition of it, or its debts, under any law relating

# RPC Employer Services, Inc.
## Service Agreement

to bankruptcy, insolvency, reorganization or relief of debtors or seeking appointment of a receiver, trustee, custodian or other similar official for Client or for all or any substantial part of Client's property;

j.   Client or any guarantor of Client's obligations hereunder shall take any corporate or other action to authorize or to contemplate any of the actions set forth above; or

k.   Client shall fail to comply with any applicable governmental law, regulation, ordinance, directive or rule, whether federal, state or local.

## 12.   EFFECT OF BANKRUPTCY OR INSOLVENCY

In the event any of the actions specified in the immediately preceding paragraph occurs, RPC shall have no further obligation to advance any funds on behalf of Client pursuant to this Agreement for any purpose whatsoever unless RPC shall have such funds in its possession at the time any payment or advance is due under this Agreement.

## 13.   EMPLOYEES

For purposes of this Agreement, the term "Employee," whether singular or plural, shall mean such individuals as shall be assigned by RPC to fill the Job Function Positions of Client under this Agreement. All such individuals covered by this agreement shall be deemed to be assigned to Client on a permanent basis.

## 14.   WARRANTY

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, RPC MAKES NO COVENANT, REPRESENTATION, WARRANTY, OR AGREEMENT OF ANY KIND, EXPRESS OR IMPLIED, TO CLIENT OR ANY OTHER PARTY WITH RESPECT TO THE PERFORMANCE BY EMPLOYEES OF SERVICES RENDERED TO CLIENT AS CONTEMPLATED HEREUNDER. UNDER NO CIRCUMSTANCES SHALL RPC TOTAL LIABILITY OF ANY KIND ARISING OUT OF OR RELATED TO THIS AGREEMENT (INCLUDING BUT NOT LIMITED TO ANY WARRANTY CLAIMS HEREUNDER REGARDLESS OF THE FORUM AND REGARDLESS OF WHETHER ANY ACTION OR CLAIM IS BASED ON CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE) EXCEED THE TOTAL AMOUNT PAID BY CLIENT TO RPC AS SERVICE FEES HEREUNDER (DETERMINED AS OF THE DATE OF ANY FINAL JUDGMENT IN SUCH ACTION).

## 15.   MISCELLANEOUS

   a.   Entire Agreement

This Agreement constitutes the entire understanding and agreement of the parties hereto with respect to the covenants contemplated hereby, and supersedes all prior oral and written agreements and understandings of the parties relating to the subject matter hereof.

   b.   Attorneys' Fees

In the event that any action is brought by either party hereto as a result of a breach or a default in any provision of this Agreement, the prevailing party in such action shall be awarded reasonable attorneys' fees and costs in addition to any other relief to which the party may be entitled.

   c.   Survival of Agreement

All covenants, representations, warranties, and agreements made herein shall survive the execution and delivery of this Agreement. Wherever in this Agreement reference is made to any of the parties hereto, such reference shall be deemed to include the corporate successors in interest, legal representatives, heirs, assigns, and any other successors of such party.

   d.   Construction

This Agreement shall be governed by, construed and enforced under the substantive, and not conflicts, laws of the State of Ohio. The forum for any litigation hereunder shall be the federal or state, as appropriate, courts located in Trumbull County, Ohio. An action for breach of this Agreement or any other action otherwise arising out of or related to this Agreement must be commenced within one (1) year from the date

# RPC Employer Services, Inc.
## Service Agreement

the right, claim, demand or cause of action shall first occur, or be barred forever. The headings appearing herein are for convenience only, and are without legal effect.

e. __Waiver of Breach__

Failure by either party at any time to require performance by the other party or to claim a breach of any provision of this Agreement will not be construed as a waiver of any subsequent breach nor affect the effectiveness of this Agreement, nor any part thereof, nor prejudice either party with regard to any such subsequent action.

f. __Notices__

Any notice or demand to be given hereunder by either party to the other shall be effected by personal delivery in writing or a certified mail. postage paid, return receipt requested, and shall be addressed to the party's principal place of business set forth above, but each party may change the address by written notice in accordance with this paragraph.

g. __Validity__

This Agreement shall be valid and enforceable only after it has been signed by both parties. In the event any term, warrant, covenant, condition, or provision of this Agreement is held to invalid or unenforceable, the balance of this Agreement shall remain in full force and effect and shall stand as if the unenforceable part did not exist.

h. __No Partnership__

Notwithstanding any provision to the contrary herein, RPC, under this Agreement or by any action taken pursuant hereto, shall not be deemed a partner, joint venture, or joint employer with Client.

