# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
| | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | PLAINTIFF'S SUR-REPLY BRIEF |
| | : | WITH RESPECT TO THE BEGINNING |
| DEFENDANT. | : | ACCRUAL DATE FOR PREJUDGMENT |
| | : | INTEREST |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | PLAINTIFF |
| | : | |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, |
| | : | LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA  15904 |
| | : | (814) 266-1799 |

L:\N\National Indoor Football League 01-214\Brief (Sur-Reply Brief) Concerning Beginning Date for Interest.wpd

Case 2:02-cv-00548-TFM  Document 130  Filed 06/13/2007  Page 2 of 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL | : | CIVIL DIVISION |
| LEAGUE L.L.C., | : | |
| PLAINTIFF, | : | NO.:  CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | PLAINTIFF'S SUR-REPLY BRIEF |
| | : | WITH RESPECT TO THE BEGINNING |
| DEFENDANT. | : | ACCRUAL DATE FOR PREJUDGMENT |
| | : | INTEREST |
| | : | |
| | : | |

## PLAINTIFF'S SUR- REPLY BRIEF WITH RESPECT TO THE BEGINNING ACCRUAL DATE FOR PREJUDGMENT INTEREST

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"),  by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Sur-Reply Brief With Respect to the Beginning Accrual Date for Prejudgment Interest:

In its Brief on the Issue of the Date from which Prejudgment Interest Should Accrue, the Defendant argues against the award of prejudgment interest stating that the "Plaintiff is not out of pocket for the amount being claimed" and the amount is not capable of computation.  First, this issue does not relate to the date prejudgment interest should accrue, rather it relates to the Plaintiff's entitlement to interest, which has already been decided by the Court in the Plaintiff's favor.  In the Court's May 4, 2007 Order concerning the Plaintiff's Sixth Motion in Limine, the Court determined the Plaintiffs are entitled to prejudgment interest under Ohio law on the unpaid medical provider claims and on the judgments held by Emmanuel Bentley, John Nicky Seymour and Kareem Vance.

Secondly, under Ohio law, prejudgment interest is imposed for both liquidated and unliquidated claims. In <u>Royal Electric Construction Corporation</u>, the Ohio Supreme Court held in a case involving breach of contract liability, like in this case, "[t]he award of prejudgment interest is compensation to the plaintiff for the period of time between the accrual date of the claim and judgment, regardless whether the judgment is based on a claim which was liquidated or unliquidated." <u>Royal Electric Construction Corporation</u>, 73 Ohio St.3d 110, 116 (OH Sup. Ct. 1995). Accordingly, the NIFL is entitled to prejudgment interest on the claims contained on Plaintiff's Revised Exhibit 41 and judgments contained in Plaintiff's Exhibit 65, regardless whether the claims and judgments have been paid or settled by the NIFL prior to trial.

The only issue before the Court is the date on which prejudgment interest should begin to accrue. The NIFL requests the Court consider only this issue and enter an order consistent with the Plaintiff's Brief concerning the beginning accrual date of prejudgment interest, which was filed with the Court on June 6, 2007. Pursuant to Ohio case law, interest should start on August 1, 2001 for the unpaid medical claims and for the judgments.

Respectfully submitted,

  s/ Timothy C. Leventry   
Timothy C. Leventry, LL.M
Attorney for the Plaintiff

Case 2:02-cv-00548-TFM   Document 133   Filed 06/13/2007   Page 4 of 4