# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| | : | |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| | : | |
| v. | : | |
| | : | **TYPE OF PLEADING:** |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **PLAINTIFF'S REPLY** |
| | : | **TO DEFENDANT'S** |
| | : | **OBJECTIONS TO PLAINTIFF'S** |
| DEFENDANT. | : | **EXHIBIT 41** |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | **FILED ON BEHALF OF:** |
| | : | |
| | : | **PLAINTIFF** |
| | : | |
| | : | **COUNSEL FOR PLAINTIFF:** |
| | : | |
| | : | **TIMOTHY C. LEVENTRY, LL.M.** |
| | : | **LEVENTRY, HASCHAK & RODKEY, LLC** |
| | : | **PA I.D. 34980** |
| | : | **1397 EISENHOWER BOULEVARD** |
| | : | **RICHLAND SQUARE III, SUITE 202** |
| | : | **JOHNSTOWN, PA 15904** |
| | : | **(814) 266-1799** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| v. | : | TYPE OF PLEADING: |
| R.P.C. EMPLOYER SERVICES, INC., | : | PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT 41 |
| DEFENDANT. | : | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBIT 41

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files its Reply to Defendant's Objections to Plaintiff's Exhibit 41:

1.  Denied. The HCFA from Western Pennsylvania Sports Medicine and Rehabilitation for Charles Wyatt's services for the statement period of 7-10-01, as denoted in box 6 of the HCFA, shows a total charge in box 47 of $195.00. See, Plaintiff's Exhibit 43. The parties agreed said HCFA reflects total charges of $195.00.

2.  Denied. The Certification for the records is dated December 14, 2005, which the Defendants received in December of 2005. See, Plaintiff's Exhibit 43. Charles Wyatt's HCFA forms in the amount of $145.00, $90.00 and $120.00 also are listed on the spreadsheet of injured players and providers sent to the Defendants in November of 2005. The parties had agreed the

aforementioned records satisfied all requirements and should be admitted into evidence. There is no basis to keep them out.

3.      Denied. The Certification for Chris Gicking's HCFA for $210.00 is also dated December 14, 2005, which the Defendants received in December of 2005. See, Plaintiff's Exhibit 43. Chris Gicking's HCFA for $210.00 is listed on the spreadsheet of injured players and providers sent to the Defendants in November of 2005. The Defense had agreed this record satisfied all requirements and should be admitted into evidence. There is no basis to keep this claim out.

4.      Denied. The Spectrum Prosthetics and Orthodonics, Inc.'s HCFA for dates of service of May 4, 2001 reflects total charges of $1,966.00. See, Plaintiff's Exhibit 51. The immediately preceding entry on Plaintiff's Exhibit 41, Sporthopedic's Physical Therapy's HCFA for $288.00 was incorrectly marked as $1966.00 on Plaintiff's Exhibit 41 that was given to the parties at trial. The Plaintiff's Exhibit 41 filed on June 1, 2007 corrected this entry. The HCFA Form sets forth the correct amount and the correct amount is listed on Plaintiff's June 1, 2007 Exhibit 41.

5.      Denied. The objected-to bills for Randy Chappell are from the provider Louisiana Physical Therapy Centers. The parties agreed that the Defendant would reimburse the NIFL or its local team for Louisiana Physical Therapy Centers' charges if the NIFL provides evidence of payment by the NIFL or the local team. Alternatively, if the NIFL provides evidence that Louisiana Physical Therapy Centers' charges were not paid, the Defendant agreed to accept responsibility for the unpaid charges as reflected on the HCFA's listed on Plaintiff's Exhibit 41.

6.      Denied. The parties agreed that the Defendant would reimburse the NIFL or its local team for Louisiana Physical Therapy Centers' charges if the NIFL provides evidence of payment by the NIFL or the local team. Alternatively, if the NIFL provides evidence that Louisiana Physical

Therapy Centers' charges were not paid, the Defendant agreed to accept responsibility for the unpaid charges as reflected on the HCFA's listed on Plaintiff's Exhibit 41.

7. With regard to Sunbelt Rehabilitation System's invoices for John Nicky Seymour, the parties reviewed the codes with the Court on May 24, 2007. The codes confirm physical therapy treatment for the knee injury suffered by John Seymour. Sunbelt Rehabilitation System's HCFA forms contain the same four ICD codes: 719.56, 728.9, 836.0, and 844.2. The codes refer to treatment for knee injuries:

      719.56:      Stiffness of joint not elsewhere classified involving the lower leg.

      728.9:      Unspecified disorder of muscle ligament and fascia

      836.0:      Tear of medial cartilage or meniscus of knee current

      844.2:      Sprain of crucial ligament of knee

Each of Sunbelt Rehabilitation's HCFA forms also contain two (2) five (5) digit CPT codes, which indicate that Sunbelt Rehabilitation performed therapeutic activities with respect to the knee injury. Code 97530 refers to "Therapeutic activities, direct (one-on-one) patient contact by the provider (use of dynamic activities to improve functional performance), each 15 minutes." Code 97110 is very similar to the former: "Therapeutic procedure, one or more areas, each 15 minutes; therapeutic exercises to develop strength and endurance, range of motion and flexibility." Copies of the descriptions of the ICD and CPT codes are attached hereto, made a part hereof and labeled **Exhibit A**. All of the aforementioned codes confirm that Sunbelt Rehabilitation provided physical therapy for John Seymour's knee injury - the same knee injury identified in John Seymour's judgment, which is contained in Plaintiff's Exhibit 65.

                                      Respectfully submitted,

                                      <u>s/ Timothy C. Leventry</u>
                                      Timothy C. Leventry, LL.M
                                      Attorney for the Plaintiff