IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C. | ) ) ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:02-cv-548 |
| R.P.C. EMPLOYER SERVICES, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION
FOR ATTORNEY'S FEES AND COSTS**

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files this response to Plaintiff's Petition for Attorney's Fees and Costs:

1.   The averments contained in Paragraph 1 of Plaintiff's Petition are denied for the reason that the civil action brought by the Plaintiff against the Defendant on March 20, 2002 along with the Amended Complaint speaks for itself.  As to the averment concerning the NIFL's costs, proof thereof is demanded as required by law.

2.   The averments contained in Paragraph 2 of Plaintiff's Petition are denied.  On the contrary, it is averred RPC did not breach its contract in bad faith and commit fraud because it knew it could not procure Workers' Compensation as promised and this is an ordinary breach of contract cause of action which did not require substantial time for research.   Furthermore, there has

never been any proof or finding regarding bad faith or fraud nor is such a finding relevant to these proceedings.  At all times, RPC believed and expected the Ohio Bureau of Worker's Compensation to cover claims by the NIFL providing the NIFL followed the instructions given by RPC, which it failed to do.  The balance of said averments are denied and the meeting reference did not result in a decision that Ohio would not provide Worker's Compensation coverage.

     3.    The averments contained in Paragraph 3 of Plaintiff's Petition are denied as stated.  It is admitted that RPC breached the contract identified as the Service Agreement.  It is denied and averred to the contrary that it did not perpetuate fraud.  The amount of Worker's Compensation claims has been the major subject of this litigation and the total amount of those claims will ultimately be decided by this Court.  The balance of said averments regarding the NIFL's time and monies to obtain resolution is denied and proof thereof is demanded under the law.  It is believed and therefore averred that some of the time expended by Plaintiff's counsel was required because Plaintiff lost many of the records which then had to be secured a second time which time should not be part of the fees and costs included in Plaintiff's Petition.

     4.    The averments contained in Paragraph 4 of Plaintiff's Petition are admitted and any fees or costs attributable to the

RICO Count and the Fraud Count should be eliminated from Plaintiff's Petition and not awarded as part of the Breach of Contract cause of action.

     5.    The averments contained in Paragraph 5 of Plaintiff's Petition are denied as stated.  As to the averments regarding the settlement and the issues to be submitted to the Mediator, Defendant refers to the transcript of the settlement dated March 28, 2006.  Further, it is admitted that Defendant refused to assume the responsibility for the damages as requested by the NIFL and it is denied that it raised unsupported claims of setoff.  All claims raised by the Defendant were raised in good faith and supported by the terms of the Service Agreement.  Further, the NIFL did not permit the mediation process to work as it refused to be flexible in regard to its demands for settlement.

     6.    The averments contained in Paragraph 6 of Plaintiff's Petition are admitted.

     7.    The averment contained in Paragraph 7 of Plaintiff's Petition is admitted.

     8.    The averments contained in Paragraph 8 of Plaintiff's Petition are denied for the reason that the Service Agreement and its expressed terms speak for itself.

     9.    The averment contained in Paragraph 9 of Plaintiff's Petition is a conclusion of law to which no response is required.

10. The averments contained in Paragraph 10 of Plaintiff's Petition represent conclusions of law to which no response is required. Whether the outcome can be deemed successful remains questionable and does not especially support the NIFL's claim for attorney's fees and costs which are required to be reasonable under the Service Agreement and the applicable law.

11. After reasonable investigation, this Defendant is without sufficient information to form a belief as to the truth of the averments contained in Paragraph 11 and, therefore, same is denied and proof thereof is demanded. The Plaintiff's Petition is unsupported by a copy of the Fee Agreement in question and is not supported by appropriate affidavits, receipts for expenses or affidavits of the individuals listed in the invoices attached to the Petition setting forth their education, experience and usual billing rates.

12. The averments contained in Paragraph 12 of Plaintiff's Petition are denied for the reason that the record in this case speaks for itself. Further, given the Plaintiff's failure to timely secure the appropriate records to support its damages, the pleadings, discovery and motions were not out of the ordinary and for the most part were required by Plaintiff's failure to produce the required evidence.

13. After reasonable investigation, this Defendant is

unable to admit or deny the averments contained in Paragraph 13 of Plaintiff's Petition for the reason that this Defendant does not have sufficient information to admit or deny said averments. However, Plaintiff's trial exhibits are a matter of record and speak for themself and many were duplicated and revised because of Plaintiff's failure to have proper and adequate damage documentation.

    14.   The averments contained in Paragraph 14 of Plaintiff's Petition are denied for the reason that the exhibit referenced speaks for itself.  Further as previously stated, the exhibit does not contain the receipts for the costs asserted nor the Fee Agreement with the NIFL nor affidavits for all of the attorneys, paralegals, etc. for whom work is claimed setting forth their education, experience and usual billing rates.

    15.   The averment contained in Paragraph 15 of Plaintiff's Petition is denied for the reason that the itemization of expenses speaks for itself.  However, receipts for reimbursement of these expenses are not attached to Exhibit B as required by law.

