```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

NATIONAL INDOOR FOOTBALL      )
LEAGUE, L.L.C.                )
                              )
        Plaintiff,            )
   v.                         )    CIVIL ACTION NO.: 2:02-cv-548
                              )
R.P.C. EMPLOYER SERVICES,     )
INC.,                         )
        Defendant.            )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED PETITION FOR ATTORNEY'S FEES AND COSTS

**AND NOW**, comes the Defendant R.P.C. Employer Services, Inc. (hereinafter "RPC"), by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire and files this response to Plaintiff's Amended Petition for Attorney's Fees and Costs:

1. The averments contained in Paragraph 1 of Plaintiff's Amended Petition are admitted.

2. The averments contained in Paragraph 2 of Plaintiff's Amended Petition are denied for the reason that the Service Agreement speaks for itself.

3. The averments contained in Paragraph 3 of Plaintiff's Amended Petition are denied in part and admitted in part.  It is admitted the original Petition for Attorney's Fees and Costs included a spreadsheet and invoices reflecting the hourly fees and various litigation costs and in that regard, this Defendant has filed its response and incorporates herein those same responses.  The balance of said averments represent a conclusion

of law to which no response is required.

    4.    The averments contained in Paragraph 4 of Plaintiff's Amended Petition are denied for the reason that the invoice received by this Defendant from Attorney Thomas Cooper indicated mediation costs of $2,250.00 for each of the parties.

    5.    The averments contained in Paragraph 5 of Plaintiff's Amended Petition is admitted subject to the correct amount of the mediation costs being in the amount of $2,250.00.

    6.    The averments contained in Paragraph 6 of Plaintiff's Amended Petition are denied for the reason that the Service Agreement speaks for itself and further that the averment is a conclusion of law to which no response is required.

    7.    The averment contained in Paragraph 7 of Plaintiff's Amended Petition are denied.  On the contrary, it is averred the NIFL did not negotiate in good faith before the mediator.  It is further denied that the Defendant continued to raise unsupported claims of setoff which wasted time and caused the NIFL to incur unnecessary legal fees and to incur mediation costs for Attorney Cooper.  On the contrary, Defendant negotiated before the mediator in good faith and raised proper issues regarding the defense of the claim and the quality of the evidence produced by the Plaintiff to support its claim for damages.

    8.    There is no response required to Paragraph 8 of Plaintiff's Amended Petition with the exception that the correct

amount for the mediation costs is $2,250.00.

**WHEREFORE,** Defendant requests this Court to enter the appropriate Order.

                                      Respectfully submitted,

                                      **FECZKO AND SEYMOUR**

                                      *s/Michael J. Seymour*
                                      Michael J. Seymour, Esquire
                                      PA I.D. No. 00260
                                      Feczko and Seymour
                                      Firm I.D. #003
                                      310 Grant Street
                                      Suite 520 Grant Building
                                      Pittsburgh, PA 15219
                                      (412) 261-4970

**CERTIFICATE OF SERVICE**

     I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Response to Plaintiff's Amended Petition for Attorney's Fees and Costs upon the following **electronically** on the 27th day of June, 2007:

Timothy C. Leventry, Esquire
**LEVENTRY, HASCHAK, RODKEY & KLEMENTIK, LLC**
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

*s/Michael J. Seymour*
Michael J. Seymour, Esquire
Counsel for Defendant