IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 02cv0548 |
| ) | |
| R.P.C. EMPLOYER SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER OF COURT**

Presently before the Court is DEFENDANT'S OBJECTIONS TO PLAINTIFF'S REVISED EXHIBIT 41 (*Document No. 125*) and the PLAINTIFF'S REPLY (*Document No. 134*). Defendant has raised seven (7) objections, which will be addressed seriatim.

1. Defendant's first objection relates to the bill of Charles Wyatt listed on page 6 from the provider Western Pennsylvania Sports Medicine & Rehabilitation. Defendant contends that the correct amount is $150.00, rather than $195.00 as reflected in Revised Exhibit 41. Undeniably, original Exhibit 41 reflected a bill of $150.00; however, box 6 of the HCFA form from this provider clearly reflects a total charge of $195.00 for services rendered on July 10, 2001. See Pl's Exhibit 43. Therefore, Defendant's objection is denied.

2. Defendant's second objection relates to the bills for Charles Wyatt which are listed on page 9 from the provider Western Pennsylvania Orthopedics. Based on the representations of Plaintiff's counsel, the spreadsheet of injured players and providers which Plaintiff provided to Defendant in November of 2005, included these three disputed claims. Further, in December of 2005, Plaintiff provided Defendant a Certification for these records. See Pl's Exhibit 43. The parties have previously agreed that these records satisfied all

evidentiary requirements and should be admitted into evidence. Accordingly, Defendant's objection is denied.

      3.      Defendant's third objection relates to the bill for Christopher Gicking listed on Page 9 from the provider Western Pennsylvania Orthopedics in the amount of $210.00. Again, based on the representations of Plaintiff's counsel, the spreadsheet of injured players and providers which Plaintiff provided to Defendant in November of 2005, included this claim. Further, in December of 2005, Plaintiff provided Defendant a Certification for this record. *See* Pl's Exhibit 43. The parties have previously agreed that these records satisfied all evidentiary requirements and should be admitted into evidence. Accordingly, Defendant's objection is denied.

      4.      Defendant's fourth objection relates to the bill for John Avalos on page 28 from the provider Spectrum Prosthesis and Orthodonics. Defendant argues that the bill in the amount of $1,966.00 should be marked down to $288.00. The HCFA from Spectrum Prosthetics and Orthodonics, Inc. for services performed on May 4, 2001 reflects a total charge of $1,966.00. See Pl's Exhibit 51. The Court finds that the HCFA Form sets forth the correct amount and notes that the correct amount is listed on Plaintiff's Revised Exhibit 41. Accordingly, Defendant's objection is denied.

      5.      Defendant's fifth and sixth objections relate to the bills for Randy Chappell and Ranson Jabari listed on pages 12 and 16, respectively, for services provided by Louisiana PT Centers, Inc. Defendant contends that these bills were previously marked "paid in full." Plaintiff has supplemented the record and the Court finds has provided sufficient evidentiary documentation to demonstrate that in July 29, 2002, the NIFL paid Louisiana PT Centers the

initial sum of $971.28, with the promise that the balance of $4,479.00 would be paid at the conclusion of the case. Accordingly, the NIFL is entitled to be reimbursed for its payment of $971.28, and Louisiana PT Centers is entitled to the balance of $4,479.00, for a total of $5,396.00. Accordingly, Defendant's objection is denied.

      6.     Last, Defendant objects to the invoices for John Nicky Seymour for services rendered by Sunbelt Rehabilitation Systems. During the damages trial, a question remained about the codes shown on invoices from Sunbelt Rehabilitation Systems and whether the services rendered were for treatment of a Seymour's knee injury sustained while playing football for the NIFL. Plaintiff has supplemented the record and the Court finds has provided sufficient evidentiary documentation to demonstrate that Sunbelt Rehabilitation provided physical therapy for Seymour's knee injury, which is identified in Seymour's judgment. See Pl's Exhibit 65. Accordingly, Defendant's objection is denied.

      So ORDERED this 31st day of August, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Forrest B. Fordham, III, Esquire
Email: ffordhamlaw@aol.com

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
Law Offices of Bernard C. Caputo
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net