# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL     )
LEAGUE, L.L.C.,     )
     )
     Plaintiff,     )
     )
     v.     )     02: 02cv0548
     )
R.P.C EMPLOYER SERVICES, INC.,     )
     )
     Defendant.     )

## MEMORANDUM ORDER OF COURT

Presently pending before the Court is the PLAINTIFF'S BRIEF WITH RESPECT TO THE BEGINNING ACCRUAL DATE FOR PREJUDGMENT INTEREST (*Document No. 127*), the DEFENDANT'S BRIEF ON THE ISSUE OF THE DATE FROM WHICH PREJUDGMENT INTEREST SHOULD ACCRUE (*Document No. 126*), the SUR-REPLY BRIEF filed by Plaintiff (*Document No. 130*), and the REPLY BRIEF filed by Defendant (*Document No. 131*).

The sole issue before the Court is the beginning date for accrual of prejudgment interest on (I) player judgments; (ii) outstanding unpaid medical claims; and (iii) the un-reimbursed premium payment due to the National Indoor Football League ("NIFL"). Any prejudgment interest awarded in this case is to be calculated under Ohio Revised Code 1343.03(A), which is simple interest at eight percent (8%) per annum.

First, as to the three player judgments, the Court finds and rules that prejudgment interest on each of the player judgments begins on the date the judgment was entered.

Next, as to the unpaid medical claims, the NIFL suggests application of a "blended date" of August 1, 2001, which represents the approximate average beginning accrual date.

Defendant responds that the prejudgment interest does not become "due and payable" until the Court enters a verdict in a sum certain because "it is not possible to calculate prejudgment interest as the base amount is not ascertainable." Def's Br. at 2. Defendant argues that in light of the appellate decision in *Eagle American Ins. Co. v. Frencho* 675 N.E.2d 1312 (OH App. 10 Dist. 1996), the medical providers are not legally entitled to recover prejudgment interest until the verdict is entered in this case.

The Court finds, however, that Defendant's reliance on *Eagle American* is misplaced. In *Eagle American,* the appellate court affirmed the refusal of the trial court to grant plaintiff's request for prejudgment interest. The *Eagle American* court did so, however, based on language incorporated in the insurance policy which stated that damages were not due and payable until the jury reached a verdict. Here, the contract at issue does not contain such a provision.

Accordingly, in determining the accrual date of prejudgment interest on the unpaid medical claims, the Court will rely upon the decision of the Ohio Supreme Court in *Royal Electric Construction Corp. v. Ohio State Univ.*, 62 N.E. 2d 687, 691-92 (OH Sup. Ct. 1995), in which the supreme court held that "prejudgment interest is compensation for the period of time between accrual of the claim and judgment, regardless of whether the sum was capable of being ascertained only at the time of judgment by the court." The court noted that the question should not be whether the amount was liquidated, unliquidated or capable of ascertainment; instead, the question should be whether the aggrieved party has been fully compensated.

The NIFL's analysis of the medical provider claims indicates that many services were provided as early as April, May, June and July 2001, and a few follow-up procedures and

services were provided in August, September and October of 2001.  A blended date of August 1, 2001, seems fair and equitable to fully compensate the medical providers whose claims have remained unpaid for approximately six years.   Therefore, the Court finds and rules that August 1, 2001 shall be the prejudgment interest accrual date for all unpaid medical provider claims.

The Court further finds and rules that because it is the identified medical providers that have been denied payment for their services, and not the NIFL, the NIFL is directed to provide payment to the medical providers in accordance with the Court's rulings on Plaintiff's Revised Exhibit 41, and all prejudgment interest shall be proportionateley paid to the respective medical providers, beginning August 1, 2001.

Last, as to the accrual date on the un-reimbursed premium payment due to the NIFL, it proposes August 7, 2001, and the Defendant does not appear to object.  Accordingly, the Court finds and rules that the prejudgment interest accrual date on the un-reimbursed premium payment to the NIFL is August 7, 2001.

So **ORDERED** this 31st day of August, 2007.

BY THE COURT:


s/Terrence F. McVerry
United States District Court Judge

3

cc: Forrest B. Fordham, III, Esquire
   Email: ffordhamlaw@aol.com

   Timothy C. Leventry, Esquire
   Leventry & Haschak
   Email: tleventry@lhrklaw.com

   Bernard C. Caputo, Esquire
   Law Offices of Bernard C. Caputo
   Email: Bcaputolaw@aol.com

   Michael J. Seymour, Esquire
   Feczko & Seymour
   Email: mjseymour@covad.net