IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On March 20, 2002, Plaintiff, National Indoor Football League, L.L.C. ("NIFL") commenced this lawsuit by the filing of a Complaint against R.P.C. Employer Services, Inc. ("RPC") and Dan J. Alio ("Alio"), which alleged claims against RPC for breach of contract and fraud and against Alio for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on defendants' alleged failure to procure workers' compensation insurance for NIFL teams through the State of Ohio.

On April 30, 2002, the NIFL filed an Amended Complaint which stated causes of action for three separate violations of RICO (Count I),[1] breach of contract (Count II), and fraud (Count III).

On June 1, 2005, the Court entered an order which granted the Defendants' Motion for Summary Judgment with respect to the RICO claim brought under 18 U.S.C. § 1962(a) and denied the Motion for Summary Judgment with respect to the RICO claims brought under 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c), the breach of contract claim, and the fraud claim.

Jury selection and the trial of this case were scheduled to commence on March 28, 2006. After the jury was selected, counsel for the parties informed the Court that they had

resolved the liability portion only of the case; RPC had agreed to pay $75,000.00 to the NIFL to settle the RICO claims against D'Alio and the fraud claim against RPC; RPC consented to liability on the breach of contract claim; and RPC agreed to withdraw its counterclaim against the NIFL.  Additionally, the parties agreed to mediate the issue of damages, which consist of unpaid workers' compensation claims, attorney's fees and costs, and RPC's payment, assumption of and/or indemnification for pending lawsuits / judgments consequentially related to RPC's breach of contract.  *See Transcript of Settlement, March 28, 2006 (Document No. 97).*

On October 11, 2006, counsel for the NIFL notified the Court that a mutually acceptable settlement could not be reached on the damages issue and requested that the unresolved damages issue be submitted to the Court for determination.

A non-jury trial on the unresolved damages issue commenced on May 21, 2007, and was completed on May 24, 2007.

Based on the evidence, testimony and argument of counsel presented during the damages trial and the applicable law, the Court enters the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

## FINDINGS OF FACT

1. The HCFA forms and/or medical provider notes/charts/reports introduced into evidence by the NIFL which contain a Certification dated on or before March 13, 2006, constitute admissible records under Federal Rules of Evidence 803(6) and 902(11) and comply with the Court's February 1, 2007 Order of Court.

    2.     RPC agreed by Stipulation that Certifications for certain players' medical records may be introduced at trial without a foundation witness from the medical provider.

    3.     The damages sought by the NIFL relate to players from thirteen (13) teams, which include the Louisiana Bayou Beast, the Mobile Seagulls, and the Southern Oregon Heat.

    4.     On May 24, 2007, the parties presented to the Court the HCFA forms and medical provider notes/charts/reports, as listed in Plaintiff's Exhibit 41.  The parties agreed upon and/or the Court ruled on those claims which are payable by RPC based upon the HCFA forms, medical provider notes/charts/reports and judgments.

    5.     Consistent with the Court's rulings, on June 1, 2007, the NIFL submitted a revised Exhibit 41, which contained two (2) spreadsheets.  The first spreadsheet contains the records with pre-March 13, 2006 certifications.  The second spreadsheet contains the records with post-March 13, 2006 certifications, including those records which are subject to the parties' Stipulation which provided that those records may be offered without a foundation witness.  Exhibit 41 as revised is admitted into evidence.

    6.     The far right hand column of Exhibit 41 lists the records which comply with the Court's rulings or were agreed upon by the parties.  Any records, which do not comply with the Court's rulings or upon which the parties do not agree, are stricken and have been denoted by a large "X" in the far right hand column.

    7.     As a result of the Court's rulings and the agreement between the parties, the Court finds and rules that the NIFL is entitled to damages in the total amount of $358,913.29, as follows:

    a.      $305,055.26, which reflects an amount of $145,787.29 from the pre-March 13, 2006 spreadsheet[2] and $159,267.97 from the post-March 13, 2006 certification spreadsheet;[3]

    b.      $44,640.96 for the judgments of Emmanuel Bentley ($17,053.92), John Nicky Seymour ($15,096.78), and Kareem Vance ($12,490.26); and

    c.      $9,217.07, which represents the un-reimbursed premium payment paid to RPC by the NIFL for workers' compensation insurance coverage that was not obtained.

8.      Further, the Court finds and rules that the NIFL is entitled to prejudgment interest as follows:

    a.      As for all unpaid medical provider claims, August 1, 2001, is the prejudgment interest accrual date;

    b.      As to the three player judgments, the prejudgment interest accrual date begins on the date that each judgment was entered; and

    c.      As to the un-reimbursed premium payment, the prejudgment interest accrual date is August 7. 2001.

9.      The Court finds and rules that because it is the identified medical providers that have been denied payment for their services, not the NIFL, the NIFL is hereby directed to make payment(s) to the medical providers in accordance with the Court's rulings on Plaintiff's Revised Exhibit 41, and all prejudgment interest shall be proportionately paid to the respective medical providers, as of the interest accrual date of August 1, 2001.

## Conclusion

For the reasons hereinabove set forth, the Court finds and rules that judgment is hereby entered in favor of Plaintiff and against the Defendant in the amounts set forth in this Memorandum Opinion.   An appropriate Order follows.

McVerry, J.

Endnotes:

1. Specifically, the Amended Complaint alleges that the defendants violated subsections (a), (b) and (c) of Title 18, United States Code, section 1962.

2. The summary of team totals is as follows:

| Team | Actual Total |
| --- | --- |
| Billings Outlaws | -0- |
| Johnstown J-Dogs | $ 15,576.50 |
| Lake Charles Landsharks | -0- |
| Louisiana Bayou Beasts | $      165.00 |
| Mississippi Firedogs | $ 14,019.00 |
| Mobile Seagulls | $   1,152.00 |
| Rapid City Red Dogs | $ 40,292.03 |
| Sioux City Bandits | $ 18,142.00 |
| Sioux Falls Storm | $      394.50 |
| Southern Oregon Heat | $   4,023.50 |
| Tri-City Diesel | $ 15,569.03 |
| Wyoming Calvalry | $   1,413.00 |
| **Total** | **$145,787.29** |

3. The summary of team totals is as follows:

| Team | Actual Total |
|---|---|
| Billings Outlaws | $ 12,427.90 |
| Johnstown J-Dogs | $ 23,154.35 |
| Lake Charles Landsharks | -0- |
| Louisiana Bayou Beasts | $ 21,502.35 |
| Mississippi Firedogs | $ 40,236.32 |
| Mobile Seagulls | $ 26,942.5 |
| Rapid City Red Dogs | -0- |
| Sioux City Bandits | $ 13,508.60 |
| Sioux Falls Storm | -0- |
| Southern Oregon Heat | -0- |
| Tri-City Diesel | $ 21,495.95 |
| Wyoming Calvalry | -0- |
| **Total** | **$159,267.97** |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 31st day of August, 2007, in accordance with the foregoing Findings of Fact and Conclusions of law, is it **ORDERED**, **ADJUDGED, AND DECREED** that judgment in this action is hereby entered in favor of Plaintiff National Indoor Football League, L.L.C., and against Defendant R.P.C. Employer Services, Inc., in the amount of $358,913.29 ($305,055.26 - unpaid medical claims; $44,640.96 -outstanding judgments, and $9,217.07 - unreimbursed premium payment), plus interest.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court

cc: Forrest B. Fordham, III, Esquire
Email: ffordhamlaw@aol.com

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net