IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL LEAGUE, )
L.L.C., )
                )
      Plaintiff, )
                )  Civil Action No. 2:02-cv-548
v. )
                )
R.P.C. EMPLOYER SERVICES, INC., )
                )
      Defendant. )

## DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT OR TO GRANT A NEW TRIAL

   AND NOW, comes Defendant, R.P.C. Employer Services, Inc., (hereinafter "RPC"), by and through its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire, Caputo, Cox & Schwarzwaelder and Bernard C. Caputo, Esquire, and Burns, White & Hickton, LLC, and John B. Cromer, Esquire and Ira L. Podheiser, Esquire, and moves this Court to alter or amend the judgment entered in this action, pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, or in the alternative, to grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure, and in support thereof avers as follows:

## PROCEDURAL HISTORY

   1.  Plaintiff, National Indoor Football League, L.L.C. ("NIFL"), filed this action in March 2002 against RPC and a co-defendant, RPC's president, Dan D'Alio ("D'Alio").

   2.  The Amended Complaint, filed on April 20, 2002, alleged that RPC and D'Alio breached a contract to provide workman's compensation coverage to NIFL players. In addition

to breach of contract, the Amended Complaint also asserted fraud and RICO claims against RPC and D'Alio.

3. The Amended Complaint alleged that a contract entered into between RPC and the NIFL on March 21, 2001 ("the Service Contract") obligated RPC to obtain workers' compensation insurance services for NIFL players under the Ohio Workman's Compensation Act. Amended Complaint, ¶ 35. On June 4, 2001, the Ohio Bureau of Workers' Compensation informed the NIFL that its players were not covered under the Ohio Workers' Compensation Act and that numerous claims filed by individual players were denied. *Id.*, ¶ 43. The Amended Complaint further alleges that, from March 21, 2001 to June 4, 2001, numerous NIFL players sustained injuries from their participation in the football league and incurred medical expenses and wage loss claims which were not paid. *Id.*, ¶ 42. As a result, the NIFL claimed it incurred damages, representing unpaid wage loss and medical claims on behalf of its players that it contended should have been covered by worker's compensation insurance. *Id.*, ¶ 47.

4. On March 28, 2006, the parties resolved portions of the various claims. RPC paid $75,000.00 to the NIFL to settle the RICO claims against D'Alio and the fraud claim against RPC. RPC consented to liability on the breach of contract claim and withdrew its Counterclaim against the NIFL. The parties also agreed to mediate the damages issue, but were unable to reach a settlement. Defendant D'Alio was dismissed as a party to the contractual damages issue.

5. A bench trial was held on the damages issue from May 21 to May 24, 2007. On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law, pursuant to Fed. R. Civ. P. 52. (Doc. 141). The Court found RPC liable for a total of $358,913.29, plus interest to be calculated. The Court broke down this total as follows:

      a.    $305,055.26, for unpaid medical claims. This amount was derived from Plaintiff's Revised Exhibit 41, which is an attempt to summarize the various unpaid claims. This calculation is broken down as follows: $145,787.29 representing claims that were "certified" prior to March 13, 2006, and $159,267.97, representing claims that were "certified" after March 13, 2006;

      b.    $44,640.96, for outstanding judgments against NIFL by three players since workers' compensation did not cover treatment for their injuries; and

      c.    $9,217.07, representing un-reimbursed premium payments for the un-reimbursed premium payment made to RPC by NIFL for workers' compensation insurance coverage that was not obtained.

Findings of Fact, No. 8.

6.    The Court further opined that the NIFL is entitled to prejudgment interest from August 1, 2001 for the medical provider claims, and from the respective date of the judgments entered in the three player cases noted above. The court also set August 7, 2001 as the date from which prejudgment interest accrues on the award of on the un-reimbursed premium payment. Findings of Fact, No. 8.

7.    The Court also directed the NIFL to make payment to the medical providers (along with prejudgment interest), as it is them (the medical providers), not the NIFL, that have allegedly been denied payment as the truly injured parties. Findings of Fact, No. 9; See also Memorandum and Order of Court of August 31, 2007 (Doc. 140).

8.    On the same day that the Court issued its Findings of Fact and Conclusions of Law (August 31, 2007), the Court issued three related rulings:

    a.    The Court issued an order denying RPC's Motion in Limine to limit damages to ten (10) rather than thirteen (13) teams. The basis for RPC's Motion was that only 10 of the teams submitted the requisite information to RPC for workers' compensation purposes, and that 3 teams, the Louisiana Bayou Beasts, the Mobile Seagulls, and the Southern Oregon Heat, did not submit the required information. Memorandum Order of Court, ¶¶ 7-8 (Doc. No. 138).

    b.    The Court denied all of RPC's objections to Plaintiff's Revised Exhibit 41. Order of Court, August 31, 2007 (Doc. No. 139); and

    c.    Concerning when prejudgment interest would accrue, the Court accepted the NIFL's proposal that interest would begin to run on August 1, 2001 as to unpaid medical claims. (Doc. No. 140). The Court accepted this date as representative of "the approximate average beginning accrual date" for the various unpaid medical claims.

9.    On June 13, 2007, the NIFL filed a petition for attorneys' fees and costs. (Doc. No. 132). That Petition is still pending.

