IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 2:02-cv-548 |
| v. | ) ) |
| R.P.C. EMPLOYER SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S MOTION FOR STAY PENDING DETERMINATION OF MOTION FOR LEAVE TO ALTER OR AMEND JUDGMENT

AND NOW, comes Defendant, R.P.C. Employer Services, Inc., by and through its attorneys, (hereinafter "RPC"), by its attorneys, Feczko and Seymour and Michael J. Seymour, Esquire, Caputo, Cox & Schwarzwaelder and Bernard C. Caputo, Esquire, and Burns, White & Hickton, LLC, and John B. Cromer, Esquire and Ira L. Podheiser, Esquire, and moves this Court for a stay, pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, pending determination of Defendant's Motion to Alter or Amend Judgment or New Trial, and in support thereof, avers as follows:

### PROCEDURAL HISTORY

1.  Plaintiff, National Indoor Football League, L.L.C. ("NIFL"), filed this action in March 2002 against RPC and a co-defendant, RPC's president, Dan D'Alio ("D'Alio").

2.  The Amended Complaint, filed on April 20, 2002, alleged that RPC and D'Alio breached a contract to provide workman's compensation coverage to NIFL players. In addition to breach of contract, the Amended Complaint also asserted fraud and RICO claims against RPC and D'Alio.

3.      The Amended Complaint alleged that a contract entered into between RPC and the NIFL on March 21, 2001 ("the Service Contract") obligated RPC to obtain workers' compensation insurance services for NIFL players under the Ohio Workman's Compensation Act. Amended Complaint, ¶ 35. On June 4, 2001, the Ohio Bureau of Workers' Compensation informed the NIFL that its players were not covered under the Ohio Workers' Compensation Act and that numerous claims filed by individual players were denied. *Id.*, ¶ 43. The Amended Complaint further alleges that, from March 21, 2001 to June 4, 2001, numerous NIFL players sustained injuries from their participation in the football league and incurred medical expenses and wage loss claims which were not paid. *Id.*, ¶ 42. As a result, the NIFL claimed it incurred damages, representing unpaid wage loss and medical claims on behalf of its players that it contended should have been covered by worker's compensation insurance. *Id.*, ¶ 47.

4.      On March 28, 2006, the parties resolved portions of the various claims. RPC paid $75,000.00 to the NIFL to settle the RICO claims against D'Alio and the fraud claim against RPC. RPC consented to liability on the breach of contract claim and withdrew its Counterclaim against the NIFL. The parties also agreed to mediate the damages issue, but were unable to reach a settlement. Defendant D'Alio was dismissed as a party to the contractual damages issue.

5.      A bench trial was held on the damages issue from May 21 to May 24, 2007. On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law, pursuant to Fed. R. Civ. P. 52. (Doc. 141). The Court found RPC liable for a total of $358,913.29, plus interest to be calculated. The Court broke down this total as follows:

>   a.      $305,055.26, for unpaid medical claims. This amount was derived from Plaintiff's Revised Exhibit 41, which is an attempt to summarize the various unpaid claims. This calculation is broken down as follows:

     $145,787.29 representing claims that were "certified" prior to March 13, 2006, and $159,267.97, representing claims that were "certified" after March 13, 2006;

  b. $44,640.96, for outstanding judgments against NIFL by three players since workers' compensation did not cover treatment for their injuries; and

  c. $9,217.07, representing un-reimbursed premium payments for the un-reimbursed premium payment made to RPC by NIFL for workers' compensation insurance coverage that was not obtained.

Findings of Fact, No. 8.

6. The Court further opined that the NIFL is entitled to prejudgment interest from August 1, 2001 for the medical provider claims, and from the respective date of the judgments entered in the three player cases noted above. The court also set August 7, 2001 as the date from which prejudgment interest accrues on the award of on the un-reimbursed premium payment. Findings of Fact, No. 8.

7. The Court also directed the NIFL to make payment to the medical providers (along with prejudgment interest), as it is them (the medical providers), not the NIFL, that have allegedly been denied payment as the truly injured parties. Findings of Fact, No. 9; See also Memorandum and Order of Court of August 31, 2007 (Doc. 140).

8. On the same day that the Court issued its Findings of Fact and Conclusions of Law (August 31, 2007), the Court issued three related rulings:

  a. The Court issued an order denying RPC's Motion in Limine to limit damages to ten (10) rather than thirteen (13) teams. The basis for RPC's Motion was that only 10 of the teams submitted the requisite information

          to RPC for workers' compensation purposes, and that 3 teams, the Louisiana Bayou Beasts, the Mobile Seagulls, and the Southern Oregon Heat, did not submit the required information. Memorandum Order of Court, ¶¶ 7-8 (Doc. No. 138).

    b.    The Court denied all of RPC's objections to Plaintiff's Revised Exhibit 41. Order of Court, August 31, 2007 (Doc. No. 139); and

    c.    Concerning when prejudgment interest would accrue, the Court accepted the NIFL's proposal that interest would begin to run on August 1, 2001 as to unpaid medical claims. (Doc. No. 140). The Court accepted this date as representative of "the approximate average beginning accrual date" for the various unpaid medical claims.

9.    On June 13, 2007, the NIFL filed a petition for attorneys' fees and costs. (Doc. No. 132). That Petition is still pending.

## REQUEST FOR STAY

10.    Paragraphs 1 through 9 of this Motion are incorporated herein by reference as though set forth fully herein.

11.    RPC moves the Court for an order staying all proceedings to enforce the judgment entered on August 31, 2007 until disposition of the Motion to Alter or Amend Judgment or New Trial, filed pursuant to Rules 52(b) and 59 of the Federal Rules of Civil Procedure.

12.    Pursuant to Rule 62(b) of the Federal Rules of Civil Procedure, the Court may, in its discretion and on such conditions as are proper, stay the execution of or any proceedings to enforce a judgment when a post-trial motion is filed pursuant to Rules 52(b) or 59.

13. RPC timely filed its Motion to Alter or Amend Judgment or New Trial on September 17, 2007.

14. In consideration of the request for a stay, RPC is willing to post an appropriate security with the Court.

15. The granting of a stay, with appropriate security, will not prejudice Plaintiff and will preserve the status quo during the post-trial period.

WHEREFORE, for the foregoing reasons, Defendant R.P.C. Employer Services, Inc. respectfully requests that the Court stay execution of the judgment entered on August 31, 2007 pursuant to Fed. R. Civ. P. 62(b).

A proposed order is attached.

                Respectfully submitted,

                FECZO AND SEYMOUR

By:   s/ Michael J. Seymour
      Michael J. Seymour, Esquire
      PA ID No. 00260
      310 Grant Street, Suite 520
      Pittsburgh, PA 15219
      Telephone: (412) 261-4970

                BURNS, WHITE & HICKTON

By:   s/ John B. Cromer
      John B. Cromer, Esquire
      PA ID No. 66773
      Four Northshore Center
      106 Isabella Street
      Pittsburgh, PA 15212
      Telephone: (412) 995-3000

      Attorneys for Defendant
      R.P.C. Employer Services, Inc.

Dated: September 17, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a true and correct copy of the within Defendant's Motion for Stay Pending Determination of Motion to Alter or Amend Judgment upon the following **electronically** on the 17th day of September, 2007:

Timothy C. Leventry, Esquire
Leventry, Haschak, Rodkey & Klementik, LLC
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Three Gateway Center, 5th Floor East
401 Liberty Avenue
Pittsburgh, PA 15222

s/Michael J. Seymour
Michael J. Seymour, Esquire
Counsel for Defendant