IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL     :     CIVIL DIVISION
LEAGUE L.L.C.,                   :
          PLAINTIFF,       :     NO.: CA 2 - 548
                          :
     v.                      :
                          :     TYPE OF PLEADING:
                          :
R.P.C. EMPLOYER SERVICES, INC.,   :     SUPPORTING AFFIDAVIT WITH
                          :     RESPECT TO THE PLAINTIFF'S
          DEFENDANT.    :     PETITION FOR ATTORNEYS'
                          :     FEES & COSTS

                          :     FILED ON BEHALF OF:

                          :     PLAINTIFF

                          :     COUNSEL FOR PLAINTIFF:

                          :     TIMOTHY C. LEVENTRY, LL.M.
                          :     LEVENTRY, HASCHAK & RODKEY,
                          :     LLC
                          :     PA I.D. 34980
                          :     1397 EISENHOWER BOULEVARD
                          :     RICHLAND SQUARE III, SUITE 202
                          :     JOHNSTOWN, PA  15904
                          :     (814) 266-1799

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE L.L.C., | : | CIVIL DIVISION |
| PLAINTIFF, | : | |
| | : | NO.: CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| R.P.C. EMPLOYER SERVICES, INC., | : | SUPPORTING AFFIDAVIT WITH |
| | : | RESPECT TO THE PLAINTIFF'S |
| DEFENDANT. | : | PETITION FOR ATTORNEYS' |
| | : | FEES & COSTS |
| | : | |

## PLAINTIFF'S SUPPORTING AFFIDAVIT WITH RESPECT TO ITS PETITION FOR ATTORNEYS' FEES & COSTS

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files an Affidavit by Timothy C. Leventry with Respect to the Plaintiff's Petition for Attorneys' Fees and Costs:

### BACKGROUND

1.      On June 13, 2007, the Plaintiff filed its Petition for Attorneys' Fees and Costs pursuant to the post-trial scheduling Order.  The NIFL requested an award of attorneys' fees and costs in the amount of $229,878.26 (as of June 13, 2007) pursuant to the prevailing party provisions of the parties' Service Agreement.  The NIFL was established as the prevailing party on March 28, 2006 when RPC Employer Services, Inc. ("RPC") stipulated to its liability for breaching the parties' Service Agreement.

2.       The Plaintiff filed an Amended Petition for Attorneys' Fees and Costs on June 25, 2007 requesting the Court to award the NIFL mediator fees in the amount of $2,500.00 for Attorney Cooper, in addition to the amounts requested in the June 13, 2007 Petition for Attorneys' Fees and Costs.

3.       On September 4, 2007, the Court issued an Order requesting the Plaintiff to provide an affidavit containing the following information: (a) the prevailing market rates in both Johnstown and Pittsburgh; (b) the usual billing rates of all attorneys and support staff for whom work is claimed; (c) the identity of the service provider contained in the Plaintiff's attorneys' invoices; (d) the education and experience of all attorneys and support staff for whom fees are claimed; (e) detailed fees statements showing hourly rates for all attorneys and support staff; (f) receipts for costs and reimbursements; (e) the Fee Agreement with the NIFL; and (g) the fair and reasonableness of the fees and costs requested.

4.       Pursuant to the Court's September 4, 2007 Order, the Plaintiff's lead counsel, Timothy C. Leventry, Esq. of Leventry, Haschak & Rodkey, LLC, is providing the affidavit set forth below, containing the information requested by the Court.

## AFFIDAVIT OF TIMOTHY C. LEVENTRY

Commonwealth of Pennsylvania          )
                                      )       SS:
                                      )

Before me, the undersigned authority, personally appeared Timothy C. Leventry, who being duly sworn according to law, deposes and says that he has personal knowledge regarding the following:

1.       I am the Managing Partner of Leventry, Haschak & Rodkey, LLC ("LHR").

2.       I am lead counsel of record for the NIFL in the matter before this Court at number CA 2 - 548.

3.      LHR has represented the NIFL since 2001 with respect to the various claims against RPC and its President, Daniel J. D'Alio, arising in connection with the parties' Service Agreement in which RPC agreed, but failed to provide, workers' compensation insurance for the NIFL.

4.      The NIFL's total claim involved over $692,000.00 in workers' compensation claims that were not paid affecting over 77 NIFL players and nearly 70 medical providers across the country.

