

# Leventry, Haschak & Rodkey, LLC
### Attorneys at Law

**Sender's E-mail:**
tleventry@lhrklaw.com

Timothy C. Leventry, LL.M.*
John M. Haschak**
Randall C. Rodkey

Terry L. Graffius
Ryan J. Sedlak
Paul J. Eckenrode

Mary Beth Krause (Paralegal)
*Legal Masters Degree in Taxation
**Registered Patent Attorney

March 25, 2006

**Facsimile (337) 896-7652**
**Carolyn Shiver**
**NIFL**

        **RE:   NIFL, LLC**
               Legal Fee Agreement

Dear Carolyn:

     As a result to our telephone conversation on March 24, 2006, relative to the NIFL's outstanding bills I have determined no payment has been made by the NIFL to our office since September 24, 2003. Additionally, I have determined that as of the date of the last bill sent to you, your outstanding balance for fees and costs was $28,114.53 (as of January 31, 2006). In order to prepare this letter I pulled a complete billing history of your account and determined that through March 23 and a portion of March 24 that the balance due by the NIFL is $54,299.41. As a result of three attorneys, a paralegal, and staff working basically everyday on this case as we prepare for trial, and as a result of having to participate in trial next week for most likely four to six days, your bill is going to significantly increase. Contrary to your beliefs this case is much more complicated and risky than you think. I understand your position on the case, ie, that you think you can just testify about the fact that you had to pay certain medical bills as a result of RPC and Dan D'Alio not providing the workers compensation, however, there are numerous defenses that RPC is going to proffer relative to whether they were required to provide workers compensation as a result of the NIFL's alleged breach by not moving their headquarter to Ohio and by non compliance in completing the documentation. The Court has ruled that the only damages that the NIFL will be able to obtain through trial will be damages that we can legally prove which requires introduction of not only the medical records, but a confirmation or certification of said medical records by the medical provider. We have been working to obtain these records not only with your office but directly with the medical providers for months, many of which have been unresponsive. As a result of their unresponsiveness, we got your office involved and your office has been helpful by making direct phone calls to many of the providers and basically begging them to comply. By your office's actions

L:\N\National Indoor Football League 01-214\Letter to Carolyn Shiver re option payments

1397 Eisenhower Boulevard, Richland Square III, Suite 202, Johnstown, PA 15904
Telephone: 814 266-1799   Fax: 814-266-5108

and our office's work we have been able to increase your damage by about $50,000.00 over the last two weeks.

Currently, we have certifications and medical records in approved format that equal $270,121.00. In addition to being able to prove $270,121.00 we will be seeking damages for fraud that the jury would be permitted award penalty damages against RPC and Dan D`Alio and for damages pursuant to RICO federal statute where the jury could award damages as much as three times the $270,121.00, as additional penalty damages.

There is a very large upside to this case for the NIFL if we are successful in winning all claims. On the other hand, in any trial, there is the possibility that a jury may find against the NIFL and find that the RPC and Dan D`Alio were justified in terminating the contract as a result of your failure not to move your headquarter to Ohio and for the teams alleged non compliance in completing all the forms accurately and timely. We do not believe this will be the case based on the evidence, however, this is a possibility. In order to take whatever steps are necessary to prove the NIFL's case, our office has been working very hard on this matter for the last four to five months as the trial date has narrowed in. We believe we are very prepared to present this case. Notwithstanding the NIFL's lack of payment, our office has continued to work hard for you.

On March 23 we, for the first time learned, the NIFL did not have funds available to pay our bill and that you had expended the monies you held in a bank account relative to the workers compensation claim, on either paying claims or paying other attorney's fees. To that end, I need you to immediately prepare a detailed listing of that account that we hopefully will be able to introduce at trial. Given that we have not provided those documents yet as part of our exhibits, the Court may well not permit us to introduce them. You will be able to testify to them but I may not be able to introduce them as an exhibit. We were unaware this money was no longer available and that you had spent all this money for the payment of claims and attorney's fees. We were very much caught off guard by the fact that this money was not available to pay our office's fees as previously promised. As a result the NIFL has placed our office in a predicament to operate a business in a profitable manner, we need to be paid for our services of which we have continued to provide to the NIFL notwithstanding the fact we have not received payment based on your promises that payment would be made and that the league had the money.

Approximately a year ago, I offered to the NIFL to handle the case on hybrid/hourly/contingency fee basis since it appeared that the NIFL was reluctant to pay the hourly billing that was being incurred to proceed with case. You rejected that offer over a year ago. As I stated to you during our telephone conversation, I was fine with that because I only made that offer as an accommodation to the NIFL. I am more than happy to handle this case on an hourly basis provided we get paid.

For us to continue representation and to proceed with the trial, it is imperative that today, March 25, 2006, that the NIFL and our office have a written agreement relative to the payment of the legal fees associated with this case. Based upon our conversation on March 24, 2006, it is my understanding that the NIFL still wishes to continue with a fee agreement based upon an hourly rate

plus costs. That is fine with our office. During our conversation, we did discuss a hybrid/hourly/contingency fee arrangement, that I will also offer in this letter. Accordingly, I am offering the following two options to the NIFL relative to continue representation, again one of which must be selected today and monies need to be wired to our office on Monday, March 27, 2006, to insure continued representation. You as a business person can understand that when operating a business you must have funds to continue to operate your business. The NIFL invoice at this point, represents a large receivable and it would not be prudent for our office to continue working on this case through trial without assurance of payment.

