IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

October 3, 2007

      Presently before the Court for disposition is the MOTION TO ALTER OR AMEND JUDGMENT OR TO GRANT A NEW TRIAL filed by Defendant R.P.C. Employer Services, Inc. ("RPC") (*Document No. 146*) and the REPLY TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT OR TO GRANT NEW TRIAL filed by Plaintiff, National Indoor Football League, L.L.C. ("NIFL") (*Document No. 149*). For the reasons that follow, the Motion will be denied.

      Pursuant to Federal Rule of Civil Procedure 52(b), RPC requests the Court to alter or amend the judgment entered in this action, or in the alternative, to grant a new trial pursuant to Federal Rule of Civil Procedure 59.

      Rule 52(b) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> On a party's motion . . ., the court may amend its findings - or make additional findings - and may amend the judgment accordingly. . . .

Fed.R.Civ.P. 52(b). Rule 59(a) of the Federal Rules of Civil Procedure provides, in pertinent

part, as follows:

> A new trial may be granted to all or any of the parties on all or part of the issues . . . in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed.R.Civ.P. 59(a).

On March 20, 2002, NIFL commenced this lawsuit by the filing of a Complaint against R.P.C. and Dan J. Alio ("Alio"), which alleged claims against RPC for breach of contract and fraud and against Alio for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on defendants' alleged failure to procure workers' compensation insurance for NIFL teams through the State of Ohio.

On April 30, 2002, the NIFL filed an Amended Complaint which stated causes of action for three separate violations of RICO (Count I), breach of contract (Count II), and fraud (Count III).

On June 1, 2005, the Court entered an order which granted the Defendants' Motion for Summary Judgment with respect to the RICO claim brought under 18 U.S.C. § 1962(a) and denied the Motion for Summary Judgment with respect to the RICO claims brought under 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c), the breach of contract claim, and the fraud claim.

Jury selection and the trial of this case were scheduled to commence on March 28, 2006.  After the jury was selected, counsel for the parties informed the Court that they had resolved the liability portion only of the case; RPC had agreed to pay $75,000.00 to the NIFL to settle the RICO claims against D'Alio and the fraud claim against RPC; RPC consented to

liability on the breach of contract claim; and RPC agreed to withdraw its counterclaim against the NIFL.  Additionally, the parties agreed to mediate the issue of damages, which consist of unpaid workers' compensation claims, attorney's fees and costs, and RPC's payment, assumption of and/or indemnification for pending lawsuits / judgments consequentially related to RPC's breach of contract.  *See Transcript of Settlement, March 28, 2006 (Document No. 97).*

On October 11, 2006, counsel for the NIFL notified the Court that a mutually acceptable settlement could not be reached on the damages issue through mediation and requested that the unresolved damages issue be submitted to the Court for determination.

A non-jury trial on the unresolved damages issue commenced on May 21, 2007, and was completed on May 24, 2007.  On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law, pursuant to Federal Rule of Civil Procedure 52.   Based on the evidence, including but not limited to Plaintiff's Revised Exhibit 41, testimony, and argument of counsel presented during the damages trial and the applicable law, as well as the various stipulations as to damages entered into by counsel for the parties, the Court found RPC liable for a total of $358,913.29, plus interest to be calculated, as follows:

    a.    $305,055.26 for unpaid medical claims;

    b.    $44,640.96, for outstanding judgments against the NIFL by three players, to wit:  Emmanuel Bentley, John Nicky Seymour, and Kareem Vance; and

    c.    $9,217.07, for the un-reimbursed premium payment paid to RPC by the NIFL for workers' compensation insurance coverage that was not obtained.

RPC contends that the Findings of Fact and Conclusions of Law issued by the Court are "fundamentally flawed from the outset" for a variety of reasons.  Mot. at ¶ 11.  The Court notes that the majority, if not all, of RPC's arguments are identical to arguments previously made by RPC and said arguments were given due consideration by the Court.

In its first objection, RPC argues that the NIFL does not have standing to assert claims "on behalf of medical providers, who are the true allegedly injured parties" and accordingly, the breach of contract claims, "as to the alleged claims of the medical providers, must be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1)." Mot. at ¶¶ 11.  The Court notes that this argument is identical to the arguments previously made by RPC and said arguments were given due consideration and rejected by the Court.

In its Memorandum Order of March 16, 2006, the Court found that the NIFL had contractually agreed to provide workers' compensation and medical coverage to the players and therefore, it had standing to pursue these claims because under the contract it is obligated to provide workers' compensation and medical coverage to the players.  *See also* Order of Court denying Motion for Reconsideration, March 24, 2006 (*Document No. 84*).

It also cannot be ignored that RPC <u>consented</u> to liability for its breach of the Service Agreement.  The explicit language of the Service Agreement provides that RPC would "furnish and keep in force and effect at all times during the terms of this Agreement workers' compensation insurance covering all Employees filling Job Function Positions under the terms of this Agreement. . . ."  Service Agreement, at 2.

RPC raises no new arguments on this issue, the Court has previously considered these same arguments and the relevant case authority, and the Court is not persuaded that it should change its previous decision.

In its second objection, RPC contends that the claims of damages submitted by the NIFL are "illusory" and as such, "all findings with respect to damages constitute errors of law and are based on speculation and conjecture and are therefore incorrect as a matter of law." The Court finds this objection to be without merit and requires little discussion. It is undisputed that RPC stipulated to the validity and admission of the vast majority of the damages presented by NIFL during the non-jury trial. To argue at this late date that the damages are "illusory" is completely unfounded.

