# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | CIVIL DIVISION |
| | : | |
| PLAINTIFF, | : | NO.: CA 2 - 548 |
| | : | |
| v. | : | |
| | : | TYPE OF PLEADING: |
| | : | |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **REPLY TO DEFENDANT'S** |
| | : | **SUPPLEMENTAL RESPONSE TO** |
| DEFENDANT. | : | **PLAINTIFFS' PETITION FOR** |
| | : | **ATTORNEYS' FEES & COSTS** |
| | : | |
| | : | FILED ON BEHALF OF: |
| | : | |
| | : | PLAINTIFF |
| | : | |
| | : | COUNSEL FOR PLAINTIFF: |
| | : | |
| | : | TIMOTHY C. LEVENTRY, LL.M. |
| | : | LEVENTRY, HASCHAK & RODKEY, LLC |
| | : | PA I.D. 34980 |
| | : | 1397 EISENHOWER BOULEVARD |
| | : | RICHLAND SQUARE III, SUITE 202 |
| | : | JOHNSTOWN, PA 15904 |
| | : | (814) 266-1799 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **NATIONAL INDOOR FOOTBALL LEAGUE L.L.C.,** | : | **CIVIL DIVISION** |
| PLAINTIFF, | : | **NO.: CA 2 - 548** |
| v. | : | **TYPE OF PLEADING:** |
| **R.P.C. EMPLOYER SERVICES, INC.,** | : | **REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE TO** |
| DEFENDANT. | : | **PLAINTIFFS' PETITION FOR ATTORNEYS' FEES & COSTS** |

## PLAINTIFF'S REPLY TO RPC' SUPPLEMENTAL RESPONSE TO THE NIFL'S PETITION FOR ATTORNEYS' FEES & COSTS

AND NOW, comes the Plaintiff, National Indoor Football League ( hereinafter "NIFL"), by and through its attorneys, Leventry, Haschak & Rodkey, LLC, and files the Plaintiff's Reply to Defendant's Supplemental Response to the Plaintiff's Petition for Attorneys' Fees and Costs:

## PROCEDURAL HISTORY

1. Admitted.

2. Admitted with the qualification that the Amended Complaint speaks for itself.

3. Admitted with the qualification that the Amended Complaint speaks for itself.

4. Admitted with the qualification that the Amended Complaint speaks for itself. By way of additional answer, the $637,142.02 for medical claims is based upon the calculation of claims contained on the spreadsheet provided to the Defendants during discovery on November 18, 2005 along with the corresponding back-up documentation and medical records. The spreadsheet, which

was admitted at trial, contains each employee's name, injury date, service date, vendor (provider) name, amount of service and description of service.

5. Admitted.

6. Admitted in part. Denied in part. It is admitted RPC offered $150,000.00 after it stipulated to liability but it is denied additional monies were ever offered. RPC's offer did not account for player judgments, prejudgment interest, unreimbursed premium payments and attorneys' fees and costs.

7. Admitted with a qualification. It is admitted the NIFL claimed $505,498.44 in unpaid medical claim damages in its Pretrial Statement for the Damages Portion of the Case. This amount was derived after the Court issued its five (5) Orders on Motions in Limine thereby defining the scope of the NIFL's damages. In the Defendant's Pretrial Filings for the Damages Portion of the Case, the Defendant did not assert its own calculation of the NIFL's damages to conform with the Court's Orders on the Motions in Limine.

8. Admitted with a qualification. The parties met during the damage trial in order to narrow the issues upon which the parties could not be agree. As a result of these meetings, the Defendant stipulated to the vast majority of medical claims.

9. Admitted.

10. Denied. RPC has <u>produced no evidence</u> indicating that the NIFL did not provide proper damage documentation to support its damage claims (the Court's August 31, 2007 and October 3, 2007 Orders support this fact); RPC has <u>produced no evidence</u> and has <u>cited no billing entries</u> showing the NIFL duplicated efforts reproducing records; and RPC has <u>produced no evidence</u> the NIFL lost records and had to resecure them.

11. Admitted.

12. Denied. Attorney Leventry had complete authority to negotiate during mediation, and RPC has produced no evidence demonstrating that Attorney Leventry did not have such authority.

