# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NATIONAL INDOOR FOOTBALL  )
LEAGUE, L.L.C.,            )
        Plaintiff,   )
                      )
        v.            )    02: 02cv0548
                      )
R.P.C EMPLOYER SERVICES, INC., )
        Defendant.   )

## MEMORANDUM OPINION AND ORDER OF COURT

November 29, 2007

    Presently pending before the Court are the following:

•    PLAINTIFF'S PETITION FOR ATTORNEY'S FEES & COSTS and DEFENDANT'S RESPONSE in opposition;

•    PLAINTIFF'S AMENDED PETITION FOR ATTORNEY'S FEES AND COSTS and DEFENDANT'S RESPONSE in opposition;

•    PLAINTIFF'S SUPPORTING AFFIDAVIT WITH RESPECT TO THE PLAINTIFF'S PETITION FOR ATTORNEYS' FEES & COSTS; DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS; and PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S PETITION FOR ATTORNEYS' FEES AND COSTS.

    In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will resolve the pending Petitions without a hearing. After careful consideration, the Petitions will be granted.

On June 13, 2007, Plaintiff filed its original Petition for Attorney's Fees and Costs in which it sought $229,878.26 in attorney's fees and costs as of that date. On June 25, 2007, Plaintiff amended its Petition to seek an additional $2,500.00 for mediation costs. In his Supporting Affidavit, Attorney Timothy C. Leventry represents that as of September 16, 2007, the total amount of attorneys' fees and costs incurred in this matter has increased to $233,554.40, which represents $208,708.50 in hourly legal fees (for 1802.95 hours of professional legal services performed) and $24,845.90 in expenses.

On September 4, 2007, the Court issued an Order in which it requested that Plaintiff supplement its Petitions for attorney's fees to provide certain documentation to support its fee request and on September 18, 2007, Plaintiff complied.

Initially, Defendant argues that Plaintiff is not entitled to attorneys' fees and costs because it is not the "prevailing party" as it did not prevail on a "substantial portion of the claim. The claim here is the amount of damages to be recovered. Here, the bulk of damages ultimately awarded following trial ($359,913.29) stemmed from unpaid medical claims ($305,055.26). However, the NIFL initially claimed more than $692,000 in unpaid medical claims." Response at ¶ 17.

The Court finds that this argument can be rejected rather summarily. Under Ohio law,[1] the Plaintiff is clearly the prevailing party because (I) Defendant is liable (by stipulation) to the Plaintiff under the breach of contract claims, and the Plaintiff obtained a judgment against Defendant as required by Ohio law for prevailing party status; and (ii) the Ohio Supreme Court

---

[1] Because the Service Agreement which the parties entered into requires the application of Ohio law, the Court must look to Ohio case law to decide this matter.

specifically recognizes the validity of prevailing party provisions in contracts in situations such as the instant case. *Keal v. Day,* 840 N.E.2d 1139 (Ohio App. Ct. 3d Dist. 2005). Furthermore, under Ohio law, it is immaterial, for prevailing party purposes, that the plaintiff's judgment is less than the original claim. *See Wigglesworth v. St. Joseph Riverside Hosp.*, 757 N.E.2d 810 (Ohio App. Ct. 11th Dist. 2001) (stating that under Ohio law a prevailing party is the party who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of the original contention).

Although the Petitions and Supporting Affidavit contained numerous exhibits (in excess of 600 pages) which set forth, line by line, the detailed billing statements of the professional legal services performed and related costs and expenses, the Defendant in its response failed to dispute the accuracy of any particular entry or entries of time, task, cost, or expense and failed to dispute any particular hourly rate(s). Instead, the Defendant simply argues that the total amount of attorney fees which are sought "are manifestly excessive and amounts to an undeserved windfall for Mr. Leventry and his law firm." Response at ¶ 19.

The Court finds and rules that the Defendant's opposition to Plaintiff's claim for attorneys' fees is not persuasive. Simply stated, Defendant has failed to submit any evidence to controvert the specifics of requested attorneys' fees (which are supported by counsel's detailed time records) and related costs and expenses.

With respect to the hourly billing rates charged by Plaintiff's counsel, the Court finds that such rates are reasonable based upon the local community standards and the level of experience and skill of the attorneys. The attorneys' hourly rates ranged from $135 to $170. These rates are at or below market in this district.

As to the number of hours for which attorneys fees are sought, the Court, after undertaking its personal review of counsel's time sheets, line by line, finds and rules that the total time spent litigating this case was reasonable in terms of hours, hourly rates, tasks and costs. The Court further finds that counsel for the Plaintiff did not submit charges for unnecessary, redundant or excessive hours. Additionally, the Court finds that the billing entries are detailed and particularized. The activities described within each block of time appear proportionate to the total amount of time billed.

Counsel for Defendant has litigated and re-litigated practically every possible issue in this case. Said counsel cannot now complain about the magnitude of opposing counsel's attorneys' fees, costs and expenses. The Court was intimately involved in the pre-trial and trial phases of this case, and finds that the positions advocated by counsel for the NIFL were reasonable, professional, and in the best interest of their client.

Defendant further objects to the requested mediation fee of $2,500 contending that the mediation fee was only $2,250 for each of the parties. Interestingly, however, although Defendant objected to the amount requested by the Plaintiff, the Defendant has provided no documentation to controvert the requested amount.

For all the foregoing reasons, the objections to the Petitions filed by Defendant are overruled. Thus, Plaintiff will be awarded $208,708.50 in hourly legal fees, which includes $2,500 in mediation costs, plus costs and expenses of $24,845.90, for a total award of $233,554.40.

An appropriate Order follows.

            McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) | |
| Defendant. | ) | |

**ORDER OF COURT**

**AND NOW**, this 29th day of November, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant R.P.C. Employer Services, Inc. shall pay to Leventry, Haschak & Rodkey, LLC, an award of attorneys fees in the amount of $208,708.50, and costs in the amount of $24,845.90, for a total of $233,554.40.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court

cc: Forrest B. Fordham, III, Esquire
Email:ffordhamlaw@msn.com

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net

John B. Cromer, Esquire
Burns, White & Hickton
Email: jbcromer@bwhllc.com

Ira L. Podheiser, Esquire
Burns, White & Hickton
Email: ilpodheiser@bwhllc.com