IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 2:02-cv-548 |
| v. | ) Hon. Terrence F. McVerry ) |
| R.P.C. EMPLOYER SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## PETITION TO ENFORCE SETTLEMENT AND MOTION FOR CONTEMPT

AND NOW, comes Defendant, R.P.C. Employer Services, Inc., (hereinafter "RPC"), by and through its attorneys, John A. Caputo & Associates and Bernard C. Caputo, Esquire, and Burns, White & Hickton, LLC, and John B. Cromer, Esquire and Allan J. Wertz, Esquire, and files the following Petition to Enforce Settlement and Motion for Contempt as follows:

1. Plaintiff, National Indoor Football League, L.L.C. ("NIFL"), filed this action in March 2002 against RPC and a co-defendant, RPC's president, Dan D'Alio ("D'Alio").

2. The Amended Complaint, filed on April 20, 2002, alleged that RPC and D'Alio breached a contract to provide workman's compensation coverage to NIFL players. In addition to breach of contract, the Amended Complaint also asserted fraud and RICO claims against RPC and D'Alio.

3. The Amended Complaint alleged that a contract entered into between RPC and the NIFL on March 21, 2001 ("the Service Contract") obligated RPC to obtain workers' compensation insurance services for NIFL players under the Ohio Workman's Compensation Act. Amended Complaint, ¶ 35. On June 4, 2001, the Ohio Bureau of Workers' Compensation informed the NIFL that its players were not covered under the Ohio Workers' Compensation Act

and that numerous claims filed by individual players were denied. *Id.*, ¶ 43. The Amended Complaint further alleges that, from March 21, 2001 to June 4, 2001, numerous NIFL players sustained injuries from their participation in the football league and incurred medical expenses and wage loss claims which were not paid. *Id.*, ¶ 42. As a result, the NIFL claimed it incurred damages, representing unpaid wage loss and medical claims on behalf of its players that it contended should have been covered by worker's compensation insurance. *Id.*, ¶ 47.

4. On March 28, 2006, the parties resolved portions of the various claims. RPC paid $75,000.00 to the NIFL to settle the RICO claims against D'Alio and the fraud claim against RPC. RPC consented to liability on the breach of contract claim and withdrew its Counterclaim against the NIFL. The parties also agreed to mediate the damages issue, but were unable to reach a settlement. Defendant D'Alio was dismissed as a party to the contractual damages issue.

5. A bench trial was held on the damages issue from May 21 to May 24, 2007. On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law, pursuant to Fed. R. Civ. P. 52. (Doc. 141). The Court found RPC liable for a total of $358,913.29, plus interest to be calculated. The Court broke down this total as follows:

    a. $305,055.26, for unpaid medical claims. This amount was derived from Plaintiff's Revised Exhibit 41, which is an attempt to summarize the various unpaid claims. This calculation is broken down as follows: $145,787.29 representing claims that were "certified" prior to March 13, 2006, and $159,267.97, representing claims that were "certified" after March 13, 2006;

        b.        $44,640.96, for outstanding judgments against NIFL by three players since workers' compensation did not cover treatment for their injuries; and

        c.        $9,217.07, representing un-reimbursed premium payments for the un-reimbursed premium payment made to RPC by NIFL for workers' compensation insurance coverage that was not obtained.

Findings of Fact, No. 8.

6.      The Court further opined that the NIFL is entitled to prejudgment interest from August 1, 2001 for the medical provider claims, and from the respective date of the judgments entered in the three player cases noted above. The court also set August 7, 2001 as the date from which prejudgment interest accrues on the award of on the un-reimbursed premium payment. Findings of Fact, No. 8.

7.      The Court also directed the NIFL to make payment to the medical providers (along with prejudgment interest), as it is them (the medical providers), not the NIFL, that have allegedly been denied payment as the truly injured parties. Findings of Fact, No. 9; See also Memorandum and Order of Court of August 31, 2007 (Doc. 140).

8.      A Notice of Appeal was filed by Defendant RPC Employer Services in the United States Court of Appeals for the Third Circuit.

9.      In the process of the appeal procedure, the parties underwent mediation with the Third Circuit Court of Appeals.

10.     After such negotiation, the parties entered into a Settlement Agreement and Full and Final Release of any and all Claims, a copy of which is attached hereto as Exhibit A.

11. As part of the Settlement Agreement and Full and Final Release of any and all Claims, the National Indoor Football League was to negotiate and pay those medical providers that were identified on Plaintiff's revised Exhibit 41 which were ordered by the Court to be paid with the judgment proceeds.

12. In addition, the NIFL agreed that the payment or satisfaction of any such claims, liens, or encumbrances their sole and complete responsibility.

13. This included the claim of Jeff Kerns in the State of Iowa which was the only known pending workers compensation action.

14. Since disbursement of the settlement proceeds, it has become apparent and obvious that the NIFL has not adhered to the representations it made to this Court concerning payment of those medical providers listed on revised Exhibit 41 and as agreed to per the Settlement Agreement. Nor has it paid the judgments and pending claims as agreed to pursuant to the Settlement Agreement.

15. The correspondence and/or documents attached hereto as Exhibit B are various communications detailing the National Indoor Football League's failure to adhere to its representations, the Court Orders, and the Settlement Agreement.

16. As a result of the NIFL's failure to pay the medical providers, judgments and pending claims, Defendant RPC has been receiving numerous telephone calls and written communications from attorneys representing the medical providers, judgment holders and claimant in the pending claim in Iowa.

17. Defendant RPC has been threatened with potential lawsuits and domestication of judgment, which it will be forced to defend against. RPC has incurred expenses for attorneys to

respond to the unpaid entities and will incur further attorney fees in the future if medical providers, judgment holders and pending claim are not resolved by NIFL.

    18.    Due to the NIFL's failure to adhere to its representations to this Court, the Court Orders, and the Settlement Agreement, it is hereby respectfully requested that this Court have a hearing on the matter relative to holding Carolyn Shriver and the NIFL in contempt of Court.

    Respectfully submitted,

    BURNS, WHITE & HICKTON, LLC

    By:   s/ Allan J. Wertz, Equire
           John B. Cromer, Esquire
           PA ID No. 66773
           Allan J. Wertz, Esquire
           PA ID No. 85571
           Four Northshore Center
           106 Isabella Street
           Pittsburgh, PA 15212
           Telephone:   (412) 995-3000
           Attorney for Defendant
           R.P.C. Employer Services, Inc.

Dated:  May 4, 2009

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I served a true and correct copy of the within Petition to Enforce Settlement and Motion for Contempt was served on the following counsel of record by U.S. Regular Mail on the 4th day of May, 2009:

Timothy C. Leventry, Esquire
Leventry, Haschak, Rodkey & Klementik, LLC
1397 Eisenhower Boulevard
Richland Square III, Suite 202
Johnstown, PA 15904

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Three Gateway Center, 5th Floor East
401 Liberty Avenue
Pittsburgh, PA 15222

s/ Allan J. Wertz, Esquire
Allan J. Wertz, Esquire
Counsel for Defendant