SETTLEMENT AGREEMENT AND FULL AND FINAL
RELEASE OF ANY AND ALL CLAIMS

WHEREAS, National Indoor Football League, L.L.C., has instituted a legal action against R.P.C. Employer Services, Inc. in the United States District Court for the Western District of Pennsylvania, at Docket No: CA 2-548; the parties hereto desire to effectuate a Settlement Agreement and Full and Final Release of Any and All Claims which are or might be asserted whereof the following is a settlement agreement

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ANY AND ALL CLAIMS ("the Agreement") by and between National Indoor Football League, L.L.C., in its own right and on behalf of its heirs, administrators, executors, successors, assigns, owners, shareholders, subsidiaries, affiliates, teams, members, agents, servants, employees, counsel and investigators, and Carolyn Shiver, her heirs, executors and successor and assigns and counsel (hereinafter referred to collectively as "Releasing Parties"), and R.P.C. Employer Services, Inc. (hereinafter referred to collectively as the "Released Parties"), is entered into as of and on the last date set forth herein below.

1.   For and in consideration of the payment provided for herein, the sufficiency of which is hereby acknowledged, the Releasing Parties, do hereby, for themselves, their heirs, administrators, executors, successors, assigns, owners, shareholders, subsidiaries, affiliates, teams, members, agents, servants, employees, counsel and investigators, completely release, acquit and forever discharge the Released Parties, the Releasing Parties' attorneys, and any and all other persons, firms, corporations, associations or partnerships, including UTICA MUTUAL INSURANCE COMPANY, or any other entity and any and all other persons or entities of and from any and all known or unknown past, present or future claims, actions, causes of action, demands, lawsuits, obligations, liens, rights, damages, costs, claims for loss of service or loss of life, claims


EXHIBIT A

for expense and/or compensation, claims for attorneys' fees and/or claims of any nature whatsoever or based upon any theory which the Releasing Parties now have or which hereafter may accrue to the Releasing Parties, or their heirs, administrators, executors, successors, assigns, owners, shareholders, subsidiaries, affiliates, teams, members, agents, servants, employees, counsel and investigators, because of, on account of, or in any way growing out of, resulting from or to result from any damages which were allegedly suffered as a result of any and all actions and/or omissions of the Released Parties or in manner related to the National Indoor Football League, L.L.C.'s suit filed against R.P.C. Employer Services, Inc. at No. CA 2-548 in the United States District Court filed in the Western District of Pennsylvania, including but not limited to the contractual claims involving the issues surrounding the advice, recommendations and procurement of insurance for the Releasing Parties and for any and all alleged damages as more fully described in the pleadings filed of record in the United States District Court for the Western District of Pennsylvania at Docket No: CA 2-548 which resulted in said lawsuit.

    The Released Parties do hereby remise, release, and forever discharge the Releasing Parties and their heirs, administrators, executors, successors, assigns, owners, shareholders, subsidiaries, affiliates, teams, members, agents, servants, employees, counsel, attorneys and investigators of any and all manner of actions and causes of action, suits, debts, wages, demands, costs, expenses, interest, attorney's fees, liabilities, claims and demands whatsoever in law or in equity, which the Released Parties ever had and now have with respect to the suit filed in the United States District Court for the Western District of Pennsylvania at Docket No: CA 2-548 and with respect to the Service Agreement between the Releasing Parties and the Released Parties.

    2.    It is agreed that the total sum of **FIVE HUNDRED AND TWENTY-SEVEN THOUSAND FIVE HUNDRED AND 00/100 DOLLARS ($527,500.00)** will be paid on

behalf of the Released Parties and shall be paid in the form of three (3) checks as follows upon the signing of this Settlement Agreement and Full and Final Release of Any and All Claims: 1) payment will be made in the amount of $400,000.00 to the order of the National Indoor Football League, LLC; 2) payment will be made in the amount of $125,000.00 to the order of Leventry, Haschak & Rodkey, LLC as payment in full for attorneys fees (the final bill $126,078.00 was reduced to $125,000.00); and, 3) payment will be made in the amount of $2,500.00 directly to the order of Tom Cooper as the same represents the unpaid NIFL mediation fee for a mediation Tom Cooper conducted back in calendar year 2006. .

3. The compromise and settlement which forms the basis of this Settlement Agreement and Full and Final Release of Any and All Claims has been arrived at after thorough bargaining and negotiations and represents a final, mutually agreeable compromise.

4. The Released Parties, upon execution of the Settlement Agreement and Full and Final Release of Any and All Claims, will cause the Notices of Appeal filed with the Third Circuit Court of Appeals to be dismissed or discontinued. The Releasing Parties, upon the discontinuance of the appeals, agree to the release of the Appeal Bond and Appeal Bond Rider that were filed with the Court and to sign any paperwork, if necessary, to implement the release of the Bonds. Thereafter, the Releasing Parties hereby authorize and instruct their attorney to give to the Released Parties a filed satisfaction of judgment or a settlement and discontinuance with respect to the action filed in the Untied States District Court for the Western District of Pennsylvania at Docket No. CA 2-548 and every other lawsuit that the Releasing Parties may have filed or may hereafter file against the Released Parties or any other party, person or entity relating to any of the claims hereby released. In exchange for the consideration described herein, the Released Parties agree that the Releasing Parties shall have the ability to negotiate with the medical providers that were identified on Plaintiff's Revised Exhibit

41 the medical bill claims that were ordered by the Court to be paid with judgment proceeds by the Releasing Parties as set forth in the Court's Findings of Facts and Conclusions of Law of August 31, 2007 and, to the extent necessary, execute any paperwork in this regard. This provision is a modification of the Court Order of August 31, 2007 and serves as the Releasing Parties' primary basis for the resolution of the Released Parties' appeal as set forth herein.

