# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL INDOOR FOOTBALL LEAGUE, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 02cv0548 |
| R.P.C EMPLOYER SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER OF COURT

Presently before the Court is the PETITION TO ENFORCE SETTLEMENT AND MOTION FOR CONTEMPT (Document No. 172) filed by Defendant R.P.C. Employer Services, Inc. ("RPC"). For the reasons discussed below, the Petition to Enforce Settlement and Motion for Contempt will be denied.

Jury selection and the trial of this case were scheduled to commence on March 28, 2006. After the jury was selected, counsel for the parties informed the Court that they had resolved the liability portion only of the case. Additionally, the parties agreed to mediate the issue of damages, which consisted of unpaid workers' compensation claims, attorney's fees and costs, and RPC payment, assumption of and/or indemnification for pending lawsuits / judgments consequentially related to RPC's breach of contract.

On October 11, 2006, counsel for the NIFL notified the Court that a mutually acceptable settlement could not be reached on the damages issue through mediation and requested that the unresolved damages issue be submitted to the Court for determination.

A non-jury trial on the unresolved damages issue commenced on May 21, 2007, and was completed on May 24, 2007. On August 31, 2007, the Court issued its Findings of Fact and Conclusions of Law, pursuant to Federal Rule of Civil Procedure 52. Based on the evidence, including but not limited to Plaintiff's Revised Exhibit 41, testimony, and argument of counsel presented during the damages trial and the applicable law, as well as the various stipulations as to damages entered into by counsel for the parties, the Court found RPC liable for a total of $358,913.29, plus interest to be calculated, as follows:

    a.    $305,055.26 for unpaid medical claims;

    b.    $44,640.96, for outstanding judgments against the NIFL by three players, to wit: Emmanuel Bentley, John Nicky Seymour, and Kareem Vance; and

    c.    $9,217.07, for the un-reimbursed premium payment paid to RPC by the NIFL for workers' compensation insurance coverage that was not obtained.

A Judgment in favor of the NIFL and against RPC was filed on August 31, 2007, at which time the Court's docket was marked closed.

On September 17, 2007, RPC filed a (i) Motion to Alter or Amend Judgment or To Grant a New Trial and (ii) a Motion to Stay Execution of the Judgment. On October 13, 2007, the Court entered an Order in which it denied the Motion to Alter or Amend Judgment or To Grant a New Trial and denied as moot the Motion to Stay Execution of the Judgment. On October 15, 2007, RPC filed its Notice of Appeal to the United States Court of Appeals for the Third Circuit and filed an Appeal Bond in the amount of $430,695.95 posted by Utica Mutual Insurance Company. On November 20, 2007, the Appeal Bond filed by RPC was increased to $515,183.78

Once the Notice of Appeal was filed, this Court was divested of jurisdiction over the merits aspect of this lawsuit.

On November 27, 2009, the Court granted the Petition and Amended Petition for Attorney's Fees and Costs filed by counsel for the NIFL and ordered RPC to pay to Leventry, Haschak & Rodkey, LLC, a total award of $233,554.40 for attorneys fees and costs. On December 26, 2007, RPC filed a second Notice of Appeal in which it challenged the award of attorney's fees. The Court was again divested of jurisdiction over the attorney fees aspect of this case.

In the process of the appeal procedure, the parties underwent mediation with the Third Circuit Court of Appeals. After such negotiations, the parties entered into a Settlement Agreement and Final Release of any and all Claims. As part of the Settlement Agreement and Full and Final Release of any and all Claims, the NIFL was to negotiate and pay those medical providers that were identified on Plaintiff's revised Exhibit 41, which were ordered by the Court to be paid with the judgment proceeds.

On April 29, 2008, the NIFL filed in this Court a Praecipe to Mark Case Settled and Discontinued, which was granted by the Court on May 1, 2008. Again, this Court did not resume or retain jurisdiction over the matter.

Almost a full year after this case was settled, RPC filed the instant motion in which it claims that the NIFL has not paid the judgments and pending claims as agreed to pursuant to the Settlement Agreement. It appears that RPC will be relegated to the institution of a new lawsuit on the Settlement Agreement as this Court is without jurisdiction to act on this matter.

NOW THEREFORE, this 6th day of May, 2009, it is hereby **ORDERED** that the referenced PETITION TO ENFORCE SETTLEMENT AND MOTION FOR CONTEMPT is **DENIED** as this Court is without jurisdiction in this matter.

BY THE COURT:
s/Terrence F. McVerry
United States District Court Judge

cc: Forrest B. Fordham, III, Esquire
Email: ffordhamlaw@msn.com

Timothy C. Leventry, Esquire
Leventry & Haschak
Email: tleventry@lhrklaw.com

Bernard C. Caputo, Esquire
John A. Caputo & Associates
Email: Bcaputolaw@aol.com

Michael J. Seymour, Esquire
Feczko & Seymour
Email: mjseymour@covad.net

John B. Cromer, Esquire
Burns, White & Hickton
Email: jbcromer@bwhllc.com

Ira L. Podheiser, Esquire
Burns, White & Hickton
Email: ilpodheiser@bwhllc.com

Allan J. Wertz, Esquire
Burns, White & Hickton
Email: ajwertz@bwhllc.com