In witness whereof, the parties have executed this Agreement as of the date and year first written above.

RPC EMPLOYER SERVICES, INC.

By: _____    3-27-01
    Daniel J. D'Alio, President         Date


NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C.

By: _Carolyn Shiver President 3/21/01_
    Carolyn Shiver, President        Date

NOTICE: THIS AGREEMENT IS SUBJECT TO THE FINAL APPROVAL OF THE HOME OFFICE AND SHALL NOT BECOME EFFECTIVE UNTIL SUCH TIME AS APPROVAL IS GRANTED AS EVIDENCED BY THE ABOVE ENDORSEMENT OF AN OFFICER OF RPC EMPLOYER SERVICES, INC.

## EFFECTIVE STARTING DATE:

Based on each team's first game of the 2001 season according to the official published schedule, which shall be made a part of this agreement.

# RPC Employer Services, Inc.
## Service Agreement

## FEE STRUCTURE STATEMENT

| Description | Amount | Per |
|---|---|---|
| Payroll Frequency: | | Weekly |
| Service Fee: | | |
| Players, coaches | $18.00 | Person per weekly pay period |
| Office Staff | $12.00 | Person per weekly pay period |
| FICA (Employer Match) | 7.65% | Of taxable wages up to taxable limits |
| FUTA (Federal Unemployment) | 0.80% | Of taxable wages up to taxable limits |
| SUTA (State Unemployment) | 2.75% | Of taxable wages up to taxable limits |
| Workers' Compensation: | | |
| -Players, Coaches, Code 9179: | 11.65% | Per $100 of Payroll |
| -Office staff, Code 8810: | 0.52% | Per $100 of Payroll |
| DEDUCTIBLE: | $1000 | PER CLAIM AS ASSESSED TO EACH TEAM BY THE LEAGUE MANAGEMENT |
| Overnight Delivery | $13.00 | Per Payroll Delivery as requested |
| Direct Debit Fee | $5.00 | Per Invoice |
| One-time Setup | $495.00 | |

# RPC Employer Services, Inc.
## Service Agreement
### SECURITY DEPOSIT

As additional security for performance of the obligation incurred, Client hereby grants to and deposits with RPC cash and/or an irrevocable standby letter of credit in an amount equal to one (1) estimated payroll cycle inclusive of gross payroll and all applicable federal, state and local taxes, as well as, the total estimated employee benefits paid, for a total of $ (see NOTE below). Said sum shall be held by RPC until such time as the Agreement between the parties is terminated and any and all obligations, indebtedness, or other liabilities of Client have been satisfied or applied hereto.

RPC EMPLOYER SERVICES, INC.

By_____
      Daniel J. D'Alio, President

NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C.

By_____Carolyn Shiver____President.
      Carolyn Shiver, President
Do not cut payroll checks for teams unless wire transfers are received.

NOTE: Security deposit will be waived so long as wire transfer or direct debit payment is received by RPC on Wednesday prior to each Friday pay date. If this term is not met, then a Security Deposit will be necessary in order to continue service.

# ○EmployShare™

*Focus On The Business Of Your Busines*

To All NIFL Team
Attn: Carolyn Shiver

Please be advised that our services, including workers' compensation, will not be effective until all of the following have been completed:

- League Service Agreement with RPC Employer Services, Inc. is completed and signed by both parties.
- First pay date is set and agreed upon by <u>all</u> teams.
- Employee applications must be received and fully completed, which must include the appropriate paperwork, including I-9 verification documentation and the Ohio Form C-110. *The C-110 must be filed with the state of Ohio BWC with 10 days of execution in order to be considered filed by the state for coverage.

If you have any questions, please do not hesitate to contact me at 724-843-3020 ext. 122.

Sincerely,

Maureen A. Ciarolla
Director, Human Resource Operations

PO Box 8605, Warren, OH 44484
Phone: (800) 635-9961 Fax: (419) 821-0229
E-mail: ddalio@employshare.com