    16.   The averments contained in Paragraph 16 and each of its sub-paragraphs of Plaintiff's Petition are denied for the reason that the Defendant exercised its legal right to require the Plaintiff to prove its damages in accordance with the Federal Rules of Evidence.  Further, each time the Plaintiff produced

exhibits and spreadsheets which it intended to introduce as evidence of its damages, the documentation, players, providers and amounts varied.  In specific response to the sub-paragraphs of Paragraph 16 of Plaintiff's Petition Defendant avers as follows:

    A.   Defendant did not cancel the contract in bad faith, but did so in accordance with its rights under the terms of the contract and due to Plaintiff's failure to comply with the requirements for the Ohio Bureau of Worker's Compensation to have proper jurisdiction.  As a result, Defendant believed it had no responsibility to the claims presented by the individual players or by the NIFL.  As to the averment concerning the amount of Plaintiff's legal fees, Defendant is without sufficient information or knowledge to form a belief as to the truth of the same and proof thereof is demanded.

    B.   By Defendant exercising its rights to file the Motion to Dismiss its Motion for Summary Judgment and all other Motions this in no way reflects upon Defendant having any additional obligation to the Plaintiff.  The continued litigation was made necessary as a result of Plaintiff's failure to provide adequate and proper documents of the damages being claimed.

    C.   The Defendant's response to the Plaintiff's Production of Documents on November 18, 2005 is a matter of record and at all times, Defendant acted appropriately and in accordance with

the rules of evidence and Orders of Court issued.  Plaintiff has the burden of proving its damage by admissible evidence and the amount of time required to do so in a reasonable prudent fashion is for the Court to decide.

     D.   At all times Defendant filed Motions in accordance with its right to vigorously defend the claims presented by the Plaintiff which were required by the Plaintiff's failure to comply with the Federal Rules of Evidence and Court Orders entered to supply the appropriate documents to support the damages alleged.  The various motions and Court Opinions and Orders are a matter of record.

     E.   Defendant at all times exercised its right to require Plaintiff to establish its damages by evidence required by the Federal Rules and the Court Orders.  Further, other issues were raised based upon the terms of the contract.  All defenses raised were proper to the defense of the claim.  The mediation process was unproductive due to Plaintiff's refusal to negotiate in good faith.  It is denied that Defendant did not provide any analysis or calculation of their own and on the contrary, it is averred Defendant did present the same to the mediator for purposes of settlement negotiations.  Further, Defendant had authority to negotiate a settlement but Plaintiff refused to do so in good faith.

     F.   The Motions filed by both the Plaintiff and the

Defendant are a matter of record and Defendant's Motions were always designed to require the Plaintiff to conform its proof to the Rules of Evidence. The various Court Orders are a matter of record and speak for themself.

    G.    Defendant is unable to respond to the averments contained in Paragraph 16(G) as it relates to the hours spent by the Plaintiff in preparing damage evidence, but at all times, Defendant complied with the Court's rulings and filed its Motions as permitted by the Rules of Court. Plaintiff had the burden to prove its damages not the Defendant.

    H.    The averments contained in Paragraph 16(H) are denied for the reason that at all times Defendant demanded that the Plaintiff present proof in accordance with the Federal Rules of Evidence and Orders by the Court. Defendant's challenges could have been avoided by Plaintiff adhering to the rules of evidence and the Court Orders concerning same.

    18.    The averments contained in Paragraph 18 of Plaintiff's Petition represent a conclusion of law to which no response is required. Furthermore, it is believed and therefore averred that the Plaintiff's attorneys expended excessive hours in gathering the required information because they failed to do so initially, which if done correctly, would have greatly diminished the period of time, the required Motions and the days of trial.

19.     The averments contained in Paragraph 19 of Plaintiff's Petition are denied for the reason that the work performed and the time spent were not reasonable and justified, but rather required because the Plaintiff's attorneys failed to secure the appropriate evidence when the case was filed or prior thereto.

20.     The averments contained in Paragraph 20 of Plaintiff's Petition are denied for the reason that the Plaintiff's Petition does not include the necessary information in order to evaluate the prevailing market rates in both Johnstown and Pittsburgh for similar services by persons with comparable skill and experience.

21.     The averments contained in Paragraph 21 of Plaintiff's Petition are denied for the reason that Plaintiff's Petition does not supply the necessary required information to evaluate the hourly rate charged.

22.     The averments contained in Paragraph 22 of Plaintiff's Petition are denied for the reason that the Petition does not contain the required information or affidavits in order to evaluate the fair and reasonableness of the fees and costs being requested.

**WHEREFORE,** Plaintiff's Petition should be denied and/or the request for fees and costs be reduced to an amount that is fair and reasonable.

Respectfully submitted,

**FECZKO AND SEYMOUR**

*s/Michael J. Seymour*
Michael J. Seymour, Esquire
PA I.D. No. 00260
Feczko and Seymour
Firm I.D. #003
310 Grant Street
Suite 520 Grant Building
Pittsburgh, PA 15219
(412) 261-4970

## **CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Response to Plaintiff's Petition for Attorney's Fees and Costs upon the following **electronically** on the 27th day of June, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904


*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendant

11