**GROUNDS FOR ALTERNING OR AMENDING JUDGMENT/NEW TRIAL**

10.    Paragraphs 1 through 9 of this Motion are incorporated herein by reference as though set forth fully herein.

11.    The finding by the Court in its Finding of Fact and Conclusions of Law that RPC is liable for any damages to the NIFL is fundamentally flawed from the outset. The NIFL does not have standing to assert claims on behalf of the medical providers, who are the true allegedly injured parties. This fact is confirmed by the Courts direction that, "because it is the identified

4

medical providers that have been denied payment for their services, not the NIFL," the NIFL must make the required payments to the medical providers. Findings of Fact, No. 9. Accordingly, the breach of contract claims, as to the alleged claims of the medical providers, must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

12. The Findings of Fact and Conclusions of Law are likewise fundamentally flawed in that the NIFL's claims of damages are illusory. There is no evidence that the NIFL, as opposed to any medical providers, suffered any losses or medical expenses as a result of the breach of contract between itself and RPC. As such, all findings with respect to damages constitute errors of law and are based on speculation and conjecture and are therefore incorrect as a matter of law.

13. There is insufficient evidence to support an award of damages of $305,055.26, that amount representing unpaid medical claims. Findings of Fact, No. 8. The Court based its findings on the erroneously admitted evidence of the various unpaid medical claims, in violation of Fed. R. Evid. 803(6) and 902(11), and the evidence that was submitted was untimely produced in violation of the Court's Orders entered on July 18, 2005, March 16, 2006, March 23, 2006, and February 1, 2007.

14. The Findings of Fact should be amended to exclude damages for medical claims certified after March 13, 2006. ($159,267.97). The Court erroneously included these certifications although the evidence for these claims was untimely produced, in violation of the Court's ordered entered on July 18, 2005, March 16, 2006, March 23, 2006, and February 1, 2007.

15. The Court's Finding of Fact with respect to prejudgment interest (Finding of Fact, No. 8) is incorrect as a matter of law. Prejudgment interest should not be awarded where there has not been an out of pocket expense or a loss of property.

16. The Court's Finding of Fact with respect to the proper date of accrual of prejudgment interest for unpaid medical claims (August 1, 2001) and the un-reimbursed insurance premiums (August 7, 2001) are incorrect. *See* Findings of Fact, No. 8. Prejudgment interest should not accrue prior to a determination of damages.

17. The Court's Finding of Fact with relating to the number of teams for which damages are calculated (13), is incorrect. Findings of Fact, No. 3, *see also* Doc. No. 138. The Court incorrectly included claims made by players from three teams, the Louisiana Bayou Beasts, the Mobile Seagulls and the Southern Oregon Heat. The record shows that none of these three teams submitted the proper documentation prior to the termination of the Service Agreement between the NIFL and RPC.

18. The Court erred in including as damages the total of $44,640.96 for the judgments of Emmanuel Bently, John Nicky Seymour and Kareem Vance, as these claims were not timely submitted in accordance with the Court's orders. *See* Findings of Fact, No. 7b.

19. The Court erred in awarding $9,217.07 as un-reimbursed premium payments paid to RPC for workers' compensation insurance coverage as the evidence presented was that only $2,588.54 was charged to the NIFL and RPC did not collect more than that figure. *See* Findings of Fact, No. 7c.

20. The Court erred in not reducing any claims by the $1,000.00 deductible pursuant to the terms of the Service Agreement. *See* Memorandum and Order of Court of February 1, 2007 (Doc. No. 109).

WHEREFORE, Defendant RPC respectfully requests the Court to reconsider and vacate its Findings of Fact and Conclusions of Law, entered on August 31, 2007, and to alter and amend the judgment in favor of RPC and provide that:

    A.    The judgment be vacated and the case dismissed due to lack of standing pursuant to Fed. R. Civ. P. 12(b)(1);

    B.    In the alternative, the judgment be reduced by the following amounts:

        i. $159,267.97, representing the post-March 16, 2007 certification amounts;

        ii. $44,640.96, representing the amount of the Bently, Seymour and Vance judgments;

        iii. $1,000.00 per claim deductible be applied against all claims;

        iv. $6,628.53, representing the difference between the $9,217.07 claim of un-reimbursed premium payments and the actual amount of premium payments made of $2,588.54; and

        v. That interest accrues from the date of judgment in this case (August 31, 2007).

IN THE ALTERNATIVE, RPC moves the Court to reconsider and vacate its previous Findings of Fact and Conclusions of Law and grant RPC a new trial for the reasons stated in this Motion.

In support of this Motion, RPC refers the Court to its various Motions and Briefs filed with respect to the damages issues, including Doc. Nos. 64, 81, 105, 106, 107, 113, 114, 126, 129 and 131, which are incorporated herein by reference.

A proposed order is attached.

                    Respectfully submitted,

                    FECZO AND SEYMOUR

By:   s/ Michael J. Seymour
       Michael J. Seymour, Esquire
       PA ID No. 00260
       310 Grant Street, Suite 520
       Pittsburgh, PA 15219
       Telephone: (412) 261-4970

BURNS, WHITE & HICKTON

By:   s/ John B. Cromer
       John B. Cromer, Esquire
       PA ID No. 66773
       Four Northshore Center
       106 Isabella Street
       Pittsburgh, PA 15212
       Telephone: (412) 995-3000

       Attorneys for Defendant
       R.P.C. Employer Services, Inc.

Dated: September 17, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Motion to Alter or Amend Judgment or New Trial upon the following **electronically** on the 17th day of September, 2007:

> Timothy C. Leventry, Esquire
> Leventry, Haschak , Rodkey & Klementik, LLC
> 1397 Eisenhower Boulevard
> Richland Square III, Suite 202
> Johnstown, PA 15904
>
> Bernard C. Caputo, Esquire
> John A. Caputo & Associates
> Three Gateway Center, 5th Floor East
> 401 Liberty Avenue
> Pittsburgh, PA 15222

> s/Michael J. Seymour
> Michael J. Seymour, Esquire
> Counsel for Defendant