5.      Pursuant to the Court's Orders of August 31, 2007, the NIFL and its attorneys successfully obtained a judgment of $358,913.29 plus simple annual interest of eight (8%) percent on player judgments, medical provider claims and un-reimbursed premium payments equaling approximately $150,000.00. Accordingly, the NIFL's total judgment award is over $508,000.00, which represents nearly seventy-five (75%) percent of the NIFL's total claim.

6.      The Plaintiff's Amended Complaint and Pretrial Statement made a claim for attorneys' fees and costs.  The Plaintiffs' itemization of attorneys' fees and costs is contained in its Petition for Attorneys' Fees and Costs and is further supported by this Affidavit and the attached exhibits.

7.      LHR performed extensive work over the past five (5) years in furtherance of its engagement by the NIFL, including, *inter alia*, extensive factual investigation, legal research, preparation and filing of pleadings, discovery requests, responding to Defendants' pleadings and discovery requests, depositions, attendance and participation at Court hearings, review of thousands of pages of medical documents and documents produced in discovery, identification and interview of numerous witnesses, witness preparation, and preparation of exhibits and damage calculations, and trial preparation. Our client was from Louisiana and the thirteen (13) teams and medical providers were from approximately eleven (11) states. These services were principally performed by myself, my associate, Ryan J. Sedlak, and Forrest B. Fordham,

a former employee of LHR and currently a solo practitioner.  Several other LHR attorneys and paralegals also participated in the the litigation on behalf of the NIFL: Mindy Jo Nagy (associate lawyer; her surname obtained in marriage is "Hodge"), Jamie Giebig (associate lawyer), Paul J. Eckenrode (associate lawyer), John M. Haschak (partner), Terry L. Graffius ("associate"), Paul Mattis (paralegal), and Mary Beth Krause (paralegal).  The aforementioned attorneys and paralegals are identified on the attached invoices (and previous invoices submitted to the Court) with the following initials:

      A.      Timothy C. Leventry: "TCL"

      B.      Ryan J. Sedlak:     "RJS"

      C.      Forrest B. Fordham:  "FF"

      D.      Mindy Jo Nagy:     "MJN" or "MJH"

      E.      Jamie Giebig:      "JG"

      F.      Paul J. Eckenrode:   "PJE"

      G.      John M. Haschak    "JMH"

      H.      Terry L. Graffius:    "TLG"

      I.      Paul Mattis:       "LC" (referring to "law clerk")

      J.      Mary Beth Krause:   "MBK"

    8.      Through September 17, 2007, LHR attorneys and paralegals have performed 1802.95 hours of legal work in connection with this litigation.

    9.      I have reviewed all of the NIFL's litigation bills and have attached them as **Exhibits A and B** to this Affidavit.  As of September 16, 2007, these records indicate the NIFL incurred $208,708.50 in hourly legal fees and expenses of $24,845.90, which total $233,554.40. **Exhibit A** contains the work

billed from 2001 through May 31, 2003. **Exhibit B** contains the work billed from June 1, 2003 through

the present. **Exhibit C** is a spreadsheet showing a summary of all invoices contained in Exhibits A and B.

10.     During the course of this suit, LHR has employed two (2) billing programs: Timeslips and

PC-Law. LHR used Timeslips for the billing generated from 2001 to May 31, 2003, as shown on **Exhibit**

**A**. LHR began using PC-Law for the invoices containing billing ending July 31, 2003, as shown on **Exhibit**

**B**. The previous invoices submitted to the Court for PC-Law billing did not show the amount and time

spent for each individual's entry but only listed the total number of hours billed and the amount therefor.

With this Affidavit, we are providing the Court PC-Law bills in **Exhibit B**, which show the time spent and

corresponding amount for each individual's billing entry so that the hourly rates are discernable for each

lawyer and paralegal performing work; the hourly rate is obtained by dividing the amount by the number

hours shown for each entry.  We have also produced a document attached as **Exhibit D** entitled "Detail

Slip Listing" from the Timeslips' program, which shows the hourly rate of each individual beside each billing

entry for the NIFL's Timeslips invoices between 2001-2003.  All of the aforementioned records have been

produced, consistent with the Court's September 4, 2007 Order, and show the customary and usual hourly

rate billed for each individual identified by the initials listed in Paragraph 7 above.  We did not charge the

NIFL an hourly rate greater than our standard hour rates.  An increase in the hourly rate of any attorney

or paralegal from one year to the next is by no more than ten (10%) percent and is consistent with LHR's

standard fees agreements and practices.