**Option 1-** LHR, LLC would continue to represent the NIFL on an hourly basis at our regular hourly rates plus out-of-pocket costs. It is understood per the attached bill that the invoice through a portion of the March 24 (not all billing has been submitted for March 24) is $54,299.41. The NIFL is also aware that there is a great deal of additional preparation as well as participation in the trial necessary. The NIFL agrees that the full amount of the final bill will be due and owing by the NIFL irrespective of the outcome of the trial. The NIFL and LHR, LLC agree that the NIFL at a minimum will pay $10,000.00 by wire transfer on Monday, March 27, 2006 towards the outstanding invoice and will pay $3,000.00 additional for anticipated costs (not legal fees) for the trial itself. The NIFL also agrees at a minimum to pay Leventry, Haschak & Rodkey, LLC $10,000.00 a month thereafter payable on the 15th of each month starting April 15, 2006 the sum of $10,000.00 until the final bill is paid. If a verdict in favor of the NIFL is achieved and payments are due the NIFL as a result of said verdict, Leventry, Haschak & Rodkey, LLC's invoice for fees and costs will firstly be paid out of the proceeds with the balance paid to the NIFL. The NIFL agrees that any check received from the defendants in this case will be payable to Leventry, Haschak & Rodkey, LLC who will be authorized to subtract their fees and remit the balance to the NIFL. If a verdict is not obtained in favor of the NIFL, the NIFL agrees to remit the $10,000.00 per month payments to Leventry, Hascahak & Rodkey, LLC until all legal fee invoices and costs are paid in full. By choosing this option, the NIFL, LLC, by its President, or Managing Member, agrees that Carolyn Shiver has the authorization to enter into this contract and guaranty the payment by the NIFL. The NIFL guarantees payment.

**Option 2-** In lieu if the hourly fee in Option 1, LHR, LLC will agree to a hybrid/hourly contingency fee basis. This option will be as follows: all work performed through and including March 4, 2006, will be billed at out regular hourly rated. For services performed after March 4, 2006, the following fee would apply: a.) LHR, LLC would receive fifty-percent (50%) of the its regular hourly rate plus 100% of all costs; b.) LHR, LLC would also receive (in addition to the hourly fees and costs) a contingency fee equal to twenty-percent (20%) of any award and money received from both or either of the defendants, RPC Employee Services, Inc. and/or Dan D`Alio. This percentage fee would include a percentage of compensatory/fraud/punitive damages, RICO and attorney fee damages. If this option is elected the NIFL agrees to a payment arrangement similar to the payment arrangement for option one whereby firstly the NIFL will remit by wire transfer on March 27, 2006, $10,000.00 towards outstanding legal fees and costs and will remit an additional $3,000.00 for the anticipated out-of-pocket costs associated with the trial. The NIFL further agrees that any outstanding legal fees and costs at the modified hourly rated will be payable at $10,000.00 per month on or before the 15th of each month thereafter until the hourly invoice plus costs are paid in full. These payment will be

due irrespective of whether there is a verdict in favor or not in favor of the NIFL. In the event of a verdict in favor of the NIFL the NIFL will firstly pay the modified hourly rate plus fees and costs to LH&R, LLC and agrees to pay the twenty-percent (20%) contingency fee out of the award. If there is no award in favor of the NIFL there will be no fee due for the contingency fee portion but the modified hourly fee plus costs will still be due and owing in full. By entering into this option the NIFL is agreeing and authorizing the NIFL, LLC by Carolyn Shriver as President/Managing Member to select this option and agrees to guarantee the payment of same.

Whether Option 1 or Option 2 is selected, the NIFL further agrees to the extent any remaining balance to LH&R, LLC remains outstanding after the July 15, 2006 monthly payment, that any remaining balance will accrue interest at twelve percent (12%) and in the event of default, the default interest rate will be twelve percent (12%).

The NIFL further agrees that in the event of default that LH&R, LLC may confess judgement for the balance due and enter a judgement with the Prothonotary in the County of the NIFL's headquarters in Louisiana. I am requesting that you review this letter today and select an option, sign a copy and fax back to my office. I need you to hand deliver the original signed copy on Monday when we meet in Pittsburgh, Pennsylvania. I also need you to wire the money due ($13,000.00) on Monday, March 27, 2006. Our office will fax to you our wiring instructions first thing Monday morning. The wiring instructions have already been provided to your office last week, but to insure you have same, they will be re-faxed.

AND NOW intending to be legally bound, the parties hereto set their hand and seal to this Fee Agreement.

_____
Timothy C. Leventry
Managing Member of
Leventry, Haschak & Rodkey, LLC


I Carolyn Shiver, as President/Managing Member of the NIFL, LLC with full authorization hereby select Option __1__ and agree to comply with the terms set forth in the selected option.

Date: __3/28/06__

_____
Carolyn Shiver, President/Managing Member NIFL