In its third and fourth arguments, RPC contends that "there is insufficient evidence to support an award of $305,055.26, that amount representing unpaid medical claims." RPC contends that the Court based its findings on the "erroneously admitted evidence of the various unpaid medical claims, in violation of Fed.R.Evid. 803(6) and 902(11), and the evidence that was submitted was untimely produced in violation of the Court's Orders . . . ." Mot. at ¶ 13. However, RPC has produced no evidence which demonstrates that the records at issue were not timely produced.

Almost from the outset of this litigation, RPC has vigorously contested the HCFA 1500 forms and/or the medical records at issue in this case. By Memorandum Opinion and Order of Court, May 4, 2007 (Document No. 117), the Court once again established the parameters for the admissibility of the HCFA 1500 forms, as well as certain other records.

It is interesting to note that the majority of the damages award in this case was actually stipulated to by counsel; on those limited records where a stipulation could not be reached, the Court took evidence and heard argument of counsel. During the non-jury trial, the Court examined each contested record and made a determination as to whether the HCFA 1500 form contained all the requisite factors as set forth in the Court's Order of February 1, 2007. Additionally, the Court determined whether each contested record was admissible under Federal Rules of Evidence 803(6) and 902(11). RPC raises no new arguments or changes in applicable law in this motion, the Court has previously considered these same arguments and the relevant case authority, and the Court is not persuaded that it should change its previous decision.

In its fifth and sixth objections, RPC contends that the Court erred in its finding that the NIFL is entitled to prejudgment interest. RPC argues that "prejudgment interest should not be awarded where there has not been an out of pocket expense or a loss of property" and that "prejudgment interest should not accrue prior to a determination of damages." Mot. at ¶¶ 15, 16. The Court notes that these arguments are identical to arguments previously made by RPC and said arguments were given due consideration by the Court. *See* Memorandum Order of Court, August 31, 2007 (*Document No. 140*). RPC raises no new arguments or changes in applicable law in this motion, the Court has previously considered these same arguments and the relevant case authority, and the Court is not persuaded that it should change its previous decision.

In its seventh objection, RPC contends that the Court erred in finding that the NIFL was entitled to damages for thirteen (13) teams. RPC argues that the Court incorrectly included

claims made by players from three (3) teams, the Louisiana Bayou Beasts, the Mobile Seagulls, and the Southern Oregon Heat. RPC contends that the "record shows that none of these three teams submitted the proper documentation prior to the termination of the Service Agreement between the NIFL and RPC." Mot. at ¶ 17. The Court notes that these arguments are identical to arguments previously made by RPC and said arguments were given due consideration by the Court. *See* Memorandum Order of Court, August 31, 2007 (Document No. 138). RPC raises no new arguments or changes in applicable law in this motion, the Court has previously considered these same arguments and the relevant case authority, and the Court is not persuaded that it should change its previous decision.

In its eighth objection, RPC objects to the inclusion of "$44,640.96 for the judgments of Emmanuel Bentley, John Nicky Seymour, and Kareem Vance, as these claims were not timely submitted in accordance with the Court's orders." Mot. at ¶ 18. Again, the Court finds this objection to be without merit. RPC has provided no evidence that these judgments were not timely produced. Furthermore, in its Order of February 1, 2007, the Court took judicial notice of the judgments.

In its ninth objection, RPC objects to the finding that the NIFL is entitled to "$9,217.07 as un-reimbursed premium payments paid to RPC for workers' compensation insurance coverage as the evidence presented was that only $2,588.54 was charged to the NIFL and RPC did not collect more than that figure." Mot. at ¶ 19. Plaintiff's Revised Exhibit 41, Exhibit B, specifically listed "$9,217.07" for "premiums paid for coverage not obtained." RPC had ample opportunity to object to Revised Exhibit 41, and did in fact file timely objections to Revised Exhibit 41; however, RPC did not inform the Court that this amount was still being

7

contested. *See* Defendant's Objections to Plaintiff's Revised Exhibit 41 (*Document No. 129.)* For RPC to now argue at this late date and in such a conclusory fashion that $9,217.07 is not correct is simply unfounded. The Court is not persuaded that it should change its previous decision.

In its tenth and final objection, RPC claims that the Court erred in not reducing any claims by the $1,000.00 deductible pursuant to the terms of the Service Agreement. Mot at ¶ 20. Again, this exact issue has been addressed and rejected by the Court. In its Memorandum Opinion and Order of Court dated February 1, 2007, the Court found that the language of the Service Agreement which pertains to a workers' compensation deductible "is simply not applicable to any damages in this litigation. Rather, the referenced deductible pertains to RPC's fee structure. *See Service Agreement, Fee Structure Statement.*" (*Document No. 109*). The Court notes that these arguments are identical to arguments previously made by RPC and said arguments were given due consideration, and rejected by the Court. The Court is not persuaded that it should change its previous decision.

## Conclusion

For the reasons hereinabove set forth, the Court finds and rules that the Motion To Alter Or Amend Judgment Or To Grant a New Trial should be denied.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**ORDER OF COURT**

AND NOW, this 3rd day of October, 2007, in accordance with the foregoing Memorandum Opinion, is it **ORDERED**, **ADJUDGED, AND DECREED** that the Motion to Alter Or Amend Judgment Or To Grant A New Trial filed by Defendant R.P.C. Employer Services, Inc. is **DENIED.**

It is further **ORDERED, ADJUDGED AND DECREED** that the Motion for Stay is **DENIED AS MOOT.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   Forrest B. Fordham, III, Esquire
      Email: ffordhamlaw@aol.com

      Timothy C. Leventry, Esquire
      Leventry & Haschak
      Email: tleventry@lhrklaw.com

      Bernard C. Caputo, Esquire
      John A. Caputo & Associates
      Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net

John B. Cromer, Esquire
Burns, White & Hickton
Email: jbcromer@bwhllc.com

Ira L. Podheiser, Esquire
Burns, White & Hickton
Email: ilpodheiser@bwhllc.com