13. Admitted with the qualification that the Court's August 31, 2007 Order speaks for itself.

14. Admitted with the qualification that the Plaintiff's Supporting Affidavit speaks for itself.

15. The Defendant's Supplemental Response speaks for itself.

## RESPONSE TO PLAINTIFF'S SUPPORTING AFFIDAVIT

16. The NIFL incorporates its Responses in Paragraphs 1 through 15 as though fully set forth herein.

17. Denied. RPC's claim the NIFL was obstinate during settlement negotiations is totally without merit. In fact, the numerous spreadsheets produced by the NIFL during mediation, which have been filed with the Court, reflect that the NIFL painstakingly analyzed the various arguments made by the Defendant to reduce damages. RPC produced no such spreadsheets or detailed analysis of its own to further negotiation during mediation or at any time afterwards. Furthermore, under Ohio law, the NIFL is clearly the prevailing party because (1) RPC is liable (by stipulation) to the NIFL under the breach of contract claim, and the NIFL obtained a judgment against RPC as required by Ohio law for prevailing party status; and (2) the Ohio Supreme Court specifically recognizes the validity of prevailing party provisions in contracts in situations such as the instant case. Keal v. Day, 840 N.E.2d 1139 (Ohio App. Ct. 3d Dist. 2005) (stating that the law in Ohio is that a "prevailing party" is one in whose favor the judgment is entered); Nottingdale Homeowners' Assn.,

Inc. v. Darby, 33 Ohio St.3d 32, 514 N.E.2d 702 (Ohio 1987) (holding that contractual prevailing party provisions are enforceable especially where the provision is bargained in the commercial context between two businesses). Also under Ohio law, it is immaterial, for prevailing party purposes, if the plaintiffs' judgment is less than the original claim. Wigglesworth v. St. Joseph Riverside Hosp., 757 N.E.2d 810 (Ohio. App. Ct. 11th Dist. 2001) (stating that under Ohio law a prevailing party is the party who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention). If a handful of medical providers had provided the Certification of Records as requested, the judgment against the Defendant would have been much larger. Lastly, RPC has produced no evidence and cited no billing entries showing that the NIFL performed duplicative work from April 2006 to the present. Quite to the contrary, none of the invoices submitted by the NIFL show duplicative work from April 2006 to the present that was performed prior to April of 2006.

      18.     Denied. No matter what the composition of the NIFL's total award in this case, the fact is that the NIFL's approximate award of $508,000.00 is more than 75% of the NIFL's total claim. RPC challenges this assertion by alleging the NIFL's original damage claim of $692,000.00 consisted of unpaid workers' compensation claims only and did not include interest calculations, player judgments, wage loss or unreimbursed premiums, but RPC is not taking into account that (1) at the time the case was filed five years ago prejudgment interest was negligible; (2) the $692,000.00 included player judgments insofar as player judgments awarded damages for unpaid medical claims; and (3) the unreimbursed premium claim is only $9,217.07 - a small fraction of the unpaid medical claims. The undeniable fact is that the NIFL's attorneys fees are less than half of the total award and, therefore, the Court should find the attorneys' to be proportional. RPC has produced no evidence

illustrating that this case could have been litigated by any Johnstown or Pittsburgh firm for a lesser cost than Leventry, Haschak & Rodkey, LLC billed and, in fact, this case could not have been done at a lesser costs because of the large number of medical providers claims, teams and players involved.

19.     Denied.  As a result of this Court denying RPC's Post-Trial Motions by Order dated October 3, 2007, the NIFL possesses standing to pursue the claims against RPC, and the NIFL is the prevailing party in this suit because of RPC's stipulated liability and the subsequent judgment obtained by the NIFL.  Furthermore, and most importantly, the NIFL <u>is the prevailing party under Ohio law</u> as stated in Paragraph 16.   RPC has <u>produced no evidence or case authority</u> contradicting the NIFL's prevailing party status.