5.  Anything in this Agreement or any law of any State or territory of the United States to the contrary notwithstanding, this Release shall extend to all claims which the parties hereto know of or suspect to exist in its favor at the time of executing this Release, which if known by either party would have materially affected its settlement herein.

6.  The parties hereto and their representatives agree that neither the settlement nor any of the terms of the within Release, or any of the numbers, amounts, or terms and conditions of any sum payable to the undersigned as memorialized in this Release, nor any characterization of the amounts or terms of the Release shall be revealed to any person, firm, corporation other than to its attorneys, accountants and/or tax advisors or those who may be deemed otherwise necessary for implementation of the Release, or as otherwise mutually agreed to in writing between the Releasing Parties and the Released Parties. The undersigned agree that they and their representatives will not in any way publicize in any news or communication media the facts or terms and conditions of this settlement.

7.  It is further understood and agreed that this is the complete Release Agreement, and that there are no written or oral understandings or agreements directly or indirectly connected with this Release and settlement that are not incorporated herein.

8.  This Agreement shall be construed that wherever applicable, the use of the singular number shall include the plural number and shall be binding upon and inure to the officers, directors, employees, agents, administrators, successors, assigns, heirs, executors, administrators and

legal representatives of the respective parties thereto.

9. The undersigned Releasing Parties represent that there are no outstanding claims in connection with this lawsuit filed in the United States District Court for the Western District of Pennsylvania at Docket No. CA 2-548, and that if there any unsatisfied, unpaid or outstanding liens or encumbrances, either presently existing, or which may subsequently become known or otherwise arise subsequent to the execution of this Release, then the undersigned Releasing Parties agree that payment or satisfaction of any such claims, liens, or encumbrances will be the sole and complete responsibility of the undersigned Releasing Parties, and that the undersigned Releasing Parties further agrees to indemnify, hold harmless, and/or otherwise defend and protect the Released Parties from any all liens, claims, and/or encumbrances. The currently pending claim of Jeff Kerns in the State of Iowa is the only known filed action and it is expressly agreed that the Kerns suit/claim, by the execution of this Settlement Agreement and Full and Final Release of Any and All Claims, is the sole responsibility of the Releasing Parties and that the Releasing Parties will protect, defend, indemnify and hold harmless the Released Parties for the Kerns suit/claim.

10. Each party hereto shall bear all attorneys' fees, costs, court costs and record costs arising from the actions of its own counsel in connection with the filing, prosecution, further defense of the case and appeal, and discontinuation of this suit, and all related matters with the understanding the payment of the settlement proceeds herein is in full satisfaction of any claim for attorneys fees made in the lawsuit from the beginning to the end.

11. Each party hereto hereby acknowledges and agrees that the release set forth in Paragraph 1 hereof is a General Release of Any and All Claims they have or might have (known or unknown) and it further expressly waives and assumes the risk of any and all claims for damages which exist as of this date but of which each party hereto does not know or suspect to exist,

whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect its decision to enter into this Settlement Agreement and Release. The Releasing Parties further agree that it has accepted payment of the sum specified herein as a complete compromise of a matter involving disputed issues of law and fact, and that it fully assumes the risk that the facts or law may be otherwise than they believe. It is understood by the parties that this settlement is a compromise of an appeal to the Third Circuit Court of Appeals of the District Court's decision dated August 31, 2007 and shall not be construed as an admission of liability.

12. The Releasing Parties represent and warrant that no other person or entity, except as between themselves, has or had any interest in the claims, demands, allegations or causes of action referred to in this Settlement Agreement and Full and Final Release of Any and All Claims; that the Releasing Parties have the sole right and exclusive authority to execute this Settlement Agreement and Full and Final Release of Any and All Claims and to receive the sum specified in it; and that the Releasing Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release, except as between themselves.

13. In entering into this Settlement Agreement and Release, each party hereto represents that it has relied upon the legal advice of its respective attorneys, who are the attorneys of each party's own choice; that the terms of this Settlement Agreement and Full and Final Release of Any and All Claims have been completely read and explained to each party by its attorneys; and that those terms are fully understood and voluntarily accepted by them.

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____,2008

IN WITNESS WHEREOF, I have hereunto set my hand and seal this _____ day of _____,2008

Witnesses:

_____     _____*Carolyn Shiver*_____(SEAL)
                                    Carolyn Shiver as President of
                                    National Indoor Football League,
                                    L.L.C. and, individually

State of __*Florida*__

County of __*Palm Beach*__         SS:

On this __*22nd*__ day of __*February*__, 2008, before me personally appeared to me known to be the person(s) named in and who executed the above release and acknowledged that __*Carolyn Shiver*__ executed same as ___—___ free act and deed.

Witness my hand and notarial seal the date aforesaid.

My commission expires __*10/20*__  2008

_____*Dionne Rivera*_____
Notary Public

[Notary Seal: DIONNE V. RIVERA, MY COMMISSION EXPIRES October 20, 2008, #DD 364743, Bonded thru Notary Public Underwriters, NOTARY PUBLIC, STATE OF FLORIDA]

Witnesses:

_____   _____(SEAL)
                         Daniel J. D'Alio as President of
                         R.P.C. Employer Services, Inc.

State of __PA__

County of __Beaver__        SS:

On this __13th__ day of __March__, 2008, before me personally appeared to me known to be the person(s) named in and who executed the above release and acknowledged that _____ executed same as _____ free act and deed.

Witness my hand and notarial seal the date aforesaid.

My commission expires __2/26/08__ 2008

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teri L. Omogrosso, Notary Public
Big Beaver Boro., Beaver County
My Commission Expires Feb. 26, 2012