11.     The expenses listed in the attached invoices are shown in a separate section of the invoice

from the hourly billing.  Pursuant to the Court's September 4, 2007 Order, I have attached the

corresponding receipts for costs, expenses and reimbursements as **Exhibit E**.

12.     The NIFL engaged LHR to represent it in this suit on an hourly basis for legal fees and agreed to pay all related costs and expenses. A copy of the NIFL's Fee Agreement with LHR is attached hereto as **Exhibit F**

13.     As required by the Court's September 4, 2007 Order, I have attached detailed *curriculum vitae* as **Exhibit G** for each attorney and paralegal identified in LHR's invoices. The attorneys who have performed work on this case have combined legal experience in excess of sixty (60) years.

14.     The fees charged the NIFL are less than the prevailing market rates in both Johnstown and Pittsburgh for similar services by persons with comparable skill and experience. By way of example, I have attached, as **Exhibit H**, letters from two (2) Johnstown firms of similar size to LHR. These two firms, Spence, Custer, Saylor, Wolfe & Rose, LLC and Gleason, McQuillan, Barbin and Markovitz, LLP, both charge top hourly rates that are respectively 18% and 23% higher than the $170.00 top hourly rate charged by Attorney Leventry, whose rate is the highest partner rate at LHR. As a side note, Attorney Leventry's hourly rate increased from $160.00 to $170.00 per hour in April of 2007 and was approximately $150.00 per hour for the majority of this lawsuit.

I have also attached, as **Exhibit I**, the last page of an invoice dated January 11, 2006 from Klett, Rooney, Lieber & Schorling located in Pittsburgh, Pennsylvania. I have personal knowledge that Mr. Gibbons and Mr. Manzo, who are listed on the invoice, are senior partners with Klett, Rooney, Lieber & Schorling (now Buchanan, Ingersoll & Rooney). Each has approximately thirty (30) years experience in the practice of law. Both Mr. Gibbon's and Mr. Manzo's hourly rate, as of January 11, 2006, is $365.00 per hour, which is 114.70 % higher than my current rate of $170.00. The Court is also directed to Mr. Rhodes' rate of $155.00 as listed on Klett, Rooney, Lieber & Schorling's invoice. Mr. Rhodes is an

associate with Mr. Gibbon's firm, who graduated in 2002 from the University of Pittsburgh School Law

with my associate, Mr. Sedlak, and served on the University of Pittsburgh Law Review with Mr. Sedlak.

Mr. Rhodes level of experience and qualification is similar to Mr. Sedlak's, but Mr. Rhodes' hourly rate

of $155.00 per hour is only $5.00 per hour less than my $160.00 hourly rate in effect as of April of 2007

and $20.00 less than Mr. Sedlak's hourly rate in effect during 2005, and yet I have practiced law five (5)

times longer than Mr. Rhodes and Mr. Sedlak.

There is also a significant difference between LHR's paralegal rates and Klett, Rooney, Lieber &

Schorling's paralegal rates. For instance, my paralegal, Paul Mattis, was billed at an hourly rate of $75.00

in 2005 (and is currently billed at $75.00) while Klett, Rooney, Lieber & Schorling billed its paralegal, Ms.

Yoder, at an hourly rate of $105.00 per hour in its January 11, 2006 invoice. Ms. Yoder's hourly rate is

forty (40%) percent higher than Paul Mattis' hourly rate even though both attended Mt. Aloysius College's

paralegal program, and Ms. Yoder graduated only one (1) year before Mr. Mattis graduated.

14.     In the Court's September 4, 2007 Order, the Court asked for this Affidavit to address the

reasonableness of attorneys' fees. Because the Service Agreement requires the application of Ohio law,

the Court is to be guided by Ohio's case law with respect to the reasonableness of attorneys' fees. To

award attorney's fees, Ohio courts begin by determining the lodestar amount. Wall v. Pizza Outlet, L.P.,

2003 WL 21473121 citing Bittner v. Tri-County Toyota, Inc., 569 N.E.2d 464, 464-66 (1991). The

lodestar is the number of hours expended multiplied by a reasonable hourly rate. Id. citing City of

Burlington v. Dague, 505 U.S. 557, 559-561 (1992). When the trial court calculates the lodestar figure,

the court may modify that calculation by the application of the factors listed in the DR 2-106, Ohio

Professionals Rules of Conduct. Bittner at 465. The factors include: the time and labor involved in

maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required

to perform the necessary legal services; the fees customarily charged; the amount involved and the results

obtained; any necessary time limitations; the experience, reputation and ability of the attorney; and whether

the fee is fixed or contingent.