20.     Denied. It is nonsense to assert the attorneys' fees are a windfall to Plaintiff's attorneys especially since Leventry, Haschak & Rodkey, LLC's fees are less than the rates in both Johnstown and Pittsburgh for comparable services, as illustrated by the evidence provided in the Supporting Affidavit.  RPC has <u>produced no evidence</u> indicating that Leventry, Haschak & Rodkey, LLC's fees are unreasonable or more than the rates charged in Pittsburgh and Johnstown for similar services.  The Plaintiff's attorneys, who provided very detailed invoices to support the claim for attorneys' fees, have not been paid in this case for almost a year and a half and have had to advance significant sums of money to continue to prosecute this case.

       a.     Denied.  For the reasons contained in Paragraph 18, the Plaintiff's attorneys' fees are proportional to the award.  RPC has <u>produced no evidence</u> that the NIFL's attorneys' fees are disproportional to the award.

b.  Denied. RPC has <u>produced no evidence</u> showing that the NIFL did not have proper documentation for its claims and that the NIFL failed to abide by the Court deadlines thereby prejudicing the Defendant. It is already established on the record, and not contradicted with evidence by RPC, that the NIFL provided to RPC a detailed a spreadsheet on November 18, 2005 along with the corresponding back-up documentation and medical records to support the over $600,000.00 in damages claimed. The only reason the NIFL's judgment was not the full amount is because some medical providers did not return the Certification of Records form.

c.  Denied. RPC has <u>produced no evidence</u> and <u>cited no billing entries</u> showing that 25% of the NIFL's attorneys' fees are related exclusively to the RICO and fraud claims. RPC fails to provide any analysis, with a spreadsheet or otherwise, supporting this claim. Furthermore, the federal RICO act permits the payment of attorneys' fees to aggrieved parties thereunder.

d.  Denied. RPC has <u>produced no evidence</u> and <u>cited no billing entries</u> illustrating that the NIFL's attorneys' fees are duplicative and/or unnecessary. RPC fails to provide any analysis, with a spreadsheet or otherwise, supporting this claim. As for the motions in limine, about which the Defendant alleges are duplicative, these motions were filed (1) to address RPC's continued arguments (not the NIFL's arguments) to limit the NIFL's damages and (2) to avoid the time and expense at trial resolving the issues raised in the motions in limine.

   e. Denied. RPC had already stipulated to <u>liability</u> under the breach of contract claim at the time the parties went to mediation, so the legal costs of mediation are <u>not penalties to RPC, but rather properly part of RPC's obligation as the liable party</u>. Absent mediation, the costs of suit likely would have been higher because mediation allowed the parties to identify the issues RPC raised to limit the NIFL's damages, which issues were then presented to the Court for resolution in a cogent, orderly fashion.

21. Denied. Under the Ohio case law and reasons outlined in Paragraph 16, the NIFL <u>is the prevailing party under Ohio law</u>. RPC has <u>produced no evidence or case authority</u> contradicting the NIFL's prevailing party status. RPC's argument for the reduction of the NIFL's attorneys fees should also be denied. RPC has <u>produced no evidence</u> and <u>no citation to any billing entry</u> showing work was duplicative and unnecessary; RPC has <u>produced no evidence</u> that the NIFL's production of documents in November of 2005 increased legal fees in this case; RPC has <u>produced no evidence</u> that the NIFL's attorneys fees are disproportional to the award because it is uncontradicted the NIFL's approximate award of $508,000.00 <u>is</u> more than 75% of the NIFL's total claim; and RPC has <u>produced no evidence</u> and <u>no citation to any billing entry</u> reflecting that 25% of the NIFL's attorneys' fees are related exclusively to the RICO and fraud claims.

WHEREFORE, the National Indoor Football League, respectfully requests this Court deny in totality R.P.C. Employer Services, LLC's objections to the Plaintiffs' Petition for Attorneys' Fees & Costs and all related supplemental pleadings related thereto and award the full amount of the Plaintiff's attorneys' fees and costs.

Respectfully submitted,

Date: 10-5-07                                       s/ Timothy C. Leventry
                                                    Timothy C. Leventry, LL.M.
                                                    Attorney for Plaintiff
                                                    PA I.D. No. 34980
                                                    1397 Eisenhower Boulevard
                                                    Richland Square III, Suite 202
                                                    Johnstown, Pennsylvania 15904
                                                    (814) 266-1799