      When the Court applies the lodestar test in this case, it is appropriate for the Court to employ an

average hourly rate of at least $115.75 as the multiplier for the 1802.95 hours spent by LHR representing

the NIFL in this case. An average hourly rate of $115.75 is quite reasonable given than Klett, Rooney,

Lieber & Schorling's average hourly rate on the attached January 11, 2006 invoice is $257.13 (obtained

by dividing the total hourly bill of $111,801.00 by 434.80 hours), which is 122% higher than LHR's

average hourly rate in this case. Even if the Court allows for a reasonable adjustment of twenty (20%)

percent to account for the higher costs of practicing law in Pittsburgh, Klett, Rooney, Lieber & Schorling's

average hourly rate in its January 11, 2006 invoice still is 87% higher than LHR's average hourly rate in

this case. The other reason the Court should employ an hourly lodestar rate of $115.75 is that LHR's

hourly rates are at least 20% less than rates charged by comparable Johnstown firms. When compared

to both Johnstown and Pittsburgh, LHR's rates are significantly less than other firm's rates for attorneys

and paralegals with similar experience.

      The second part of the test under Ohio law for determining the reasonableness of attorneys' fees

involves the application of the factors contained in the Ohio Rules of Professional Conduct. Under Ohio

law, the lodestar calculation may be affected by these factors. Bittner at 464-66. At the very least, these

factors squarely support all of the fees and expenses claimed by the NIFL:

A.    The scope of this case was quite large.  As stated above and in its Petition for Award of Attorneys' Fees and Costs, the NIFL claimed damages of $692,000.00 for unpaid workers' compensation claims affecting over 77 NIFL players and nearly 70 medical providers across the country.

B.    The duration of the case lasted over five (5) years.

C.    Documentary evidence related to the NIFL:'s players' unpaid workers' compensation claims consisted of at least 8,000 to 10,000 documents of which at least half were presented to the Court in the form of trial exhibits.

D.    The case involved extensive work including a Motion to Dismiss, Motion for Summary Judgment, two (2) rounds of Motions in Limine consisting of at least ten (10) issues, two (2) Briefs before Mediator before Thomas Cooper, complex damage calculations accounting for the defenses raised by the Defendants (see Exhibit D to the Plaintiff's Petition for Attorneys' Fees and Costs), preparation and appearance for the March 2006 jury trial, and a four (4)  day damage trial at which both parties reviewed hundreds of pages of medical records.

E.    The NIFL's attorneys achieved a judgment for the NIFL of seventy five (75%) of its original claim despite that it was logistically difficult to coordinate the efforts of former players, team representatives and medical providers in assembling the documentation to prove the unpaid workers' compensation claims - especially over five (5) after most of the claims were incurred.

F.    RPC Employer Services, LLC should not be rewarded for delaying the case and paying less than the full amount of the NIFL's legal costs. Despite that the NIFL presented the Defendants with a substantial portion of the players' medical documentation in November of 2005, the Defendants' refused to accept any responsibility for the unpaid workers' compensation claims and delayed the outcome of this case for nearly two (2) additional years. If the Defendants would have stipulated to the validity of the records in November/December of 2005, as RPC largely did during the damages portion of trial, legal fees would have been significantly less.

15.    On behalf of the NIFL, I respectfully requests this Honorable Court enter an order in accordance with the Plaintiff's original Petition for Attorneys' Fees and Costs and require the Defendant to pay $233,554.40 for the NIFL's attorneys' fees and costs along with mediation costs of $2,500.00 and post-judgment interest.

Date:____9-17-07_____        _____
                                    Timothy C. Leventry, Esq.

Sworn to and subscribed before me, a Notary Public this ___17th___ day of September, 2007.

NOTARIAL SEAL
MARCIA A. MOORE, Notary Public
Township of Richland, Cambria County, PA
My Commission Expires July 7, 2011

L:\N\National Indoor Football League 01-214\Affidavit of Timothy C. Leventry for Petition for Attorneys Fees.wpd